```
 1 | NEWPORT TRIAL GROUP
   | A Professional Corporation
 2 | Scott J. Ferrell, Bar No. 202091
   | sferrell@trialnewport.com
 3 | David W. Reid, Bar No. 267382
   | dreid@trialnewport.com
 4 | Richard H. Hikida, Bar No. 196149
   | rhikida@trialnewport.com
 5 | 4100 Newport Place, Ste. 800
   | Newport Beach, CA 92660
 6 | Tel: (949) 706-6464
   | Fax: (949) 706-6469
 7 |
   | Attorneys for Plaintiff
 8 | OBESITY RESEARCH INSTITUTE, LLC
```



FILED
MAR 1 6 2015
CLERK U.S. ...
SOUTHERN D ...
BY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, a Nevada limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **15CV0595 BAS MDD**<br><br>**PLAINTIFF OBESITY RESEARCH INSTIUTE, LLC's MOTION TO SEAL COMPLAINT** |



- 1 -

**MOTION TO SEAL COMPLAINT**

Pursuant to Local Rule 79.2, Plaintiff Obesity Research Institute ("ORI") hereby request, pursuant to Civil Local Rule 79.2, that the Court file under seal Obesity Research Institute's Complaint.

Accordingly, ORI hereby respectfully requests permission to file the above-referenced documents under seal in order to protect the interests of those involved.

## I. GOOD CAUSE EXISTS TO FILE THE DOCUMENTS UNDER SEAL

"Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (citing cases); *see also, Richardson v. Mylan, Inc.*, No. 09-cv-1041-JM, 2011 U.S. Dist. LEXIS 23969, *8 (S.D. Cal. Mar. 9, 2011) (granting motion to seal confidential information, noting that "trade secrets [are] an archetypal category of information for which sealing of a court's records is justified."); *In re Hydroxycut Mktg. and Sales Practices Litig.*, No. 09-md-2087 BTM, 2011 U.S. Dist. LEXIS 25977, *28 (S.D. Cal. Mar. 11, 2011) (granting motion to seal records containing trade secret information). Thus, courts routinely permit the sealing of sensitive commercial or business information. See, e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978) (recognizing the court's power to seal "sources of business information that might harm a litigant's competitive standing"); Watts v. Metro Life Ins. Co., No. 09-cv-829-WQH, 2010 U.S. Dist. LEXIS 107201, *9-10 (S.D. Cal. Oct. 7, 2010) (sealing information which could be used by business competitors to determine Defendants' internal decision-making processes and business approaches, and affect Defendants' competitiveness in the marketplace).

Good cause exists for filing ORI's complaint under seal because the document contains sensitive, confidential business information because: (1) the demand letter that Defendant sent to ORI, which prompted the current lawsuit purports to be "confidential" and ORI is attempting to respect that; (2) there are or may be trade secrets disclosed in Defendant's demand letter and ORI's counterarguments regarding the alleged adulterated or non-adulterated nature of the product at issue. For those reasons, the Complaint should be sealed.

Accordingly, ORI represents that it reasonably and in good faith believes that the complaint should be protected from public disclosure and good cause exists to file the document under seal.

## II. DEFENDANT WILL SUFFER NO PREJUDICE

There is no prejudice to Defendant, as Defendant will receive the entire complaint at the time of service.

## III. CONCLUSION

For the foregoing reasons, ORI respectfully requests that the Court issue an Order granting this Motion, and seal the above-referenced documents, on the grounds that they contain highly confidential commercial and other information

Dated: March 16, 2015                    NEWPORT TRIAL GROUP, APC


By: **s/ Scott J. Ferrell**
Attorneys for Plaintiff
E-mail: sferrell@trialnewport.com

MOTION TO SEAL COMPLAINT