**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (275423)
*melanie@jackfitzgeraldlaw.com*
TRAN NGUYEN (301593)
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**PRICE PARKINSON & KERR LLP**
JASON KERR (*pro hac vice*)
*jasonkerr@ppktrial.com*
CHRISTOPHER SULLIVAN (*pro hac vice*)
*sullivan@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

***Counsel for Defendant and Counterclaim-Plaintiff***
***Fiber Research International, LLC***

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>    Plaintiff & Counterclaim-<br>    Defendant,<br><br>        v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>    Defendant & Counterclaim-<br>    Plaintiff. | Case No. 15-cv-595-BAS-MDD<br><br>**FIBER RESEARCH'S OPPOSITION TO OBESITY RESEARCH'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS**<br><br>Judge:          Hon. Cynthia Bashant<br>Hearing Date:   July 20, 2015<br><br><u>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT</u> |

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION.............................................................................1

ARGUMENTS ................................................................................3

I.     STANDARD ON MOTION TO DISMISS ................................3

II.    FIBER RESEARCH HAS STANDING ...................................4

       A.    Fiber Research Has Standing Under the Lanham Act .............................4

             1.    Fiber Research Has Adequately Alleged Lost Sales .....................5

             2.    Fiber Research Has Adequately Alleged Lost Market
                   Share, Reputational Harm, and Lost Goodwill...........................6

       B.    Fiber Research Has Standing Under the UCL and FAL..........................9

III.   THE FAC STATES A CLAIM FOR RELIEF UNDER THE
       LANHAM ACT......................................................................10

       A.    The FAC States a Claim for False Designation of Origin .....................10

             1.    The FAC Sufficiently Pleads Likelihood of Confusion ..............11

             2.    The FAC Sufficiently Pleads Use of the Propol
                   Trademark in United States Commerce........................................14

             3.    Obesity Research's Use of the Propol Trademark is Not a
                   Requirement of a False Designation of Origin Claim .................15

             4.    The FAC Alleges Notice of Registration of the Propol
                   Trademark to Obesity Research, Even Though it was not
                   Required...............................................................................16

       B.    The FAC States a Claim for False Advertising .....................................16

i

1.     The FAC Sufficiently Alleges Lipozene's Advertising is False and Misleading ...................................................16

2.     Fiber Research Has Alleged Injury in the Form of Lost Sales, Lost Market Share, Reputational Harm, and Lost Goodwill ......................................................................17

IV.   THE FAC STATES A CLAIM FOR UNFAIR COMPETITION UNDER THE UCL.............................................................17

V.   THE FAC MEETS THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9(b) .......................................19

VI.   OBESITY RESEARCH'S LACHES ARGUMENT IS PREMATURE ..........22

CONCLUSION ...........................................................................25

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

# TABLE OF AUTHORITIES

**Cases**

*24/7 Customer, Inc. v. 24-7 Intouch*,
    2015 WL 1522236 (N.D. Cal. Mar. 31, 2015)..........................................22, 24

*Allergan, Inc. v. Athena Cosmetics, Inc.*,
    640 F.3d 1377 (Fed. Cir. 2011).........................................................10

*AMF Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir. 1979) ........................................................12, 14

*AngioScore, Inc. v. TriReme Med., LLC*,
    2014 WL 4438082 (N.D. Cal. Sept. 9, 2014) ..........................................10

*Animal Leg. Def. Fund v. HVFG LLC*,
    939 F. Supp. 2d 992 (N.D. Cal. 2013) .................................................4

*Ariz. Cartridge Remanufacturers Ass'n, Inc. v. Lexmark Intern., Inc.*,
    421 F.3d 981 (9th Cir. 2005) ..........................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................3, 4

*Aurora World, Inc. v. Ty Inc.*,
    719 F. Supp. 2d 1115 (C.D. Cal. 2009) ..............................................14

*Baxter v. Intelius, Inc.*,
    2010 WL 3791487 (C.D. Cal. Sept. 16, 2010) .......................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................3

*Belmora LLC v. Bayer Consumer Care AG*,
    2015 WL 518571 (E.D. Va. Feb. 6, 2015)...........................................7

*Brookfield Commun., Inc. v. W. Coast Ent. Corp.*,
    174 F.3d 1036 (9th Cir. 1999) ......................................................13, 14

iii

*Buckland v. Threshold Enters.*,
   155 Cal. App. 4th 798 (2007) ...................................................................................9

*Bylin Heating Sys., Inc. v. M & M Gutters, LLC*,
   2007 WL 3238668 (E.D. Cal. Oct. 31, 2007) ...................................................14

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ...................................................................................4

*Camel Hair and Cashmere Inst. of Am. v. Associated Dry Goods Corp.*,
   799 F.2d 6 (1st Cir. 1986) ...........................................................................................8

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*,
   16 F. Supp. 3d 1141 (S.D. Cal. 2014) ...........................................................12, 14

*Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .............................................................................................18

*Citizens of Humanity v. Costco Wholesale Corp.*,
   171 Cal. App. 4th 1 (2009) ........................................................................................9

*Clayworth v. Pfizer, Inc.*,
   233 P.3d 1066 (Cal. 2010) .........................................................................................9

*D. O. Haynes & Co. v. Druggists' Circular*,
   32 F.2d 215 (2d Cir. 1929)......................................................................................22

*Danjaq LLC v. Sony Corp.*,
   263 F.3d 942 (9th Cir. 2001) .............................................................................24, 25

*DC Comics v. Towle*,
   989 F. Supp. 2d 948 (C.D. Cal. 2013) ...................................................................25

*Decker v. GlenFed, Inc.*,
   42 F.3d 1541 (9th Cir.1994) ....................................................................................19

*Dirk Ter Haar v. Seaboard Oil Co. of Delaware*,
   1 F.R.D. 598 (S.D. Cal. 1940) ................................................................................22

*Dreamwerks Prod. Group v. SKG Studio*,
   142 F.3d 1127 (9th Cir.1998) ..................................................................................13

iv

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
    967 F.2d 1280 (9th Cir. 1992) ........................................................................13

*Entrepreneur Media, Inc. v. Smith*,
    279 F.3d 1135 (9th Cir. 2002) ......................................................................13

*Evergreen Safety Council v. RSA Network, Inc.*,
    697 F.3d 1221 (9th Cir.2012) .......................................................................25

*Fitzpatrick v. Fitzpatrick*,
    2014 WL 2197610 (E.D. Cal. May 27, 2014) ..............................................23

*Fleischmann Distilling Corp. v. Maier Brewing Co.*,
    314 F.2d 149 (9th Cir.1963) .........................................................................13

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgt., Inc.*,
    618 F.3d 1025 (9th Cir. 2010) ......................................................................14

*Goldberg v. Cameron*,
    482 F. Supp. 2d 1136 (N.D. Cal. 2007) ......................................................25

*Grocery Outlet, Inc. v. Albertson's, Inc.*,
    497 F.3d 949 (9th Cir.2007) .........................................................................16

*Hanginout, Inc. v. Google, Inc.*,
    54 F. Supp. 3d 1109 (S.D. Cal. 2014) .........................................................16

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*,
    736 F.3d 1239 (9th Cir.2013) .......................................................................16

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
    2014 WL 1091589 (N.D. Cal. Mar. 13, 2014)..............................................22

*In re Clorox Consumer Litig.*,
    894 F. Supp. 2d 1224 (N.D. Cal. 2012) ......................................................20

*In re Sand Hill Capital Partners III, LLC*,
    2010 WL 4269622 (Bankr. N.D. Cal. Oct. 25, 2010)..................................25

*In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012)....................................................9, 10

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

*In re Vistaprint Corp Mktg. & Sales Practices Litig.*,
   2009 WL 2884727 (S.D. Tex. Aug. 31, 2009) ................................................ 3

*Italia Marittima, S.P.A. v. Seaside Transp. Servs., LLC*,
   2010 WL 3504834 (N.D. Cal. Sept. 7, 2010) ........................................ 23, 24

*Johnson & Johnson v. Carter–Wallace, Inc.*,
   631 F.2d 186 (2d Cir.1980) ........................................................................ 8

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir.2009) .................................................................... 21

*Keegan v. Am. Honda Motor Co., Inc.*,
   838 F. Supp. 2d 929 (C.D. Cal. 2012) ...................................................... 21

*Ketab Corp. v. Mesriani L. Group*,
   2015 WL 2409351 (C.D. Cal. May 20, 2015) ........................................... 12

*King v. Los Angeles Co. Fair Ass'n*,
   70 Cal.App.2d 592 (1945) ......................................................................... 23

*Kourtis v. Cameron*,
   419 F.3d 989 (9th Cir.2005) ............................................................... 22, 24

*Kwikset Corp. v. Super. Ct.*,
   246 P.3d 877 (Cal. 2011) ...................................................................... 9, 10

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*,
   998 F. Supp. 2d 890 (C.D. Cal. 2014) ...................................................... 14

*Lacey v. Maricopa County*,
   693 F.3d 896 (9th Cir.2012) ....................................................................... 4

*Levi Strauss & Co. v. Blue Bell, Inc.*,
   778 F.2d 1352 (9th Cir.1985) .................................................................... 12

*Lexmark Intern., Inc. v. Static Control Components, Inc.*,
   134 S. Ct. 1377 (2014) ............................................................................... 4

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ...................................................................... 3

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

*Luxul Tech. Inc. v. Nectarlux, LLC*,
2015 WL 352048 (N.D. Cal. Jan. 26, 2015) ................................................................passim

*Mabey v. Reagan*,
376 F. Supp. 216 (N.D. Cal. 1974) ........................................................................22

*Magic Kitchen LLC v. Good Things Intern. Ltd.*,
153 Cal. App. 4th 1144 (2007) ..............................................................................24

*McKell v. Wash. Mut. Inc.*,
142 Cal. App. 4th 1457 (2006) ..............................................................................19

*Merck Eprova AG v. Brookstone Pharm., LLC*,
920 F. Supp. 2d 404 (S.D.N.Y. 2013) ....................................................................8

*Mishewal Wappo Tribe of Alexander Valley v. Salazar*,
2011 WL 5038356 (N.D. Cal. Oct. 24, 2011) ...................................................23, 24

*Murray v. Cable Nat'l Broad. Co.*,
86 F.3d 858 (9th Cir.1996) ....................................................................................12

*Planet Coffee Roasters, Inc. v. Dam*,
2009 WL 2486457 (C.D. Cal. Aug. 12, 2009) .......................................................15

*Pollard v. GEO Grp., Inc.*,
607 F.3d 583 (9th Cir. 2010) ..................................................................................3

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*,
642 F.Supp.2d 1112 (C.D.Cal.2009) ......................................................................20

*Robbins v. Coca-Cola-Co.*,
2013 WL 2252646 (S.D. Cal. May 22, 2013)........................................................4, 6

*Rosenfeld v. W.B. Saunders, a Div. of Harcourt Brace Jovanovich, Inc.*,
728 F. Supp. 236 (S.D.N.Y. 1990) ........................................................................5

*Schreiber Distrib. Co. v. Serv–Well Furniture Co.*,
806 F.2d 1393 (9th Cir.1986) ................................................................................19

*Sensible Foods, LLC v. World Gourmet, Inc.*,
2011 WL 5244716 (N.D. Cal. Nov. 3, 2011) .........................................................24

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

*Southern Pac. Co. v. Darnell–Taenzer Co.*,
   245 U.S. 531 (1918) ...................................................................................9

*Spearmint Rhino Companies Worldwide, Inc. v. Chiappa Firearms, Ltd.*,
   2012 WL 8962882 (C.D. Cal. Jan. 20, 2012) ..........................................11

*Teran v. Hagopian*,
   2008 WL 4826124 (E.D. Cal. Nov. 5, 2008) ............................................25

*Toho Co. Ltd. v. Sears, Roebuck & Co.*,
   645 F.2d 788 (9th Cir.1981) ....................................................................12

*TrafficSchool.com, Inc. v. Edriver Inc.*,
   653 F.3d 820 (9th Cir. 2011) .....................................................................4

*Vess v. Ciba–Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .................................................................19

*Von Koenig v. Snapple Bev. Corp.*,
   713 F. Supp. 2d 1066 (E.D. Cal. 2010) .............................................19, 21

*Wahoo Intern., Inc. v. Phix Dr., Inc.*,
   2014 WL 2864343 (S.D. Cal. June 24, 2014)......................................12, 14

*Walling v. Beverly Enters.*,
   476 F.2d 393 (9th Cir. 1973) ...................................................................21


**Statutes**

14 U.S.C. § 1125(a)......................................................................................11

15 U.S.C. § 1051 ..........................................................................................15

Fed. R. Civ. P. 12(b) ....................................................................................22

Fed. R. Civ. P. 8(c) ......................................................................................22

Fed. R. Civ. P. 9(b) ..................................................................................3, 19

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

**Treatises**

2A J. Moore, Federal Practice ¶ 9.03 (2d ed. 1972) ............................................................21

30A C.J.S. Equity §§ 112-13 (1965).........................................................................22

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27:13 (Fourth Ed. ...................15

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

# **INTRODUCTION**

Glucomannan is a dietary fiber derived from Konjac, a root vegetable popular in Asia. Japanese company Shimizu Chemical Corporation spent decades developing, testing, and patenting a proprietary process for extracting from Konjac pure glucomannan, which it sells under its Propol® trademark. Propol's efficacy as a weight loss supplement has been clinically proven through double-blind placebo-controlled studies. Shimizu entered into an exclusive sales contract with counterclaim-plaintiff Fiber Research International, LLC, giving Fiber Research the exclusive right to sell Propol in the United States.

Counterclaim defendant, Obesity Research Institute, LLC, manufactures and sells Lipozene, which, through its packaging, website, and television commercials, Obesity Research markets as a glucomannan product "clinically proven" to aid in weight loss. However, the studies on which Obesity Research relies to support its efficacy claims are studies of Shimizu's proprietary Propol glucomannan, which is not in Lipozene. Instead, Lipozene contains cheap, ineffective knock-off ingredients.

Fiber Research, as the exclusive U.S. seller of Propol and assignee of Shimizu's right to bring legal action for damages incurred through the unlawful selling or marketing of products in competition with Propol, brings claims against Obesity Research for false advertising, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, and for violations of California's Unfair Competition Laws, Cal. Bus. & Prof. Code §§17200 *et seq.*, and False Advertising Laws, *id.* §§ 17500 *et seq.*

Obesity Research moves to dismiss Fiber Research's counter-claims, arguing that: (1) Fiber Research lacks standing under the Lanham Act; (2) Fiber Research lacks standing under the UCL and FAL; (3) the FAC fails to state a claim for false designation of origin; (4) the FAC fails to state a claim for false advertising; (5) the FAC fails to state a claim for unfair competition; (6) the FAC does not meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure; and (7) Fiber Research's claims are barred by the laches doctrine. Each of these arguments fails.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

First, Fiber Research has standing to assert its false designation of origin claim because the FAC alleges Fiber Research lost sales to Obesity Research. Since Obesity Research makes efficacy claims based on studies of Propol, only its purchase and use of Propol in Lipozene would render its statements true, but Obesity Research has instead avoided purchasing Propol from Shimizu, through Fiber Research, even while trading on the good will associated with the clinical studies of Propol. Further, by using the studies of Propol's efficacy to support the efficacy claims of Obesity Research's inferior product, Fiber Research suffered lost market share, lost goodwill, and reputational harm. (*See infra* Section II.A.)

Second, Fiber Research has standing to pursue its UCL and FAL claims because California courts have expressly rejected Obesity Research's argument that Fiber Research must prove its entitlement to restitution at the pleading stage. (*See infra* Section II.B.)

Third, because Propol and Lipozene are related products, and Fiber research has alleged that Obesity Research's advertising is likely to confuse the relevant class of purchasers as to the "origin, sponsorship, or approval" of Lipozene, Obesity Research has failed to show that, as a matter of law, consumer confusion is unlikely. The Court should thus deny Obesity Research's motion to dismiss Fiber Research's false designation of origin claim on this ground. (*See infra* Section III.A.)

Fourth, in arguing that the FAC fails to state a Lanham Act claim for false advertising, Obesity Research improperly treats its motion as one for summary judgment, asking the Court to conclude that its advertising is not false or misleading. But the FAC sufficiently pleads that because Obesity Research markets Lipozene using studies conducted on Propol, without actually containing Propol, its efficacy claims are false. (*See infra* Section III.B.)

Fifth, Obesity Research's argument that the FAC uses the wrong definition of "unfair"—and thus fails to state a claim for unfair competition under the UCL—wrongly assumes that a holding explicitly limited to antitrust actions between direct competitors, applies to this action between a supplier and manufacturer based on the manufacturer's false and misleading advertising. (*See infra* Section IV.)

2

Sixth, the FAC easily satisfies Rule 9(b), which requires that "the circumstances constituting fraud" be "state[d] with particularity," Fed. R. Civ. P. 9(b). Obesity research's own memorandum outlines the detailed factual allegations concerning the time, place, and specific content of the false representations. (Mot. at 17-18.) The FAC also contains a detailed account of the challenged claims, including pictures of Lipozene's packaging and website advertising, screen captures, transcripts of television advertisements, and a list summarizing all of Obesity Research's false and misleading statements. The FAC similarly details what is false and misleading about these statements, why they are false and misleading, and when and to whom they were made. (*See infra* Section V.)

Lastly, Obesity Research's laches argument asks the Court to again engage in a fact-intensive inquiry of matters outside the pleadings, which is inappropriate at this stage. (*See infra* Section VI.)

For the foregoing reasons and as discussed further below, Obesity Research's motion should be denied.

<u>**ARGUMENTS**</u>

## I.   STANDARD ON MOTION TO DISMISS

"[A] motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is viewed with disfavor and is rarely granted." *In re Vistaprint Corp Mktg. & Sales Practices Litig.*, 2009 WL 2884727 at *3 (S.D. Tex. Aug. 31, 2009) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)). The "complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts must be taken as true." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Additionally, the court "must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff." *Baxter v. Intelius, Inc.*, 2010 WL 3791487, at *2 (C.D. Cal. Sept. 16, 2010) (citing *Pollard v. GEO Grp., Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010)). "'Determining whether a complaint states a plausible claim for relief

3

1
2
3
4
5
6
7
8

. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Robbins v. Coca-Cola-Co.*, 2013 WL 2252646, at *1 (S.D. Cal. May 22, 2013) (quoting *Iqbal*, 556 U.S. at 679 (2009)). "But the plausibility standard 'does not require [courts] to flyspeck complaints looking for any gap in the facts.'" *Id.* (quoting *Lacey v. Maricopa County,* 693 F.3d 896, 924 (9th Cir.2012) (en banc)). "If 'the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief,' dismissal must be denied." *Id.* (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Iqbal,* 556 U.S. at 677)).

9

## II.   FIBER RESEARCH HAS STANDING

10

### A.    Fiber Research Has Standing Under the Lanham Act

11
12
13
14
15
16
17
18
19
20
21
22

A party has standing to bring a claim under the Lanham Act if it alleges "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014) (applying this standard to false advertising claims); *see also Luxul Tech. Inc. v. Nectarlux, LLC*, 2015 WL 352048, at *5 (N.D. Cal. Jan. 26, 2015) (applying the *Lexmark* standard to a false designation of origin claim). "The parties need not be direct competitors in order to supply Lanham Act standing." *Animal Leg. Def. Fund v. HVFG LLC*, 939 F. Supp. 2d 992, 1001 (N.D. Cal. 2013). Moreover, "[a] plaintiff alleging competitive injury under the 'false advertising' prong 'need only believe that he [or she] is *likely* to be injured in order to bring a Lanham Act claim.'" *Luxul Tech*, 2015 WL 352048, at *5 (emphasis in original) (quoting *TrafficSchool.com, Inc. v. Edriver Inc.,* 653 F.3d 820, 825 (9th Cir.2011)).

23
24
25

Here, Fiber Research has sufficiently alleged standing both for its claims as the owner of the "exclusive right to sell Propol in the United States" (FAC ¶ 74), and as "the assignee of Shimizu's legal rights of action in the United States for any damages incurred by Shimizu

26
27
28

4

by virtue of any unlawful selling or marketing of products in unfair or unlawful competition with Propol," (*id.* ¶ 29).[1]

### 1.     Fiber Research Has Adequately Alleged Lost Sales

Propol is a high-quality glucomannan resulting from Shimizu's patented growing and extraction processes, and available for purchase exclusively from Fiber Research and Shimizu. Propol's weight loss efficacy has been clinically proven, through "double-blind placebo-controlled stud[ies]" (*id.* ¶¶ 45-46). Obesity research relies on those studies, as well as meta-analyses "of studies that include[] studies of Propol," as purportedly substantiating Lipozene's efficacy claims (*id.* ¶¶ 48-63.) Thus, in order for Lipozene's efficacy claims to be truthful, Lipozene would have had to contain Propol, the only glucomannan whose efficacy is supported by Obesity Research's cited studies. (*See id.* ¶¶ 60-63, 73.)

But instead of purchasing Propol from Fiber Research or Shimizu, Obesity Research purchased "cheap knock-off ingredients" (*id.* ¶ 27). In sum, "Obesity Research is trading and prospering in the marketplace leveraging the strength of the Propol brand, without actually buying Propol from Shimizu, through Fiber Research, resulting in millions of dollars of lost sales to both companies." (*Id.* ¶ 76.) Accordingly, Fiber Research has sufficiently alleged standing under the Lanham Act. *See Rosenfeld v. W.B. Saunders, a Div. of Harcourt Brace Jovanovich, Inc.*, 728 F. Supp. 236, 242 (S.D.N.Y. 1990) (Lanham act standing where "the Trusts los[t] potential profit every time a sale [wa]s lost"), *aff'd sub nom.*, 923 F.2d 845 (2d Cir. 1990).

---

[1] In a footnote, Obesity Research argues that this "purported assignment is without merit," citing *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 898 (C.D. Cal. 2012). *Wellpoint*, however, held that assignments that "expressly relate to the right to receive [health] benefits" did not convey the right to sue under RICO and ERISA and thus has no bearing on the validity of the assignment in this action. Here, Fiber Research was assigned not merely some benefits, but precisely the causes of action asserted in the Counterclaims. Obesity Research provides no compelling reason to divert from the "general rule[ that] the assignee of a chose in action stands in the shoes of his assignor, taking his rights and remedies . . . ." *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 1264 (2006) (internal citations and quotes omitted).

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

Obesity Research misses the point when it argues it "is free to purchase the glucomannan ingredient manufactured by a third party" (Mot. at 10). Fiber Research alleges that its use of *any other* glucomannan would render Lipozene's advertising false and misleading. It is thus irrelevant whether Fiber Research "has cornered the market on 'high-quality glucomannan'" (*id.* at 10), because Fiber Research alleges Shimizu is the sole source of *Propol* (FAC ¶¶ 24, 37-38), the only glucomannan that could be used by a manufacturer who wishes to truthfully (and lawfully) rely on Propol studies to make the weight loss efficacy claims that Obesity Research makes for Lipozene.[2] By instead purchasing cheap knock-off ingredients for Lipozene, Obesity Research cost Fiber Research and Shimizu millions of dollars of lost sales. (FAC ¶ 76.)

### 2.   Fiber Research Has Adequately Alleged Lost Market Share, Reputational Harm, and Lost Goodwill

Shimizu's family has been in the business of farming and refining Konjac for more than 300 years, spending decades developing and testing its proprietary glucomannan before offering it for sale in United States under the federally-registered Propol mark. (*Id.* ¶¶ 37-47.) These efforts paid off, earning Shimizu "a near-100% market share for refined Konjac root products like glucomannan in the United States in 2000" (*id.* ¶ 78). Given this, it is common sense Propol had a good reputation in the industry and substantial associated goodwill.[3]

---

[2] Nor need the FAC identify the exact date of the exclusive sales agreement between Fiber Research and Shimizu. (*See* Mot. at 7.) Shimuzu has always been the only manufacturer of Propol (FAC ¶¶ 24, 37-38), and thus would have benefited from all sales of Propol, including lost sales to Obesity Research. Moreover, the exclusive agreement existed at least as of March 10, 2015, when Fiber Research sent a letter to Obesity Research regarding "its Propol A® product manufactured by Shimizu Chemical Corporation" (*see* Compl., Dkt. No. 1 at ¶ 4), and thus Fiber Research has lost sales to Obesity Research since at least that time.

[3] Obesity Research complains that the FAC lacks "specific factual allegations relating to Shimizu's reputation amongst American consumers." (Mot. at 8.) But Fiber Research is entitled to all reasonable inferences that arise from its factual allegations and the Court must "draw on its judicial experience and common sense" in construing the pleadings. *Robbins*, 2013 WL 2252646, at *1 (quotation and citation omitted). In addition, the Lanham Act

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

1  Propol's proven superior efficacy (*id.* ¶¶ 38-47) only reinforces this reasonable inference of

2  goodwill. However, during the time in which Obesity Research marketed and sold Lipozene

3  (FAC ¶ 48), Shimizu's market share was gradually reduced by nearly 98% (*id.* ¶ 78).[4] This

4  decline in market share occurred both because of the lost sales to Obesity Research (*id.* ¶ 76),

5  and "because Obesity Research relies on Propol clinical testing even though Lipozene's

6  ingredients are a poor substitute for Propol glucomannan" (*id.* ¶ 77), thereby "passing off its

7  sub-standard, adulterated, unrefined Konjac root product as the same or substantially the same

8  as" Propol (*id.* ¶ 28). As a result of Obesity Research's conduct, "Shimizu and Fiber Research

9  have lost sales and opportunities to make sales." (*Id.* ¶ 77.) Such allegations are sufficient to

10  plead Lanham Act standing.

11  Both Shimizu's reputation and Propol's goodwill were damaged for the same reason

12  Shimizu lost its market share—Obesity Research, by falsely claiming that the *Propol* studies

13  demonstrate *Lipozene's* efficacy, passes off its inferior product as Propol. (*Id.* ¶¶ 28, 77.)

14  Even Obesity Research acknowledges that "equating a product with an inferior product" is

15  an "example[] of reputational harm" recognized by the Supreme Court. (Mot. at 8 (quoting

16  *Belmora LLC v. Bayer Consumer Care AG*, 2015 WL 518571, at *7 (E.D. Va. Feb. 6, 2015)).)

17  Similarly, as the owner of "the exclusive right to sell Propol in the United States" (FAC ¶

18  74), Fiber Research has suffered from the false association between Shimizu's high-quality

19

20  _____

   protects reputation not merely among consumers, but rather among the relevant class of
21  purchasers, which here is those who purchase glucomannan (or related products) for the
   manufacture of dietary supplements. *See TV Land, L.P. v. Viacom Intern., Inc.*, 908 F. Supp.
22  543, 550 (N.D. Ill. 1995) (likelihood of confusion is evaluated in relation to "the relevant
   class of customers and potential customers" (quoting *Sands, Taylor & Wood Co. v. Quaker
23  Oats Co.*, 978 F.2d 947, 957 (7th Cir.1992), *cert. denied*, 507 U.S. 1042 (1993))).

24
   [4] Obesity Research accuses Fiber Research of "attacking 'mostly Chinese Manufacturers' for
25  causing their alleged economic injuries . . . because such manufacturers have gained market
   share" (Mot. at 10). But Fiber Research's FAC actually goes a step further, expressly linking
26  this lost market share to Obesity Research's purchasing knock-off ingredients elsewhere, then
   falsely relying on Propol studies to support Obesity Research's Lipozene advertising claims.
27  (FAC ¶¶ 28, 77, 78).

28

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

glucomannan, and Obesity Research's inferior Lipozene product. (*Id.* ¶¶ 28, 102-103.)[5] Accordingly, Fiber Research has sufficiently pled standing to assert its Lanham Act claims. *See Luxul Tech.*, 2015 WL 352048, at *5 (Lanham Act standing based on allegations that "Defendants' misrepresentations regarding the source of the LED tube lamps resulted in harm to the distinctiveness of Plaintiff's product, brand, goodwill, and reputation" and "the loss of potential customers and sales"); *c.f. Merck Eprova AG v. Brookstone Pharm., LLC*, 920 F. Supp. 2d 404, 416 (S.D.N.Y. 2013) ("Although Merck and Acella are not direct competitors, insofar as Merck does not produce finished consumer products, Merck and Acella both produce competing sources of folate for use in dietary supplements. Merck's 'stake in the [folate] market gives it a reasonable interest to be protected against the alleged false advertising.'" (Quoting *Johnson & Johnson v. Carter–Wallace, Inc.,* 631 F.2d 186, 190 (2d Cir.1980)).

In arguing that Fiber Research's allegations regarding reputational harm are not specific enough, Obesity Research confuses the standard on a motion to dismiss with the standard for issuing a preliminary injunction. (*See* Mot. at 8 (citing *Camel Hair and Cashmere Inst. of Am. v. Associated Dry Goods Corp.*, 799 F.2d 6, 10 (1st Cir. 1986)).) *Camel Hair* deals with a plaintiff that was denied a preliminary injunction because it "adduced no *evidence* to show what kind of reputation it has that is in danger of being harmed." *Id*. at 799 F.2d at 10 (emphasis added). At the motion to dismiss stage, however, Fiber Research need only *allege facts*—the truth of which are assumed—that give rise to a plausible claim for relief. Tellingly, Obesity Research cites no cases where allegations of existing reputation were found insufficient at the pleading stage.

---

[5] In asserting that "[t]he FAC contains no plausible factual allegations regarding what kind of reputation Fiber Research has" (Mot. at 8), Obesity Research again ignores that Fiber Research is entitled to all reasonable inferences that arise from the allegations in the FAC. The FAC alleges the superior efficacy of Propol, and that Fiber Research is the exclusive distributor of Propol in the United States. It is reasonable to assume from these allegations that Fiber Research enjoys a reputation as the sole distributor of the only glucomannan clinically-proven to promote weight loss.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

**B.      Fiber Research Has Standing Under the UCL and FAL**

Obesity Research's argument—that Fiber Research lacks its own direct standing to assert UCL and FAL claims—rests entirely on the erroneous premise that Fiber Research's standing depends on its ability to demonstrate its entitlement to restitution. (*See* Mot. at 20-22.) The California Supreme Court, however, has expressly rejected Obesity Research's position: "this argument conflates the issue of standing with the issue of the remedies to which a party may be entitled. That a party may ultimately be unable to prove a right to damages (or, here, restitution) does not demonstrate that it lacks standing to argue for its entitlement to them." *Clayworth v. Pfizer, Inc.*, 233 P.3d 1066, 1087 (Cal. 2010) (citing *Southern Pac. Co. v. Darnell–Taenzer Co.*, 245 U.S. 531, 534 (1918)); *see also Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 894 (Cal. 2011) ("the standards for establishing standing under section 17204 and eligibility for restitution under section 17203 are wholly distinct" (citing *Clayworth*, 233 P.3d at 1087)). Simply put, "[a] plaintiff need not allege eligibility for restitution to establish standing." *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012) (citation omitted) [hereinafter "*Sony Data Breach Litig.*"]. The *Kwikset* court's analysis demonstrates the logic of this holding:

> To make standing under section 17204 dependent on eligibility for restitution under section 17203 would turn the remedial scheme of the UCL on its head. Injunctions are "the primary form of relief available under the UCL to protect consumers from unfair business practices," while restitution is a type of "ancillary relief." (*In re Tobacco II Cases, supra,* 46 Cal.4th at p. 319, 93 Cal.Rptr.3d 559, 207 P.3d 20.) As the availability of an injunction depends on standing to sue, if standing to sue depends on eligibility for restitution, then injunctive relief—the primary form of relief under the UCL—has been rendered dependent on the availability of a mere ancillary form of relief. . . . Accordingly, we hold ineligibility for restitution is not a basis for denying standing under section 17204 and disapprove those cases that have concluded otherwise.

*Kwikset Corp.*, 246 P.3d at 895 (disagreeing with two of the cases on which Obesity Research relies: *Buckland v. Threshold Enters.*, 155 Cal. App. 4th 798 (2007) and *Citizens of Humanity v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1 (2009)). Every case cited by Obesity Research

9

1    was decided before *Clayworth* and *Kwikset*, and thus no longer is good law on this issue. (*See*

2    Mot. at 20-22.)

3          Instead, "[t]o maintain standing under the UCL and FAL, a plaintiff must '(1) establish

4    a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic

5    injury; and (2) show that economic injury was the result of, i.e., caused by, the unfair business

6    practice or false advertising that is the gravamen of the claim.'" *Sony Data Breach Litig.*, 903

7    F. Supp. 2d at 965 (quoting *Kwikset Corp.*, 246 P.3d at 885)." As explained above, the FAC

8    alleges Fiber Research has lost sales to Obesity Research, as well as suffered lost market

9    share and harm to goodwill, from Obesity Research's false advertising. (*See supra* Section

10   I.A.) Fiber Research thus sufficiently alleges standing under the UCL and FAL. *See Allergan,*

11   *Inc. v. Athena Cosmetics, Inc.*, 640 F.3d 1377, 1382 (Fed. Cir. 2011) (plaintiff had standing

12   under UCL where it alleged "lost sales, revenue, market share, and asset value" as a result of

13   defendant's false advertising); *AngioScore, Inc. v. TriReme Med., LLC*, 2014 WL 4438082,

14   at *7 (N.D. Cal. Sept. 9, 2014) (allegation of lost business as a result of unfair competition

15   sufficient to plead standing "under the UCL's expansive standing doctrine"); *Luxul Tech.*

16   *Inc.*, 2015 WL 352048, at *9 ("Plaintiff has alleged an economic injury in the form of lost

17   customers and sales revenue. That is sufficient to satisfy standing under the UCL." (citation

18   omitted)).[6]

19   **III.   THE FAC STATES A CLAIM FOR RELIEF UNDER THE LANHAM ACT**

20          **A.     The FAC States a Claim for False Designation of Origin**

21          "A party is liable for false designation of origin under the Lanham Act if they use a

22   false or misleading representation of fact which is likely to cause confusion as to the origin,

23   sponsorship, or approval of goods and services." *Spearmint Rhino Companies Worldwide,*

24   *Inc. v. Chiappa Firearms, Ltd.*, 2012 WL 8962882, at *2 (C.D. Cal. Jan. 20, 2012) (citing 14

25

26   _____

27   [6] Obesity Research is correct that Fiber Research is not entitled to assert UCL and FAL claims
     on behalf of Shimizu. However, as noted above, Fiber Research is entitled to assert such

28   claims on its own behalf.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

U.S.C. § 1125(a)). The FAC alleges that Obesity Research "use[s] a false or misleading representation of fact" because Obesity Research falsely claims that the Propol studies support Lipozene's efficacy claims (FAC ¶¶ 48-63), even going so far as to call them the "Lipozene Clinical Studies" (*id.* ¶¶ 28, 59-60), which Obesity Research further claims are "sponsored by ORI" (*id.* ¶¶ 56, 70-71), when in fact the studies are of Propol, not Lipozene, (*id.* ¶¶ 60-63), and the products are not substantially similar (*id.* ¶¶ 64-69). The FAC further alleges that "Obesity Research's false and misleading statements actually confuse and deceive, or have the tendency to, and are likely to confuse and deceive an appreciable number of relevant consumers and members of the trade." (*Id.* ¶ 81; *see also id.* ¶ 84.)

Despite the clarity of these allegations, Obesity Research argues Fiber Research fails to state a claim for false designation of origin because: (1) "the allegations of likelihood of confusion are conclusory"; (2) "the FAC fails to allege that Fiber Research uses the Propol Trademark in United States Commerce"; (3) "the FAC fails to allege that ORI uses the Propol Trademark in United States Commerce"; and (4) "the FAC fails to identify when the owner of Propol's trademark gave statutory notice or when ORI obtained actual notice" of registration. (Mot. at 12-13.) Each of these arguments fails.

Among other things, this is not a trademark infringement case where the parties' respective marks are considered. This is a case of false advertising, false representations, and false designation of origin under the Lanham Act—not because Obesity Research uses a mark confusingly similar to the Propol mark—but because Obesity Research falsely claims Lipozene is the subject of clinical studies that actually relate instead to Propol glucommanan.

### 1.    The FAC Sufficiently Pleads Likelihood of Confusion

A claim may only be dismissed for failing to allege likelihood of confusion "on a motion to dismiss, 'if the court determines as a matter of law from the pleadings that the goods are unrelated *and* confusion is unlikely,'" *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1141, 1153 (S.D. Cal. 2014) (emphasis added) (quoting *Murray v. Cable Nat'l Broad. Co.,* 86 F.3d 858, 860 (9th Cir.1996) (citing *Toho Co. Ltd. v. Sears, Roebuck & Co.,*

645 F.2d 788, 790–91 (9th Cir.1981)). "However, '[w]hether confusion is likely is a factual determination woven into the law' that courts 'routinely treat . . . as [an issue] of fact' best left for determination by a jury." *Wahoo Intern., Inc. v. Phix Dr., Inc.*, 2014 WL 2864343, at *4 (S.D. Cal. June 24, 2014) (quoting *Levi Strauss & Co. v. Blue Bell, Inc.,* 778 F.2d 1352, 1356, 1356 n. 5 (9th Cir.1985)).

Obesity Research takes issue with the FAC's purported failure to address the relevant *Sleekcraft* factors, arguing that the FAC's allegations are thus "inadequate to plausibly show a likelihood of confusion amongst consumers" (Mot. at 12). In *Sleekcraft*, the Court outlined a non-exhaustive list of factors that may be relevant to determining whether confusion is likely: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). But "[t]he Ninth Circuit does not require a *Sleekcraft* analysis to make such a legal determination," *Ketab Corp. v. Mesriani L. Group*, 2015 WL 2409351, at *3 (C.D. Cal. May 20, 2015).[7] And even where courts consider the *Sleekcraft* factors, they are "a 'guide' to decision-making, intended to channel the analytical process but not dictate any result." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141 (9th Cir. 2002) (citing *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992)). Thus courts "do not decide whether confusion is likely by considering mechanically the number of *Sleekcraft* factors that weigh in favor of either party, or by giving the same weight to a particular factor from case to case." *Id.* (citing *Brookfield Commun., Inc. v. W. Coast Ent.*

---

[7] Moreover, where a defendant has "failed to address all of the *Sleekcraft* factors and whether they weigh against a likelihood of confusion," the Court is left without both "parties' arguments as to these factors" and is thus "unable to thoroughly analyze likelihood of confusion at this time." *See Browne v. McCain*, 612 F. Supp. 2d 1125, 1133 (C.D. Cal. 2009) (denying motion to dismiss Lanham Act claim where defendant argued plaintiff was unable to show likelihood of confusion, but did not address how the *Sleekcraft* factors weighed against such a finding).

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

*Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999)). "[T]he relative importance of each individual factor will be case-specific" and "it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors." *Id.* at 1054 (citing *Dreamwerks Prod. Group v. SKG Studio,* 142 F.3d 1127, 1130–32 (9th Cir.1998)).

Because trademarks are not at issue in this case in terms of infringement, several of the *Sleekcraft* factors are not applicable, such as strength of the senior user's mark and similarity of the parties' marks. And although Fiber Research is not required at the pleading stage to allege factual bases for various *Sleekcraft* factors, it is clear that the FAC plausibly alleges likelihood of confusion from Obesity Research's false claim that its product is the subject of clinical studies that actually relate only to Shimizu's superior product.

For example, both parties sell glucomannan (or at least purported glucomannan) products, such that they are at least clearly related if not directly competitive. They are similar in use and advertised as having identical functions. Both are for weight loss and purportedly contain Konjac root. (FAC ¶¶ 24, 27, 40, 44-57.) And while Fiber Research alleges that Lipozene is not similar in function (*id.* ¶¶ 64-69), Lipozene is marketed as having the same function as Propol, even relying on studies of Propol in an attempt to claim identical efficacy (*id.* ¶¶ 48-63). With such similarities in use and purported function, the products at a minimum are clearly related. *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 159 (9th Cir.1963) ("The use need not be the same as, nor one in competition with the original use. The question is, are the uses related so that they are likely to be connected in the mind of a prospective purchaser"). In other words, "[g]oods are proximate or related if they 'are similar in use and function,' and 'would be reasonably thought by the buying public to come from the same source if sold under the same mark.'" *Aurora World, Inc. v. Ty Inc.,* 719 F. Supp. 2d 1115, 1160 (C.D. Cal. 2009) (quoting *Sleekcraft*, 599 F.2d at 348 n. 10) *See also Brookfield*, 174 F.3d at 1056 (holding that because "both companies offer products and services relating to the entertainment industry generally, and their principal lines of business both relate to movies specifically," there was sufficient relatedness to support a finding of

likelihood of confusion); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgt., Inc.*, 618 F.3d 1025, 1035 (9th Cir. 2010) ("Given the intuitively close relationship between women's shoes and apparel in the minds of the consuming public, a jury could reasonably conclude that the 'proximity of the goods' factor favors Fortune."); *Celebrity Chefs Tour, LLC.*, 16 F. Supp. 3d at 1167 (denying motion to dismiss where "[c]onfusion seem[ed] particularly likely given that the goods are so similar"); *Bylin Heating Sys., Inc. v. M & M Gutters, LLC*, 2007 WL 3238668, at *4 (E.D. Cal. Oct. 31, 2007) (denying motion to dismiss where "plaintiffs allege[d] that plaintiffs and defendants target identical consumer classes through identical channels of trade. Further, the complaint alleges that the services and products marketed and sold by the parties are nearly identical.").

In addition, Obesity Research's Lipozene packaging, and television and website advertising refer to studies, which are studies of Propol. (*See* FAC ¶¶ 60-63 & Ex. 2.) The FAC alleges similarity of marketing channels, at least insofar as the both parties use the internet to market their product. (*See id.* ¶¶ 58-60; http://shimizuchemical.co.jp/eng/propol/index.html.) The FAC also alleges the *Sleekcraft* factor of actual confusion (*id.* ¶ 81). And the FAC alleges "Obesity Research knew or in the exercise of reasonable care should have known that, as alleged herein, its publicly-disseminated statements and omissions regarding Lipozene were false and misleading." (*Id.* ¶ 101.) These allegations plausibly support a likelihood of confusion. *See*, *e.g.*, *Wahoo Intern*, 2014 WL 2864343, at *4; *Bylin Heating*, 2007 WL 3238668, at *4; *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 901 (C.D. Cal. 2014). Indeed, it is hard to imagine more detailed factual allegations to support a Lanham Act claim for false advertising, false representations, and false designation of origin.

### 2.  The FAC Sufficiently Pleads Use of the Propol Trademark in United States Commerce

Obesity Research acknowledges that "the FAC alleges that Shimizu has 'obtained a United States federal trademark registration for the [Propol®] name'" (Mot. at 13 (quoting

FAC ¶ 37).) Registration of a trademark requires that "[t]he owner . . . used [it] in commerce," and the application for registration must include a verified statement of the "date of the applicant's first use of the mark in commerce," 15 U.S.C. § 1051. Thus, allegations of a valid trademark registration, like that in the FAC, necessarily establish that Shimizu has used the Propol mark in commerce. Further, the FAC alleges that "[p]ursuant to an exclusive sales contract with Shimizu, Fiber Research markets Propol in the United States." (FAC ¶ 28.). But more importantly, this is irrelevant since the case is not about trademark infringement.

### 3. Obesity Research's Use of the Propol Trademark is Not a Requirement of a False Designation of Origin Claim

Obesity research's argument that "the FAC fails to allege that ORI uses the Propol Trademark in United States Commerce" presupposes that this is a requirement for a false designation of origin claim. But, as explained earlier, the FAC need only allege that Obesity Research used a false or misleading designation of origin in commerce. S*ee Planet Coffee Roasters, Inc. v. Dam*, 2009 WL 2486457, at *2 (C.D. Cal. Aug. 12, 2009)

> To prove a false designation of origin claim, a plaintiff must show that defendant (1) uses a false designation of origin; (2) in interstate commerce; (3) and in connection with goods or services; (4) when the designation is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts. (citing MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27:13 (Fourth Ed.).

Obesity Research's argument inappositely relies on elements of *trademark infringement*, a cause of action not alleged in the FAC. *See*, *e.g.*, *Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1118 (S.D. Cal. 2014) ("To state a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must demonstrate that it is: "(1) the owner of a valid, protectable mark, and (2) that the alleged infringer is using a confusingly similar mark." (citing *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

1   F.3d 1239, 1247 (9th Cir.2013) (citing *Grocery Outlet, Inc. v. Albertson's, Inc.,* 497 F.3d 949,

2   951 (9th Cir.2007)))).

3       **4.**    **The FAC Alleges Notice of Registration of the Propol Trademark to**

4       **Obesity Research, Even Though it was not Required**

5       Obesity Research is similarly wrong that "the request for ORI's profits and the request

6   for treble damages should be dismissed," because the FAC supposedly "fails to identify when

7   Propol's trademark owner gave statutory notice to ORI of notice of registration nor when

8   ORI received actual notice" (Mot. at 13). Obesity Research's argument once again confuses

9   this case for an infringement action, citing 15 U.S.C. § 1111, which applies only to "any suit

10   for infringement . . . ." Moreover, even if such notice were required, it is accomplished by

11   "displaying with the mark . . . the letter R enclosed within a circle, thus ®," *id.*, which Obesity

12   Research's complaint acknowledges was done by a letter dated March 10, 2015. (Compl. ¶¶

13   4, 10.)

14       **B.**    **The FAC States a Claim for False Advertising**

15       Although its Motion recites six elements necessary to establish a Lanham Act false

16   advertising claim (Mot. at 14), Obesity Research challenges only two of these elements as

17   insufficiently pled: (1) that the challenged statements are false or misleading (*id.* at 14-16);

18   and (2) that Fiber Research has been or is likely to be injured (*id.* at 16).

19       **1.**    **The FAC Sufficiently Alleges Lipozene's Advertising is False and**

20       **Misleading**

21       Its only basis for asserting that Fiber Research's false advertising allegations are

22   insufficient is Obesity Research's contention that the challenged Lipozene advertising does

23   not clearly refer to the Propol trademark. (*See* Mot. at 14-16.) But whether the challenged

24   claims, or the studies Obesity Research claims support them, mention Propol by name, is

25   entirely irrelevant to Fiber Research's false advertising claim.

26       The FAC alleges that Obesity Research makes claims on the product packaging, in

27   television commercials, and online, regarding Lipozene's efficacy as a weight loss

28

16

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

supplement (FAC ¶¶ 48-59, 70-73), that "actually confuse and deceive," and which "are likely to confuse and deceive an appreciable number of consumers and member of the trade" (*id.* ¶¶ 80-81). Obesity Research relies on various studies to allegedly substantiate these claims. (*Id.* ¶¶ 48-59, 70-73.) But the studies do not substantiate the claims because the studies are of Propol, not Lipozene (*id.* ¶¶ 60-63), and Lipozene and Propol are not substantially similar (*id.* ¶¶ 64-69). (*See also id.* ¶ 73 (summarizing false advertising claim).) That the studies are of Propol and not Lipozene demonstrates that the challenged statements are indeed literally false, but a consumer need not believe "that Lipozene contains Propol-branded glucomannan as an ingredient" (Mot. at 15), in order to be deceived and misled by Lipozene's efficacy claims.

### 2. Fiber Research Has Alleged Injury in the Form of Lost Sales, Lost Market Share, Reputational Harm, and Lost Goodwill

As discussed in detail above, Plaintiff has adequately alleged lost sales (FAC ¶¶ 76-77), lost market share (*id.* ¶ 78 ), and reputational harm and lost goodwill (*id.* ¶¶ 102-103). (*See supra*, Section II.A.) The Court should find that the FAC sufficiently pleads that Fiber Research has been injured and is likely to suffer future injury as a result of Obesity Research's false advertising.

## IV. THE FAC STATES A CLAIM FOR UNFAIR COMPETITION UNDER THE UCL

Obesity Research's argument that "the counterclaims rely upon outdated definitions of 'unfair' conduct to support the UCL claim" (Mot. at 23 (header capitalization omitted)), suffers from two major flaws. First, Obesity Research misreads the holding of *Cel-Tech* as applying to *all* UCL unfair claims. Second, Obesity Research misunderstands the bases of Fiber Research's claims.

Obesity Research relies on *Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999), to assert that unfairness under the UCL is defined as "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." (Mot. at 24 (quoting *Cel-Tech*, 20 Cal. 4th at 187).) However, *Cel-Tech* was "an action by a competitor alleging anticompetitive practices," 20 Cal. 4th at 187 n.12, and the court specifically "limited [its holding] to that context," making clear that its holding did not extend to "actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as 'fraudulent' or 'unlawful' business practices *or 'unfair, deceptive, untrue or misleading advertising.'*" *Id.* (emphasis added).

This action, however, involves "unfair, deceptive, untrue or misleading advertising," and does not allege "anticompetitive practices," and was thus explicitly excluded from the holding of *Cel-Tech*. (*See generally* FAC; *see also id.* ¶¶ 91-93.) It is unsurprising, then, that Fiber Research has not "cite[d] conduct that 'threatens an incipient violation of antitrust law'" (Mot. at 24 (quoting *Cel-Tech*, 20 Cal. 4th at 187).)

This case is much more akin to *Luxul Tech.,* where a producer of energy-efficient LED products brought an action against sales representatives, a marketing consulting firm, and the firm's principal for false designation of origin and false advertising under the Lanham Act, unfair competition and false advertising under California law, copyright infringement, and breach of contract. *See* 2015 WL 352048, at *1, *4. There, the court explained that "[a] business practice violates the unfair prong of the UCL if it is contrary to 'established public policy or if it is immoral, unethical, oppressive or unscrupulous or causes injury to consumers which outweighs its benefits." *Id.*, at *9 (quoting *McKell v. Wash. Mut. Inc.,* 142 Cal. App. 4th 1457, 1473 (2006)). The FAC articulates this exact standard. (*See* FAC ¶ 91.)

Lastly, Obesity Research ignores that "[a] violation of the false advertising law automatically gives rise to a violation of the unfair competition provision." *Ariz. Cartridge Remanufacturers Ass'n, Inc. v. Lexmark Intern., Inc.*, 421 F.3d 981, 986 (9th Cir. 2005)

(citation omitted). Obesity Research fails to assert that Fiber Research has not stated a claim for relief under California's FAL.[8]

## V.   THE FAC MEETS THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9(b)

Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "In other words, the plaintiff must include 'the who, what, when, where, and how' of the fraud. *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir.2003). A plaintiff alleging false advertising has satisfied this requirement when it "state[s] the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," and "what is false or misleading about a statement, and why it is false." *Von Koenig v. Snapple Bev. Corp.*, 713 F. Supp. 2d 1066, 1077 (E.D. Cal. 2010) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *Decker v. GlenFed, Inc.,* 42 F.3d 1541, 1548 (9th Cir.1994)).

Here, Obesity Research dedicates more than a page to outlining the detailed factual allegations concerning the time, place, and specific content of the allegedly false representations. (Mot. at 17-18 (quoting FAC ¶¶ 25, 48, 51-52, 63, 70, 73).) The FAC contains a detailed account of the challenged claims, including pictures of Lipozene's packaging and website advertising, screen captures, transcripts of television advertisements, and a list summarizing all of "Obesity Research's false and misleading statements." (FAC ¶¶ 48-73.) Each identification of a challenged claim, includes the date on which that advertisement was published. (*See id.* ¶¶ 48, 51-52, 55, 58, 63, 70-71.) The FAC similarly details what is false and misleading about these statements and why they are false and misleading (*see id.* ¶¶ 60-69, 72-73). And again Obesity Research admits that:

> [t]he FAC summarizes the allegations of wrongdoing against ORI as follows: "Obesity Research has made false claims concerning Lipozene in at least two main ways. First, Propol has been shown to have weight loss benefits, but

---

[8] Obesity Research argues only that Fiber Research lacks standing under the FAL. As noted above, however, Fiber Research is entitled to assert such claims on its own behalf.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

1
2
3
4

> Lipozene does not contain Propol; therefore, Lipozene's reliance on weight loss claims from the Propol studies is false advertising. Second, since Lipozene contains only unrefined Konjac root powder, and there are no studies supporting weight loss claims on unrefined Konjac, Obesity Research is misrepresenting that Lipozene has any clinically-proven weight loss benefits."

5

(Mot. at 17 (quoting FAC ¶ 73)). Lastly, the FAC alleges the "who" of the fraud by alleging,

6

"Obesity Research's acts have deceived and, unless restrained, will continue to deceive the

7

public, including consumers and retailers, causing damage to Fiber Research and its assignor,

8

Shimizu," (FAC ¶ 84; *see also id.* ¶¶ 81, 94-95, 101).

9

These allegations plainly satisfy Rule 9(b) and Obesity Research's motion to dismiss

10

on this ground should accordingly be denied. *See Von Koenig*, 713 F. Supp. 2d at 1077 (Rule

11

9(b) satisfied where plaintiff included examples of product labels, identified challenged

12

claims, and alleged "All Natural" claim was false because the product contained unnatural

13

HFCS); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,* 642 F.Supp.2d 1112, 1124

14

(C.D.Cal.2009) (Rule 9(b) satisfied where complaint alleged when the defendant introduced

15

the drink product, how it was labeled, and what was misleading about the label); *In re Clorox*

16

*Consumer Litig.*, 894 F. Supp. 2d 1224, 1234 (N.D. Cal. 2012) (Rule 9(b) satisfied where

17

complaint identified the commercials upon which the Plaintiffs allegedly relied, described

18

their contents, when these commercials aired and provided storyboard images).

19

Obesity Research misunderstands the pleading requirements of Rule 9(b). In its

20

Motion, Obesity Research identifies three allegations which are purportedly not detailed

21

enough to satisfy the "heightened pleading requirements of Rule 9(b) of the Fed. R. Civ. P":

22

(1) Fiber Research has failed to identify the regulatory threshold for labeling an allergen; (2)

23

"Fiber Research does not cite to any source for its factual assertions regarding 'Xanthan [sic]

24

gum' . . . being used to 'spike' cheap glucomannan knock-off products"; and (3) "the vague

25

references to 'unlawful' conduct are insufficient." (Mot. at 24-25 (header capitalization

26

omitted).) None of these have merit.

27
28

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

First, none of these allegations are necessary to plead Obesity Research's fraud with particularity. It is the fact that Lipozene contains an allergen that makes its "No known allergens in this product" claim false and misleading. (FAC ¶ 67.) Fiber Research pleads the details of independent laboratory testing of Obesity Research's adulterated product, even attaching copies of the subject Certificates of Analyses. (FAC ¶ 67 & Ex. 6). Identification of the regulatory threshold for allergens is unnecessary to give Obesity Research "notice of what [it is] alleged to have done, so that [it] may defend against the accusations." *Von Koenig*, 713 F. Supp. 2d at 1077 (citing *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124–25 (9th Cir.2009)).

In arguing that Fiber Research must "cite to a[] source for its factual assertions" regarding xantham gum (Mot. at 25), Obesity Research attempts to turn Rule (b) into an evidentiary requirement, rather than a pleading requirement. But "Rule 9(b) 'does not require nor make legitimate the pleading of detailed evidentiary matter.'" *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 938 (C.D. Cal. 2012) (quoting *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973) (quoting 2A J. Moore, Federal Practice ¶ 9.03, at 1930 (2d ed. 1972))). That Lipozene is spiked with xantham gum, when Propol is not, is sufficient to put Obesity Research on notice of Fiber Research's allegations, namely, because Lipozene is spiked with xantham gum (FAC ¶ 64), it "does not have the same functional chemical profile as Propol" (id. ¶ 65), such that "Obesity Research's statements are false and misleading because studies demonstrating the efficacy of Shimizu Propol glucomannan . . . do not establish the efficacy of Lipozene in promoting weight loss" (*id.* ¶ 72).

Lastly, Obesity Research takes issue with Fiber Research's allegations of unlawful behavior. (Mot. at 25.) Obesity Research, however, ignores that the allegations of unlawful behavior "incorporate[] by reference the preceding paragraphs of its counterclaims as though fully set forth" within the allegations of unlawful conduct. As previously explained, Fiber Research's allegations regarding the false and misleading nature of Lipozene's advertising satisfy the pleading requirement of Rule 9(b). They are thus similarly sufficient to plead a

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

violation of the California Sherman Act, Cal. Health & Safety Code §§ 110660, which deems a food "misbranded if its labeling is false or misleading in any particular." The number of times the FAC mentions the Sherman Act is irrelevant to whether Fiber Research has pled fraud with particularity.

## VI.   OBESITY RESEARCH'S LACHES ARGUMENT IS PREMATURE

"Laches is an equitable defense which is appropriate when there has been an inexcusable delay in bringing an action to trial and that delay has prejudiced the fact-finding process." *Mabey v. Reagan*, 376 F. Supp. 216, 220 (N.D. Cal. 1974) (citing *D. O. Haynes & Co. v. Druggists' Circular*, 32 F.2d 215 (2d Cir. 1929); 30A C.J.S. Equity §§ 112-113 (1965)). Generally, "laches . . . may not be asserted by motion to dismiss, but should be set forth affirmatively in defendant's answer." *Dirk Ter Haar v. Seaboard Oil Co. of Delaware*, 1 F.R.D. 598, 598 (S.D. Cal. 1940) (citing Fed. R. Civ. P. 8(c); Fed. R. Civ. P. 12(b)). This is because "laches . . . defenses often require a fact-intensive investigation that is inappropriate on a motion to dismiss." *24/7 Customer, Inc. v. 24-7 Intouch*, 2015 WL 1522236, at *4 (N.D. Cal. Mar. 31, 2015). "A laches defense raised at the motion to dismiss posture requires exclusive reliance on the factual allegations in the complaint." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1091589, at *13 (N.D. Cal. Mar. 13, 2014) (citing *Kourtis v. Cameron,* 419 F.3d 989, 1000 (9th Cir.2005), *overruled on other grounds*, 553 U.S. 880 (2008)). "Courts have noted that this postural requirement poses a nearly insurmountable obstacle to a favorable resolution of a defendant's fact-dependent laches claim." *Id.* (citing *Mishewal Wappo Tribe of Alexander Valley v. Salazar,* 2011 WL 5038356, at *7 (N.D. Cal. Oct. 24, 2011); *Italia Marittima, S.P.A. v. Seaside Transp. Servs., LLC,* 2010 WL 3504834, at *6 (N.D. Cal. Sept. 7, 2010)).

Nevertheless, Obesity Research, relying on a motion for summary judgment decision,[9] argues that "Fiber Research's claims are barred by the laches doctrine" (Mot. at 16). But

---

[9] *See* Mot. at 16 (citing *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835-43 (9th Cir. 2002), *cert. denied*, 537 U.S. 1047 (2002)).

1   Obesity Research has failed to show that "laches is apparent upon the face of the complaint,"

2   *Fitzpatrick v. Fitzpatrick*, 2014 WL 2197610, at *10 (E.D. Cal. May 27, 2014) (citing *King*

3   *v. Los Angeles Co. Fair Ass'n,* 70 Cal.App.2d 592, 596 (1945)), and its Motion should

4   accordingly be denied.

5       Instead of pointing to factual allegations concerning when Fiber Research had

6   knowledge of its claims against Obesity Research, the length of its delay, or the supposed

7   resulting prejudice to Obesity Research, Obesity Research points only to allegations

8   concerning when the challenged misrepresentations were published. (*See* Mot. at 17-18.) But

9   the date of publication does not establish when Fiber Research knew or should have known

10  about its claims, especially considering that Obesity Research "attempt[ed] to conceal the

11  identity of the specific clinical testing to which its Lipozene commercials and advertising

12  have consistently referred" (FAC ¶ 12). The allegations on which Obesity Research relies

13  establish only that Fiber Research, upon learning of its claims, did its due diligence to

14  determine the factual bases of its claims.[10] Similarly, Obesity Research relies on mere

15  unsupported attorney argument to contend that "Shimizu was well aware that ORI was being

16  supplied with glucomannan from a different supplier dating back to this time period" (Mot.

17  at 19). Unsurprisingly, Obesity Research does not cite to the FAC; nor could it, as such

18  allegations are entirely absent.

19      Nor does Obesity Research point to any allegations of prejudice. Instead, Obesity

20  Research asks the Court to *infer* prejudice from the fact that it has "heavily marketed its

21  Lipozene products over the years, as confirmed by the FAC's allegations" (Mot. at 19). Even

22  assuming Obesity Research is entitled to such an inference drawn at this stage (it is not), more

23  is required for a showing of prejudice. "A defendant has been prejudiced by a delay . . . when

24

---

25  [10] For example, while Obesity Research questions "[h]ow else . . . the [FAC] [would] assert

26  that ORI has aired about 14 different television commercials nationwide regarding Lipozene"
    (Mot. at 18), the commercials are catalogued at the following website, discovered by Fiber

27  Research's    counsel    during    its    investigation    of    the    action:

28  http://www.ispot.tv/brands/d8k/lipozene.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

a defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed." *Magic Kitchen LLC v. Good Things Intern. Ltd.*, 153 Cal. App. 4th 1144, 1161 (2007) (internal quotation and citation omitted). Nothing in the FAC, or even Obesity Research's briefing, establishes that Obesity Research changed its position in a way that would not have occurred absent Shimizu or Fiber Research's purported delay. Moreover, Obesity Research does not argue evidentiary prejudice, which "includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001) (citation omitted).

In sum, "Defendant[] ask[s] the Court to make factual determinations concerning when Plaintiff knew or should have known about the alleged infringement, Plaintiff's diligence in enforcing its rights, and the prejudice to Defendants caused by Plaintiff's alleged delay." *See Sensible Foods, LLC v. World Gourmet, Inc.*, 2011 WL 5244716, at *5 (N.D. Cal. Nov. 3, 2011). "Accordingly, the . . . determination on the adequacy of Defendant['s] laches defense . . . requires findings of fact and is inappropriate for resolution on a motion to dismiss," *id.*; *see also Italia Marittima*, 2010 WL 3504834, at *6 ("[w]ithout a showing that [plaintiff's] delay prejudiced [defendant], laches cannot bar [plaintiff's] claims"); *24/7 Customer, Inc.*, 2015 WL 1522236, at *4 (denying motion to dismiss on grounds of laches as "premature"); *Kourtis*, 419 F.3d 9 at 1000; *Mishewal Wappo Tribe*, 2011 WL 5038356, at *7 (denying motion to dismiss on grounds of laches because even where delay was apparent, the allegations failed to show that delay was unreasonable or that defendant was prejudiced); *Teran v. Hagopian*, 2008 WL 4826124, at *6 n.2 (E.D. Cal. Nov. 5, 2008) (denying motion to dismiss on grounds of laches because it "raise[d] matters outside the pleadings, which [could ]not be resolved at the motion to dismiss stage."); *In re Sand Hill Capital Partners III, LLC*, 2010 WL 4269622, at *3 (Bankr. N.D. Cal. Oct. 25, 2010) (denying motion to dismiss on grounds of laches because "prejudice or injury to Defendants is a fact issue that cannot be decided in the 12(b)(6) context").

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

Finally, "the defense of laches is barred where defendants purposefully committed the infringing conduct." *DC Comics v. Towle*, 989 F. Supp. 2d 948, 971 (C.D. Cal. 2013) (citing *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir.2012)). "This good-faith component of the laches doctrine is part of the fundamental principle that 'he who comes into equity must come with clean hands." *Id.* (quoting *Danjaq LLC*, 263 F.3d at 956). Here, Fiber Research has alleged that Obesity Research's conduct was willful. (FAC ¶ 101.) Accepting this allegation as true, Obesity Research's laches defense is barred. At minimum, whether Obesity Research's conduct was willful is an issue of fact that cannot be decided at the motion to dismiss stage and Obesity Research's motion on this ground should denied. *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1152 (N.D. Cal. 2007) (denying motion to dismiss on grounds of laches as "premature" where the court could not "resolve on the face of the pleadings . . . whether defendants created, produced and distributed the Terminator films 'with knowledge that their ... conduct constituted copyright infringement.'").

## CONCLUSION

For the foregoing reasons, Fiber Research respectfully requests that the Court deny Obesity Research's motion in its entirety.

Dated: July 6, 2015                  Respectfully submitted,

/s/ Jack Fitzgerald

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
TRAN NGUYEN
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRICE PARKINSON & KERR LLP**
JASON KERR
*jasonkerr@ppktrial.com*
CHRISTOPHER SULLIVAN
*sullivan@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

***Counsel for Defendant and Counterclaim-Plaintiff Fiber Research International, LLC***

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS