**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (275423)
*melanie@jackfitzgeraldlaw.com*
TRAN NGUYEN (301593)
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**PRICE PARKINSON & KERR LLP**
JASON KERR (*pro hac vice*)
*jasonkerr@ppktrial.com*
CHRISTOPHER SULLIVAN (*pro hac vice*)
*sullivan@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

**GORDON & REES SCULLY MANSUKHANI LLP**
RICHARD P. SYBERT (80731)
*rsybert@gordonrees.com*
SEAN D. FLAHERTY (272598)
*sflaherty@gordonrees.com*
AMANDA R. ABELN (290309)
*aabeln@gordonrees.com*
101 W. Broadway, Suite 2000
San Diego, California 92101
Phone: (619) 696-6700
Fax: (619) 696-7124

*Counsel for Defendant and Counterclaim-Plaintiff Fiber Research International, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff & Counterclaim-Defendant,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant & Counterclaim-Plaintiff. | Case No. 15-cv-595-BAS-MDD<br>**JOINT MOTION FOR DETERMINATION OF DISPUTE RE FRI'S DISCOVERY REQUESTS**<br><br>Date:      TBA<br>Time:      N/A<br>Judge:    Hon. Mitchell D. Dembin<br>Ctrm:      1E |

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Defendant and Counterclaim-Plaintiff Fiber Research International, LLC hereby moves to compel responses to its discovery requests to Plaintiff and Counterclaim-Defendant Obesity Research Institute, LLC, namely Interrogatory Nos. 1-7 and 9-11, and Request for Production Nos. 1-10 and 12-13.

Pursuant to the Court's Chambers Rules, set forth below are the written discovery requests and responses at issue in the concurrently filed Joint Motion for Determination of Discovery Dispute, and a statement by the propounding party as to why a further response should be compelled reasons for compelling further responses, and a statement by the responding party as to the basis for all objections and/or claims of privilege.

## FRI'S FIRST SET OF INTERROGATORIES TO ORI

**FRI INTERROGATORY NO. 1**

Identify any and all manufacturers of the PRODUCT during the ten years preceding the filing of this action.

**ORI RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party also objects to this Request as irrelevant to Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

Vitatech Nutritional Sciences, Inc. ("Vitatech"), West Coast Laboratories, Inc., Attn: Ron Ovadia, (310) 532-6720 ext. 18, and 21st Century Healthcare, Inc., Attn: Steve Snyder, (480) 966-8201, are the current manufactures of the PRODUCT and have been the manufacturers of the PRODUCT during the applicable limitations period at issue in this case.

1

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

**REASONS FOR COMPELLING FURTHER RESPONSE:**

Although Obesity Research unilaterally restricts its response Interrogatory No. 1 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research's affirmative defense of laches make this information relevant. Obesity Research claims that Shimizu (whose knowledge is imputed to Fiber Research, according to Obesity Research) knew in 2004 that Obesity Research was using a different manufacturer, that this manufacturer was using equivalent glucomannon to Shimizu's glucomannon, and that therefore Fiber Research has no claim. Now, Obesity Research refuses to disclose the identity of the manufacturers.

Learning the identity of previous manufacturers will enable Fiber Research to test Obesity Research's laches defense. It will allow Fiber Research to discover the precise differences between the glucomannon used and how that changed over time. This discovery will allow Fiber Research to show that in fact Obesity Research was using substandard glocomannon, that Shimizu was not aware of this until last year, and that therefore the laches defense is without merit. Obesity Research should be compelled to supplement its responses to include information for the entire time period requested.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential

2

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

statutory period.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

## FRI INTERROGATORY NO. 2

Identify any source, including any broker, seller, manufacturer, or grower, of any and all ingredient(s) contained in the PRODUCT during the ten years preceding the filing of this action.

## ORI RESPONSE TO INTERROGATORY NO. 2

Responding Party objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party also objects to this Request as irrelevant to Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

The requested information is more readily available from Vitatech, West Coast Laboratories, Inc., and 21st Century Healthcare, Inc., which have been manufacturers of the PRODUCT during the applicable limitations periods at issue in this case. Vitatech is a supplier. Nutralliance is the supplier of glucomannan. Responding Party's investigation is ongoing.

## REASONS FOR COMPELLING FURTHER RESPONSE:

Although Obesity Research unilaterally restricts its response Interrogatory No. 2 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research's affirmative defense of laches make this information relevant. Obesity Research claims that Shimizu (whose knowledge is imputed to Fiber Research, according to Obesity Research) knew in 2004 that Obesity Research was using a different source of glucomannon, that this source was providing equivalent glucomannon to Shimizu's glucomannon, and that therefore Fiber Research has no claim. Now, Obesity Research refuses to disclose the identity of the source.

Learning the identity of previous sources will enable Fiber Research to test Obesity Research's laches defense. It will allow Fiber Research to discover the precise differences between the glucomannon used and how that changed over time. This discovery will allow Fiber Research to show that in fact Obesity Research was using substandard glocomannon, that Shimizu was not aware of this until last year, and that therefore the laches defense is without merit. Obesity Research should be compelled to supplement its responses to include information for the entire time period requested.

## BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

## FRI INTERROGATORY NO. 3

Describe in detail YOUR quality control processes for the PRODUCT as they have existed for the ten years preceding the filing of this action.

## ORI RESPONSE TO INTERROGATORY NO. 3

Responding Party objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

The requested information is more readily available from Vitatech, which has been the manufacturer of the PRODUCT during the applicable limitations period at issue in this case. Vitatech's "Comprehensive Quality Assurance Program" is described on its publicly-available website at: http://www.vitatech.com/quality.html

For example, Vitatech's website describes its "Strict Controls" as follows: "From the moment raw ingredients enter the segregated receiving area to the time your finished products are shipped, Vitatech® Nutritional Sciences comprehensive quality assurance program and strict cGMP-certified controls ensure that your products meet your exacting standards. Every ingredient and step of the product process is validated and verified at our on-site laboratories, with historical samples and complete documentation archived for each batch."

Vitatech's website describes its "Our Quality Assurance Process as follows:

"Vitatech® Nutritional Sciences is cGMP compliant and has current cGMP certification. Here's what we do to ensure that products manufactured in our facility will stand up to the most rigorous international scrutiny:

• Raw Materials – Raw materials are quarantined and tested in our in-house laboratories utilizing FT-NIR (Fourier Transform-Near Infrared) technology.

• Lot Number Control – Unique lot numbers enable each vitamin and nutritional supplement to be traced from raw materials to finished, packaged product.

• In-Process – The manufacturing process is continuously and actively monitored by Quality Assurance inspectors to ensure good manufacturing standards are maintained at every step."

Vitatech's website describes the "Finished Product" of its clients as follows:

"Your finished product is inspected and tested, and the test results are reported in the Certificate of Analysis that is submitted to you for each batch of product produced. Packaged products undergo additional inspect before being released for shipping."

5

Vitatech's website describes the "Peace of Mind" of its clients as follows:

"At Vitatech® Nutritional Sciences, product safety is our first priority. We accomplish this by conducting rigorous internal audits, stability studies, equipment and processing validation tests, environmental monitoring, water quality compliance studies and full metal detection of finished product. The end result: On-time delivery of the highest quality supplements from the industry's most trusted name in nutritional manufacturing, Vitatech®."

West Coast Laboratories, Inc., and 21st Century Healthcare, Inc. use the same quality control procedures. Responding Party's investigation is ongoing.

**REASONS FOR COMPELLING FURTHER RESPONSE:**

Although Obesity Research unilaterally restricts its response Interrogatory No. 3 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research's affirmative defense of laches make this information relevant. Obesity Research claims that Shimizu (whose knowledge is imputed to Fiber Research, according to Obesity Research) knew in 2004 that Obesity Research was using a different manufacturer, that this manufacturer was using equivalent glucomannon to Shimizu's glucomannon, and that therefore Fiber Research has no claim. Now, Obesity Research refuses to disclose the identity of the manufacturers.

Learning the quality control processes used in the last ten years will enable Fiber Research to test Obesity Research's laches defense. It will allow Fiber Research to discover

the precise differences between the glucomannon used and how that changed over time. This discovery will allow Fiber Research to show that in fact Obesity Research was using substandard glocomannon, that Shimizu was not aware of this until last year, and that therefore the laches defense is without merit. Obesity Research should be compelled to supplement its responses to include information for the entire time period requested.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

**FRI INTERROGATORY NO. 4**

If YOU assert that the active ingredients in the PRODUCT are equivalent in any manner to Propol®, describe in detail all reasons for YOUR assertion, including by identifying every manner in which the active ingredients in the PRODUCT are equivalent to Propol®.

**ORI RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this Request as compound. Responding Party further objects to this Request as vague and ambiguous as to the term Propol® as there are multiple types of Propol, which is a trade name used by Shimizu Chemical Corporation to sell their product. Responding Party further objects to this Request as it is the proper subject of expert testimony and discovery, which is premature.

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

The glucomannan contained in the PRODUCT is equivalent to Propol in all material respects including viscosity as there is no basis in the scientific literature for distinguishing between their effects on weight loss and related conditions.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

1

**REASONS FOR COMPELLING FURTHER RESPONSE:**

2      Obesity Research's response to Interrogatory No. 4 is incomplete. The interrogatory

3   asks Obesity Research to "identify every manner in which the active ingredients in the

4   PRODUCT are equivalent to Propol®." Simply stating they are equivalent in "all material

5   respects including viscosity," is insufficient avoidance. Obesity Research must supplement

6   its answer with all further responsive information, including by identifying the "material

7   respects" to which it refers.  Whether the ingredients used in Lipozene are equivalent to

8   Propol is the key issue in the case.  Obesity Research relies on studies on Propol to support

9   its claims.  Yet Lipozene, by Obesity Research's own admission, does not contain Propol.  If

10  whatever Obesity Research uses as the active ingredient in Lipozene is not equivalent to

11  Propol, then Obesity Research cannot rely on studies of Propol.  Obesity Research should be

12  compelled to explain why its ingredient is equivalent.

13      On September 23, 2015, following a meet-and-confer conference on September 18,

14  Obesity Research stated that it was standing on its objection that the request "is the proper

15  subject of expert testimony and discovery, which is premature." However, discovery in this

16  case has not been bifurcated and the scheduling order provides that "[a]ll discovery, including

17  expert discovery, shall be completed by all parties by **December 18, 2015**." (Dkt. No. 46.)

18  Moreover, to the extent investigation is ongoing, Obesity Research is "under a continuing

19  obligation to supplement [its] discovery responses." *Thomas v. Bonilla*, 2012 WL 104735, at

20  *4 (E.D. Cal. Jan. 12, 2012) (citing Fed. R. Civ. P. 26(e)).[1] More importantly, Obesity

21

22  [1] Obesity Research also objected to the interrogatory as "compound" and "vague," though it
    is not apparently standing on these objections. To the extent it does assert these objections,

23  neither has merit. While Obesity Research objects to this interrogatory as compound, but

24  "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or
    factually subsumed within and necessarily related to the primary question." *Trevino v. ACB*

25  *Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of America v. Rawstron*, 181

26  F.R.D. 441, 445 (C.D.Cal.1998)). The basis for Obesity Research's belief that the active
    ingredients in Lipozene are equivalent is logically and factually subsumed in the question of

27  whether the ingredients are in fact equivalent. Obesity Research also objects that this request

28  is "vague and ambiguous as to the term Propol as there are multiple types of Propol . . . ."

8

Research has been marketing Lipozene based on studies of Shimizu Propol, claiming that its ingredients are equivalent. As a business matter, Obesity Research must have some basis for making these claims, unless Obesity Research is just committing outright fraud. At bottom, this interrogatory only asks Obesity Research to explain the marketing statements it makes publicly.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

Obesity Research has reasonably responded to the interrogatory given the vague nature of the request and insofar as it can provide accurate lay opinion regarding the topic this early in litigation. *See generally Diversified Metal Prods. v. Bechtel Nat'l, Inc.*, 2011 U.S. Dist. LEXIS 1670, *12-13 (D. Idaho Jan. 6, 2011)(Early in a case, a party's initial disclosures were reasonably detailed (pending completion of expert work) when it provided a generally responsive theory sufficient to allow the other party to prepare their position).

Specifically, Obesity Research submits that when referred to generally, Propol® is merely a brand of glucomannan offered by Shimizu Chemical corporation.  Obesity Research further submits that the viscosity properties of its glucomannan do not differ materially from Propol®-branded glucomannan in any way which would conflict with advertising claims Obesity Research has made about the glucomannan in Lipozene®.

PROPOL®, as the trademark has been used by Shimizu, refers to a family of products which have changed over time.  Presently, Shimizu's website lists "PROPOL® A," "PROPOL® RS," and "PROPOL® ISLB" as discrete products. (See: http://shimizuchemical.co.jp/en/products/pro_r/).  It is Obesity Research's understanding and belief that Shimizu has historically offered other Propol® formulations as well.  As written, the interrogatory is unclear as to any particular PROPOL® formulation for which Fiber

---

The term Propol in this request refers to the types identified in Fiber Research's First Amended Counterclaims, namely Propol, Propol-A, Propol-TS, and Propol-RS. (*See* Answer & First Am. Countercls. ("FAC"), Doc. 41, ¶ 43.)

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Research seeks equivalency information.  Without such a determination, Obesity Research is unfairly left to guess.

To the extent Fiber Research succinctly identifies a discrete product between which a chemical comparison to Lipozene® is sought, such information is clearly the realm of expert opinion.  Fiber Research's demand to obtain such information at this time is premature, as discovery has just begun and Obesity Research has had insufficient time to conduct expert analysis in this matter.

**FRI INTERROGATORY NO. 5**

Identify any and all employees, consultants, contractors or others who have been responsible for PRODUCT formulation, marketing, research and development, and testing during the ten years preceding the filing of this action.

**ORI RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party also objects to this Request as compound.

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

James Ayres, Brian Solerno of Nutralliance, and Vitatech.

**ORI SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates its original response and objections to Interrogatory No. 5.

Subject to and without waiver of the foregoing objections, Responding Party further responds to this Interrogatory as follows:

The only current employee of Obesity Research Institute, LLC is Henny den Uijl who is entirely responsible for its activities. Prior to 2010, Brian Cortlette was also an employee of Obesity Research Institute, LLC, and shared certain responsibilities falling within the scope of the instant interrogatory.

10

**REASONS FOR COMPELLING FURTHER RESPONSE:**

Although Obesity Research unilaterally restricts its response Interrogatory No. 5 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research's affirmative defense of laches make this information relevant. Obesity Research claims that Shimizu (whose knowledge is imputed to Fiber Research, according to Obesity Research) knew in 2004 that Obesity Research was using a different form of glucomannon, that this glucomannon was equivalent to Shimizu's glucomannon, and that therefore Fiber Research has no claim.  Now, Obesity Research refuses to disclose the identity of the employees, consultants, contractors or others who have been responsible for product formulation, marketing, research and development, and testing during the relevant time period.

Learning the identity of employees, consultants, contractors or others who have been responsible for product formulation, marketing, research and development, and testing during the relevant time period will enable Fiber Research to test Obesity Research's laches defense. It will allow Fiber Research to discover the precise differences between the glucomannon used and how that changed over time.  This discovery will allow Fiber Research to show that in fact Obesity Research was using substandard glocomannon, that Shimizu was not aware of this until last year, and that therefore the laches defense is without merit.  Obesity Research

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

should be compelled to supplement its responses to include information for the entire time period requested.

Moreover, Obesity Research's substantive response to Interrogatory No. 5, even as supplemented, is incomplete – the problem is that Fiber Research, at present, has no way of knowing whether Obesity Research continues to conceal responsive information. In its supplemental response, Obesity Research identified only the additional two individuals, Henny den Uijl and Bryan Cortlette, who Fiber Research specifically named during the meet and confer process as individuals who are responsive to the request. However, what Obesity Research did not say, is whether or not there are other individuals that Obesity Research has *not* named on the basis of any objection or as a result of its unilateral decision to limit the time period. The same is true for consultants or contractors, with Obesity Research identifying two companies (one with and individual named the other just the company name), but Obesity Research has not stated whether the identity of other consultants or contractors is being withheld on the basis of any objections.  Obesity Research should supplement its response to make clear whether or not it has identified any and all employees, consultants, and contractors as requested or whether it is withholding any such identities and the basis for it doing so.

Finally, Obesity Research objects to this interrogatory as compound, but "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal.1998)). Although the interrogatory requests the identification of Obesity Research's employees involved in different aspects of its Lipozene business these subparts (formulation, marketing, research and development, and testing)—if they can even be called that—are logically related and subsumed within the primary question of the identify of Obesity Research employees with involvement in the company's Lipozene business.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

The scope of Fiber's request potentially implicates any party that works with, or has worked with, ORI, for the past decade. Such a request is oppressive and should not be permitted. Notwithstanding the impropriety of Fiber's request, ORI submits that it has already provided a complete response and supplemental response, as as truncated by a reasonable timeframe.

**FRI INTERROGATORY NO. 6**

Identify each and every corporate officer of Plaintiff's for the ten years preceding the filing of this action.

**ORI RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations.

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

Henny den Uijl

**REASONS FOR COMPELLING FURTHER RESPONSE:**

Although Obesity Research unilaterally restricts its response Interrogatory No. 6 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire*

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

*Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research's affirmative defense of laches make this information relevant. Obesity Research claims that Shimizu (whose knowledge is imputed to Fiber Research, according to Obesity Research) knew in 2004 that Obesity Research was using a different form of glucomannon, that this glucomannon was equivalent to Shimizu's glucomannon, and that therefore Fiber Research has no claim.  Now, Obesity Research refuses to disclose the identity of the corporate officers during the relevant time period.

Learning the identity of corporate officers during the relevant time period will enable Fiber Research to test Obesity Research's laches defense.  It will allow Fiber Research to discover the precise differences between the glucomannon used and how that changed over time.  This discovery will allow Fiber Research to show that in fact Obesity Research was using substandard glocomannon, that Shimizu was not aware of this until last year, and that therefore the laches defense is without merit.  Obesity Research should be compelled to supplement its responses to include information for the entire time period requested.

Moreover, merely identifying corporate officers is of minimal burden.  Obesity Research should be compelled to supplement its responses to include information for the entire time period requested.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of information, which extends unreasonably beyond Fiber's existence, or the potential statutory period.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

**FRI INTERROGATORY NO. 7**

Identify each and every current or former employee of Plaintiff's who, during the ten years preceding the filing of this action, had any involvement with the PRODUCT or the GLUCOMANNAN PRODUCTS of any kind, including each PERSONS's job title, a description of the PERSON'S job duties, a description of the PERSONS'S involvement with the PRODUCT, and the PERSON'S last known contact information.

**ORI RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this Request as vague as to the term "involvement with the PRODUCT or the GLUCOMANNAN PRODUCTS of any kind." Responding Party also objects to this Request as irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence insofar as it relates to the GLUCOMANNAN PRODUCTS. Responding Party further objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party further objects to this Request as overbroad insofar as the terms "involvement" and "of any kind" are so broadly worded that they seek irrelevant information regarding matters that are not relevant to any party's claim or defense. Responding Party also objects to this Request as compound.

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

Henny den Uijl and James Ayres. Mr. den Uijl may be contacted via ORI's counsel. Mr. Ayres' contact information is contained in Responding Party's Initial Disclosures. Mr. den Uijl is a Managing Member and owner of Responding Party.

**ORI SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Responding Party incorporates its original response and objections to Interrogatory No. 7.

Subject to and without waiver of the foregoing objections, Responding Party further responds to this Interrogatory as follows:

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Prior to 2010, Brian Cortlette was an employee of Obesity Research Institute, LLC, and shared certain responsibilities which are construed to fall within the scope of the instant request.

Pursuant to FRCP 26(e)(1)(a), Responding Party further corrects its prior response to clarify that James Ayers is not, and never has been, an employee of Responding Party.

**REASONS FOR COMPELLING FURTHER RESPONSE:**

Although Obesity Research unilaterally restricts its response Interrogatory No. 7 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research's affirmative defense of laches make this information relevant. Obesity Research claims that Shimizu (whose knowledge is imputed to Fiber Research, according to Obesity Research) knew in 2004 that Obesity Research was using a different form of glucomannon, that this glucomannon was equivalent to Shimizu's glucomannon, and that therefore Fiber Research has no claim.  Now, Obesity Research refuses to disclose the identity of the employees during the relevant time period.

Learning the identity of employees during the relevant time period will enable Fiber Research to test Obesity Research's laches defense.  It will allow Fiber Research to discover the precise differences between the glucomannon used and how that changed over time.  This discovery will allow Fiber Research to show that in fact Obesity Research was using substandard glocomannon, that Shimizu was not aware of this until last year, and that

therefore the laches defense is without merit.  Obesity Research should be compelled to supplement its responses to include information for the entire time period requested.

Even within its unilaterally selected time period, Obesity Research's responses to Interrogatory No. 7 is plainly incomplete. Although Obesity Research identifies three individuals, but it does not provide the person's "job title," "a description of the person's job duties," or "a description of the PERSONS'S [sic] involvement with the PRODUCT." Moreover, its supplemental response does not provide contact information for Bryan Corlette, and it identified this individual only after Fiber Research specifically mentioned his name during the meet and confer. It is unknown to Fiber Research whether or not Obesity Research is withholding the identities of any other employees or former employees and the basis for doing so.

Obesity Research propounded several objections to Interrogatory No. 7, including that the phrase "involvement with the PRODUCT or the GLUCOMANNAN PRODUCTS of any kind," is vague. Fiber Research intended the term "involvement" to have its ordinary meaning—the fact or condition of being involved with or participating in something.[2] The terms PRODUCT and GLUCOMANNAN PRODUCTS are defined in the "Definitions & Instructions" section of the Requests.

Obesity Research also objected to the use of the term "GLUCOMANNAN PRODUCTS," defined as "any purported glucomannan product(s), other than Lipozene, sold by Obesity Research at any time, including without limitation Propolene." Obesity Research asserts that the identity of employees involved with these products is irrelevant to Fiber Research's claims and not reasonably calculated to lead to the discovery of admissible evidence. But these employees are likely to have knowledge regarding Lipozene's predecessor product, Propolene, including the sourcing of glucomannan for that product, which is highly relevant to Fiber Research's claims regarding the quality and efficacy of the glucomannan used in Obesity Research's products, which Fiber Research alleges are falsely

---

[2] http://www.oxforddictionaries.com/us/definition/american_english/involvement

17

marketed. For example, Obesity Research produced a document demonstrating that the author of the study that Obesity Research cites as support for Lipozene's weight loss claims, Gilbert Kaats, in which the researcher was upset to learn that his work was being used to sell Propolene (Lipozene's predecessor) that did not contain the Shimizu glucomannan that had been tested. (ORI173.) These employees are also likely to have information relevant to Obesity Research's laches defense.

Nor does this request seek "information not relevant to any party's claim or defense." Fiber Research is entitled to discover "the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Individuals involved with the PRODUCT are likely to have discoverable information as well as knowledge of "the existence, description, nature, custody, condition, and location of any documents or other tangible things" relevant to the claims and defenses in this action.

It is unlikely that the only other individual that would be responsive to Interrogatory No. 7 was the one person specifically mentioned during the meet and confer process. More importantly, though, is that Obesity Research has not clarified whether it is relying on its objections to withhold the identities of any other individual who would be responsive to Interrogatory No. 7. At the very least, Obesity Research needs to provide basic information about the individuals it has so far identified, including job title, description of duties, description of involvement with PRODUCT, and last known contact information. Accordingly, Obesity Research should be compelled to supplement its response to Interrogatory No. 7.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

The request also lacks relevance because it goes beyond the scope of Fiber's claims or defenses (which only relate to Lipozene® and Porpol®), instead seeking information regarding parties' involvement "GLUCOMANNAN PRODUCTS of any kind." Such a request is non-specific and fails to reasonably identify responsive information.

ORI has already provided a reasonably complete response, as well as a supplemental response and clarification to Fiber's request. Fiber is not entitled to any further information.

## FRI INTERROGATORY NO. 9

Identify the first date of sale of the PRODUCT in the United States, and state the total annual retail sales of the PRODUCT in dollars and number of units since YOU first began selling the PRODUCT.

## ORI RESPONSE TO INTERROGATORY NO. 9

Responding Party objects to this Request as irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request as compound. Responding Party further objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statutory of limitations.

## REASONS FOR COMPELLING FURTHER RESPONSE:

Although Obesity Research unilaterally restricts its response Interrogatory No. 9 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Information about Lipozene's sales during the lifetime of the product (which Obesity Research began selling in late 2006 or early 2007) may be relevant to determining damages, i.e., allowing Fiber Research to track when Obesity Research's Lipozene sales in relation to it use of different ingredients and marketing claims. Accordingly, Obesity Research should be compelled to supplement its response to include information for the entire time period requested.

Even as limited by its temporal objection, Obesity Research's response to Interrogatory No. 9 is improper. Obesity Research did not provide any response to Interrogatory No. 9, instead objecting that it seeks information "irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence." However, the first date of sale of the PRODUCT in the United States, and the total annual retail sales of the PRODUCT in dollars and number of units is relevant to proving damages. Fiber Research alleges, inter alia, that for every unit of Lipozene sold, it suffered damages in the form of lost sales. (*See* FAC ¶¶ 76, Prayer for Relief.) Fiber Research also seeks an award of "Obesity Research's Lipozene profits" (*id.*, Prayer for Relief). Dollar and unit sales are needed to calculate this amount.

During the parties' September 18 meet and confer conference, Obesity Research explained that it is withholding sales figures because the case "is not getting to damages yet." However, discovery in this case has not been bifurcated and the scheduling order provides that "[a]ll discovery, including expert discovery, shall be completed by all parties by **December 18, 2015**." (Dkt. No. 46.)

Accordingly, Obesity Research should be compelled to provide a complete response to Interrogatory No. 9.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

statutory period.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

Fiber is not entitled to sales or financial data because remedies available to it (if any) are limited to injunctive relief, restitution, and its demonstrated lost sales.  As noted in the Memorandum of Points and Authorities, information of ORI's sales have nothing to do with any of the foregoing categories of Fiber's eligible remedies.

If the Court is persuaded to require additional responses regarding ORI's sales or financial data, ORI submits that such responses should be limited in time and scope, be covered by an "AEO" designation under a protective order, and be produced only in summary form.

## FRI INTERROGATORY NO. 10

Identify and describe in detail all versions of the PRODUCT by SKU that you have ever sold.

## ORI RESPONSE TO INTERROGATORY NO. 10

Responding Party objects to this Request as irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statutory of limitations.

## REASONS FOR COMPELLING FURTHER RESPONSE:

Although Obesity Research unilaterally restricts its response Interrogatory No. 10 to within "the applicable limitations periods at issue in this case," "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 655 (D. Kan. 2004) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Information about the different versions of Lipozene available for sale during the lifetime of the product (which Obesity Research began selling in late 2006 or early 2007) may be relevant to a wide variety of liability and damages issues, as discussed above. Accordingly, Obesity Research should be compelled to supplement its response to include information for the entire time period requested.

Moreover, Obesity Research objects to this request as seeking information "irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence." Fiber Research alleges that due to the actual formulation of Lipozene, its marketing was false and misleading. (*See* FAC ¶¶ 48-73.) The various versions of the Lipozene, *i.e.* its formulation and labeling, are thus highly-relevant to Fiber Research's claims in this action. Presumably, each different version of Lipozene (for example, different bottle sizes or capsule amounts) is coded with a unique SKU (or stockkeeping unit). It would take Obeisty Research nothing more than entering a couple button strokes on a computer to print out a list of all Lipozene SKUs it has ever sold. Obesity Research should be compelled to provide a complete response to Interrogatory No. 10.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

Seeking information about products *other* than Lipozene falls well beyond the scope of Fiber's counterclaims.  Fiber's pursuit of such information is wholly improper and should not be permitted.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

**FRI INTERROGATORY NO. 11**

Identify each and every PERSON that has information relevant to the claims, defenses and counterclaims in this case.

**ORI RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this Request as compound. Responding Party further objects to this Interrogatory insofar as it seeks to invade the attorney work-product rule.

Subject to and without waiver of the foregoing objections, Responding Party responds to this Interrogatory as follows:

Yoshi Shimizu, Mikiko Shimizu, Henny den Uijl, James Ayres, Gilbert P. Kaats, PhD.

**ORI SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Responding Party incorporates its original response and objections to Interrogatory No. 11.

Subject to and without waiver of the foregoing objections, Responding Party further responds to this Interrogatory as follows:

Brian Cortlett and Brian Solerno. Responding party also identifies present and past litigation counsel in this matter, Responding party's present and past in-house counsel, as well as outside counsel William Rothbard, as persons having information relevant to this matter. Notwithstanding the foregoing identification, Responding Party submits that all information from any of the foregoing attorneys is protected by the attorney-client and work-product privilege and therefore objects to any future requests related thereto. Responding Party is presently unaware whether the list of persons identified is complete. However, as discovery has just begun, Responding Party reserves its right to supplement its response to the instant interrogatory as it continues its investigation in this matter.

**REASONS FOR COMPELLING FURTHER RESPONSE:**

Obesity Research's response to Interrogatory No. 11 is incomplete for the reasons stated above with respect to Interrogatory Nos. 5 and 7, namely that Obesity Research has failed to identify individuals involved in communications relating to the PRODUCT. On

23

September 23, 2015, following the parties' September 18 meet and confer, Obesity Research stated that it is "not sure if this list is complete. Discovery has just begun." That response is a red herring. Obesity Research is not required to represent that its response is complete, but it is required to provide all responsive information it currently knows. Based on the documents and its own admission that there are additional persons with knowledge, Obesity Research should be compelled to supplement its response to Interrogatory No. 11.

Obesity Research's supplemental response is deficient in that Obesity Research does not properly "identify" the persons to which ORI refers, including the unnamed "present and past litigation counsel" and "present and past in-house counsel." Notwithstanding its privilege objection, a proper identification of all individuals, including counsel, is required – this is so even if the information they have may be protected under any privilege, including attorney-client because the identity of such persons is not privileged in and of itself.

Although it has supplemented its response, it is unclear if Obesity Research is withholding the identify of individuals responsive to Interrogatory No. 11 on the basis of any objection or its unilateral decision to limit the temporal scope of discovery. At the very least, Obesity Research should make clear whether or not it is relying on such limitation or its objections to withhold identities.

Accordingly, the Court should order Obesity Research to supplement its response to Interrogatory No. 11.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OF PRIVILEGE:**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

Notwithstanding the impropriety of Fiber's request, ORI submits that it has already provided a reasonably complete response, and supplemental response. As truncated by a

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

reasonable timeframe, ORI will continue to supplement its response to this interrogatory to the extent it becomes aware of such information.

### FRI'S FIRST REQUEST FOR PRODUCTION TO ORI

**FRI REQUEST FOR PRODUCTION NO. 1**

All certificates of analysis or similar documents for any PRODUCT or GLUCOMANNAN PRODUCT manufactured, distributed, or sold by YOU during the ten years preceding the filing of this action.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Responding Party objects to this Request as vague and ambiguous as to the term "certificates of analysis". Responding Party also objects to this Request as irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information regarding any "GLUCOMANNAN PRODUCT" that is not Lipozene. Responding Party further objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party further objects to this Request as overly broad as the use of the term "all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request insofar as the requested documents are equally or more readily available to Propounding Party from Vitatech Nutritional Sciences, Inc. ("Vitatech"), which is the current manufacturer of the PRODUCT.

Subject to and without waiver of the foregoing objections, Responding Party agrees to produce non-privileged and responsive documents within its possession, custody, or control, if any exist, for the PRODUCT, and to assist with facilitating the production of such responsive documents from Vitatech.

/ / /

/ / /

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

**REASONS FOR COMPELLING FURTHER RESPONSE**

Obesity Research objects that the timeframe for Request for Production No. 1 exceeds the statute of limitations, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Especially because changes to Lipozene's ingredients—whether the identity or quality of the ingredients—may be relevant to Obesity Research's defense of laches, Fiber Research is entitled to all responsive documents, and respectfully requests that the Court overrule this objection.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding the technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 2**

Any and all tests, analysis, or quality assurance reports performed on the PRODUCT or the PRODUCT'S ingredients during the ten years preceding the filing of this action.

26

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Responding Party objects to this Request as vague and ambiguous as to the terms "tests, analysis, or quality assurance reports performed on the PRODUCT or the PRODUCTS'S [sic] ingredients". Responding Party also objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statue of limitations. Responding Party further objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request insofar as the requested documents are equally or more readily available to Propounding Party from Vitatech, which is the current manufacturer of the PRODUCT.

Subject to and without waiver of the foregoing objections, Responding Party agrees to produce non-privileged and responsive documents within its possession, custody, or control, if any exist, and to assist with facilitating the production of such responsive documents from Vitatech.

**REASONS FOR COMPELLING FURTHER RESPONSE**

Obesity Research objects that the timeframe for Request for Production No. 1 exceeds the statute of limitations, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Especially because the nature of Lipozene's ingredients as reflected in historical testing may be relevant to Obesity Research's defense of laches, Fiber Research is entitled to all responsive documents, and respectfully requests that the Court overrule this objection.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding the technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 3**

Any and all communications related to the PRODUCT since 2006.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Responding Party objects to this Request as vague and ambiguous as to the phrase "communications related to the PRODUCT". Responding Party also objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party also objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party further objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. Gropper v. David Ellis Real Estate, L.P., 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request as also overbroad because it seeks documents "related to" certain categories. See Massachusetts v. United States Dep't of Health & Human Servs., 727 F. Supp. 35, 36 n.2

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

(D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request. . . . [S]uch requests are objectionable under Fed. R. Civ. P. 26(b)(1) . . . ."), quoted in James Madison Project v. C.I.A., 2009 WL 2777961, at *4 (E.D. Va. 2009); see also Sack v. C.I.A., -- F. Supp. 2d --, 2014 WL 3375568, at *5 (D.D.C. July 10, 2014).

Propounding Party needs to meet and confer with Responding Party so that the parties can reach agreement as to the proper scope of this Request.

**<u>REASONS FOR COMPELLING FURTHER RESPONSE</u>**

Obesity Research objects to the timeframe for Request for Production No. 3 as outside the applicable limitations periods, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research also objects to Request for Production No. 3 as vague and ambiguous as to the phrase "communications related to the PRODUCT." Fiber Research intended each term in this phrase to carry its ordinary meaning. Specifically, communications means "a message that is given to someone."[3] "Related" is similarly intended to carry its ordinary meaning: "connected in some way."[4] Lastly, PRODUCT is already defined in the

---

[3] http://www.merriam-webster.com/dictionary/communication

[4] http://www.merriam-webster.com/dictionary/related

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

"Definitions and Instructions" section of Fiber Research's Requests for Production. These terms are commonly used in discovery requests, and are not vague.

Obesity Research also objects to Request for Production No. 3 as overbroad in that it seeks documents "related to" certain categories. "However, while a document request seeking information 'relating to' a certain subject may be overbroad or overly burdensome, it is not necessarily so." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted). "Therefore, [Obesity Research's] bald, boilerplate assertion that [Fiber Research's] document requests are overly burdensome and harassing merely because they seek information 'relating to' a subject is without merit." *Id.* Nevertheless, to address Obesity Research's objection, Fiber Research narrowed Request for Production No. 3 as follows:

> All communications related to the conception, formulation, design, manufacture, testing, packaging, advertising, marketing, promotion, distribution, offer for sale, sale, sales figures, consumer research, competitive considerations, and legal and regulatory compliance of the PRODUCT since 2006.

Even as narrowed, Obesity Research stands on its objections, asserting on September 23, 2015, following the parties' September 8 meet and confer conference, that this "would be every communication in the possession of anyone who touches the product at all," and that Fiber Research "need[s] to limit the scope to the subject of the complaint, as well as the timeline."

As narrowed, however, the request *is* limited to the scope of the Complaint, for which each topic is relevant: Lipozene's conception, formulation, design, manufacture, testing, packaging, advertising, marketing, promotion, distribution, offer for sale, sale, sales figures, consumer research, competitive considerations, and legal and regulatory compliance. Obesity Research should be compelled to produce responsive documents (perhaps with the direction that the parties agree on keyword terms and custodians so as to locate responsive documents).

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

Fiber purports to have narrowed its claim for documents. It has not. Rather than using the phrases "any and all" as well as "related to," Fiber instead refers to *16* categories of documentation which effectively encompass every aspect of ORI's business. In this respect, Fiber has issued a document request demanding that ORI duplicate every document in the course of its corporate existence since 2005. Such a demand is unreasonable and should not be permitted. Implicating each of these documents would unnecessarily implicate sensitive trade secret information and provide little probative value to the merits or damages in dispute.

Fiber can easily obtain documents equally as probative while using a less burdensome and invasive request.

If the Court is persuaded to require additional documentation regarding trade secret customer data, financial information, marketing strategies, and internal operations, technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 4**

Any and all communications with Shimizu related to the PRODUCT.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Responding Party objects to this Request as vague and ambiguous as to the phrase "communications with Shimizu related to the PRODUCT". Responding Party also objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party further objects to this Request as overly

31

broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request as also overbroad because it seeks documents "related to" certain categories. *See Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request. . . . [S]uch requests are objectionable under Fed. R. Civ. P. 26(b)(1) . . . ."), *quoted in James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009); *see also Sack v. C.I.A.*, -- F. Supp. 2d --, 2014 WL 3375568, at *5 (D.D.C. July 10, 2014).

Subject to and without waiver of the foregoing objections, Responding Party agrees to produce non-privileged and responsive documents within its possession, custody, or control, if any exist, only after conducting a diligent search and reasonable inquiry for responsive documents.

## REASONS FOR COMPELLING FURTHER RESPONSE

Based on the parties' September 18, 2015 meet and confer conference, Fiber Research understands Obesity Research is withholding responsive documents on the basis of its objection to the timeframe for Request for Production No. 3 as outside the applicable limitations periods. This objection should be overruled since "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery

"for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

All of Obesity Research's communications with Shimizu about Lipozene—regardless of whether they occurred within the statutory period—are potentially relevant to Fiber Research's claims, and are certainly relevant to Obesity Research's laches defense.  This is especially true given the admissions by Obesity Research that they changed the formulation for Lipozene and its predecessor product Propolene around 2004.  Obesity Research should be compelled to produce all responsive documents.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks data regarding the entire lifetime of the product and is not limited in any manner by time, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding trade secret, financial information, marketing strategies, internal operations, technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 5**

Any and all studies, expert reports, scientific evidence, or other substantiation that supports or relates in any manner to each and every advertising or marketing claim you have made, during the ten years preceding the filing of this action, concerning the PRODUCT.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Responding Party objects to this Request as vague and ambiguous as to the phrase "studies, expert reports, scientific evidence, or other substantiation".  Responding Party also

objects to this Request as overbroad and unduly burdensome as to the timeframe, which far exceeds any applicable statute of limitations. Responding Party further objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request as also overbroad because it seeks documents "related to" certain categories. *See Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request. . . . [S]uch requests are objectionable under Fed. R. Civ. P. 26(b)(1) . . . ."), *quoted in James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009); *see also Sack v. C.I.A.*, -- F. Supp. 2d --, 2014 WL 3375568, at *5 (D.D.C. July 10, 2014).

Subject to and without waiver of the foregoing objections, Responding Party agrees to produce non-privileged and responsive documents within its possession, custody, or control, if any exist, and subject to the parties' agreement as to the proper scope of this Request.

## REASONS FOR COMPELLING FURTHER RESPONSE

Obesity Research objects to the timeframe for Request for Production No. 5 as outside the applicable limitations periods, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a

34

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research also objects to the use of the phrase "any and all" in Request for Production No. 5, but this is unfounded since the request means the same thing if that phrase is eliminated.

Obesity Research also objects to Request for Production No. 5 as vague and ambiguous as to the phrase "studies, expert reports, scientific evidence, or other substantiation." But these terms are not vague or ambiguous when given their plain meaning and read in the context of the discovery request. *See Pulsecard, Inc. v. Discovery Card Services, Inc.,* 168 F.R.D. 295, 310 (D.Kan.1996) (objection on grounds as vague and ambiguous overruled if reason and common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

Obesity Research further objects to Request for Production Nos. 5 as overbroad in that it seeks documents "related to" certain categories. "However, while a document request seeking information 'relating to' a certain subject may be overbroad or overly burdensome, it is not necessarily so." *A. Farber and Partners,* 234 F.R.D. at 188 (citations omitted). "Therefore, [Obesity Research's] bald, boilerplate assertion that [Fiber Research's] document requests are overly burdensome and harassing merely because they seek information "relating to" a subject is without merit." *Id.*

Obesity Research should be compelled to produce all responsive documents, including product substantiation that predates the applicable limitations period.

## BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks data regarding the entire lifetime of the product and is not limited in any manner by time, which extends unreasonably beyond Fiber's existence, or the potential statutory period.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding the technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 6**

Any and all contracts (including purchase orders) related to the PRODUCT.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Responding Party objects to this Request as vague and ambiguous as to the phrase "contracts (including purchase orders) related to the PRODUCT". Responding Party also objects to this Request as overbroad and unduly burdensome as to the unlimited timeframe, which far exceeds any applicable statute of limitations. Responding Party further objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request as also overbroad because it seeks documents "related to" certain categories. *See Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request. . . . [S]uch requests are objectionable under Fed. R. Civ. P. 26(b)(1) . . . ."), *quoted in James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009); *see also Sack v. C.I.A.*, -- F. Supp. 2d --, 2014 WL 3375568, at *5 (D.D.C. July 10, 2014). Responding Party also objects to this Request as unduly burdensome as to the overly broad scope of this Request.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Propounding Party needs to meet and confer with Responding Party so that the parties can reach agreement as to the proper scope of this Request.

**REASONS FOR COMPELLING FURTHER RESPONSE**

Obesity Research objects to the timeframe for Request for Production No. 6 as outside the applicable limitations periods, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research also objects to the use of the phrase "any and all" in Request for Production No. 6, but this is unfounded since the request means the same thing if that phrase is eliminated.

Obesity Research also objects to Request for Production No. 5 as vague and ambiguous as to the phrase "contracts (including purchase orders) related to the PRODUCT." But this phrase is not vague or ambiguous when the words are given their plain meaning and read in the context of the discovery request. *See Pulsecard, Inc. v. Discovery Card Services, Inc.*, 168 F.R.D. 295, 310 (D.Kan.1996) (objection on grounds as vague and ambiguous overruled if reason and common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

Obesity Research further objects to Request for Production Nos. 6 as overbroad in that it seeks documents "related to" certain categories. "However, while a document request seeking information 'relating to' a certain subject may be overbroad or overly burdensome, it is not necessarily so." *A. Farber and Partners,* 234 F.R.D. at 188 (citations omitted). "Therefore, [Obesity Research's] bald, boilerplate assertion that [Fiber Research's] document

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

requests are overly burdensome and harassing merely because they seek information "relating to" a subject is without merit." *Id.*

During the parties' September 18, 2015 meet and confer conference, Obesity Research explained that its real objection is that the request is vague inasmuch as it may encompass implied contracts created when a consumer purchases Lipozene off a retail store shelf. Although Fiber Research did not understand how that would result in the creation of any documents as would be captured by this request, it nevertheless revised the request to "*written* contracts (including purchase orders) related to the PRODUCT."

Following the meet and confer conference, on September 23, Obesity Research interposed a *brand new* objection, on which it is apparently standing to withhold all responsive documents, explaining: "We will not produce financial information including contracts. We do not see how that would be relevant and whether or not the ingredient(s) used is(are) equivalent to propol. If financial information were required to be shown (and we do not see that it is), it would be produced in summary form or in company record form. We also do not see that you require contracts. These are transparently competition-sensitive requests that misuse the intended purpose of litigation."

Because this objection was not asserted in Obesity Research's August 17, 2015 responses, but was interposed for the first time by its new counsel in an email more than a month after its responses were due and served, it should be summarily overruled.

Even if considered on its merits, Obesity Research's objection is meritless. The parties have been negotiating a protective order that includes an "attorney's eyes only" designation sufficient to protect any competitive interest of Obesity Research's. Contracts with vendors and suppliers are likely at least to identify knowledgeable witnesses, but may also provide crucial merits information, such as the exact nature of the ingredients Obesity Research is purchasing for and using in Lipozene, what raw ingredients were used to make the product, what specifications were required of the manufacturer, price paid etc.

## BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks data regarding the entire lifetime of the product and is not limited in any manner by time, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

Fiber has not made any showing as to how contract or purchase orders of Lipozene would be relevant to its claims regarding ingredient equivalencies.  Such documents would have no bearing on the determination of Fiber's claims or defenses, and would not provide any indication of damages.  Lipozene® has been a successful product.  Thus, implicating every contract and purchase order "relating to" Lipozene® would create an enormous amount of paperwork, all of which would contain sensitive trade secret information regarding ORI's clientele, meanwhile providing no probative value to the merits or damages in dispute.

If the Court is persuaded to require additional documentation regarding trade secret customer data, financial information, marketing strategies, and internal operations, technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

## FRI REQUEST FOR PRODUCTION NO. 7

Any advertisements, websites, product inserts, product packaging, or other marketing materials concerning the PRODUCT used at any time during the ten years preceding the filing of the action.

## ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Responding Party objects to this Request as vague and ambiguous as to the phrase "concerning the PRODUCT". Responding Party also objects to this Request as overbroad and unduly burdensome as to the unlimited timeframe, which far exceeds any applicable

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

statute of limitations. Responding Party further objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request as also overbroad because it seeks documents "related to" certain categories. *See Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request. . . . [S]uch requests are objectionable under Fed. R. Civ. P. 26(b)(1) . . . ."), *quoted in James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009); *see also Sack v. C.I.A.*, -- F. Supp. 2d --, 2014 WL 3375568, at *5 (D.D.C. July 10, 2014). Responding Party also objects to this Request as unduly burdensome as to the overly broad scope of this Request.

Subject to and without waiver of the foregoing objections, Responding Party agrees to produce non-privileged and responsive documents within its possession, custody, or control, if any exist, within the applicable statute of limitations only.

## REASONS FOR COMPELLING FURTHER RESPONSE

Obesity Research objects to the timeframe for Request for Production No. 7 and unilaterally restricts its responses to within "the applicable limitations periods at issue in this case." However, as noted above, "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period

40

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Historical marketing and advertising materials will to Fiber Research's claims, or lead to the discovery of admissible evidence (for example by asking Obesity Research witnesses the reasons for certain marketing changes over time), would further put its claims in context, and may also be relevant to Obesity Research's laches defense, since its marketing claims at the time may be relevant to the laches inquiry. Obesity Research should be ordered to produce responsive documents during the entire timeframe of the request.

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation marketing strategies, internal operations, or product development, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 8**

Any and all ingredient lists and formulations for the PRODUCT, and for any GLUCOMANNAN PRODUCTS, including any changes thereto, during the ten years preceding the filing of this action.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Responding Party objects to this Request as vague and ambiguous as to the phrase "formulations for the PRODUCT". Responding Party also objects to this Request as irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information regarding any "GLUCOMANNAN PRODUCT" that is not Lipozene. Responding Party also objects to this

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

1    Request as overbroad and unduly burdensome as to the unlimited timeframe, which far

2    exceeds any applicable statute of limitations. Responding Party further objects to this Request

3    as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David*

4    *Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases)

5    (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently

6    overbroad"). Responding Party further objects to this Request insofar as it seeks sensitive and

7    confidential proprietary information of Responding Party.

8    **REASONS FOR COMPELLING FURTHER RESPONSE**

9         As indicated in its response, Obesity Research apparently refuses to produce *any*

10   documents concerning Lipozene (and other Obesity Research glucomannan product)

11   ingredient lists and formulations, though little could be more relevant to Fiber Research's

12   claims that Obesity Research is trading on the strength of Propol glucomannan, while in fact

13   using cheap knock-off ingredients. Obesity Research's objections should be overruled.

14        Obesity Research objects to the timeframe for Request for Production No. 8 as outside

15   the applicable limitations periods, but "courts allow discovery to extend to events before and

16   after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL

17   9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts

18   commonly extend the scope of discovery to a reasonable number of years both prior to and

19   following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes

20   beyond the statutory period," and plaintiffs are generally entitled to discovery "for a

21   reasonable period of time antedating the earliest possible date of the actionable wrong[ ]"

22   (internal quotation marks and citations omitted)).

23        Obesity Research also objects to Request for Production No. 8 as vague and ambiguous

24   as to the phrase "formulations for the PRODUCT." This phrase, however, is not vague or

25   ambiguous when given its plain meaning and read in the context of the discovery request. *See*

26   *Pulsecard*, 168 F.R.D. at 310 (objection on grounds as vague and ambiguous overruled if

27   reason and common sense to attribute ordinary definitions to terms and phrases provided

28

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

needed clarity). As is obvious, Fiber Research intended "formulations" to mean the amount and proportion of each ingredient in the PRODUCT.

Obesity Research also objects to the inclusion of GLUCOMANNAN PRODUCTS in Request for Production No. 8, as irrelevant to Fiber Research's claims and not reasonable calculated to lead to the discovery of admissible evidence. But ingredient lists and formulations of Lipozene's predecessor product, Propolene, as well as any other glucomannan product, is highly relevant to Fiber Research's claims regarding the quality and efficacy of the glucomannan used in Obesity Research's products, which Fiber Research alleges are falsely marketed.

Lastly, Obesity Research objects that Request for Production No. 8 seeks sensitive and confidential proprietary information. This concern, however, can and will be addressed by a protective order.

On September 23, 2015, following the parties' meet and confer conference, Obesity Research stated that "[a]ny formulation(s) would be proprietary and attorneys eyes only. We need a protective order." Although that suggested that Obesity Research withdrew (or at least no longer stood on) any of its objections except to the extent that it would not produce responsive documents until entry of a protective order, on September 24, its counsel clarified that Obesity research "do[es] stand on [its] relevance objection as to any formulation or specifications prior to the statutory limitation. . . . [Obesity Research] also stand[s] on the relevancy objection to any formulation or specification information other than the inclusion of the accused glucomannan. Finally, as you know from the pending motions, [Obesity Research] challenge[s] Fiber's standing to bring the lawsuit at all, much less access such proprietary information. That matter will need to be determined before [Obesity Research] produce[s] anything."

Obesity Research has, however, already produced hundreds of pages. In the parties' Joint Discovery Plan submitted to the Court on June 18, 2015, Obesity Research also "agree[d] that discovery should not be conducted in phases or otherwise limited at this time,"

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

and did "not currently anticipate the need for any changes to limitations on discovery imposed under the Local or Federal Rules, or the imposition of other limitations." And Obesity Research agreed the Court should not issue any orders under Fed. R. Civ. P. 26(c) or 16(b)-(c) (for example permitting a court to "modify the extent of discovery," Fed. R. Civ. P. 16(b)(3)(B)(ii)) (Exhibit X.)

Although Obesity Research has new counsel, that is not a proper basis for Obesity Research suddenly refusing to participate in reasonable discovery, unilaterally limiting its disclosure of information to almost nothing months after the scheduling order issued, and less than three months before the December 18, 2015 discovery cut-off. (Dkt. No. 46 at 2, ¶ 4.)

## BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding trade secret data, internal operations, technical testing, or product development of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

## FRI REQUEST FOR PRODUCTION NO. 9

Any and all PRODUCT specifications for the ten years preceding the filing of this action.

## ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Responding Party objects to this Request as vague and ambiguous as to the phrase "PRODUCT specifications" and whether this is any different than the "formulations for the PRODUCT" sought in Request No. 7. Responding Party also objects to this Request as overbroad and unduly burdensome as to the unlimited timeframe, which far exceeds any

44

applicable statute of limitations. Responding Party further objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad").

Propounding Party needs to meet and confer with Responding Party so that the parties can reach agreement as to the proper scope of this Request.

## REASONS FOR COMPELLING FURTHER RESPONSE

As indicated in its response, Obesity Research apparently refuses to produce *any* documents concerning Lipozene product specifications, though little could be more relevant to Fiber Research's claims that Obesity Research is trading on the strength of Propol glucomannan, while in fact using cheap knock-off ingredients. Obesity Research's objections should be overruled.

Obesity Research objects to the timeframe for Request for Production No. 9 as outside the applicable limitations periods, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research also objects to this request as vague and ambiguous as to the term "PRODUCT specifications." Fiber Research intended this term to carry its ordinary industry meaning. Specifically, "PRODUCT specifications" refers to the specifications for the PRODUCT which define tolerance levels for the various ingredients in the PRODUCT, as well as any testing criteria the product must meet. This is thus different from the "ingredient

45

lists and formulations" sought by Request for Production No. 8, which relate to the ingredients and proportions of ingredients in the finished PRODUCT.

On September 23, 2015, following the parties' meet and confer conference, Obesity Research stated that "[a]ny formulation(s) would be proprietary and attorneys eyes only. We need a protective order." Although that suggested that Obesity Research withdrew (or at least no longer stood on) any of its objections except to the extent that it would not produce responsive documents until entry of a protective order, on September 24, its counsel clarified that Obesity research "do[es] stand on [its] relevance objection as to any formulation or specifications prior to the statutory limitation. . . . [Obesity Research] also stand[s] on the relevancy objection to any formulation or specification information other than the inclusion of the accused glucomannan. Finally, as you know from the pending motions, [Obesity Research] challenge[s] Fiber's standing to bring the lawsuit at all, much less access such proprietary information. That matter will need to be determined before [Obesity Research] produce[s] anything."

Obesity Research has, however, already produced hundreds of pages. In the parties' Joint Discovery Plan submitted to the Court on June 18, 2015, Obesity Research also "agree[d] that discovery should not be conducted in phases or otherwise limited at this time," and did "not currently anticipate the need for any changes to limitations on discovery imposed under the Local or Federal Rules, or the imposition of other limitations." And Obesity Research agreed the Court should not issue any orders under Fed. R. Civ. P. 26(c) or 16(b)-(c) (for example permitting a court to "modify the extent of discovery," Fed. R. Civ. P. 16(b)(3)(B)(ii)) (Exhibit X.)

Although Obesity Research has new counsel, that is not a proper basis for Obesity Research suddenly refusing to participate in reasonable discovery, unilaterally limiting its disclosure of information to almost nothing months after the scheduling order issued, and less than three months before the December 18, 2015 discovery cut-off. (Dkt. No. 46 at 2, ¶ 4.)

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

**BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE**

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding trade secret data, internal operations, technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 10**

Any and all documents maintained by YOU as required by or otherwise related to that certain 2005 FTC Consent Order entered into by, among others, YOU, including without limitation the following documents insofar as they relate to the PRODUCT or the GLUCOMANNAN PRODUCT(s):

a.   Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

b.   Personnel records accurately reflecting: the name, address, and telephone number of each PERSON employed in any capacity by YOU, including as an independent contractor; that PERSON'S job title or position; the date upon which the PERSON commenced work; and the date and reason for the PERSON'S termination, if applicable;

c.   Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased;

d.   Complaints and refund requests (whether received directly, indirectly or through any third party), including but not limited to reports of adverse incidents claimed to be associated with the use of the PRODUCT, and any responses to those complaints or requests;

e.      Copies of all advertisements, promotional materials, sales scripts, training materials, Websites, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, sale, or distribution of the PRODUCT;

f.      All documents evidencing or referring to the accuracy of any claim concerning the efficacy of the PRODUCT, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the accuracy or efficacy of the PRODUCT;

g.      Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of manufacturing, labeling, advertising, marketing, promoting, offering for sale, selling, or distributing the PRODUCT;

h.      Copies of all contracts concerning the manufacturing, labeling, advertising, marketing, promotion, offering for sale, sale, or distribution of the PRODUCT;

i.      Copies of all advertisements, promotional materials, sales scripts, training materials, Websites, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, sale, or distribution of the PRODUCT and in which James Ayres or Dr. Jonathan M.  Kelley appear as an endorser of the PRODUCT;

j.      Copies of all contracts or agreements concerning, referring, or relating to the endorsement of the PRODUCT; and

k.      All records and documents necessary to demonstrate full compliance with each provision of the FTC Consent Order, including but not limited to, all reports submitted to the FTC pursuant to the Order.

**<u>ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>**

Responding Party objects to this Request as vague and ambiguous in regards to subparagraphs a, b, c, and k, insofar as such provisions seek information regarding products that are not Lipozene. Responding Party further objects to this Request as irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

admissible evidence insofar as it seeks information regarding any "GLUCOMANNAN PRODUCT(s)" that are not Lipozene. Responding Party also objects to this Request as overbroad and unduly burdensome as to the unlimited timeframe, which far exceeds any applicable statute of limitations, and ignores the fact that the record keeping provisions expired on or about June 16, 2011. In addition, in seeking "consumer files," such information may include "Consumer Lists" of any person who paid any money at any time prior to entry of the June 17, 2005 Order, which Responding Party is permanently restrained and enjoined from disclosing without a court order. *See* Subparagraph A of Paragraph VII of the Stipulated Final Judgment and Order filed June 17, 2005 [ECF #2]. Responding Party further objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request as also overbroad because it seeks documents "related to" certain categories. *See Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request. . . . [S]uch requests are objectionable under Fed. R. Civ. P. 26(b)(1) . . . ."), *quoted in James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009); *see also Sack v. C.I.A.*, -- F. Supp. 2d --, 2014 WL 3375568, at *5 (D.D.C. July 10, 2014). Responding Party further objects insofar as the Request invades the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request insofar as it omits the phrase "to the extent such information is obtained in the ordinary course of business" in seeking "Customer files" as referenced in Subparagraph A(3) of Paragraph XII of the Stipulated Final Judgment and Order filed June 17, 2005 [ECF #2]. Responding Party objects to this Request insofar as it

does not track the language in Subparagraph A(6) of Paragraph XII of the Stipulated Final Judgment and Order filed June 17, 2005 [ECF #2].

Propounding Party needs to meet and confer with Responding Party so that the parties can reach agreement as to the proper scope of this Request.

**REASONS FOR COMPELLING FURTHER RESPONSE**

Obesity Research refuses to produce *any* documents concerning the 2005 FTC Order that imposes certain conditions on the marketing and sale of Lipozene. Obesity Research's objections should be overruled.Obesity Research objects to the timeframe for Request for Production No. 10 as outside the applicable limitations periods, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[]" (internal quotation marks and citations omitted)).

Aside from the objection regarding the statute of limitations discussed above, Obesity Research also objected to this request as overbroad in that it seeks documents "related to" certain categories. "However, while a document request seeking information 'relating to' a certain subject may be overbroad or overly burdensome, it is not necessarily so." *A. Farber and Partners,* 234 F.R.D. at 188 (citations omitted). "Therefore, [Obesity Research's] bald, boilerplate assertion that [Fiber Research's] document requests are overly burdensome and harassing merely because they seek information "relating to" a subject is without merit." *Id.* Obesity Research's objection to use of the phrase "any and all" in this request is similarly unfounded.

Obesity Research further objects to this request on the ground that it seeks information regarding products other than Lipozene. Documents relating to Lipozene's predecessor,

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Propolene, however, as well as the investigation of false and misleading advertising relating to any glucomannan products sold by Obesity Research, is relevant to Fiber Research's counterclaims in this action. For example, whether Obesity Research unlawfully marketed other glucomannan products may be relevant to whether it falsely and misleadingly marketed Lipozene, because other products may have contained the same adulterated glucomannan in Lipozene.

Obesity Research also objects that Request for Production No. 10 supposedly "invades the attorney-client privilege and/or attorney work-product doctrine." Obesity Research, however, has not provided a privilege log "describ[ing] the nature of the documents, communications, or tangible things not produced or disclosed," as required by Fed. R. Civ. Proc. 26(b)(5). Obesity Research has not stated whether it is withholding responsive documents on this basis, but if so, it has failed its burden of demonstrating the privilege applies, because it has failed to serve a privilege log.

With respect to another of Obesity Research's objections, Fiber Research understands that Obesity Research is permanently restrained and enjoined from disclosing "'consumer lists' of any person who paid any money at any time prior to entry of the June 17, 2005 Order," but since nothing prohibits Obesity Research from disclosing such information for persons who paid money for the products after entry of the June 17, 2005 order, these documents should be produced. In addition, this court should now issue the order that will permit Obesity Research to disclose prior consumer lists, subject of course, to the protections of a protective order.

Lastly, Obesity Research objects that Request for Production No. 10 "omits the phrase 'to the extent such information is obtained in the ordinary course of business' in seeking 'Customer files' as referenced in Subparagraph A(3) of Paragraph XII of the Stipulated Final Judgment and Order" and "does not track the language in Subparagraph A(6) of Paragraph XII of the Stipulated Final Judgment and Order." Fiber Research, however, is not limited to seeking only documents described in the Stipulated Final Judgment and Order. Indeed, Fiber

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Research's request is broader, seeking documents "related to" the Order, meaning the list documents described in subparts a-k is demonstrative and non-exhaustive. Moreover, Fiber Research believes any slight difference in language does not make a practical difference in responding to the request.

## BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks 10 years' worth of data, which extends unreasonably beyond Fiber's existence, or the potential statutory period.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

Fiber is not entitled to sales or financial data because remedies available to it (if any) are limited to injunctive relief, restitution, and its demonstrated lost sales.  As noted in the Memorandum of Points and Authorities, information of ORI's sales have nothing to do with any of the foregoing categories of Fiber's eligible remedies.

Fiber has not made any showing as to how contract or purchase orders of Lipozene would be relevant to its claims regarding ingredient equivalencies.  Such documents would have no bearing on the determination of Fiber's claims or defenses, and would not provide any indication of damages.  Implicating every consumer complaint, customer file, accounting, and personnel file would create an enormous amount of paperwork, all of which would contain sensitive trade secret information regarding ORI's internal operations, strategy, finances, clientele, and hiring practices, meanwhile providing no probative value to the merits or damages in dispute.

Fiber has not made any showing as to how documents related to an FTC settlement and/or consent decree 10 years ago are in any way related to its claims of ingredient equivalency, or how such documents would support a determination of Fiber's remedy.  Fiber has also failed to make a showing about how, as an alleged competitor, it is entitled to information regarding another competitor's consumer protection efforts.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

If the Court is persuaded to require additional documentation regarding trade secret customer data, financial information, marketing strategies, and internal operations of ORI, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

**FRI REQUEST FOR PRODUCTION NO. 12**

Any and all documents that support your defenses to Fiber Research's counterclaims.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Responding Party objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. Gropper v. David Ellis Real Estate, L.P., 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects insofar as the Request invades the attorney-client privilege and/or attorney work-product doctrine. Responding Party further objects to this Request as premature given that Responding Party's responsive pleading to Fiber Research's operative counterclaims isn't even due yet.

Subject to and without waiver of the foregoing objections, Responding Party agrees to produce non-privileged and responsive documents within its possession, custody, or control, if any exist, within the applicable statute of limitations only and subject to the parties' agreement as to the proper scope of this Request.

**REASONS FOR COMPELLING FURTHER RESPONSE**

Obesity Research objects to the timeframe for Request for Production No. 12 and unilaterally restricts its responses to within "the applicable limitations periods at issue in this case." However, as noted above, "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." In re New Cent., 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); see also Owens, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); Empire Volkswagen, 95 F.R.D. at 399 (discovery "routinely goes beyond the

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research also objects that Request for Production No. 12 "invades the attorney-client privilege and/or attorney work-product doctrine." Obesity Research, however, has not provided a privilege log "describ[ing] the nature of the documents, communications, or tangible things not produced or disclosed," as required by Fed. R. Civ. Proc. 26(b)(5). Accordingly, it has failed to sustain its burden of showing a privilege applies, and Obesity Research should be compelled to produce any responsive documents withheld on this basis. In addition, Obesity Research's objection to use of the phrase "any and all" in Request for Production No. 12 is unfounded, since the request would have the same meaning if the phrase were eliminated.

## BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE

Plaintiff stands on its objections insofar as the demand is inherently overbroad, implicates the attorney-client privilege and attorney work product doctrine.  Further, it does not properly safeguard the proprietary and confidential trade secret data of Obesity Research because the parties are at an impasse regarding the entry of a protective order.  Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding trade secret, marketing strategies, internal operations, technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

## FRI REQUEST FOR PRODUCTION NO. 13

Any and all consumer complaints related to the PRODUCT.

**ORI RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Responding Party objects to this Request as vague and ambiguous as to the phrase "consumer complaints related to the PRODUCT". For example, this Request may potentially seek pricing complaints from consumers, which would be irrelevant to any of the Propounding Party's claims and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Request as overbroad and unduly burdensome as to the unlimited timeframe, which far exceeds any applicable statute of limitations. Responding Party also objects to this Request as overly broad as the use of the term "any and all" is facially overbroad. *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (citing cases) (holding that a "request for "any and all" [sic] documents concerning [a] subject is inherently overbroad"). Responding Party further objects to this Request as also overbroad because it seeks documents "related to" certain categories. *See Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request. . . . [S]uch requests are objectionable under Fed. R. Civ. P. 26(b)(1) . . . ."), *quoted in James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009); *see also Sack v. C.I.A.*, -- F. Supp. 2d --, 2014 WL 3375568, at *5 (D.D.C. July 10, 2014).

Propounding Party needs to meet and confer with Responding Party so that the parties can reach agreement as to the proper scope of this Request.

**REASONS FOR COMPELLING FURTHER RESPONSE**

Obesity Research apparently refuses to produce *any* documents concerning consumer complaints about Lipozene. Obesity Research's objections should be overruled.

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Obesity Research objects to the timeframe for Request for Production No. 13 as outside the applicable limitations periods, but "courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *In re New Cent.*, 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009); *see also Owens*, 221 F.R.D. at 655 ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."); *Empire Volkswagen*, 95 F.R.D. at 399 (discovery "routinely goes beyond the statutory period," and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong[ ]" (internal quotation marks and citations omitted)).

Obesity Research also objects to Request for Production No. 13 as overbroad in that it seeks documents "related to" certain categories. "However, while a document request seeking information 'relating to' a certain subject may be overbroad or overly burdensome, it is not necessarily so." *A. Farber and Partners*, 234 F.R.D. at 188 (citations omitted). "Therefore, [Obesity Research's] bald, boilerplate assertion that [Fiber Research's] document requests are overly burdensome and harassing merely because they seek information "relating to" a subject is without merit." *Id.*

Moreover, Obesity Research's objection to use of the phrase "any and all" in Request for Production No. 13 is unfounded, since the request means the same thing if the phrase is eliminated.

Finally, given that FDA regulations (and previously the FTC Order) require Obesity Research to keep consumer complaints for at least 2 years after the expiration date of the product, *see* 21 CFR 111 (p), this request is not unduly burdensome because Obesity Research should keep a discrete file with this information as required by the FTC.

Following the parties' September 18, 2015 meet and confer conference, on September 23, 2015, Obesity Research stated that this request "should be limited in time and scope." However, despite this statement and its response (that "Propounding Party needs to meet and confer with Responding Party so that the parties can reach agreement as to the proper scope

56

of this Request"), Obesity Research has never suggested a more narrow "scope" for this request. But by so suggesting, Obesity Research concedes that even it agrees at least *some* consumer complaints are relevant—those within the applicable statutory period and concerning at least some topics other than pricing. But Obesity Research still has not produced any responsive documents, even those it agrees are responsive, relevant, and otherwise non-objectionable.

On September 24, Obesity Research further clarified its position, that only "[i]f and when the standing issue is resolved . . . , we would produce properly-designated responsive documents, if any, within the limitations period related to the non-efficacy allegations of the Counterclaims."

This response is insufficient. Discovery has not been stayed pending resolution of Obesity Research's motion to dismiss Fiber Research's counterclaims, but rather the Court has ordered that "[a]ll discovery, including expert discovery, shall be completed by all parties by **December 18, 2015**." (Dkt. No. 46.) Obesity Research's objections should be overruled, and it be compelled to produce all consumer complaints.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

## BASIS FOR ALL OBJECTIONS AND/OR CLAIMS OR PRIVILEGE

As discussed more fully in its portion of the Memorandum of Points and Authorities, ORI contends that as drafted, the request is overbroad and unduly burdensome because it seeks data regarding the entire lifetime of the product and is not limited in any manner by time, which extends unreasonably beyond Fiber's existence, or the potential statutory period. Moreover, because Fiber lacks standing to pursue its claims in the instant matter, it is not entitled to discovery and therefore, the request is irrelevant.

If the Court is persuaded to require additional documentation regarding trade secret customer data, financial information, marketing strategies, and internal operations, technical testing, product development, or quality control of ORI products, ORI submits that such documents should be limited in time and scope and be covered by an "AEO" designation under a protective order.

Dated: October 5, 2015

/s/ Sean D. Flaherty
Sean D. Flaherty
**GORDON & REES SCULLY MANSUKHANI LLP**
Richard P. Sybert
*rsybert@gordonrees.com*
Sean D. Flaherty
*sflaherty@gordonrees.com*
Amanda R. Abeln
*aabeln@gordonrees.com*
100 W. Broadway, Ste. 2000
San Diego, California 92101
Phone: (619) 696-6700
Fax: (619) 696-7124
*Counsel for plaintiff Obesity Research Institute, LLC*

Dated: October 5, 2015

/s/ Jack Fitzgerald
Jack Fitzgerald
**THE LAW OFFICE OF JACK FITZGERALD, PC**
Jack Fitzgerald
*jack@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555
**PRICE PARKINSON & KERR LLP**
Jason Kerr
*jasonkerr@ppktrial.com*
Christopher Sullivan
*sullivan@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

***Counsel for defendant Fiber Research International, LLC***

## ECF CERTIFICATION

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I hereby certify that the content of the foregoing Joint Motion for Determination of Discovery Dispute Re: FRI's Discovery Requests is acceptable to all persons required to sign the document, and that I obtained authorization to file with the electronic signatures of all counsel for all parties on the document.

Dated: October 5, 2015                    /s/ Jack Fitzgerald
                                          Jack Fitzgerald

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2015, a true and correct copy of the Joint Motion for Determination of Discovery Dispute Re FRI's Discovery Requests, Memorandum of Points and Authorities In Support Of Defendant And Counterclaimant's Motion To Compel Further Responses To Written Discovery, and Certificate of Compliance was served on counsel of record for all parties by Notice of Electronic Filing through the Court's CM/ECF System.

Dated: October 5, 2015                    /s/ Jack Fitzgerald
                                          Jack Fitzgerald

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE