# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 15-cv-0595-BAS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: PROTECTIVE ORDER**<br><br>**[ECF NO. 62]** |

Before the Court is the joint motion of the parties for determination of a discovery dispute, filed on October 5, 2015, regarding a proposed protective order. (ECF No. 62). There are two issues for determination: 1) Whether witnesses to whom disclosure of information designated as "Confidential" appears reasonably necessary during their deposition must sign the acknowledgment and agreement to be bound by the Protective Order; and 2) Whether information designated "Highly Confidential – Attorney's Eyes Only" may be disclosed to witnesses during depositions if reasonably necessary.

1. <u>Disclosure of Confidential Information to a Witness</u>

Plaintiff asserts that to the extent a party wants to disclose information designated as "Confidential" by the other party to a witness during a deposition, the witness must execute the agreed-upon form acknowledging and agreeing to be bound by this Court's Protective Order.  Defendant objects that this requirement unduly hinders the examination of witnesses.  As an example, Defendant asserts that this provision would preclude witnesses who drafted or received an email from viewing or being questioned about the email if the witness refuses to sign the form.

Defendant's objection is specious.  The challenged provision is contained within § 7.2(g) of the proposed Protective Order.  Section 7.2(h) expressly provides that information designated as "Confidential" may be disclosed to an author or recipient of a document, or a custodian or other person who otherwise possessed or knew the information.  Section 7.2(g), therefore, applies only to witnesses who are not authors, recipients, custodians or otherwise knowledgeable about the information.  For those witnesses, who may be third parties and not have any duty of confidentiality, a requirement that they acknowledge and agree to the provisions of the Protective Order is prudent and not unduly limiting .  The Court finds that Plaintiff's version of § 7.2(g) is appropriate.

2. <u>Disclosure of Highly Confidential – Attorney's Eyes Only Information</u>

The challenged provision is proposed § 7.3(f) of the proposed Protective Order.  Defendant wants to include the proposed subsection which allows for the disclosure of material designated "Highly Confidential – Attorney's Eyes Only" to witnesses during deposition if considered reasonably necessary.  Plaintiff objects that this category of information should not be disclosed to

1  mere "witnesses" and the proposed subsection should not be included in the
2  protective order.
3      Section 7.3 covers "Disclosure of 'HIGHLY CONFIDENTIAL –
4  ATTORNEYS' EYES ONLY' Information or Items."  It allows for disclosure to
5  the receiving party's outside counsel and necessary employees (7.3(a)),
6  designated house counsel (7.3(b)), experts (7.3(c)), the court and court
7  personnel (7.3(d)), court reporters and necessary professional vendors (7.3(e)),
8  professional jury or trial consultants (7.3(g)), authors or recipients of a
9  document containing the information, custodians or others with knowledge
10 (7.3(h)).
11     Once again, Defendant asserts that prohibiting disclosure of highly
12 confidential material to "witnesses" is unduly limiting as it would prevent
13 "even third parties who were on an email string . . . from being questioned
14 about the very email."  (ECF No. 62 at 7 (using ECF numbering)).  And, once
15 again, Defendant is mistaken.  Third parties on an email thread are
16 "recipients" and can be confronted with and questioned about any such email.
17 The Court finds that including the proposed subsection 7.3(f) would render
18 other provisions in the proposed protective order a virtual nullity.  Relief is
19 available to a party who wishes to challenge a designation and use such
20 information under § 7.4.
21     The Court finds that Plaintiff's position, that proposed § 7.3(f) should
22 not be included in the protective order, is appropriate.
23 //
24 //
25 //
26 //

## Conclusion

The parties shall submit a conforming Protective Order for signature of the Court, as provided by this Court's chambers rules, promptly.

**IT IS SO ORDERED:**

Dated: October 15, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge