UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No.: 15-cv-0595-BAS-MDD<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE RE: SUFFICIENCY OF DISCLOSURE OF NON-RETAINED EXPERTS BY PLAINTIFF**<br><br>**[ECF NO. 75]** |

BACKGROUND

Before the Court is the Joint Motion to Determine a Discovery Dispute regarding the sufficiency of Plaintiff Obesity Research Institute's (ORI's) disclosures regarding three non-retained experts. The joint motion was filed on December 10, 2015. (ECF No. 75). The non-retained expert disclosures at issue pertain to Messrs. Henry Den Uijl, identified as the manager of ORI; Jim Ayres, identified as a consultant; and, Brian Salerno, identified as President/CEO of Nutralliance. (ECF No. 75-2 Exh. 1 at 7-8 (the Court will

use the page numbering provided by ECF rather than the page numbering of the original document throughout this order)).  The disclosures as to each were provided by ORI to Defendant Fiber Research International ("FRI) on October 16, 2015, and are identical.  (*Id.*).  For each of these experts, ORI disclosed as follows:

> [The witness] is a party-affiliated witness who may be offering opinion testimony that falls within the scope of Federal Rules of Evidence 702, 703, or 705 on such matters including, but not limited to, the dietary supplement industry, Lipozene, Konjac glucomannan, Konjac glucomannan tested in "*A Randomized Double-Blinded Placebo-Controlled Study of Overweight Adults Comparing the Safety and Efficacy of a Highly Viscous Glucomannan Dietary Supplement (Propol tm)*," Kaats et al ("Kaats Study"), Konjac glucomannan used in Lipozene, viscosity of Konjac glucomannan, viscosity of Lipozene, Konjac glucomannan sourced from Shimizu Chemical Corporation ("Shimizu"), sources of Konjac glucomannan, and brands of Konjac glucomannan. This witness will also provide testimony in rebuttal to any applicable witness(es) offered by any other party in this action. [The witness] does not charge hourly rates for time spent on deposition and trial testimony.

(*Id.*).

FRI asserts that this disclosure is deficient under Fed. R. Civ. P. 26(a)(2)(C) and requests the Court to strike these designations.  (ECF No. 75-1 at 2-5). ORI contends that the disclosures are sufficient, raises some procedural challenges and claims that if deficient, the deficiencies are substantially justified or harmless.  (*Id.* at 5-10).

## LEGAL STANDARD

Fed. R. Civ. P. 26(a)(2)(C) governs the disclosure requirements of a party intending to present the testimony of a non-retained expert. A disclosure of a non-retained expert "must state:

>  (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
>  (ii) a summary of the facts and opinions to which the witness is expected to testify."

A disclosure under this subsection must be supplemented "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

A party's failure to provide information or identify a witness under Rule 26(a) exposes that party to sanctions. Fed. R. Civ. P. 37(c)(1). Specifically, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[1] Rule 37(c)(1)'s exclusion sanction is a self-executing, automatic sanction designed to provide a strong inducement for disclosure. *See Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 826 (9th Cir. 2011). It is the burden of the party facing sanctions to

---

[1] The Court is empowered to consider other sanctions, including payment of reasonable expenses and attorney's fees, upon motion and opportunity to be heard. Rule 37(c)(1)(A). Here, FRI has not moved for sanctions beyond the exclusion sanction under Rule 37(c)(1).

show that the failure to disclose was either substantially justified or harmless. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.* 259 F.3d 1101, 1107 (9th Cir. 2001).

## ANALYSIS

The Court first will address ORI's procedural objections, followed by a discussion of the sufficiency of the disclosures and then will address the availability of the exclusion sanction.

### A. Plaintiff ORI's Procedural Objections

#### 1. Timeliness

ORI objects that this motion is untimely asserting that under this Court's chambers rules the motion should have been filed no later than November 16, 2015, because the offending disclosures were served on October 16, 2015. Defendant FRI originally brought their motion *ex parte* on November 10, 2015, believing that it did not qualify as a dispute regarding written discovery. That same day, the Court rejected that filing and ordered the parties to use the joint motion procedure of the Court's chambers rules. The Court did not set a deadline for the filing of the joint motion. Ultimately, this motion was filed on December 10, 2015. Under these peculiar circumstances, the Court declines to find the joint motion untimely. ORI's objection is overruled.

#### 2. Adequacy of Meet and Confer

ORI asserts that the Court should not consider the instant motion and should sanction FRI for failing to participate meaningfully in a meet and confer session as required by the Court's chambers rules. ORI's complaint, it appears, is that FRI refused to

elaborate regarding its position that ORI's disclosures did not meet the requirements of Rule 26(a)(2)(C). ORI states that "[FRI's] refusal to provide the basis for its position that the designations were insufficient and refusal to provide authority supporting its position cannot be construed as a good faith meet and confer." (ECF No. 75-1 at 11).

This objection is frivolous. FRI met its obligation by pointing out to ORI that the designations completely failed to address the requirement of Rule 26(a)(2)(C)(ii) – there is nothing in the designations that even purports to be "a summary of facts and opinions to which the witness is expected to testify." This point did not require clarification. It is as if a party failed entirely to address, even by objection, an interrogatory or request for production. There was nothing to discuss further or to negotiate. At that point, ORI's obligation was to supplement its patently defective designations under Rule 26(e) and not demand further authority from FRI. Nor did ORI require any assent from FRI to supplement its designation. ORI was required to supplement its deficient disclosure "in a timely manner" under Rule 26(e) once ORI learned of the defect. ORI's objection is overruled and its request for sanctions denied.

B. <u>Sufficiency of the Disclosures</u>

Remarkably, ORI contends that its disclosures are sufficient. (ECF No. 75-1 at 9). As written, even the disclosures of the subject matter are deficient as the list of topics is preceded by the offensive "including, but not limited to" language rendering the recitation overbroad. Even assuming that a witness could testify regarding the

1  extensive list, there is nothing in the disclosures that even purports
2  to summarize facts and opinions to which the witnesses are expected
3  to testify as required by Rule 26(a)(2)(C)(ii).  The extent of ORI's
4  argument to the Court on this point is an admonition that the Court
5  must take care against requiring undue detail.  (ECF No. 75-1 at 9).
6  It cannot be "undue" to require ORI to comply with the rule.  ORI
7  disclosed absolutely nothing regarding the facts and opinions to
8  which their witnesses were expected to testify.
9  ORI's failure to even attempt to follow the requirements of Rule
10 26(a)(2)(C) is made more offensive by its continuing argument that
11 the disclosures are sufficient.  This stubborn insistence on a frivolous
12 argument is an example of the worst kind of gamesmanship, wasting
13 attorney time and effort, causing the unnecessary expenditure of
14 client funds and unreasonably burdens the Court.
15 The Court finds ORI's disclosures insufficient.
16 C. <u>Sanctions</u>
17 As discussed above, in order to avoid the self-executing, automatic
18 exclusion of any expert testimony from these witnesses, ORI has the
19 burden of showing that the deficiencies in its disclosures were
20 substantially justified or harmless under Rule 37(c)(1).
21 1. Substantial Justification
22 ORI claims that any perceived deficiency in its disclosures
23 was a result FRI's withholding of documents and ORI's limited
24 understanding of the case as of October 16, 2015.  (ECF No. 75-1
25 at 10).  ORI had received the last of the documents withheld by
26 FRI pending of the issuance of protective order, no later than

Friday, October 23, 2015. *See* Transcript of Motion Hearing on October 27, 2015, ECF No. 69 at 43). Assuming this to be so, ORI may have been substantially justified in either seeking relief from the Court; providing a *pro forma* disclosure summarizing facts and opinions known at that time; or stating in its disclosure that it was unable to provide the information required by Rule 26(a)(2)(C)(ii) until it and its experts reviewed the information provided by FRI.

ORI despite being on notice by FRI on October 27, 2015, that its disclosures were deficient, did none of these things. Instead, ORI hung its hat on the sufficiency of its disclosures and continues to argue that its disclosures are sufficient. Tellingly, perhaps, ORI has not identified any documents provided by FRI on October 23, 2015, that would justify its failure to summarize the facts and opinions expected in the testimony of its non-retained experts. The Court finds that ORI has not sustained its burden that its failure to comply with Rule 26(a)(2)(C) is substantially justified.

2. Harmlessness

ORI asserts that it is willing to revise its designations, if the Court finds them deficient, and that FRI would not be prejudiced. In that regard, ORI asserts that FRI knows who the witnesses are since the defective designations were served on October 16 and that discovery remains open until February 29, 2016.

The deficient disclosures and ORI's stubborn and wrongheaded insistence on their adequacy are not harmless. Time, money and effort were expended entirely unnecessarily by

1    the litigants and the Court.  But, perhaps unfortunately, that is
2    not the standard of "harmlessness" contemplated by the rule.
3         ORI should have at least attempted to follow the rule when
4    first disclosing these witnesses.  Once on notice, which should not
5    have even been necessary, ORI should have timely supplemented
6    the disclosures under Rule 26(e).  ORI should not have suggested
7    to FRI that further authority was needed to convince ORI that its
8    disclosures were deficient; the disclosures are patently deficient.
9    Finally, ORI should not have argued to this Court the adequacy of
10   these disclosures.  That said, discovery remains open until
11   February 29, 2016.  There is time to right this ship.

## CONCLUSION

The Court ORDERS as follows:

1. The current designations of Messrs. Henry Den Uijl, Jim Ayres, and Brian Salerno are stricken.
2. ORI is granted leave to re-designate these witnesses, and these witnesses only, with a proper disclosure to be served upon FRI no later than close of business on December 21, 2015.
3. FRI, upon receipt of the new disclosures, may serve rebuttal disclosures no later than January 22, 2016.
4. FRI may, at its option, file an appropriate motion with the Court, pursuant to Rule 37(c)(1)(A), to recover its reasonable expenses and attorney's fees related to the filing of both its *ex parte* motion and the instant motion.  That motion, if it is to be filed, must be filed no later than January 15, 2016, and should include the appropriate declarations regarding reasonable fees and expenses.  If the motion

1  is filed, ORI's responsive pleading will be due seven (7) days
2  following service.  FRI may reply within five (5) days of service of the
3  ORI's responsive pleading.
4  **IT IS SO ORDERED:**
5  Dated:  December 15, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge