RICHARD P. SYBERT  (SBN: 080731)
 rsybert@gordonrees.com
SEAN D. FLAHERTY  (SBN: 272598)
 sflaherty@gordonrees.com
AMANDA R. ABELN  (SBN: 290309)
 abeln@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Plaintiff
OBESITY RESEARCH INSTITUTE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company, <br><br> Plaintiff. <br><br> vs. <br><br> FIBER RESEARCH INTERNATIONAL, LLC, a Nevada limited liability company, and DOES 1-10, inclusive, <br><br> Defendants, <br><br> FIBER RESEARCH INTERNATIONAL, LLC, <br><br> Counterclaimant, <br><br> vs. <br><br> OBESITY RESEARCH INSTITUTE, LLC, <br><br> Counter-defendant. | CASE NO.  3:15-cv-00595-BAS-MDD <br><br> **JOINT MOTION TO STRIKE FIBER RESEARCH INTERNATIONAL, LLC'S REBUTTAL EXPERT REPORT OF RICK HOFFMAN** <br><br> Courtroom: 1E <br> Judge:      Hon. Mitchell D. Dembin |

/ / /

/ / /

/ / /

/ / /

1  Plaintiff and Counterdefendant Obesity Research Institute, LLC ("ORI") hereby moves the Court to strike the "rebuttal expert" report of Rick Hoffman, prepared for and on behalf of Defendant and Counterclaimant Fiber Research International, LLC ("FRI"), because it is not a rebuttal report at all but seeks to go outside the scope.

## I. ORI'S POSITION

### A. Introduction

ORI seeks to strike the expert report of Rick Hoffman (the "Hoffman Report") prepared for, and on behalf of FRI in rebuttal to ORI's affirmative expert report of Neil Beaton (the "Beaton Report"). Because the Hoffman Report is in rebuttal to the Beaton report, its contents must necessarily be limited to responding to the positions taken in the Beaton Report.

However, the Hoffman Report impermissibly opines as to issues substantially and entirely beyond the scope of those raised by the Beaton Report. ORI and FRI have thoroughly met and conferred in an attempt to avoid motion practice, but remain at an impasse.

Rather than supporting the merits of Hoffman Report, FRI's portion of the Motion and Sullivan declaration essentially consists of an attempt to attack ORI's counsel for not agreeing to an ambiguous 11th-hour proposal made by FRI. Such a proposal (first raised on the eve of the filing deadline) cannot be regarded as a legitimate effort to resolve the instant dispute. Such conduct is especially audacious when paired with an accusation of ORI's attempt to "game" the system and FRI's inclusion of improper exhibits.[1] The opposition largely ignores the sufficiency of the Hoffman Report. Accordingly, ORI requests the Court's intervention, and that the Hoffman Report be stricken in its entirety.

---

[1] See Chambers Rules of Judge Dembin, IV. (C)(4)(f) which provides "The joint motion shall not be accompanied by copies of correspondence or electronic mail between counsel unless it is evidence of an agreement alleged to have been breached."

-2-

### B.     Procedural and Factual Background

Pursuant to FRCP Rule 26(a)(2)(B), retained experts must prepare a written report.  The Scheduling Order (the "Order") in this case set the initial expert exchange for October 16, 2015 and the rebuttal expert exchange for November 16, 2015.  (Dkt. 46.)  Thus in accordance with the Order and Rule 26(a)(2)(D)(ii), any expert reports disclosed between October 16, 2015 and November 16, 2015 must have been in the nature of "evidence [] intended *solely to contradict or rebut* evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)…" (emphasis added).

Here, ORI timely served its damages expert disclosure and report during the first exchange on October 16, 2015.  (Exh. A to Flaherty Decl.¶3.)  For its part, FRI deliberately chose not to designate a damages expert during the first exchange. (Flaherty Decl. ¶ 4-5.) FRI confirmed this election on the record:

MR. FITZGERALD: And *we don't have a damages expert*.

THE COURT: You're not going to have one?

MR. FITZGERALD: *I'm not going to have one*. (See Exh. C to Flaherty Decl., Oct. 27, 2105 Hearing Transcript, pp. 44-45.)

Nonetheless, FRI disclosed the Hoffman Report as a purported "rebuttal damages expert" on November 16, 2015.  (Flaherty Decl. ¶ 4-5, Exh. B.) However, the Hoffman Report fails to in any way address, rebut, or oppose the opinions or conclusions of the Beaton Report.  Instead, the Hoffman Report impermissibly attempts to "sneak in" expert testimony regarding FRI's affirmative damages theories, as if the report were served during the first exchange.

ORI promptly addressed its concerns about the Hoffman report to FRI, even offering FRI another chance to prepare a rebuttal report properly within the scope responsive to the Beaton Report.  (Flaherty Decl., ¶ 7-9, 15.)   FRI did not accept the offer. (Flaherty Decl., ¶ 15.)  Now, after attempting to designate an improper rebuttal expert report and refusing to informally resolve the issue on reasonable

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1 terms, FRI's Hoffman Report should be stricken in its entirety.

### C. The Hoffman Report is Not in Rebuttal to the Beaton Report.

A rebuttal expert may present evidence intended "*solely* to contradict or rebut evidence on the same subject matter identified by another party." *Krueger v. Wyeth, Inc.*, 2012 U.S.Dist.LEXIS 118987 (S.D.Cal. Aug. 22, 2012); *citing Stephenson v. Wyeth LLC*, 2011 U.S.Dist.LEXIS 119013, (D.Kan. Oct. 14, 2011) (emphasis added). Further, Courts disallow the use of a rebuttal expert to introduce evidence more properly a part of a party's case-in-chief. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir. 1990).

The law limiting the scope of rebuttal expert evidence to those items in the opposing party's affirmative report is well settled. For example, in an action where a plaintiff alleged eye injuries suffered by a laser while taking surveillance photos of the defendant's shipping vessel, plaintiff's rebuttal expert testimony was properly excluded where it did not directly respond to defendant's report. *Daly v. Far Eastern Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1240 (W.D. Wash. 2003). The court held that the rebuttal testimony was excluded because it did "not address any particular opinion in [the other party's expert] report." *Id.* at 1241. The testimony was, instead, a "new" way for supporting the rebuttal expert's original opinion. *Id.* Accordingly, it "should have been included… in his original report." *Id.*

Likewise, in a trademark infringement case, an expert's rebuttal declaration was stricken where the expert was "offering *affirmative* testimony about affiliate marketing, and other subjects, rather than merely rebutting [the other expert's] testimony." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 755 F.Supp.2d 1151, 1168 (D.Utah 2010); *aff'd in part and rev'd in part on other grounds, remanded* 722 F.3d 1229, 1234 (10th Cir. 2013).

It is FRI's burden is to prove damages in this case. FRI may attempt to pursue a variety of remedies under the Lanham Act, including for example unjust

1  enrichment, a reasonable royalty, or lost profits.  However, FRI chose not to
2  designate a damages expert or provide a report on *any* type of damages during the
3  first expert exchange.  In contrast, ORI designated Neil Beaton and disclosed the
4  Beaton Report during the first exchange.  Thus, FRI waived its opportunity to
5  submit an expert opinion supporting its affirmative damages theory and was
6  permitted only to rebut, oppose, or respond to the Beaton Report.

7  FRI has argued that the Hoffman Report is permissible rebuttal evidence as
8  long as it advances a theory different than that of the Beaton Report, regardless of
9  whether it directly responds to the conclusions of the Beaton Report.  (Flaherty
10 Decl., ¶ 12.)  FRI argues that its prayer for relief to its counterclaims and its initial
11 disclosures reserve the right to submit expert testimony regarding a reasonable
12 royalty and unjust enrichment.  (Flaherty Decl., ¶ 13.)  Had FRI provided an
13 affirmative expert report during the first exchange, this might have been so.
14 However, by making a deliberate choice to refrain from designating an affirmative
15 expert, it knowingly abandoned such rights.  Thereafter, it was limited solely to
16 rebutting the Beaton Report.

17 FRI has also argued that the "Assignment" section of the Beaton Report
18 opens the door to additional issues by reporting that Mr. Beaton had been asked to
19 "independently assess economic damages, if any, [resulting from] the Lanham
20 Act." (Flaherty Decl. ¶ 11; *see* Exh. A, p. 4.)  As supported by the authority cited
21 *supra*, such an argument is defective.  The "Assignment" portion of the Beaton
22 report is not testimonial evidence of an expert opinion.  That the Beaton Report
23 addresses damages under the Lanham Act is simply a fact.  FRI's rebuttal report
24 could have, and should have, addressed the bases and ultimate opinions formed by
25 the Beaton Report.  The Hoffman Report is entirely lacking such subject matter.

26 The Beaton Report concludes that FRI had failed to produce any documents
27 which would support a lost profits remedy.  (Flaherty Decl., Exh. A, p. 6.)  Thus,
28 FRI had the opportunity to oppose the conclusion.  Completely ignoring the

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1 foregoing, instead the Hoffman Report opted to pen a summary of potential
2 methodologies (without any conclusions) for evaluating unjust enrichment and
3 reasonable royalty damages. (Flaherty Decl., Exh. B.)

4     The Hoffman Report begins by stating it intends to measure unjust
5 enrichment as the revenues generated by ORI. (Flaherty Decl., Exh. B, p. 4.) The
6 Hoffman Report the continues by stating it intends to calculate reasonable royalty
7 damages based upon a hypothetical licensing scenario based on the fair market
8 value of the right to use the intellectual property in dispute. (Flaherty Decl., Exh.
9 B, p. 4.) Notably absent from the Hoffman Report is *any mention* of a lost profits
10 evaluation. The absence of such testimony is telling, especially given the fact that
11 Mr. Hoffman credits himself with an entire chapter entitled "*Lost Profits in*
12 *Trademark and Copyright Cases*" from the book, *"The Comprehensive Guide to*
13 *Lost Profits Damages."* (Flaherty Decl., Exh. B, Appx. B, p. 3)

14     It is undeniable that FRI has chosen not to use any expert testimony
15 regarding lost profits. Instead, it impermissibly sought to reserve an expert on the
16 issues of reasonable royalties and unjust enrichment well after the initial expert
17 exchange deadline. This is not proper on rebuttal. The scope of the Hoffman
18 Report goes well beyond contradicting or rebutting the opinions of the Beaton
19 Report. It does not provide any reply to the damages opinion reached in the
20 Beaton report. Therefore, the report is improper in its entirety.

21     **D.**    **<u>Conclusion</u>**

22     Based on the foregoing, ORI respectfully requests that the Court strike the
23 designation of FRI's expert Rick Hoffman, and the Hoffman Report in its entirety.
24 It completely fails to rebut, or even address the Beaton Report. Instead, the
25 Hoffman Report impermissibly exceeds the scope of proper rebuttal testimony,
26 instead behaving as if it were FRI's affirmative expert. FRI deliberately chose not
27 to designate an affirmative expert. It cannot thereafter be permitted to "sneak in"
28 such testimony after seemingly changing its mind.

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

## II. FRI'S POSITION

### A. FRI's ATTEMPTS TO RESOLVE THIS DISPUTE MADE CLEAR ORI IS ATTEMPTING TO "GAME" THE SYSTEM.

Based on ORI's statement above that "[FRI] impermissibly sought to reserve an expert on the issues of reasonable royalties and unjust enrichment well after the initial expert exchange deadline", FRI initially thought this dispute was much ado about nothing and simply the result of confusion. As such, on December 15th counsel for FRI proposed a resolution whereby it made clear "[w]hat I gleaned, right or wrong, was that you had suspicions that we were trying, improperly, to back door affirmative expert testimony, *the proposal takes that off the table - we will not put on the expert in our case in chief*." (emphasis added). Furthermore, FRI proposed a full reservation of rights to challenge FRI's expert, stating "I proposed an explicit limitation, that any testimony - only in rebuttal - would be rebuttal, with a full retention of rights by ORI to challenge at the time."[2]

ORI did not respond and, therefore, FRI's counsel called ORI's counsel on December 16th in a further attempt to resolve the confusion and dispute. At that time, it became clear that this dispute was an attempt by ORI to inappropriately sandbag ORI's damages expert opinions that had not been disclosed. Specifically, on the December 16th call, counsel for FRI re-explained its offer to limit its expert to rebuttal only and expanded the offer of compromise by stating it would agree to withdraw its expert if ORI agreed to limit its damages expert to the opinion expressed in his report – *i.e.*, only FRI's lost profits. ORI rejected this offer, stating that its expert could testify about any measure of damages (though not disclosed in his report) including a net profits analysis, even though the evidence supporting an ORI net profit analysis is solely and exclusively in the custody and control of ORI.[3]

---

[2] Declaration of Christopher Sullivan, in support hereof ("Sullivan Declaration"), at ¶ 2.
[3] Sullivan Declaration, at ¶¶ 3-5.

-7-

### B. FRI DOES NOT NEED AN EXPERT TO MEET ITS BURDEN.

ORI's net profits from its sales of Lipozene® is an available measure of damages under the Lanham Act. 15 U.S.C. § 1117(a); *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 843 (9th Cir. 2014). FRI explicitly disclosed this election of remedies in its initial disclosures:

> … Fiber Research has suffered damages in the form and amount of Obesity Research's gross profits from any all products Obesity Research sold containing non-Propol® alleged glucomannan…

Moreover, as explained to ORI in its offer to resolve this dispute, FRI's damages expert, Richard Hoffman, does not and will not present affirmative evidence in support of FRI's damages claim, as no expert evidence is necessary to meet FRI's burden on its damages theory of net profits. What ORI misstates, however, is the reduction of damages from gross revenues to net profits is ***ORI's burden***, a burden ORI has completely punted on by failing to have their expert opine on a net profit damages analysis. *See Experience Hendrix L.L.C.*, 762 F.3d at 843 ("The Lanham Act applies this burden-shifting framework to proof of the *defendant infringer's lost profits. See* 15 U.S.C. § 1117(a)").

### C. ORI IS INAPPROPRIATELY ATTEMPTING TO "SANDBAG" UNDISCLOSED EXPERT OPINION.

As implied by ORI's expert designation but not made clear until FRI attempted to resolve this dispute, ORI is attempting to have its damages expert opine on unrebutted, ***and undisclosed***, net profit damages analysis. In its expert designations, ORI states "Mr. Beaton is expected to testify *regarding monetary damages and non-monetary damages*, ***including but not limited to*** lost profits and actual damages." (emphasis added). Thereafter, counsel for ORI explicitly stated that Mr. Beaton may offer testimony on "anything he wants", including a net profit analysis, even though he never disclosed any such opinion in his report (in fact, the sole "opinion" in the Beaton report is that FRI had not produced documents

-8-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

sufficient to calculate lost sales—an opinion totally irrelevant to FRI's damages theory).

To be clear, the elements of a net profit analysis – ORI's gross revenues minus ORI's costs and deductions – is entirely and exclusively in the possession of ORI. Moreover, FRI has explicitly requested cost and deductions evidence from ORI in document requests. ORI, however, has failed to provide any responsive documentation to this request. Despite, presumably, Mr. Beaton having access to this information, he failed to opine on this measure of damages though, apparently, ORI is planning on Mr. Beaton to testify on this subject at a future date.

### D. FRI'S EXPERT IS REBUTAL.

ORI designated Neal Beaton as its damages expert, stating: "Mr. Beaton is expected to testify *regarding monetary damages and non-monetary damages*, ***including but not limited to*** lost profits and actual damages." (emphasis added). Furthermore, according to Mr. Beaton, his assignment was to "independently assess the economic damages, if any, that may have been incurred by Fiber Research International, LLC ("FRI") as a result of FRI's claims that ORI violated the Lanham Act (false advertising, unfair competition, and false designations)…."

Thus, Mr. Beaton's "assignment" section of his report left open the possibility, now made explicit, that he might opine on ORI's alleged costs in order to reduce FRI's gross revenues damages. Although FRI believes that Mr. Beaton should not be allowed to testify outside the scope of the single-sentence opinion in his report, FRI has no way to know, at this time, what testimony might be allowed. In order to avoid being left without a rebuttal expert if the Court should allow Mr. Beaton's testimony on ORI's costs, FRI designated Mr. Hoffman.

More to the point, Mr. Hoffman's report directly rebuts the subject matter of Mr. Beaton's expert designation and assignment (*i.e.*, "monetary damages" and "economic damages… as a result of FRI's claims that ORI violated the Lanham

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Act…."). *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008) ("rebuttal evidence 'is intended solely to contradict or rebut evidence *on the same subject matter* identified by another party under paragraph (2)(B)[.]' Fed.R.Civ.P. 26(a)(2)(C) (emphasis added). Thus, the … June 2007 Reports are proper rebuttal reports if they contradict or rebut the subject matter of the … May 2007 Report..."); *Armstrong v. I-Behavior, Inc.*, 2013 WL 2419794, *4 (D. Colo. 2013) ("the Court does not cabin the meaning of the 'same subject matter' to mean that a rebuttal witness must meet an affirmative expert report with the same methodology… Accordingly, the Court finds that to a large extent [] [the] rebuttal testimony is within the same subject matter as … conclusions on economic loss.").

Moreover, as explained above, the burden to prove deductions from gross revenues is ORI's. *Experience Hendrix L.L.C.*, 762 F.3d at 843.

> "Fed.R.Civ.P. 26(a)(2)(D)(ii) make[s] clear that a rebuttal expert's testimony must relate to and rebut evidence or testimony on the same *subject matter* identified by another party under Rule 26(a)(2)(B) or (C). Such evidence is not tied to any particular witness; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed rebuttal expert."

*Equal Employment Opportunity Comm'n v. JBS USA, LLC*, 2014 WL 2922625, *8-9 (D. Colo. 2014).

Mr. Hoffman's testimony is intended only to rebut whatever testimony Mr. Beaton is actually allowed to offer on net profits, nothing more, a subject matter designated by ORI and whose burden to prove is ORI's. As such, Mr. Hoffman's report is classic rebuttal and should not be stricken.[4]

---

[4] As a result of the Beaton report purporting to offer evidence on any potential theory of damages, FRI asked its expert Hoffman to likewise discuss alternative potential damages theories in his rebuttal report. Upon further review, FRI now realizes the Hoffman report could be interpreted as offering non-rebuttal testimony, which was never the intent of FRI. If appropriate, FRI would serve an amended disclosure reiterating FRI's intent that Hoffman only offer rebuttal testimony to damages evidence presented by ORI, if any.

|   |   |   |
|---|---|---|
| Dated: December 16, 2015 | | GORDON & REES LLP |
| | By: | /s/ Sean D. Flaherty |
| | | Richard P. Sybert |
| | | Sean D. Flaherty |
| | | Amanda R. Abeln |
| | | Attorneys for Plaintiff |
| | | OBESITY RESEARCH INSTITUTE, LLC |
| Dated:  December 16, 2015 | | THE LAW OFFICE OF JACK FITZGERALD, PC |
| | By: | /s/ Jack Fitzgerald |
| | | Jack Fitzgerald |
| | | Trevor M. Flynn |
| | | Melanie Persinger |
| | | Tran Nguyen |
| | | PRICE, PARKINSON & KERR |
| | | Jason Kerr |
| | | Chris Sullivan |
| | | Attorneys for Defendant |
| | | FIBER RESEARCH INTERNATIONAL, LLC |

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1110283/25330413v.1