# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No.: 15-cv-0595-BAS-MDD<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE RE: WHETHER THE HOFFMAN REBUTTAL REPORT SHOULD BE STRICKEN**<br><br>**[ECF NO. 80]** |

## BACKGROUND

Before the Court is the Joint Motion to Determine a Discovery Dispute, filed on December 16, 2015, regarding whether the rebuttal expert report of Rick Hoffman, served by FRI, should be stricken as improper rebuttal to the initial expert report of Neil J. Beaton, a damages expert, served by ORI. (ECF No. 80). To say that this dispute is much ado about nothing is more than apt. ORI's Beaton report expresses no opinion whatsoever, stating only: "FRI has produced no documents at this time that would allow an analysis or calculation of profits." (ECF No. 80-2 at 6 (throughout the Court will refer to

1  the pagination provided by ECF rather than the original pagination)).
2  Similarly, FRI's Hoffman rebuttal report expresses no opinion stating: "At
3  this point, I do not have the financial and/or accounting information that is
4  typically gathered by damage experts in matters such as this.  Specifically,
5  for the damage claims in this case, I need to have financial information from
6  [ORI]."  (ECF No. 80-2 at 24).

7  Against this non-backdrop, the Court will express an opinion, as
8  follows:

## LEGAL STANDARD

10  Fed. R. Civ. P. 26(a)(2) governs the disclosure requirements regarding
11  experts a party may use at trial to present evidence under Federal Rule of
12  Evidence 702, 703, or 705.  Retained experts must provide a written report
13  which "must contain . . . a complete statement of all opinions the witness will
14  express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).
15  A disclosure under this subsection must be supplemented "if the party learns
16  that in some material respect the disclosure . . . is incomplete or incorrect,
17  and if the additional or corrective information has not otherwise been made
18  known to the other parties during the discovery process or in writing."  Fed.
19  R. Civ. P. 26(a)(2)(E) and 26(e)(1)(A).  For retained experts, this
20  supplementation must occur prior to the time the party's pretrial disclosures
21  are due.  Fed. R. Civ. P. 26(e)(2).

## ANALYSIS

23  It is a matter for the district court, upon proper motion, to decide
24  whether the expert non-opinion of Mr. Beaton is relevant, admissible and
25  qualified expert testimony on any issue in this case.  Rules 703 – 705 of the
26  Federal Rules of Evidence clearly contemplate an expert witness actually

1 presenting an opinion. It is highly unlikely that Mr. Beaton will be permitted
2 to testify and present his expert non-opinion based upon nothing. Assuming
3 that his testimony is allowed, Mr. Beaton would be limited to the non-opinion
4 expressed in his report at trial. There would nothing for Mr. Hoffman to
5 rebut in testimony.

6 The reports at issue here suffer similarly. Mr. Beaton, having
7 expressed no opinion, presents nothing for Mr. Hoffman to rebut. Not
8 surprisingly, Mr. Hoffman's rebuttal report also expresses no opinion.
9 Neither party, in the joint memorandum of points and authorities submitted
10 in connection with this joint motion, addresses the fact that neither report
11 expresses an opinion. (*See* ECF No. 80). To the extent that ORI is
12 suggesting that by expressing the same opinion as Mr. Beaton, that is, no
13 opinion, Mr. Hoffman's rebuttal report is not proper rebuttal, that specious
14 argument will not be considered by the Court. If pressed, the Court would
15 strike both reports for failing to include an expert opinion under Rule
16 26(a)(2)(B)(i).

17 Mr. Hoffman, however, presented in his report the methodology he
18 would use to form an opinion if he was to do so. (ECF No. 80-2 at 25-28). Mr.
19 Beaton, in his report, did not explain the methodology he would use. (*Id*. at
20 6-7). ORI is correct that the portion of the Hoffman report providing a
21 methodology for how he would proceed to an opinion goes beyond what was
22 presented in the Beaton report. Mr. Beaton did not present any methodology
23 that he would use if he was to proceed to an opinion. Accordingly, and
24 probably meaninglessly, the portion of the rebuttal report of Mr. Hoffman,
25 pertaining to the various methodologies he might employ, from line 37 to line
26 125 is stricken.

1 In the event that ORI lawfully supplements the Beaton report, FRI will have the opportunity to supplement the Hoffman report with proper rebuttal information. In that regard, considering the seeming inability of counsel in this case to cooperate with each other, the Court will restrict the time within which these supplementations may occur. The Court intends to avoid the necessity of having to extend the pretrial disclosure and other pretrial deadlines due to a last minute supplement of the Beaton report.

Rule 26(e)(2) normally permits the parties to supplement written expert reports, if incorrect or incomplete, no later than the day that pretrial disclosures are due, currently June 20, 2016. Instead, under the circumstances presented in this case, ORI may supplement the Beaton report at any appropriate time but no later than one week following the close of discovery. Discovery is set to close on February 29, 2016. FRI may supplement the Hoffman rebuttal report no later than two weeks following service of Beaton's supplemental report. Any depositions of Messrs. Beaton and Hoffman must be completed no later than thirty days following service of the Beaton supplemental report.

## CONCLUSION

The Court ORDERS that:

1. Lines 37 – 125 of the rebuttal expert report of Rick Hoffman are stricken as improper rebuttal.
2. Any supplement of the initial expert report of Mr. Beaton by ORI, within the meaning of Rule 26(e), must be served at any appropriate time but no later than one week following the close of discovery.
3. Any rebuttal supplementation by FRI of the rebuttal expert report of Mr. Hoffman, within the meaning of Rule 26(a)(2)(D)(ii), must be

1  served no later than two weeks following service of the Beaton
2  supplemental report.
3  4. Any expert depositions of Messrs. Beaton and Hoffman, based upon
4  satisfactory supplemental reports, must be completed no later than
5  thirty days following service of the supplemental expert report of Mr.
6  Beaton.

**IT IS SO ORDERED:**

Dated: December 17, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge