RICHARD P. SYBERT (SBN: 080731)
rsybert@gordonrees.com
SEAN D. FLAHERTY (SBN: 272598)
sflaherty@gordonrees.com
AMANDA R. ABELN (SBN: 290309)
abeln@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff
OBESITY RESEARCH INSTITUTE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company,<br><br>　　　　　Plaintiff.<br><br>　vs.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, a Nevada limited liability company, and DOES 1-10, inclusive,<br><br>　　　　　Defendants,<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>　　　　　Counterclaimant,<br><br>　vs.<br><br>OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　Counter-defendant. | CASE NO. 3:15-cv-00595-BAS-MDD<br><br>**PLAINITFF AND COUNTERDEFENDANT OBESITY RESEARCH INSTITUTE, LLC'S MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT**<br><br>Courtroom: 4B<br>Judge: Hon. Mitchell D. Dembin |

## I. INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Protective Order entered in this case by the Honorable Mitchell D. Dembin (Dkt. No. 67), Plaintiff and Counterdefendant Obesity Research Institute, LLC ("ORI") respectfully requests leave to seal Exhibit 1 to the Declaration of Amanda R. Abeln in Support of ORI's Opposition to Fiber Research International, LLC's ("FRI") Motion to Retain Confidentiality. Exhibit 1 was previously filed as Docket Number 88-2. FRI has informed ORI that this document should be designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," and as such should be filed under seal pursuant to the Protective Order.

## II. STANDARD FOR SEALING DOCUMENTS SUBMITTED IN CONNECTION WITH NON-DISPOSITIVE MOTIONS

In the Ninth Circuit, two standards govern motions to seal – "compelling reasons" and "good cause" – depending upon the nature of the proceedings. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). A motion to file documents under seal that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rules of Civil Procedure 26(c). *Id.* at 678. Rule 26 permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. Proc. 26(c). To determine whether a motion to file under seal should be granted in connection with a non-dispositive motion, the Court must evaluate whether "good cause" exists "to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d 665, 678 (internal citations omitted).

/ / /

/ / /

### III. PROTECTIVE ORDER

On October 23, 2015 2015, Magistrate Judge Mitchell D. Dembin entered a Protective Order (the "Protective Order") in this case. (Dkt. No. 67.) Pursuant to the Protective Order, the parties are permitted to designate certain documents and information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (*Id.*, ¶¶ 5.1-5.2.) Materials may be designated "CONFIDENTIAL" if they contain "information … or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (*Id.*, ¶ 2.2.) Materials may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if they contain "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (*Id.*, ¶ 2.8.)

Pursuant to the Protective Order, any party filing material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must seek permission from the Court to file such material under seal. (*Id.*, ¶¶ 12.3-12.4.)

### IV. DOCUMENT TO BE SEALED

ORI seeks to have the previously filed Exhibit 1 to the Declaration of Amanda R. Abeln (Dkt. No. 88-2) sealed. This exhibit was filed in connection with ORI's Opposition to FRI's Motion to Retain Confidentiality (the "Opposition"), a non-dispositive motion. Accordingly, the exhibit should be filed under seal if there is "good cause" to do so. Exhibit 1 contains emails produced by FRI during discovery in this matter. FRI inadvertently failed to designate these documents as "HIGHLY CONFIDENTIALY – ATTORNEYS' EYES ONLY" pursuant to the Protective Order but has since informed ORI that the documents should be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." ORI is lodging a version of Exhibit 1 reflecting the correct confidentiality designation contemporaneously with this motion. While it is ORI's

1  position that these emails are not entitled to a "HIGHLY CONFIDENTIAL –
2  ATTORNEYS' EYES ONLY" designation, ORI is continuing to comply with the
3  Protective Order by seeking to seal Exhibit 1 as it is FRI's position that the emails
4  contain confidential information. (*See* Dkt. No. 67, ¶ 6.3.)

## V. CONCLUSION

Based on the foregoing, ORI requests that the Court seal the Exhibit 1 to the Declaration of Amanda R. Abeln which was previously filed as Docket No. 88-2.

Dated: January 4, 2016                 Respectfully Submitted,

GORDON & REES LLP


By:   s/ Amanda R. Abeln
      Richard P. Sybert
      Sean D. Flaherty
      Amanda R. Abeln
      Attorneys for Plaintiff
      OBESITY RESEARCH INSTITUTE, LLC


## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

s/ Amanda R. Abeln

Amanda R. Abeln