# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>                   Plaintiff,<br><br>  v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>                   Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 15-cv-00595-BAS(MDD)<br><br>**ORDER:**<br><br>(1) **DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CORPORATE DISCLOSURE STATEMENT (ECF NO. 24);**<br><br>(2) **TERMINATING AS MOOT PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS (ECF NO. 27); AND**<br><br>(3) **DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 42)** |

On March 16, 2015, Obesity Research Institute, LLC ("Obesity Research") filed a Complaint for Declaratory Judgment against Fiber Research International, LLC ("Fiber Research") asking the Court to declare that it has no liability under either

the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, or the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301 *et seq*. (ECF No. 1.) On April 13, 2015, Fiber Research filed an Answer, in which it asserts the affirmative defense of unclean hands, and Counterclaims. (ECF No. 16.)

Presently before the Court is a Motion to Strike Defendant's Corporate Disclosure Statement filed by Obesity Research, arguing that Fiber Research, as a limited liability company ("LLC"), must disclose all members of the LLC as part of its corporate disclosure statement. (ECF No. 24.)

Also presently before the Court is a Motion to Strike Affirmative Defense and Dismiss Defendant's Counterclaims filed by Obesity Research. (ECF No. 27.) In response to this motion, Fiber Research filed a notice of intent to amend its Counterclaims. (ECF No. 39.) On May 28, 2015, Fiber Research then filed an Answer and First Amended Counterclaims ("FACC"). (ECF No. 41.) Subsequently, Obesity Research filed a new Motion to Strike Affirmative Defense, which is presently before this Court. (ECF No. 42.)

As a preliminary matter, in light of the fact that Fiber Research filed a timely FACC, and Obesity Research filed a new Motion to Strike the Affirmative Defense, the Court hereby **TERMINATES AS MOOT** Obesity Research's initial Motion to Strike Affirmative Defense and Dismiss Defendant's Counterclaims (ECF No. 27). *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled on other grounds by *Lacey v. Maricopa Cnty*, 693 F.3d 896 (9th Cir. 2012) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

The Court now turns to the other two motions. The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, Court **DENIES** Obesity Research's Motion to Strike Defendant's Corporate Disclosure Statement (ECF No. 24) and Motion to Strike Affirmative Defense (ECF No. 42).

///

## I. MOTION TO STRIKE CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, each nongovernmental corporate party must file a disclosure statement that either "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock" or "states that there is not such corporation." Fed. R. Civ. P. 7.1(a). This Rule is echoed in the Civil Local Rule which requires that "any non-governmental corporate party to an action in this court must file a statement identifying all its parent corporations and listing any publicly held company that owns 10% or more of the party's stock." Civ. L.R. 40.2. Rule 7.1 "should be broadly construed to serve its purpose: full disclosure." *Best Odds Corp. v. iBus Media Ltd.*, No. 14-cv-00932-RCJ-VCF, 2014 WL 5687730, at *1 (D. Nev. Nov. 4, 2014) (citing 53 C. Wright & A. Miller, Federal Practice & Procedure: Civil 3d § 1197 at 78 (3d ed. 2004)).

Fiber Research filed a corporate disclosure statement stating that Fiber Research "has no parent corporation, and no publicly-held corporation owns 10% or more of its stock." (ECF No. 9.) Obesity Research first argues this is insufficient because Fiber Research fails to disclose the identities of its LLC members. This is a peculiar argument given that Obesity Research, which is also an LLC, filed an identical disclosure statement stating that Obesity Research, "a California limited liability company, hereby states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock" (ECF No. 2), without disclosing the identities of its members. In fact, no rule in this district requires the corporate disclosure statement to include a list of the LLC members.

Obesity Research's second argument – that the Court cannot determine subject matter jurisdiction without knowing the identities of the members of the LLC – is even stranger. Obesity Research filed its Complaint, alleging subject matter question jurisdiction under the Lanham Act and the FFDCA. (ECF No. 1 at ¶ 1.)[1] Although

---

[1] Both the Complaint and Counterclaims assert that this Court has federal question jurisdiction. (*See* Compl. at ¶ 1 ("This Court has subject matter jurisdiction

1  Fiber Research includes diversity jurisdiction as one of the grounds for subject matter
2  jurisdiction in its FACC, and although diversity jurisdiction would require each party
3  to identify the citizenship of each of its members, *see Johnson v. Columbia Props.*
4  *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)("an LLC is a citizen of every state
5  of which its owners/members are citizens"), in this case, subject matter jurisdiction
6  clearly exists because federal questions are alleged. Hence, the diversity inquiry is
7  unnecessary.
8        Accordingly, the Court finds Obesity Research has failed to state grounds for
9  its Motion to Strike. If, after discovery, Obesity Research learns that Fiber Research
10 does, in fact, have a parent company or that a publicly-held corporation owns more
11 than 10% of its stock, it can certainly bring this issue to the Court's attention, and the
12 Court could consider sanctions at that time. However, Obesity Research's Motion to
13 Strike Corporate Disclosure (ECF No. 24) is **DENIED**.
14 **II.  MOTION TO STRIKE AFFIRMATIVE DEFENSE**
15       In its motion to strike the affirmative defense, Obesity Research argues that
16 Fiber Research's defense of unclean hands fails to satisfy the plausibility standard set
17 forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556
18 U.S. 662 (2009), and fails to give Obesity Research fair notice of the grounds upon
19 which it rests. As discussed below, Obesity Research's argument fails on both
20 grounds.
21       Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may
22 strike from a pleading "an insufficient defense or any redundant, immaterial,
23 impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f)

---

25 of this action pursuant to 28 U.S.C. § 1331 because Plaintiff seeks a declaration that
   it did not violate neither [sic] the Lanham Act, 15 U.S.C. § 1125 *et seq.* nor the
26 Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.*"); ECF No. 16 at ¶ 25
   ("This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.
27 §1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), 28 U.S.C. § 1332
28 (diversity) and 28 U.S.C. § 1367 (supplemental jurisdiction)").)

motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

An affirmative defense is "immaterial" under Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and it is "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations omitted), rev'd on other grounds, 510 U.S. 517 (1994). It also may be "insufficient" as a matter of law where there are no questions of fact, any questions of law are clear and not in dispute, and under no set of circumstances could the defense succeed. *Vogel v. Huntington Oaks Del. Partners*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citation omitted).

On the other hand, an affirmative defense is sufficient under Rule 12(f) if "it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013) (stating that the Ninth Circuit has continued to apply *Wyshak* post *Iqbal/Twombly*, citing *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). Under *Wyshak*, "[f]air notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Island Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "It does not, however, require a detailed statement of facts." *Id*.

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "[The] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted).

In this case, Fiber Research alleges one single affirmative defense of unclean hands. It then goes on to allege in 85 pages its Counterclaims, outlining why it believes Obesity Research acted improperly (and with unclean hands). For Obesity Research to now claim that it has no fair notice of the grounds for unclean hands is, as Fiber Research points out, "absurd." Furthermore, any discovery that will be conducted in response to the Counterclaims will be equally applicable to the unclean hands defense. Thus, striking the unclean hands defense does absolutely nothing for stream-lining or avoiding unnecessary expenditure.

Although this Court has declined, absent further direction from the Supreme Court or Ninth Circuit, to extend the *Twombly/Iqbal* pleading standards to affirmative defenses as some district courts have done,[2] the details provided in Fiber Research's Counterclaims would meet this additional standard as well. No purpose is served by requiring Fiber Research to restate these allegations under the heading of "affirmative defenses."

## III. CONCLUSION

For the foregoing reasons, Obesity Research's Motion to Strike Corporate Disclosure Statement (ECF No. 24) is **DENIED**; Obesity Research's Motion to Strike Fiber Research's single affirmative defense of unclean hands (ECF No. 42) is **DENIED**; and Obesity Research's Motion to Dismiss Counter-claims and strike affirmative defenses (ECF No. 27) is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

DATED: February 25, 2016

Hon. Cynthia Bashant
United States District Judge

---

[2] *See e.g., Figueroa v. Stater Bros. Mkts., Inc.*, No. CV 13-3364 FMO (JEMx), 2013 WL 4758231, at *2-3 (C.D. Cal. Sept. 3, 2013).