**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 15-cv-00595-BAS(MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(ECF No. 52) |

On March 16, 2015, Obesity Research Institute, LLC ("Obesity Research") filed a Complaint for Declaratory Judgment against Fiber Research International, LLC ("Fiber Research") asking the Court to declare that it has no liability under either the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, or the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301 *et seq.* (ECF No. 1.) On May 28, 2015, Fiber Research filed an Answer, in which it asserts the affirmative defense of unclean

hands, and a First Amended Counterclaim. (ECF No. 41 ("FACC").) Obesity Research has moved to dismiss the FACC and strike the affirmative defense. (ECF Nos. 42, 43.)

On June 30, 2015, U.S. Magistrate Judge Mitchell D. Dembin issued a scheduling order directing that any motion to amend the pleadings be filed by July 27, 2015. (ECF No. 46 at ¶ 2.) On July 22, 2015, Obesity Research filed the present motion seeking leave to file a First Amended Complaint for Declaratory Judgment. (ECF No. 52.) Fiber Research opposes. (ECF No. 54.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, Court **GRANTS** Obesity Research's Motion for Leave to File a First Amended Complaint. (ECF No. 52.)

## I. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted). Denial of a request to amend is only proper when it "would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers, Waterproofers and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990).

///

///

## II. DISCUSSION

Obesity Research seeks leave to file a First Amended Complaint for Declaratory Judgment (1) to add Shimizu Chemical Corporation ("Shimizu") as a party; (2) to add a cause of action for declarative relief based on California's unfair competition and false advertising laws; and (3) adding allegations to bolster its defense of laches. (ECF No. 52.) Fiber Research opposes, arguing: (1) the amendment would be clearly frivolous or futile because Shimizu has assigned its interests to Fiber Research; and (2) Fiber Research would be prejudiced by the amendment because it would cause undue delay. (ECF No. 54.) The Court disagrees.

Although Fiber Research alleges Shimizu has assigned its claims to Fiber Research, Fiber Research has filed no documentation confirming this assignment. Obesity Research has an interest in making sure the assignment is valid. It would not be frivolous to assure that this litigation resolves all issues with respect to Propol and its connection to Obesity Research's Lipozene. Hence, the Court finds amendment to add Shimizu would not be futile.

More importantly, the Court finds amendment would not be unduly prejudicial. The Court is mindful that the current scheduling order requires that discovery be completed by February 29, 2016 and that this amendment is likely to extend the discovery time. (*See* ECF Nos. 71, 72.) However, Obesity Research contends it plans to serve Shimizu via mail, countering Fiber Research's argument that service will require months of delay. (*See* ECF No. 52-1 at p. 6; ECF No. 55 at pp. 2-3.) Obesity Research further states it was waiting on an order on its motion to dismiss the Counterclaims before adding Shimizu as a party, but, as the Court had not yet ruled on the motion, moved to amend before the cut-off date set in Judge Dembin's scheduling order. (ECF No. 52-1 at p. 3.) Obesity Research also alleges that it gave notice to Fiber Research back in June of last year of its intent to amend to add Shimizu as a party if the motion to dismiss was not granted. (*Id.*; *see also* ECF Nos. 52-9; ECF No. 55 at p. 3.) However, Fiber Research was not willing to stipulate to the

amendment.  (ECF No. 52-1 at p. 4; ECF No. 52-2 at ¶¶ 10, 11.)

As leave to amend a pleading should be freely granted so that the Court can resolve all issues on the merits, and the Court finds that such an amendment would not be "clearly frivolous, unduly prejudicial, cause undue delay," and there has been no finding of bad faith, the Court **GRANTS** Obesity Research's motion.  *See United Union of Roofers*, 919 F.2d at 1402.

### III. CONCLUSION

For the foregoing reasons, Obesity Research's Motion for Leave to File a First Amended Complaint is **GRANTED** (ECF No. 52).  Obesity Research shall file the First Amended Complaint for Declaratory Judgment, in the form attached as Exhibit 1 to the Declaration of Scott J. Ferrell, no later than **March 3, 2016**.

**IT IS SO ORDERED.**

**DATED:  February 25, 2016**

Hon. Cynthia Bashant
United States District Judge