UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No.  15-cv-0595-BAS-MDD<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REBUTTAL EXPERT REPORT OF DR. GEORGE FAHEY**<br><br>**[ECF NO. 119]** |

Before the Court is the Joint Motion to Determine a Discovery Dispute, filed on February 22, 2016, containing Plaintiff's motion to strike the rebuttal expert report of Defendant's expert Dr. George Fahey.  (ECF No. 119).  Plaintiff asserts that Dr. Fahey's report is improper rebuttal; that it merely buttresses the opinions of Defendant's initial expert, Dr. Wolever, and exceeds the scope of the summary opinions of Plaintiff's non-retained experts.  (*Id.* *3-5).  Defendant asserts that Dr. Fahey's report is proper rebuttal to the summary opinions of Plaintiff's non-retained experts.  (*Id.* *6-10).

## LEGAL STANDARD

Expert rebuttal reports must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in their expert disclosures under Rule 26(a)(2)(B) and (C). Rule 26(a)(2)(D)(ii), Fed. R. Civ. P. The court must carefully analyze the initial expert's proposed testimony and the corresponding expert's rebuttal testimony to determine the propriety of the rebuttal testimony. *HM Electronics, Inc. v. R.F. Technologies, Inc.,* No. 12-cv-2884-BAS-MDD, 2015 WL 1879428 *1 (S.D. Cal. April 17, 2015).

## ANALYSIS

Plaintiff disclosed three non-retained experts, Henny Den Uijl, Jim Ayres and Brian Salerno, pursuant to Rule 26(a)(2)(C). (ECF No. 119-7). The disclosures of the subject matter and summaries of facts and opinions to which each witness is expected to testify are identical for Messrs. Den Uijl and Ayres. Mr. Salerno's subject matter overlaps with the others but is more limited. Messrs. Den Uijl and Ayres disclose 14 identical summary facts and opinions. Mr. Salerno discloses 10 summary facts and opinions mirroring the first 10 disclosed by the others. (*Id.*).

Dr. Fahey's rebuttal expert report specifically identifies the contentions presented in Plaintiff's summary expert disclosures to which he is responding. (ECF No. 119-3 *158-160). Of the seven contentions addressed by Dr. Fahey, five were disclosed by all three non-retained experts and two were disclosed only by Messrs. Den Uijl and Ayres. (*Id.*). Dr. Fahey, of necessity, is hamstrung by the fact that Plaintiff, by using non-retained experts, is not required to serve expert reports. *Compare* Fed. R. Civ. P. 26(a)(2)(B) *with* Rule 26(a)(2)(C). Plaintiff's complaint that Dr. Fahey

exceeded the scope of the summary disclosures by Plaintiff's non-retained experts is unpersuasive. Dr. Fahey, in response to summary disclosures, is not limited to similarly limited responses. The Court has reviewed carefully, as required, the expert report of Dr. Fahey and finds that it is proper rebuttal, under these circumstances.

Plaintiff's assertion that Dr. Fahey's report is a masquerade for a supplemental report of Dr. Wolever is not supported by the review undertaken by the Court. Dr. Fahey's report appears designed to respond to the summary contentions of Plaintiff's non-retained experts. Dr. Fahey does not introduce any novel arguments and does not go beyond the subject matter and opinions of Plaintiff's non-retained experts. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.,* No. 08-cv-335-IEG-NLS, 2013 WL 4068833 *17 (S.D. Cal. August 12, 2013). It is a proper rebuttal expert report.

## CONCLUSION

Plaintiff's motion to strike the rebuttal expert report of Dr. Fahey, as presented in the instant joint motion, is **DENIED.**

**IT IS SO ORDERED.**

Dated: March 1, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge