UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No.  15-cv-0595-BAS-MDD<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE: DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IDENTIFIED AS PRIVILEGED IN PLAINTIFF'S PRIVILEGE LOG**<br><br>**[ECF NO. 123]** |

Before the Court is the Joint Motion to Determine a Discovery Dispute, filed on February 26, 2016, containing Defendant's motion to compel production of certain documents identified as privileged or as protected work product in Plaintiff's privilege log.  (ECF No. 123).  Defendant claims that service of the privilege log was so untimely that any privilege or protection has been waived and that, in any event, the assertion of privilege or protection regarding 31 of the communications is improper.  (*Id.* *1-12). Plaintiff counters that service of the privilege log was not untimely and the

1   privileges and protections asserted are appropriate.  (*Id.* \*12-24).

## LEGAL STANDARD

The Ninth Circuit consistently has described the attorney-client privilege as protecting communications: (a) where legal advice of any kind is sought; (b) from a professional legal advisor in his capacity as such; (c) relating to that purpose; (d) made in confidence; (e) by the client; (f) that are at the client's insistence permanently protected; (g) from disclosure by himself or the legal advisor; (h) unless the protection be waived. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009); *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).  The party asserting the privilege has the burden of establishing all of its elements and, even if established, the privilege is strictly construed.  *Id.* at 999-1000.

Apart from the attorney-client privilege, documents may be protected from discovery if the documents were prepared in anticipation of litigation or for trial by or for another party or its representative, including the party's attorney, consultant or agent.  *See* Fed. R. Civ. P. 26(b)(3)(A).  This work-product protection is not absolute and may be overcome.  *See* Rule 26(b)(3)(A)(i)-(ii).  Also, "[b]ecause the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product." *Garcia v. City of El Centro,* 214 F.R.D. 587, 591 (S.D. Cal. 2003).

## ANALYSIS

As an initial matter, the Court declines to find that Plaintiff has waived any claim of privilege or protection due to the alleged untimeliness of the service of Plaintiff's privilege log.  Although Plaintiff could have moved with greater dispatch, considering the factors identified in *Burlington Northern &*

*Santa Fe Railway, Co., v. United States District Court,* 408 F.3d 1142, 1149 (9th Cir. 2005), and applying them in "context of a holistic reasonableness analysis," the Court finds that Defendant has not been deprived of a meaningful opportunity to address Plaintiff's assertions of privilege and protection.

1. <u>Log Entries 1-14, 73, and 76-79 (ECF No. 123-3)</u>

Plaintiff seeks to protect the communications referenced in these log entries as work product and under the common interest doctrine. The common interest doctrine is not a privilege. It is an exception to the rule on waiver where communications are disclosed to third parties. *Nidec v. Victor Co. of Japan,* 249 F.R.D. 575, 578 (N.D. Cal. 2007). For the anti-waiver protection of the common interest doctrine to apply: 1) the communication is made by separate parties in the course of a matter of common legal interest; 2) the communication is designed to further that effort; and, 3) the privilege has not been waived. *Id.* The common interest must be a legal, as opposed to a commercial interest. *Id.*

The communications at issue pertain to the retention of ABC Laboratories to conduct testing of certain products in connection with this litigation. *See Declaration of Brian Salerno,* ECF No. 123-16 ¶10; *Declaration of Allison Borts,* ECF No. 123-17 ¶¶13-15. The common interest issue pertains to Mr. Salerno and his company, Nutralliance, Inc. According to Mr. Salerno, Nutralliance supplies the raw material ingredients used in Plaintiff's Lipozene product to other companies that manufacture and bottle the Lipozene product ultimately sold by Plaintiff. *Declaration of Brian Salerno,* ECF No. 123-16 ¶3. Neither Nutralliance nor Mr. Salerno are parties to this instant litigation and their legal, as opposed to commercial,

interest in the outcome of this litigation is unclear.  Accordingly, the Court declines to extend the common interest doctrine to Mr. Salerno and Nutralliance, Inc.

On the other hand, it is clear that Mr. Salerno was tasked by Ms. Borts, in around November 2015, to have certain tests performed in connection with this litigation.  *See Declaration of Brian Salerno*, ECF No. 123-16 ¶10; *Declaration of Allison Borts,* ECF No. 123-17 ¶¶13-15.  Ms. Borts works at Continuity Products, LLC which, pursuant to an agreement with Plaintiff, provides accounting, payroll, human resources, legal and marketing services to Plaintiff.  Pursuant to that agreement, Ms. Borts serves as in-house counsel for Plaintiff.  *Declaration of Allison Borts,* ECF No. 123-17 ¶¶3, 9.  Mr. Salerno, in turn, retained the services of ABC Laboratories.  *Salerno Declaration,* ECF No. 123-16 ¶10.  The communications referenced in log entries 1-14, 73, and 76-79 are protected by the work product doctrine but only to the extent that disclosure would divulge the strategies and legal impressions of Ms. Borts.

Unless they already have done so, Plaintiff is **ORDERED** to produce to Defendant redacted versions of the communications referenced at log entries 1-14, 73, and 76-79.  Plaintiff may redact passages that divulge the strategies and legal impressions of Ms. Borts.

2. <u>Log Entries 36, 39, 40 and 63 (ECF No. 123-3)</u>

These documents are identified as communications between Mr. Salerno and Josh Weiss, who preceded Ms. Borts as counsel for Plaintiff.  *See Borts Declaration* ECF No. 123-17 ¶9.  Item 40 is identified as a communication between Mr. Salerno and one of his employees, April Martin.  The communications occurred in March and April, 2015, shortly after the

1  filing of the instant lawsuit but prior to Mr. Salerno being specifically tasked
2  by counsel to obtain lab testing of certain materials.  The declarations of Mr.
3  Salerno and Ms. Borts reflect no specific tasks assigned to Mr. Salerno until
4  approximately November 2015 when he was asked to arrange for lab testing.
5  *Salerno Declaration,* ECF No. 123-16 ¶10.  Although Mr. Salerno and Ms.
6  Borts state that Mr. Salerno had communications with Mr. Weiss regarding
7  this litigation prior to November, those assertions are unacceptably general
8  to protect communications with a purported consultant.  *See Borts*
9  *Declaration* ECF No. 123-17 ¶13; *Salerno Declaration,* ECF No. 123-16 ¶9.

10       The Court finds that Plaintiff has not sustained its burden that these
11  communications are protected work product.  Ms. Borts asserts, however,
12  that the communications are nonetheless privileged or protected under the
13  common interest doctrine or on the grounds that Mr. Salerno was a
14  "functional employee" of Plaintiff.

15       The Court has rejected the notion that Nutralliance, Inc., Mr. Salerno's
16  company, which supplies raw materials to other companies that manufacture
17  Plaintiff's product, and Mr. Salerno, have a common legal interest with
18  Plaintiff.  Plaintiff suggests, as an alternative, that Mr. Salerno is a
19  functional employee of Plaintiff.  *Borts Declaration,* ECF No. 123-17 ¶12.  *See*
20  *United States v. Graf,* 610 F.3d 1148, 1158-59 (9th Cir. 2010).

21       As noted above, Mr. Salerno owns Nutralliance, Inc., which supplies
22  raw material to others to manufacture and bottle Plaintiff's Lipozene
23  product.  He appears to have his own offices and, while understandably
24  interested in the growth of Plaintiff's business, he does not have any of the
25  trappings of an employee.  Comparing Mr. Salerno with Mr. Graf makes the
26  point. Mr. Graf communicated with insurance brokers and others on behalf

of his putative employer, marketed the company's insurance plans, managed its employees, and was the company's voice in its communications with counsel. *Id.* at 1157. Mr. Salerno has his own business supplying raw material for use in Plaintiff's product. There is no allegation that he has acted on behalf of Plaintiff except, as discussed above, as a consultant in connection with obtaining lab tests. The Court is not convinced that he is a functional employee of Plaintiff.

Accordingly, the Court finds that the communications identified at log entries 36, 39, 40 and 63 are not privileged nor protected and must be disclosed.

3. <u>Log Entries 43 and 82 (ECF No. 123-3)</u>

These documents are identified as privileged communications between Henny den Ujil and Josh Weiss. As stated above, Mr. Weiss was the predecessor to Ms. Borts as in-house counsel for Plaintiff. Mr. den Ujil is identified as the sole manager of Plaintiff. *Borts Declaration,* ECF No. 123-17 ¶5. Plaintiff's assertion of privilege regarding these documents appears proper.

4. <u>Log Entries 44-45 (ECF No. 123-3)</u>

These documents, dated August 16, 2012, are identified as communications between Jim Ayres and Josh Weiss and either privileged, protected or non-waiver. The Court finds that Mr. Ayres is a functional employee of Plaintiff and the communications at issue are properly claimed as privileged. *See Declaration of James Ayres,* ECF No. 123-15 ¶10.

5. <u>Log Entries 75, 80 and 81 (ECF No. 123-3)</u>

These documents are identified as communications between Ms. Borts and Katie Crowell, identified as an inventory logistics manager at Continuity

Products, LLC, which provides a variety of services, pursuant to a management agreement, to Plaintiff. *Borts Declaration,* ECF No. 123-17 ¶3. It appears from the description of the communications that Ms. Borts tasked Ms. Crowell with some litigation-related work. Ms. Borts' Declaration, however, does not identify the nature of the task assigned to Ms. Crowell and no declaration from Ms. Crowell was filed. Despite that oversight, the Court will treat these communications as containing attorney work product. Accordingly, unless they already have done so, Plaintiff is **ORDERED** to produce to Defendant redacted versions of the communications referenced at log entries 75, 80 and 81. Plaintiff may redact passages that divulge the strategies and legal impressions of Ms. Borts.

## CONCLUSION

Accordingly, Defendant's motion to compel further responses, as presented in the instant joint motion, is **GRANTED IN PART AND DENIED IN PART**. To the extent that the Court has ordered further production, those documents must be provided to Plaintiff within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: March 11,, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge