**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (275423)
*melanie@jackfitzgeraldlaw.com*
TRAN NGUYEN (301593)
*tran@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840

**PRICE PARKINSON & KERR LLP**
JASON KERR (*pro hac vice*)
*jasonkerr@ppktrial.com*
CHRISTOPHER SULLIVAN (*pro hac vice*)
*sullivan@ppktrial.com*
RONALD F. PRICE (*pro hac vice*)
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

*Counsel for Defendant & Counterclaim-Plaintiff Fiber Research International, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>    Plaintiff & Counterclaim-Defendant,<br><br>    v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>    Defendant & Counterclaim-Plaintiff. | Case No. 15-cv-595-BAS-MDD<br><br>**FIBER RESEARCH INTERNATIONAL, LLC'S ANSWER TO OBESITY RESEARCH INSTUTE, LLC'S FIRST AMENDED COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

# ANSWER[1]

Defendant Fiber Research International, LLC ("Fiber Research," or "defendant") answers the allegations made by plaintiff Obesity Research Institute, LLC ("Obesity Research," or "plaintiff") in its Amended Complaint (Dkt. No. 139) as follows:

## JURISDICTION AND VENUE

1.  Admitted that the Court has subject matter jurisdiction and that plaintiff seeks a declaration.

2.  Admitted that venue is proper.

## PARTIES

3.  Admitted.

4.  Admitted.

5.  Admitted that Shimizu Chemical Corporation is organized and existing under the laws of Japan. Admitted that Shimizu formerly did business with plaintiff. Defendant states that to the extent the remaining allegations are legal conclusions, it is not required to either admit or deny the legal conclusions, and in all other respects the averments in paragraph 5 are denied.

6.  Defendant, on information and belief, admits that Obesity Research's contract manufacturers previously sourced glucomannan from Shimizu for use in Obesity Research products. Defendant has insufficient information with which to admit or deny, and therefore presently denies the remaining allegations of paragraph 6 of the Complaint.

---

[1] Fiber Research has moved for default judgment (Dkt. No. 161) based on Obesity Research's failure to respond to Fiber Research's First Amended Counterclaims (Dkt. No. 41), which Fiber Research presses. Fiber Research believes that, for the reasons set forth in its motion, default judgment against ORI is warranted. As such, while Fiber Research now files the present Answer to Obesity Research's Amended Complaint, it does so expressly on the basis that this filing does not in any manner constitute, and should not be construed as constituting, any type of implied or express admission, concession, agreement, stipulation, understanding, or acknowledgment that this case should continue beyond default judgment. On the contrary, Fiber Research files this Answer expressly without waiver of its position that default judgment should be entered against Obesity Research on all claims and counterclaims.

1

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
FIBER RESEARCH'S ANSWER TO FIRST AMENDED COMPLAINT

7. Defendant has insufficient information with which to admit or deny, and therefore presently denies the allegations of paragraph 7 of the Complaint.

8. Defendant does not know of any "DOES" and, as such, defendant has insufficient information with which to admit or deny and therefore presently denies the allegations of paragraph 8 of the Complaint. Defendant further objects to the definition of all defendants as "Defendant," which does not reasonably particularize the allegations as between defendants Fiber Research, Shimizu, and DOES.

## FACTUAL ALLEGATIONS

9. Admitted that plaintiff seeks declaratory relief, but defendant has insufficient information as to plaintiff's motive in doing so and therefore presently denies the remainder of paragraph 7 of the Complaint; further, Fiber Research denies there is an actual controversy between plaintiff and Shimizu.

10. Defendant admits that plaintiff contends its product, Lipozene, contains glucomannan. Defendant states it has insufficient information with which to admit or deny that plaintiff's products contain glucomannan, and on that basis currently denies that plaintiff's products contain or contained glucomannan during any of the relevant time periods. Defendant admits there are numerous clinical studies showing Shimizu Propol glucomannan is safe and effective for weight loss, but otherwise denies the remaining averments contained in paragraph 10 of the Complaint.

11. Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself.

12. Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself.

13. Defendant understands paragraph 13 to refer to Defendant's March 10, 2015 letter, and on that basis admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself. To the extent paragraph 13 fails to reasonably particularize the allegation, if it does not refer to defendant's March 10,

2

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
FIBER RESEARCH'S ANSWER TO FIRST AMENDED COMPLAINT

2015 letter, defendant states that due to a lack of particularization, defendant is presently unable to admit or deny the allegations.

14.     Defendant understands paragraph 13 to refer to Defendant's March 10, 2015 letter, and on that basis admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself. To the extent paragraph 14 fails to reasonably particularize the allegation, if it does not refer to defendant's March 10, 2015 letter, defendant states that due to a lack of particularization, defendant is presently unable to admit or deny the allegations.

15.     Defendant understands paragraph 13 to refer to Defendant's March 10, 2015 letter, and on that basis admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself. To the extent paragraph 15 fails to reasonably particularize the allegation, if it does not refer to defendant's March 10, 2015 letter, defendant states that due to a lack of particularization, defendant is presently unable to admit or deny the allegations.

16.     Defendant understands paragraph 13 to refer to Defendant's March 10, 2015 letter, and on that basis admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself. To the extent paragraph 16 fails to reasonably particularize the allegation, if it does not refer to defendant's March 10, 2015 letter, defendant states that due to a lack of particularization, defendant is presently unable to admit or deny the allegations.

17.     Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself.

18.     Defendant admits it sent a letter to the General Counsel of Obesity Research on or about March 10, 2015, and states that the letter speaks for itself.

19.     Defendant admits that plaintiff currently denies all wrongdoing, but denies that plaintiff has any factual or legal grounds for validly denying wrongdoing.

20.     Defendant admits that on May 28, 2015, it filed an Answer and First Amended Counterclaims. The pleading speaks for itself and therefore, to the extent the remaining

3

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
FIBER RESEARCH'S ANSWER TO FIRST AMENDED COMPLAINT

averments contained in this paragraph characterize or interpret said pleading, defendant denies them.

## FIRST CLAIM FOR RELIEF

**Declaratory Judgment – ORI Has No Liability Under the Lanham Act, 15 U.S.C. § 1125** *et seq.*

**(By Plaintiff Against All Defendants)**

21. Defendant incorporates by reference its responses contained in paragraphs 1-20 above as if fully set forth herein.

22. Paragraph 22 of the Amended Complaint is a legal conclusion rather than an alleged fact, and thus Defendant is not required to admit or deny the allegation. To the extent Defendant is required to admit or deny the allegation, it is presently denied.

23. Defendant admits plaintiff seeks a determination as set forth in this paragraph, but denies plaintiff has any legal or factual grounds for the determination it seeks.

## SECOND CLAIM FOR RELIEF

**Declaratory Judgment – ORI Has No Liability Under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301** *et seq.*

**(By Plaintiff Against All Defendants)**

24. Defendant incorporates by reference its responses contained in paragraphs 1-23 above as if fully set forth herein.

25. Paragraph 25 of the Amended Complaint is a legal conclusion rather than an alleged fact, and thus Defendant is not required to admit or deny the allegation. To the extent Defendant is required to admit or deny the allegation, it is presently denied.

26. Defendant admits the plaintiff seeks a determination as set forth in this paragraph, but denies plaintiff has any legal or factual basis to the determination it seeks.

///
///
///
///

4

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
FIBER RESEARCH'S ANSWER TO FIRST AMENDED COMPLAINT

## THIRD CLAIM FOR RELIEF

## Declaratory Judgment – ORI Has No Liability Under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

**(By Plaintiff Against All Defendants)**

27. Defendant incorporates by reference its responses contained in paragraphs 1-26 above as if fully set forth herein.

28. Paragraph 28 of the Amended Complaint is a legal conclusion rather than an alleged fact, and thus Defendant is not required to admit or deny the allegation. To the extent Defendant is required to admit or deny the allegation, it is presently denied.

29. Defendant admits the plaintiff seeks a determination as set forth in this paragraph, but denies plaintiff has any legal or factual basis to the determination it seeks.

## FOURTH CLAIM FOR RELIEF

## Declaratory Judgment – ORI Has No Liability Under the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*

**(By Plaintiff Against All Defendants)**

30. Defendant incorporates by reference its responses contained in paragraphs 1-29 above as if fully set forth herein.

31. Paragraph 31 of the Amended Complaint is a legal conclusion rather than an alleged fact, and thus Defendant is not required to admit or deny the allegation. To the extent Defendant is required to admit or deny the allegation, it is presently denied.

32. Defendant admits the plaintiff seeks a determination as set forth in this paragraph, but denies plaintiff has any legal or factual basis to the determination it seeks.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

33. Defendant is informed and believes and therefore alleges that plaintiff's Complaint, and each and every claim for relief thereof, is barred by the doctrine of unclean hands.

5

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
FIBER RESEARCH'S ANSWER TO FIRST AMENDED COMPLAINT

## PRAYER FOR RELIEF

34. WHEREFORE, Defendant prays for relief as follows:

    a. Judgment be entered in favor of Defendant, Fiber Research;

    b. Plaintiff Obesity Research take nothing;

    c. For reasonable attorneys' fees and costs; and

    d. For such other and further relief as the Court deems just and necessary.

## JURY DEMAND

35. Defendant hereby demands a trial by jury on all issues so triable.

Dated: March 17, 2016    /s/ Jack Fitzgerald

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**PRICE PARKINSON & KERR LLP**
JASON KERR
*jasonkerr@ppktrial.com*
CHRISTOPHER SULLIVAN
*sullivan@ppktrial.com*
RONALD F. PRICE
*ronprice@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

*Counsel for Defendant and Counterclaim-Plaintiff Fiber Research International, LLC*

6

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
FIBER RESEARCH'S ANSWER TO FIRST AMENDED COMPLAINT