| | |
|---|---|
| **THE LAW OFFICE OF JACK FITZGERALD, PC** | **GORDON & REES SCULLY MANSUKHANI LLP** |
| JACK FITZGERALD (257370) | RICHARD P. SYBERT (80731) |
| *jack@jackfitzgeraldlaw.com* | *rsybert@gordonrees.com* |
| TREVOR M. FLYNN (253362) | SEAN D. FLAHERTY (272598) |
| *trevor@jackfitzgeraldlaw.com* | *sflaherty@gordonrees.com* |
| MELANIE PERSINGER (275423) | AMANDA R. ABELN (290309) |
| *melanie@jackfitzgeraldlaw.com* | *aabeln@gordonrees.com* |
| Hillcrest Professional Building | 101 W. Broadway, Suite 2000 |
| 3636 Fourth Avenue, Suite 202 | San Diego, California 92101 |
| San Diego, California 92103 | Phone: (619) 696-6700 |
| Phone: (619) 692-3840 | Fax: (619) 696-7124 |
| Fax: (619) 362-9555 | *Counsel for Plaintiff and Counterclaim-Defendant Obesity Research Institute, LLC* |

**PRICE PARKINSON & KERR LLP**
JASON KERR (*pro hac vice*)
*jasonkerr@ppktrial.com*
CHRISTOPHER SULLIVAN (*pro hac vice*)
*sullivan@ppktrial.com*
RONALD F. PRICE (*pro hac vice*)
*ronprice@ppktial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

*Counsel for Defendant and Counterclaim-Plaintiff Fiber Research International, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, | Case No. 15-cv-595-BAS-MDD |
| Plaintiff & Counterclaim-Defendant, | **JOINT BRIEF REGARDING FIBER RESEARCH'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS & EXCLUDE EVIDENCE OF COSTS** |
| v. | [DISCOVERY MOTION] |
| FIBER RESEARCH INTERNATIONAL, LLC, | **REDACTED FOR PUBLIC FILING** |
| Defendant & Counterclaim-Plaintiff. | Date: TBA<br>Judge: Hon. Mitchell D. Dembin<br>Ctrm: 1E |

# FIBER RESEARCH'S PORTION

On April 13, 2015, FRI disclosed its election of remedies under 15 U.S.C. § 1117(a) as "Obesity Research's profits" (Dkt. No. 16, ¶ 66(F)). FRI's June 22 initial disclosures reiterated that it "has suffered damages in the form and amount of Obesity Research's gross profits from any and all products Obesity Research sold containing non-Propol alleged glucomannan, trebled pursuant to 15 U.S.C. § 1117." (Fitzgerald Decl. Ex. 1.)

On August 17, 2015, ORI responded to FRI's June 8, 2015 first document requests, also producing 299 pages of documents. (*Id.* ¶ 3.) Request No. 11 called for "[a]ny and all documents that support any claim you may have to reduce or minimize the damages claimed by Fiber Research." ORI objected "as overly broad as the use of the term 'any and all' is facially overbroad," and "insofar as the Request invades the attorney-client privilege and/or attorney work-product doctrine." (*Id.* Ex. 2 at 13.)

On September 1, 2015, FRI sought to meet and confer, noting with respect to Request No. 11 that ORI "has not provided a privilege log," and requesting that it therefore "confirm that . . . [it] is not withholding responsive documents on this basis[.]" (*Id.* Ex. 3 at 9.) The parties had a meet-and-confer conference on September 18. ORI represented it was not withholding any responsive documents as privileged. (*Id.* Ex. 4.[1]) Accordingly, ORI effectively represented that it was producing all documents in its possession responsive to Request No. 11, and FRI had no justification for moving to compel further production.

On August 17, 2015, ORI also served its responses to FRI's first interrogatories. Interrogatory No. 9 called for ORI to "state the total annual retail sales of the PRODUCT in dollars and number of units," but ORI objected and refused to respond. (*Id.* Ex. 5.) The Court later ordered a response, limited to the three years preceding the filing of the Complaint. (*See*

---

[1] FRI's September 1 letter also stated that ORI's "objection to the use of the phrase 'any and all' . . . is . . . unfounded," and asked ORI to "confirm that [it] is not withholding responsive documents on the basis of this objection." (*Id.* Ex. 3 at 9.) ORI had asserted this boilerplate objection in response to virtually every request, but never indicated that it was relying on this objection to limit its production. Thus although the September 18 email did not state so expressly, FRI understood ORI was not standing on this objection to withhold documents.

1

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

Dkt. No. 70; Fitzgerald Decl. Ex. 6, Oct. 27, 2015 Hrg. Tr. at 13-16.)

On November 30, ORI served its Second Supplemental Response to Interrogatory No. 9, but it was still deficient, merely estimating a range of dollar sales, failing to provide sales figures more than 9 months of the period required, and failing to provide any unit sales numbers. (Fitzgerald Decl. Ex. 7 at 10; *see generally* Dkt. No. 83 (FRI Mot. to Require Compliance (subsequently withdrawn, *see* Dkt. No. 89)).) FRI sought to meet and confer, but ORI played games, forcing FRI to file on December 24, 2015 a unilateral motion to compel ORI's compliance with the Court's Order. (Dkt. No. 83.) While this compelled ORI to finally provide a Third Supplemental Response on December 28, it was *still* deficient. Although the new response provided the full period of sales, it again failed to state unit sales. And, as ORI had done previously, it continued to only estimate how much of its revenue might be attributable to Lipozene. (*See* Fitzgerald Decl. Ex. 8 at 6.) In ongoing meet-and-confer communications, FRI asserted that because its burden of proof under 15 U.S.C. § 1117 is "to prove defendant's sales only," and ORI's burden to "prove all elements of cost or deduction claimed," if ORI could do no better than estimate its Lipozene sales, FRI was entitled to know ORI's total revenue during the period. (Fitzgerald Decl. ¶ 10.) On January 4, 2016, ORI finally provided the remaining information in response to Interrogatory No. 9 (*Id.* Ex. 9 at 5-7), leading FRI to withdraw its motion (Dkt. No. 89).

On January 20, 2016, FRI served ORI with a second set of requests for production. (*Id.* Ex. 10.) Request Nos. 16-24 sought documents "substantiating ORI's 'company-wide sales revenues for products" (Nos. 16-19), "substantiating ORI's representation that 'sales attributable to Lipozene amount for between ▮▮▮▮ of [ORI's] revenue'" (No. 20), and "substantiating ORI's 'total sales revenue for Lipozene" (Nos. 21-24), each "as stated in ORI's fourth supplemental response to Interrogatory No. 9." Similarly, Request Nos. 25-28 sought the "[d]ocuments from which ORI calculated" annual unit volumes of Lipozene, as stated in ORI's fourth supplemental response to Interrogatory No. 9. And Request Nos. 29-31 sought the same information for December 2015 (the information provided by ORI in response to Interrogatory No. 9 ended in November 2015). On February 22, ORI objected to

2

each request and stated that it would produce, instead of responsive documents, "a profit and loss statement for the relevant period," or "a cost of goods statement for the relevant period." (*Id.* Ex. 11.) On February 24, ORI produced a native spreadsheet designated ORI1477. (*Id.* Ex. 12.) According to the metadata, the document was created on February 9, and last saved February 17. (*Id.* ¶ 15.)

# I. ARGUMENT

ORI's response to FRI's document Request Nos. 16-31 is both under- and over-inclusive. It is under-inclusive because ORI refuses to produce the documentation underlying the dollar and unit sales figures provided in its verified Fourth Supplemental Response to FRI Interrogatory No. 9. It is over-inclusive because ORI instead provides non-responsive information that is also untimely, *i.e.*, a profit and loss statement and cost of goods sold statement. This is nothing more than gamesmanship, an attempt to sandbag FRI by producing for the first time in this litigation any evidence of costs or deductions that might satisfy ORI's burden under § 1117. This information should have been produced back in August in response to FRI's document Request No. 11, to which ORI represented it was making a full response.

ORI should be ordered to produce documents that are actually responsive to FRI Request Nos. 16-31, and precluded from relying on that information it did produce (*i.e.*, Fitzgerald Decl. Ex. 12, ORI1477) on any future motion or at trial. Fed. R. Civ. P. 37(c)(1).

## A. ORI Should be Compelled to Provide Documentation Underlying its Revenue and Unit Sales Representations

FRI is not required to take ORI's word that its sales are what its interrogatory response says they are; ORI could have been underrepresenting the sales, or even just made a math error. FRI is entitled to verify. *Accord Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir.1993) (under adversary system, opposing party entitled to see materials that form basis for summary of evidence). FRI document Request Nos. 16-31 thus reasonably sought the information on which ORI's interrogatory response was based—presumably the figures were not just pulled out of a hat, but rooted in some underlying documentation.

3

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

ORI is refusing to provide that information on the basis that it supposedly does not understand the words "substantiating," or "evidencing" and that producing "all" responsive documents would be burdensome. (Fitzgerald Decl. Ex. 11.) The first objection is nonsense, and the second unavailing since the requests do not call for "all" responsive documents, but instead only documents to substantiate or evidence the information in ORI's response to Interrogatory No. 9. ORI's offer to produce summary profit and loss and cost of goods sold statements prepared for this litigation is unavailing. They are not responsive, as they do not substantiate revenue or unit sales; and this is clearly not the information on which ORI's response to Interrogatory No. 9 was based, since it was created later (*id.* ¶ 15). Rather, the information ORI wants to provide only benefits ORI; but it untimely, as discussed below.

**B.   The Court Should Exclude Any Information Concerning ORI's Costs or Deductions Claimed Against Sales**

At the beginning of the discovery period, FRI document Request No. 11 called for any documents containing information ORI would use to "support any claim you may have to reduce or minimize the damages claimed by Fiber Research." ORI was on notice that FRI's damages claim was for its profits as defined by 15 U.S.C. § 1117. ORI represented that it was producing all documents in its possession, custody, or control responsive to Request No. 11, and that it was not standing on any objection to withhold documents. ORI's production did not include any documents demonstrating ORI's profits, margins, or costs of goods sold.

Then on November 16, 2015, in response to ORI's damage's expert's "non-opinion" (*see* Dkt. No. 81 at 2-3), FRI served a rebuttal report of Rick Hoffman, who stated:

> At this point, I do not have the financial and/or accounting information that is typically gathered by damage experts in matters such as this. Specifically, for the damages claims in this case, I need to have financial information from Obesity. [ . . . ] I understand that Obesity has been directed by the Court to produce its financial data and I therefore expect to receive additional documents that are responsive to the request identified above. Once I have received such information, I expect to update my calculations by utilizing these additional financial records and by implementing the conventional methodologies used for such measurements of damage.

1  (Fitzgerald Decl. Ex. 13 at 2.) Hoffman went on to explain the he "intend[s] to measure the
2  Unjust Enrichment as . . . . the revenue that was generated by Obesity due to the Alleged
3  Wrongful Conduct." (*Id.* at 4.) He noted that while "it is typically the plaintiff's burden to
4  prove the portion of the defendant's sales that give rise to any Unjust Enrichment[,] [ ] the
5  defendant must prove all elements of cost or deduction claimed," and that "this approach is
6  consistent with the . . . Lanham Act . . . which provide[s] for a disgorgement of the
7  defendant's profits. (*Id.*)

8  Still, ORI did not produce any financial information on which it can demonstrate costs
9  or deductions. FRI took ORI's deposition pursuant to Rule 30(b)(6) on February 22 and
10 February 25, 2016—well after ORI1477 was created—which included a topic on ORI's
11 finances. Still, ORI had not produced any financial information concerning costs, profits,
12 margin, or any other deductions. Only finally on February 24, did ORI first provide this
13 information, and then only in the summary form in ORI1477: FRI still has not received
14 primary documents responsive to Request No. 11, nor those forming the basis for ORI's
15 response to Interrogatory No. 9, or  the summary document designated ORI1477. (*Id.* ¶ 17.)

16 ORI's disclosure of this information is wildly untimely, coming more than six months
17 after ORI agreed in August 2015 to produce responsive documents "subject to its
18 objections," on which it later clarified it was not actually standing to withhold documents.

19 ORI has no substantial justification, and its delay was certainly not harmless. While
20 the Court provided ORI an opportunity to supplement the Beaton Report regarding damages
21 (Dkt. No. 81), this was not license to withhold from FRI during the entire discovery period
22 information about the costs and deductions ORI intends to claim. FRI was prevented from
23 examining ORI on the information, and thus has had no opportunity to test its veracity or ask
24 other question that would help guide its expert in analyzing the information. And FRI's
25 damages rebuttal expert—rather than the many months Beaton obviously spent carefully
26 compiling his "Attorney's Eyes Only" report (which is the subject of another FRI motion)—
27 must now scramble to throw together a rebuttal report, based on information FRI still does
28 not have in proper form, in just 14 days. (*See id.*)

5

# **OBESITY RESEARCH'S PORTION**

This motion is just one more in what has become FRI's pattern of manufacturing disputes and refusing to try to reach a resolution short of brining a motion. The fact is, however, ORI has produced documents responsive to FRI's document requests. The fact that FRI feels the documents are not supportive of its position is not sufficient reason to exclude them or burden ORI to produce additional documents.

## I.   Background

On August 17, 2015, ORI responded to FRI's first set of document requests. Fitzgerald Decl., Ex. 2. Dissatisfied with ORI's responses, FRI sought to meet and confer regarding the responses, including the response to Request No. 11 asking for "Any and all documents that support any claim you may have to reduce or minimize the damages claimed by Fiber Research." *Id.* On September 18, 2015, the parties through their respective counsel met and conferred telephonically regarding both ORI's responses to discovery and FRI's responses to ORI's discovery requests. Declaration of Amanda R. Abeln ("Abeln Decl."), ¶ 2, Ex. 1. During the meet and confer, ORI represented that it was "not withholding any documents on the basis of an asserted privilege based on the assumption/fact that the 'legal memos' as mentioned by FRI's counsel are non-responsive to such requests." *Id.* FRI filed a motion to compel further responses to its written discovery on October 5, 2015. Dkt. No. 60. As part of that motion, though, FRI did not move to compel further responses to Request No. 11.

On October 27, 2015, the Court held a discovery hearing on various discovery disputes between the parties. One of the issues during the hearing was the scope of Interrogatory No. 9. The Court limited the scope of Interrogatory No. 9, to require ORI only provide the first date of sale and a gross number sales number, not a micro number, for the relevant statutory period. Fitzgerald Decl., Ex. 6, p. 13:24-16:2. Complying with the Court's ruling during the, ORI supplemented Interrogatory No. 9. Fitzgerald Decl., Exs. 7 and 8. FRI, however, continued to insist that it was entitled to certain information despite the Court's ruling limiting the scope of Interrogatory No. 9 and certain information not being maintained by

6

ORI in its regular course of business. Acting in good faith, and in an attempt to avoid unnecessary motion practice, ORI again supplemented its response on January 4, 2016. *Id.*, Ex. 9.

About a month before the discovery cut-off, FRI propounded additional document requests seeking documents regarding ORI's revenues, profits, and sales. *Id.*, Ex. 10. In response, ORI timely produced profit and loss statements and cost of goods statements for the relevant statutory period.

On March 10, 2016, the parties met and conferred regarding ORI's responses to Request Nos. 16 thru 31. Abeln Decl., ¶ 3.

## II. ORI Has Produced Complied with and Produced Documents in Response to Request Nos. 16-31

FRI seeks to compel further responses to its second set of document requests. The requests at issue in this motion seek documentation concerning ORI's financials and sales. ORI objects to these requests on the basis that the requests are vague and ambiguous as well as overly broad and burdensome. FRI's own argument reinforces that ORI's objections are valid. On the one hand, FRI argues that the requests are not facially overbroad or burdensome because the requests do not call for "all" documents "substantiating" or "evidencing" the information. Yet at the same time, FRI claims that ORI has not produced all the documents that FRI wants. During the meet and confer, FRI's counsel represented that it was not seeking "all" documents, but refused to articulate the scope and bounds of its document requests and would not modify or clearly specify the scope of the requests. Abeln Decl., ¶ 3. Given that FRI cannot articulate to ORI, or the Court, as to the scope of its request, it is unreasonable to expect ORI to somehow determine what will satisfy FRI. FRI cannot claim that it does not want "all" documents but that what ORI has produced is both under and over inclusive. FRI's position is vague and ambiguous.

In support of its position, FRI also cites to only a single case – one that is inapplicable here and does nothing to shed light on what it is that FRI seeks – *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir. 1993). *Intel Corp.* concerned a dispute regarding an

7

award of attorneys' fees. The court held that summaries of the hours expended were insufficient to determine whether the hours expended were reasonable.

Here, despite the unclear document requests, ORI has attempted to comply with the requests and produced responsive documents (ORI 001477 and ORI 001732). In response to requests asking for documents "substantiating" or "evidencing" certain information ORI has produced its profit and loss statement and cost of goods statement for the relevant statutory period – March 2012 to December 2015. Unlike in *Intel Corp.*, ORI did not produce a mere summary but a comprehensive financial document typically reflective a business. Because the plain language of FRI's requests did not ask for all underlying documentation (nor would such a request be proper) ORI is not required to provide it. ORI, in fact, has produced supporting documentation. Further, the Court has already recognized in a prior ruling that the relevant sales information required is "a gross number, it's not a micro number." Fitzgerald Decl., Ex. 6, p. 15:20-21. Thus, the statements produced by ORI are sufficient and FRI is not entitled to additional documents consisting of a microanalysis of ORI's financials and sales.

Finally, to the extent that FRI does seek "all" documents, producing every single document pertaining to ORI's revenues, profits, and sales since March 2012 is indeed burdensome to ORI. A litigant cannot be expected to produce every invoice or receipt related to ▬▬▬▬▬▬▬▬▬▬ of costs and sales. ORI has produced documents containing the information FRI has requested, and that is sufficient. Additionally, the information produced is what ORI's expert has relied upon in his supplemental report.

### III. Information Regarding ORI's Costs or Deductions Against Claimed Sales Should not be Excluded

FRI argues that information concerning ORI's costs and deductions claimed against sales should be excluded because it was not timely produced. This is false. FRI's argument is based upon FRI's document Request No. 11 to ORI. ORI responded to this request and objected on the basis that it was overly broad and invaded the attorney-client privilege and/or attorney-work product doctrine. ORI's response went on to state that it

8

would "produce non-privileged and responsive documents within its possession, custody, or control, if any exist, and subject to the parties' agreement as to the proper scope of this Request." Fitzgerald Decl., Ex. 2.  While FRI may have disagreed with ORI's objections, the record shows that ORI did not represent that it had produced all documents as FRI purports nor did it waive any of its objections.   As stated above, it would be unreasonable to require or expect ORI to produce every receipt or invoice evidencing a cost paid, throughout the last four years.  ORI's only representation during the meet and confer was that it was "not withholding any documents on the basis of an asserted privilege based on the assumption/fact that the 'legal memos' as mentioned by FRI's counsel are non-responsive to such requests." Abeln Decl., ¶ 2, Ex. 1.  This was the extent of ORI's representation as was memorialized by both parties immediately following the meet and confer.  FRI's new recitation that this representation by ORI somehow actually meant that ORI was not withholding any documents does not mesh with either ORI's written response to Request No. 11 or the subsequent emails memorializing the meet and confer.  In fact, at the time of the meet and confer, no protective order had been put in place in this case and ORI would not have produced such sensitive information without one.

FRI also never moved to compel further responses to Request No. 11 and the time to do so has since passed.  *See* Dkt. No. 60.  The decision to not include Request No. 11 in its motion to compel back in October 2015 was FRI's choice, and it should not be permitted to try to re-raise a dispute long past .[2]  Even so, Request No. 11 as written, is overly broad.  FRI likely recognized this, otherwise it would not have needed to propound a second round of document requests regarding ORI's financial information.

Further, FRI has not been harmed by the disclosure of information concerning ORI's costs and deductions claimed against sales on February 24, 2016.  On December 17, 2015, the Court ordered that ORI's expert could supplement his report by March 7, 2016.  Dkt. No. 81, p. 4:11-13.  Likewise, the Court permitted FRI's rebuttal expert to supplement his

---

[2] The deadline for FRI to move to compel further responses was October 5, 2015.  Dkt. No. 59.  Discovery ended on February 29, 2016.  Dkt. No. 72.

9

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

rebuttal report by March 21, 2016. *Id.* at p. 4:13-15. Accordingly, FRI had the information concerning ORI's costs and deductions claimed against sales for nearly a month before it had to provide a supplemental rebuttal expert report. Furthermore, the information was produced prior ORI serving its supplemental expert report. Moreover, until FRI received that report, its rebuttal expert could not have been doing much, if anything, in preparing his rebuttal report.

## IV. Conclusion

Based upon the foregoing, ORI requests the Court to (1) deny FRI's motion to compel further responses to Request Nos. 16 thru 31 and (2) deny FRI's motion to exclude information concerning ORI's costs and deductions claimed against sales.

Dated: March 22, 2016

/s/ Amanda Abeln
**GORDON & REES SCULLY MANSUKHANI LLP**
Richard P. Sybert
*rsybert@gordonrees.com*
Sean D. Flaherty
*sflaherty@gordonrees.com*
Amanda R. Abeln
*aabeln@gordonrees.com*
100 W. Broadway, Ste. 2000
San Diego, California 92101
Phone: (619) 696-6700
Fax: (619) 696-7124
***Counsel for plaintiff Obesity Research Institute, LLC***

Dated: March 22, 2016

/s/ Jack Fitzgerald
Jack Fitzgerald
**THE LAW OFFICE OF JACK FITZGERALD, PC**
Jack Fitzgerald
*jack@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555
**PRICE PARKINSON & KERR LLP**
Jason Kerr
*jasonkerr@ppktrial.com*
Christopher Sullivan
*sullivan@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900
***Counsel for defendant Fiber Research International, LLC***

10

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS-MDD
JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

**ECF CERTIFICATION**

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I hereby certify that the content of the foregoing Joint Motion for Determination of Discovery Dispute Re Fiber Research's Motion to Compel the Production of Documents & Exclude Evidence of Costs is acceptable to all persons required to sign the document, and that I obtained authorization to file with the electronic signatures of all counsel for all parties on the document.

Dated: March 22, 2016          /s/ Jack Fitzgerald
                               Jack Fitzgerald