UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No. 15-cv-0595-BAS-MDD<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE WHY RIEU SHIMIZU SHOULD NOT BE HELD IN CONTEMPT**<br><br>**[ECF NO. 147]** |

Originally filed in the District of Nevada, where the subject subpoena was served and required compliance, this dispute was transferred to this Court pursuant to Fed. R. Civ. P. 45(f). Accordingly, before the Court is Plaintiff's application for an order to show cause why non-party Rieu Shimizu should not be held in contempt for failing to respond to or comply with the subpoena served upon him. (ECF No. 147). An opposition was filed in the District of Nevada by Defendant but is not relevant to these proceedings.

(ECF 148).[1]

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to non-parties. Among other things, the rule provides in pertinent part: "A subpoena may command a person to attend a . . . deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(b)(1)(A), Fed. R. Civ. P.

## ANALYSIS

Mr. Shimizu was served with a Rule 45 subpoena in Las Vegas, Nevada, where it appears he was attending a trade show. *See Application for Issuance of an Order to Show Cause ("Application")* at 6 (ECF No. 147 *6). Mr. Shimizu's connection to this case is that he was listed in Defendant's initial disclosures under Rule 26(a)(1) as a person likely to have discoverable information. (ECF No. 147 *62). Defendant provided that Mr. Shimizu should be contacted through counsel for Defendant. (*Id.*).

A district court must have personal jurisdiction over a non-party to compel him to comply with a discovery request under Rule 45. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 & n. 20 (2d Cir. 2014); *NML Capital, Ltd. v. Republic of Argentina,* 2015 WL 1186548 *9 (Nos. 2:14-cv-492-RFB-VCF, 2:14-cv-1573-RFB-VCF, D. Nev. March 16, 2015.). For Mr. Shimizu to be subject to enforcement of this subpoena, the subpoena had to

---

[1] It appears from the pleading that Defendant believed that Plaintiff was filing a new lawsuit against Defendant on the same facts as in the instant litigation and challenged the propriety of Plaintiff doing so. The opposition, accordingly, is not relevant to determining whether Mr. Shimizu should show cause regarding contempt.

1  command compliance within 100 miles of his residence, place of employment
2  or place where he regularly transacts business in person.  Rule 45(b)(1).  Mr.
3  Shimizu is a resident of Japan.  *Declaration of Sean D. Flaherty in Support of*
4  *Application* ¶15 (ECF No. 147 *31).  There is no evidence that he is employed
5  anywhere in the United States.  Nor is there evidence that he "regularly
6  transacts business in person" in Nevada.  Plaintiff baldly asserts that "Mr.
7  Shimizu regularly transacts business in Las Vegas, Nevada" because of his
8  attendance at the trade show where he was served.  *Application* at 4-5 (ECF
9  No. 147 *4-5); *Flaherty Declaration* ¶7 (ECF No. 147 *30 ¶7).  The Court
10 finds that Mr. Shimizu's attendance at a trade show is insufficient evidence
11 to conclude that Mr. Shimizu is subject to enforcement of this subpoena.

12        Plaintiff also asserts that because Defendant is asserting rights in this
13 case based upon assignment of rights from Shimizu Chemical Corporation,
14 and that Mr. Shimizu is part of that company, that he is amenable to service
15 as if he was employed by or regularly conducting business in person with
16 Defendant.  *See Application* at 3 (ECF No. 147 *3).  Plaintiff has not asserted
17 nor established that Defendant is an alter ego of Shimizu Chemical
18 Corporation such that Mr. Shimizu is stripped of the protection provided to
19 foreign non-parties under Rule 45.  *See NML Capital, Ltd. v. Republic of*
20 *Argentina,* 2015 WL 1186548 *9.
21 //
22 //
23 //
24 //
25 //
26 //

3

## CONCLUSION

Plaintiff's application for an order to show cause why Rieu Shimizu should not be held in contempt is **DENIED.**

**IT IS SO ORDERED.**

Dated: April 6, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge