1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  OBESITY RESEARCH                    Case No.  15-cv-0595-BAS-MDD
    INSTITUTE, LLC,
12                                      **ORDER GRANTING IN PART**
                            Plaintiff,  **DEFENDANT'S MOTION TO**
13                                      **STRIKE PLAINTIFF'S FIRST**
    v.                                  **SUPPLEMENTAL INITIAL**
14                                      **DISCLOSURES**
    FIBER RESEARCH
15  INTERNATIONAL, LLC,
                                        **[ECF NO. 171]**
16                          Defendant.

17

18        Before the Court is Defendant's motion to strike Plaintiff's first

19  amended supplemental disclosures, presented in a joint motion as required

20  by this Court's chambers rules, filed on March 22, 2016.  (ECF No. 171).

21  Plaintiff served its amended supplemental disclosures upon Defendant as an

22  attachment to an electronic mail at 7:07 pm on February 29, 2016, the day

23  general discovery closed in this case.  *See Exh. 1, Declaration of Jack*

24  *Fitzgerald* (ECF No. 171-2).  The supplemental disclosures added 14

25  witnesses and 18 categories of documents to Plaintiff's initial disclosures

26  under Fed. R. Civ. P. 26(a)(1)(A).  Defendant moves to strike the amended

disclosures as untimely and unjustified.  Plaintiff asserts that the amended disclosures are timely and justified.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs initial disclosures and supplementing the disclosures.  Regarding initial disclosures, Rule 26 provides, in pertinent part, that

> "a party must, without awaiting a discovery request, provide to the other parties:  (i) the name [and contact information if known] of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . . ; [and] (ii) … a description by category and location . . . of all documents . . . that the disclosing party has in its possession, custody or subject to its control and may use to support its claims and defenses . . . ."

Rule 26(a)(1)(A)(i),(ii).  Regarding supplementing these initial disclosures, Rule 26 provides, in pertinent part, that

> "[a] party . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 26(e)(1)(A).

The Advisory Committee's note to the 1993 amendment to Rule 26(a)(1) states that the disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish.  The litigants should not indulge in gamesmanship with the respect to the disclosure obligations."  "Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do

1    their clients no service and necessarily risk the imposition of sanctions."

2    *Poitra v. School District No. 1,* 311 F.R.D. 659, 664 (D. Colo. 2015).

3    <u>ANALYSIS</u>

4        Gamesmanship appears the order of the day in this litigation.  Fed. R.

5    Civ. P. 1 provides that the Federal Rules of Civil Procedure "should be

6    construed, administered, and employed by the court **and the parties** to

7    secure the just, speedy, and inexpensive determination of every action and

8    proceeding."  (emphasis added).  This case is straightforward.  Either the

9    konjac-based products of the parties is substantially the same, in which case

10    Plaintiff likely prevails, or it is not, in which case Defendant likely prevails

11    on its counterclaims.  Nevertheless, the docket now includes roughly 14

12    discovery-related disputes.  The Court is of the firm impression that the

13    cooperation envisioned by the recent amendments to the Federal Rules of

14    Civil Procedure is woefully lacking in this case.

15    I.   <u>Timeliness</u>

16        Plaintiff takes the position that the amended disclosures are

17    presumptively timely because they were served prior to the close of discovery

18    even if only by a matter of hours.  *See Joint Brief* at 6-7 (ECF No. 171 *7-8).

19    Plaintiff argues that inasmuch as there was no deadline in the Scheduling

20    Order in this case for supplementation of initial disclosures, the date closing

21    discovery is the *de facto* deadline to supplement initial disclosures, not "well-

22    before" the deadline which, according to Plaintiff, would be unworkable.  *Id.*

23    at 6 (ECF No. 171 *7).

24        Plaintiff is half-right.  Amended disclosures served after the close of

25    discovery are presumptively untimely.  *See Ashman v. Selectron, Inc.,* 2010

26    WL 3069314 *4, No. CV 08-143 JF (N.D. Cal. Aug. 4, 2010).  But this does not

mean that the contrary is true and that amended disclosures served just hours before the close of discovery presumptively are timely.

The answer, at least with regard to witnesses, is provided in Rule 26(a)(1)(A) which requires that disclosures must be made of "individual[s] **likely to have discoverable information.**" This phrase alone suggests that disclosures of witnesses must be made sufficiently in advance of the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of these witnesses. *See Reed v. Washington Area Transit Authority,* 2014 WL 2967920 *2, No. 1:14cv65 (E.D. Va. July 1, 2014)("Making a supplemental disclosure of a known fact witness a mere two days before the close of discovery, as is the case here, is not timely by any definition."). The Court finds the amended disclosures untimely. The Court will address the impact of this finding below.

II.   <u>Witness Disclosures</u>

Having determined the supplemental disclosures of witnesses untimely, the inquiry turns first to whether the functional equivalent of the information required under Rule 26(a)(1)(A) otherwise was made known to Defendant under Rule 26(e)(1)(A) such that supplementation was not required. If supplementation was required and the supplementing party failed to comply with Rule 26(a) or (e), Rule 37(c)(1) requires the Court to consider sanctions "unless the failure was substantially justified or harmless." The party facing sanctions has the burden of establishing that its omission was justified or harmless. *Reed v. Washington Area Transit Authority,* 2014 WL 2967920 *2.

Regarding whether supplementation was required, the Court must determine whether the information otherwise made known during the discovery process is the functional equivalent of the information required

under Rule 26(a)(1)(A).  *Poitra v. School District No. 1,* 311 F.R.D. at 666.

There are four factors the Court must consider in determining whether a violation of a discovery deadline is justified or harmless:  (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.  *See Lanard Toys v. Novelty, Inc.,* 375 Fed. Appx. 705, 713 (9th Cir. 2010).

The only way to determine whether supplementation was required and, if so, whether the failure to do so was substantially justified or harmless regarding the 14 witnesses identified in the amended disclosure, is to review the circumstances of each witness.  In that regard, the parties have been less than helpful.  Neither party considered that it may be useful to present a list of the supplemental witnesses juxtaposed with whether they previously were disclosed or were deposed.  Instead, the Court has been required to parse the joint motion to create its own list as follows:

1. Ryusuke Shimizu

Although not previously disclosed, two other principals of Shimizu Chemical Corporation were disclosed initially by Plaintiff.  In this case, Defendant is pursuing rights purportedly assigned to it by Shimizu Chemical Corporation.  Defendant surely knows how to contact Mr. Shimizu and learn what he may say regarding the claims and defenses in this case.  Defendant is aware that Plaintiff served a subpoena upon Mr. Shimizu and attempted to compel his appearance at deposition.  (ECF No. 147).  This disclosure, if supplementation was required, is harmless.

2. John Alkire

Mr. Alkire is the owner of Defendant and was disclosed by Defendant in

1    its initial disclosures.  Defendant certainly has access to Mr. Alkire and

2    knows the information he may have regarding the claims and defenses in this

3    case.  If supplementation was required by Plaintiff, the failure to do so timely

4    is harmless.

5        3. Harry Preuss

6        Mr. Preuss, an author of a study used by both parties in this case, was

7    identified by Defendant in its initial disclosures, was deposed by Plaintiff and

8    represented by counsel for Defendant in his deposition.  Defendant has the

9    functional equivalent of the information required under Rule 26(a)(1)(A) such

10   that supplementation was not required.

11       4. Brian Salerno

12       Mr. Salerno was disclosed by Plaintiff as a non-retained expert in this

13   case and has been deposed, apparently in that context.  Plaintiff

14   unsuccessfully requested that this Court deem Mr. Salerno a functional

15   employee of Plaintiff and his company, Nutralliance, Inc., engaged in

16   common cause with Plaintiff.  (*See* ECF No. 151).  In its supplemental

17   disclosures, Plaintiff now identifies Mr. Salerno as a fact witness.  The Court

18   finds this supplementation untimely and prejudicial.  Plaintiff must have

19   known, considering the relationship, that Mr. Salerno had more to offer than

20   his expert opinion.  He should have been disclosed timely and, applying the

21   *Lanard Toys* factors, the failure is not substantially justified or harmless.

22   The failure to disclose an individual as a fact witness, even if disclosed for

23   another purpose, is not harmless.  *Reed v. Washington Area Transit*

24   *Authority,* 2014 WL 2967920 *3-4.

25       5. Wendy Wang

26       Ms. Wang is the proprietor of Advanced Botanical Consulting &

6

Testing, Inc.  Defendant's motion to compel production of documents from Ms. Wang's company recently was the subject of an order of this Court. (ECF No. 200).  Ms. Wang's company was hired by Plaintiff's agents to perform certain lab testing in connection with this litigation.  (ECF No. 151).  Ms. Wang, it appears, has not been deposed.  Having employed Ms. Wang and her company in connection with this litigation, Plaintiff was in a position to disclose Ms. Wang long before the discovery deadline.  Applying the *Lanard Toys* factors, its failure to do so is not substantially justified or harmless.

6.  Ron Ovadia

Mr. Ovadia apparently is associated with a company called West Coast Laboratories, Inc.  He has not previously been the subject of disclosures nor been deposed.  According to Plaintiff, he was identified in an interrogatory response by Plaintiff.  Plaintiff has not asserted that the interrogatory response provided the functional equivalent of the information required under Rule 26(a)(1)(A).  The supplementation was untimely and, considering the *Lanard Toys* factors, is not substantially justified or harmless.  Moreover, the disclosure of the subject of his information is too general to provide any value.

7.  Steven Snyder

Mr. Snyder is identified as with 21st Century Healthcare, Inc.  He is similarly situated to Mr. Ovadia and will be considered as such.

8.  Tim Peters

Mr. Peters, of Medallion Labs, previously was disclosed by Defendant. Consequently, Defendant must know what information Mr. Peters may have in connection with the claims and defenses in this case.  The Court finds the tardy disclosure of Mr. Peters harmless.

9. Gayle Bensussen

Ms. Bensussen is identified as working for Vit-Best/Vita Tech. She was not previously disclosed nor deposed. All that Plaintiff provides in this regard is that Defendant subpoenaed information from Vit-Best/Vita Tech. And, the disclosure was too general to provide any notice of value. There appears no reason that she was not disclosed timely. The failure to do so, considering the *Lanard Toys* factors, is not substantially justified or harmless.

10. Certain 30(b)(6) Witnesses

This company, the name of which apparently is protected under the protective order extant in this case, was identified during the deposition of Mr. Salerno, according to Plaintiff. Considering the relationship of Mr. Salerno to Plaintiff, this disclosure was not timely and, considering the *Lanard Toys* factors, there appears no substantial justification and is not harmless.

11-13. Patience Hannah, Angela Emmerson, Bradley Sutton

Plaintiff offers no justification for not previously disclosing these witnesses. And, the information provided regarding the subject of their information is too general to be of any value. These disclosures should have been made earlier and, considering the *Lanard Toys* factors, are not substantially justified or harmless.

14. Jamie Stein

Ms. Stein is the CFO of Continuity Products, LLC, which serves as the management company for Plaintiff. (ECF No. 151). Plaintiff had to have known whether Ms. Stein had discoverable information prior to February 29, 2016. The disclosure was not timely and, considering the *Lanard Toys* factors, is not substantially justified or harmless.

III.   Document Disclosures

In addition to disclosing 14 witnesses in its amended supplemental disclosure, Plaintiff disclosed 18 new categories of documents under Rule 26(a)(1)(A)(ii).  Neither party addressed these disclosures, other than summarily, in the joint motion.  The Court finds that, although untimely, these disclosures are harmless.

IV.   Consequences

Plaintiff argues that there should be no consequence to its tardy witness disclosures because of the Court's Order dated February 25, 2016, permitting a First Amended Complaint to be filed adding Shimizu Chemical Corporation as a defendant.  (ECF No. 122).  According to Plaintiff, this means that discovery will be extended and, by implication, that any harm from the tardy disclosures will be dissipated.  Plaintiff has moved the Court to amend the scheduling order on that basis.  (ECF No. 185).  That motion is not yet fully briefed and the Court will address it in due course.  As matters now stand, however, Shimizu Chemical Corporation has not entered an appearance in this case.  If and when Shimizu Chemical Corporation enters the case, the Court will consider the extent to which discovery will reopen.  It may or may not render the current dispute moot.

Having found that the disclosures of certain witnesses was not timely and not harmless, the Court is required to consider sanctions.  Rule 37(c)(1) provides that the consequence of a party's failure to comply with the provisions of Rule 26(a) or (e) is that "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial."  Rule 37(c)(1) authorizes the court to consider additional or different sanctions.  *See* Rule 37(c)(1)(A)-(C).  The Court finds this sanction sufficient and justified in

1 | this case at this time.

2 | CONCLUSION

3 | Defendant's motion to strike Plaintiff's first supplemental amended

4 | disclosures, as presented in this joint motion, is **GRANTED IN PART AND**

5 | **DENIED IN PART.**

6 | Plaintiff is precluded, absent further order from the Court, from using

7 | Brian Salerno, other than as a non-retained expert witness, Wendy Wang,

8 | Ron Ovadia, Steven Snyder, Gayle Bensussen, Certain 30(b)(6) Witnesses,

9 | Patience Hannah, Angela Emmerson, Bradley Sutton, or Jamie Stein to

10 | supply evidence on a motion, at a hearing, or at a trial in this case.

11 | **IT IS SO ORDERED.**

12 | Dated: April 8, 2016

13 |

14 | Hon. Mitchell D. Dembin
   | United States Magistrate Judge

10