1  RICHARD P. SYBERT (SBN: 080731)
   rsybert@gordonrees.com
2  SEAN D. FLAHERTY (SBN: 272598)
   sflaherty@gordonrees.com
3  AMANDA R. ABELN (SBN: 290309)
   abeln@gordonrees.com
4  PATRICK J. MULKERN (SBN: 307272)
   pmulkern@gordonrees.com
5  GORDON & REES LLP
   101 W. Broadway, Suite 2000
6  San Diego, CA 92101
   Telephone: (619) 696-6700
7  Facsimile: (619) 696-7124

8  Attorneys for Plaintiff
   OBESITY RESEARCH INSTITUTE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company,<br><br>Plaintiff.<br><br>vs.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, a Nevada limited liability company, and DOES 1-10, inclusive,<br><br>Defendants,<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>OBESITY RESEARCH INSTITUTE, LLC,<br><br>Counter-defendant. | CASE NO. 3:15-cv-00595-BAS-MDD<br><br>**PLAINITFF AND COUNTER-DEFENDANT OBESITY RESEARCH INSTITUTE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT**<br><br>Date: April 18, 2016<br>Judge: Hon. Cynthia A. Bashant<br>Ctrm: 4B<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>*[Filed concurrently with the Declaration of Sean D. Flaherty; Exhibit 1]* |

## I. INTRODUCTION

Fiber Research International, LLC ("FRI") goes far beyond opposing the narrow issue as to whether the Kaats Study, attached as Exhibit 2 to FRI's First Amended Counterclaims ("FACC") should be sealed on this docket, and instead asks the Court to adjudicate the intellectual property rights among ORI and two non-parties to this case. This is both substantively and procedurally improper. FRI lacks standing to request the outcome sought. Moreover, should Dr. Kaats, NAI, or any other third party seek an adjudication as to his or their rights, they are free to bring an action. One thing is for certain: As between the litigants, FRI doesn't have a leg to stand on. FRI has no protectable interest in the Kaats Study, and thus absent overcoming the compelling reasons shown by ORI, loses the argument in opposing the request to seal the document.

ORI has shown that (i) it commissioned the Kaats Study, (ii) for over a *decade* and continuing currently, has treated it as its confidential research, (iii) has expended substantial efforts and resources to maintain the secrecy of such information, (iv) FRI's public filing of the Kaats Study (obtained through improper means) is an effort to cause harm to ORI, and (v) the compelling reasons to seal the Kaats Study outweigh any public benefit.

## II. FRI MISCHARACTERIZES THE FACTUAL BACKGROUND.

FRI begins its Opposition with unsubstantiated conjecture. FRI has provided no support for its position that the Kaats Study was "publicly disclosed over a decade ago, then distributed to numerous people over the last 10 years…" (Opp.[1], 1:12.) The closest ORI gets is claiming that Dr. Kaats presented a PowerPoint on the topic at a niche industry seminar among his peers. In fact, the Kaats Study has not been publicly disclosed. FRI's logical fallacies abound through a continued attempt to re-write history. FRI begs the Court go through

---

[1] "Opp." refers to FRI's Opposition, ECF No. 182.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

several levels of mental gymnastics to hopefully conclude that ORI doesn't have a claim to the work *it* designed, commissioned, and paid for.

Rather than responding to the compelling reasons disclosed by ORI to seal the Kaats Study in this litigation, FRI first asks the Court to engage in an authorship analysis under the Copyright Act as to a non-appearing third party (Dr. Kaats). Then, FRI asks the Court to adjudicate the contractual rights as between ORI and another non-party to this litigation (Natural Alternatives International ["NAI"]). Next, FRI asks the Court to treat the Kaats Study according to a document entitled "Sponsorship, Authorship, and Accountability," (Opp., Ex. 9) the terms of which were supposedly demanded by Dr. Kaats and agreed to by John Wise of NAI, who has since deceased. However, no record exists from either NAI's or Dr. Kaats's document production which would confirm Dr. Wise ever saw, or agreed to import the terms of the document into his dealings with Dr. Kaats. Finally, FRI illogically cites ORI's recent and successful enforcement actions which confirm the confidentiality of its study for the backward proposition that ORI has failed to protect it.

In truth, the history is relatively straight forward. ORI's corporate predecessor, jointly with NAI, hired Dr. Kaats's company to conduct a clinical study to evaluate the efficacy of ORI's glucomannan product, formerly branded as Fiberthin (now branded as Lipozene). ORI, as the retailer, and NAI, as the manufacturer, jointly funded the project with NAI handling the direct relationship with Dr. Kaats. Dr. Kaats accepted payment, including from ORI, and performed the clinical study. (Opp. Ex. 12.) Since, the foregoing document (functionally describing the facts and outcomes of the study) has formed at least part of the basis for advertising claims made in conjunction with ORI's offering of its Lipozene glucomannan product. It is the foregoing document which encapsulates and explains the data collected through the clinical study, regardless of whether it was

-2-
REPLY IN SUPPORT OF MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT
3:15-cv-00595-BAS-MDD

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

referred to as a technical report or some other title.

## III. ARGUMENT

FRI has not and cannot empower the Court to engage in the requested third party analyses or arrive at the conclusion it urges. FRI has not contradicted the salient facts and law in support of sealing the document in this litigation.

### A. The Court Should Not Adjudicate the Intellectual Property Rights of Absent Third Parties, NAI and Dr. Kaats.

FRI's requested conclusion requires the Court to both deem ORI in breach of a 2004 agreement with non-party NAI, and then conclude Dr. Kaats possessed rights superior to all others. FRI divorces its argument from the issue at hand by raising a manufactured controversy that the parties to such concern have not raised. FRI's legal theory is unsupported, and it lacks standing to assert such claims on behalf of these unrelated third parties.

"Prudential limitations on standing 'require that parties assert their own rights rather than rely on the rights or interests of third parties.'" *Viceroy Gold Corp. v Aubry*, 75 F3d 482, 488 (9th Cir 1996); *citing Hong Kong Supermarket*, 830 F.2d at 1081. The foregoing purpose is both to avoid adjudicating rights a third-party may not wish to assert; and to ensure effective advocacy. *Viceroy Gold Corp. v Aubry*, 75 F3d 482, 488 (9th Cir 1996); *citing Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976). "The Supreme Court has considered two factors in determining whether to permit a party to bring suit on behalf of another: (1) the relationship of the litigant to the person whose right he seeks to assert; and (2) the ability of the third party to assert his own right." *Viceroy Gold Corp. v Aubry*, 75 F3d 482, 488 (9th Cir 1996); *citing Singleton v. Wulff*, 428 U.S. 106,114-15 (1976). FRI has not brought suit on behalf of either NAI or Dr. Kaats. FRI's FACC are absent any allegations seeking the determination of intellectual property rights among ORI, NAI, or Dr. Kaats. Nor do the FACC's allegations of false advertising require adjudication as to the ownership of the foregoing intellectual

-3-
REPLY IN SUPPORT OF MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT
3:15-cv-00595-BAS-MDD

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

property rights. Dispositive relief as to the intellectual property rights in favor of nonparties cannot be granted. The issue simply is not before the Court.

In analyzing the first factor, the Supreme Court has stated that the third party's right must be "inextricably bound up" with the litigant's activity. *Id.* at 114-115. This effectively begs the question whether the determination of such third party right is necessary in determining the dispute before the Court. *Id.* The issue currently before the Court is whether a document should be sealed on its docket in a false advertising case *between ORI and FRI*. FRI has shown no relationship between itself and Dr. Kaats. FRI certainly did not compensate Dr. Kaats to perform the study. Dr. Kaats is not identified as an owner, member, shareholder, or employee of FRI. FRI does not identify any contractual relationship between it and Dr. Kaats. The only commonality between FRI and Dr. Kaats is a common cause to publish the work. Dr. Kaats wants to publish the work in order to win back the admiration of his peers and FRI wants to use Dr. Kaats's frustration as an arrow in its quiver to harm ORI through the instant litigation.

ORI's request to seal the Kaats Study has nothing to do with Dr. Kaats's perceived claims of publication rights. Whether compelling reasons exist to seal the Kaats Study by virtue of ORI's reasonable efforts to maintain its secrecy is not "inextricably bound up" with Dr. Kaats's claim for publication rights. That this issue is now raised for the first time through FRI after a decade of dormancy is further indication of the illegitimacy of the claim. A determination as to Dr. Kaats's ownership in the study is wholly unnecessary to the decision to seal.

In analyzing the second factor, the Supreme Court has ruled that absent a "genuine obstacle" to the third party's assertion of rights, the reasons for requiring that party to assert its own rights apply, "even when the relationship [with the litigant] is close...." *Id.; see also Viceroy Gold Corp. v Aubry*, 75 F3d 482, 489

(9th Cir 1996.)[2] As noted, the relationship between FRI and Dr. Kaats is not close. Thus, the inquiry should end. Regardless of the Court's ruling on the motion to seal, Dr. Kaats remains free to file a claim of his own seeking an adjudication of such rights. FRI does not identify any genuine obstacle posed to Dr. Kaats's ability to bring the claim in his own right. Therefore, Dr. Kaats's claim of publication rights is neither "bound up" with the issue at bar, nor is there any "genuine obstacle" preventing Dr. Kaats from pursuing such claims.

Accordingly, prudential standing limitations prohibit FRI from seeking an adjudication of intellectual property rights in favor of Dr. Kaats.

### 1. Adjudicating Dr. Kaats's Authorship Requires a Copyright Analysis Not Before the Court.

Although the Court should refrain from engaging in a copyright analysis, the errant issues raised by FRI must be addressed. Deeming Dr. Kaats an author to the exclusion of any other party by virtue of a work for hire agreement or lack thereof, would require the Court to determine whether the Kaats Study qualifies for copyright protection; and if so, to what extent. The Court has not been presented with a copyright registration. Moreover, the Kaats Study is a functional document comprising ORI's proprietary research. It consists of the *factual* results of a real-world clinical study measuring various body characteristics of adults that ingested ORI's product. (Opp. Ex. 6, Kaats Tr. 57:11-14.) "This matters because the processes described by a utilitarian work cannot be copyrighted." *Updatecom, Inc. v. Firstbank P.R., Inc.*, 2014 U.S. Dist. LEXIS 12579, *6 (D.P.R. Jan. 30, 2014); *citing Computer Assocs. Int'l v. Altai,* 982 F.2d 693, 704 (2d Cir. N.Y. 1992). To

---

[2] Even where an employer and its employees' common desire to schedule working hours regardless of the employees' union or non-union activities were indeed sufficiently aligned and "inextricably bound up," the Ninth Circuit found that the employees' mere lack of motivation to adjudicate such rights themselves was not a sufficient obstacle to grant standing to the employer, and thus prevented the Court from adjudicating such third party rights. *Viceroy Gold Corp. v Aubry*, 75 F3d 482, 489 (9th Cir 1996.)

-5-

wit, "those aspects of a work, which 'must necessarily be used as incident to' the idea, system or process that the work describes, are also not copyrightable." *Id.; citing Baker v. Selden,* 101 U.S. 99 (1879). Thus, to the extent Dr. Kaats can make a claim for authorship (he cannot), the Court would be required to parse the document to determine whether and to what extent, the content of the document transcended functionality and rose to the required level of creativity required for copyright to vest.

The issue before the Court is not about possession of a legal copyright in the document or the extent of its creative nature meriting copyright. Instead, the issue is whether the continued public access to ORI's confidential research satisfies the compelling reasons (eg. release of trade secrets, proprietary research data) needed to seal it.

### 2. Absent Joinder of NAI, The Court Cannot Adjudicate a Breach of Contract Between NAI and ORI.

FRI argues that ORI breached a contract with FRI governing rights in the Study. There was no breach, as NAI volitionally chose to end its relationship with ORI. (Opp., Exhs. 19-20.) ORI's non-breach aside, the Court cannot reach such a conclusion absent joinder of NAI. Rule 19(a) of the Federal Rules of Civil Procedure provides a basis to determine whether a party is a "necessary party" and therefore requires joinder. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. Cal. 1983). To be deemed a necessary party, "it must appear that 'complete relief' cannot be accorded between the parties absent such joinder." *Id.* at 1043; *citing generally* 3A J. Moore & J. Lucas, Moore's Federal Practice, para. 19.07-1[1], at 19-128 (2d ed.1982). As to whether the Court should or should not seal a document on its docket based upon the comparative rights of the litigants at bar, such relief can be easily granted without joining NAI. Absent such joinder, FRI provides the Court with no basis to adjudicate the bald assertion of a breach between ORI and NAI. *See Id.* at 1044; *citing Lomayaktewa v. Hathaway*, 520

-6-
REPLY IN SUPPORT OF MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT
3:15-cv-00595-BAS-MDD

F.2d 1324, 1325 (9th Cir. 1975), cert. denied, 425 U.S. 903, 96 S. Ct. 1492, 47 L. Ed. 2d 752 (1976)("[A]ll parties who may be affected by a suit to set aside a contract must be present….") Thus, NAI need not be joined, and absent joinder of NAI, the Court cannot declare a breach between NAI and ORI. The only credible facts as to ownership and policing its intellectual property are those provided by ORI, and thus must be given presumptive weight.

### B. ORI Has Indisputably Shown an Interest in the Kaats Study Sufficient to Control its Dissemination.

As discussed, the document attached as Exhibit 2 to FRI's FACC is largely a functional document which is the proprietary research of ORI. FRI has no right to the tangible document or its contents, and its continued disclosure is harmful to ORI.

In truth, all parties bearing any relationship to the Kaats Study agree that it is a confidential and proprietary business document. Indeed, Dr. Kaats testified that the sponsor is the *owner* of the study, and absent sponsor permission, reputable journals will not publish the report. (Opp. Ex. 6, Kaats Tr. 50-51.) Once the study reaches "technical report" status, it belongs solely to the sponsor, who may use it any way they want. (*Id.* at 100-101.) This is why, after Dr. Kaats recently changed his mind and decided he wanted to publish the Study, Dr. Kaats sought permission from NAI. (*Id.* at 93-94.) Indeed, Dr. Kaats testified that the American Journal of Clinical Nutrition considered the document a work made for hire. (*Id.*) When asked point blank, whether in fact, it was possible he *didn't* have the legal right to publish the document, Dr. Kaats replied "I have no idea." (*Id.* at 96: 15.) In its opposition, FRI admits that ORI is a sponsor. (Opp. at 10:7.) ORI's contention as to having a protectable ownership interest in the Kaats Study is well-founded and unopposed.

Also, there is no evidence to conclude that the Kaats Study has been published in any form or under any status. In referring to the decade that had

-7-

passed after completion of the study, Dr. Kaats confirmed that the Study's contents were left completely unchanged, and that he was "doing everything [he] can *not* to publish it." (Opp. Ex. 6, Kaats Tr. 142-144; *see also* Tr: 89.) During this decade, ORI enjoyed substantially exclusive use of the Kaats Study, *its* study. If third parties attempted to reference the study in favor of their products, ORI vigorously policed its rights, and successfully required that such references to the Study be removed. (*See* Mot.[3] Ex. F-J.)

ORI has referenced the study for over a decade without any claim from NAI or Dr. Kaats regarding any disputed right. Only now, after aligning himself with FRI, has Dr. Kaats taken an interest in publishing the study and depriving ORI of its proprietary research.

### C. FRI Provides No Factual or Legal Opposition to the Compelling Reasons Presented to Seal the Kaats Study.

FRI does not dispute that ORI designed, commissioned, and paid for the Kaats Study with its then-manufacturer NAI. FRI provides no evidence that NAI has claimed or exercised an ownership right in the Kaats Study. FRI's sole tangentially-related fact contends that the Kaats Study had been circulated through a PowerPoint and discussed by Dr. Kaats *once* at a niche industry conference more than ten years ago. (Opp. At 6:9.) To the extent this activity is relevant, Dr. Kaats's records note that merely the abstract was disseminated. (*See* Opp. Ex. 6; Kaats. Tr 115; "…present an *abstract* at the [NASSO]…")(emphasis added). Dr. Kaats's solitary presentation of the *abstract* of the study *once* at a conference ten years ago is a stark contrast in both severity and nature as compared to full access to the complete text of the Study on the Court's public docket.

The motivation behind the recent publication effort is because Dr. Kaats has found himself in a predicament. Without the consent of ORI, Dr. Kaats recently changed his mind from ignoring the Study, and instead attempted to submit the

---

[3] "Mot." refers to ORI's Motion to Seal, ECF No. 156.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Study for publication with the American College of Nutrition. (Opp. Ex. 6, Tr. 92-94.) Once ORI discovered that the study may soon be published, it indeed endeavored to maintain the confidentiality of its proprietary research. (Mot., Ex. J.) ORI was successful. (Opp. Ex. 6, Tr. 105: 22-23.) The Journal decided not to publish it, and to date it has not been published.

Because of this false start, Dr. Kaats has testified that academics and others in his industry thought less of his credibility. As a result, Dr. Kaats desperately wants the study published to maintain his reputation. (*See* Flaherty Decl., Ex. 1, Kaats Tr. 198)("Number one, my preference is to publish that document now, because I'm in an awkward position of trying to explain it now.") As a result of this inconvenience, Dr. Kaats believes ORI "ought to pay….." (*Id.* at Tr: 200.) Thus, Dr. Kaats is now willing to provide whatever contribution he can to assist FRI in the instant litigation because he feels he was "jacked around" by ORI's success in preventing public dissemination. (*Id.* at Tr. 199.)

In sum, FRI points to no public disclosure of the Kaats Study. In contrast to ORI's decade of documented successful efforts maintaining the confidentiality of its content, protection of ORI's proprietary research should be given deference. Sealing the Kaats Study in this litigation will not cause any harm to FRI, and baseless claims of non-party objectors must be ignored. Any relief they seek must be brought in their own right. But for these hollow distractions, FRI has effectively failed to oppose or contradict the compelling reasons for sealing the Study.

**D. Compelling Reasons Exist for the Court to Use its Authority to Seal the Document and Prevent Continuing Harm to ORI by Sealing it on Court's Public Docket.**

Sufficient reason to seal a document exists when "sources of business information that might harm a litigant's competitive standing" would remain disclosed. *Nixon*, 435 U.S. at 598. There is no prohibition from sealing the

-9-
REPLY IN SUPPORT OF MOTION TO SEAL A PREVIOUSLY FILED DOCUMENT
3:15-cv-00595-BAS-MDD

1  document simply because it has been previously filed on the Court's public docket
2  because the Court is empowered to mitigate continuing harm. *E.g.*, *Rich v.
3  Shrader*, 2013 U.S. Dist. LEXIS 161850, *5 (S.D. Cal. Nov. 13, 2013); *Nursing
4  Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 84000, *13 (N.D.
5  Cal. Oct. 31, 2007); *D.C. v. Sears, Roebuck & Co.,* 2007 U.S. Dist. LEXIS 66391,
6  *5 (W.D. Wash. Sept. 7, 2007).

Where, as here, FRI has transparently included the Kaats Study on the public docket for the improper purpose of damaging ORI's competitive standing by allowing unfettered access to its proprietary research, the Court has ample basis to seal the document. ORI respectfully seeks the Court's intervention to prevent the improper advantage gained by permitting third parties to circumvent the efforts and investment spent by ORI. *Rich v. Shrader*, 2013 U.S. Dist. LEXIS 161850 at *10. As a confidential and proprietary research study which has been subject to extensive efforts to maintain its secrecy, the Kaats Study is exactly the type of information that warrants protection under seal. *See generally Algarin v. Maybelline*, LLC, 2014 U.S. Dist. LEXIS 23882, at *9 (S.D. Cal. Feb. 21, 2014) (concluding compelling reasons existed to seal L'Oréal's "Early Trier Study" that contained research, sales data, and copies of "proprietary consumer results [which are] not publicly available and are considered by L'Oréal to be a valuable asset to its product research and development").

## IV. <u>CONCLUSION</u>

Because (i) the Kaats Study is ORI's proprietary research, (ii) the Kaats Study has been and continues to be used for improper purposes, (iii) and placing the Kaats Study under seal will mitigate further harm to ORI, compelling reasons exist to seal the Kaats Study that outweigh the public's interest in access to the study.

///

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

| | |
|---|---|
| Dated: April 11, 2016 | GORDON & REES LLP<br><br>By: /s/ Sean D. Flaherty<br>　　　Richard P. Sybert<br>　　　Sean D. Flaherty<br>　　　Amanda R. Abeln<br>　　　Patrick J. Mulkern<br>　　　Attorneys for Plaintiff<br>　　　OBESITY RESEARCH<br>　　　INSTITUTE, LLC |