1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

10

OBESITY RESEARCH
INSTITUTE, LLC,

11

12

Plaintiff,

13

v.

14

FIBER RESEARCH
INTERNATIONAL, LLC,

15

16

Defendant.

Case No.  15-cv-595-BAS-MDD

**ORDER ON FIBER RESEARCH'S
MOTION FOR ATTORNEYS' FEES**

**[ECF NO. 102]**

17
18
19
20
21
22
23
24
25
26

Before the Court is Defendant Fiber Research's motion for the attorneys' fees and costs it expended to obtain this Court's December 15, 2015, Order striking Plaintiff Obesity Research's disclosure of non-retained experts Henny den Uijl, Jim Ayres, and Brian Salerno.  (ECF No. 102; *and see* ECF No. 76 ("the underlying Order")).  In the underlying Order, the Court found the position taken by Plaintiff during the required meet and confer session "frivolous" and its required disclosures "patently deficient."  *See* ECF No. 76 at 5, 8.  The Court, *sua sponte*, determined that sanctions beyond striking the offending disclosures may be appropriate and offered Defendant the opportunity to seek fees.  *Id.* at 3 fn. 1, 8-9.  This motion followed.

1

Fiber Research seeks a total award of $36,735.  In its initial motion, Fiber Research sought $27,687.50 (corresponding to 58.9 hours) for preparation and filing of the ex parte motion and joint discovery motion including its efforts in meet and confer sessions regarding this dispute.  (ECF No. 102-1 at 2).  In its reply, Fiber Research agreed to two reductions of the amount requested for work performed on the underlying successful motion: $1,637.50 and $437.50 (a total reduction of $2,075, for a total of $25,612.50). (ECF No. 109 at 12 at 14).  Fiber Research also seeks $11,122.50 (corresponding to 25.2 hours) for the preparation and filing of the present motion for fees.  (*Id.*).  Combined, the amount requested for the underlying motion and this motion totals $36,735.  Fiber Research has not sought reimbursement for the time expended in preparing the reply.

## LEGAL STANDARD

The Supreme Court has made clear that determining the appropriate amount of attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In determining the size of a fee award, "trial courts need not, and indeed should not, become green-eyeshade accountants."  *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).  Courts should not strive to "achieve auditing perfection" but should attempt "to do rough justice."  *Id*.  In so doing, courts may "take into account [] overall sense of a suit" and may even "use estimates in calculating and allocating an attorney's time."  *Id*.

Even though it is impossible to determine with mathematical precision the amount of attorneys' fees incurred by one party as a direct result of misconduct, courts must "abide by the injunction of the arithmetic teacher:

2

Show your work!"  *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013); *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183, 185 (9th Cir. 1996).

In the Ninth Circuit, courts calculate awards for attorneys' fees using the "lodestar" method.  *Haeger v. Goodyear Tire and Rubber Co.*, 813 F.3d 1233, 1249 (9th Cir. 2016); *Hensley*, 461 U.S. at 429.  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (2001)).  The reasonableness of the hourly rate is determined by the prevailing market rates in the community in which the court sits, for similar litigation by attorneys of comparable experience, skill and reputation.  *Blum v. Stenson*, 465 U.S. 886, 895 and n.11 (1984).

## ANALYSIS

### I. Reasonable Hourly Rate

Fiber Research lists the hourly rates for each of the partners and associates whose time entries are at issue.

| Timekeeper | Position | Graduation Year | Hourly Rate |
|---|---|---|---|
| Jack Fitzgerald | Partner, LOJF | 2004 | $625 |
| Thomas A. Canova | Partner, LOJF | 1985 | $725 |
| Melanie Persinger | Associate, LOJF | 2010 | $400 |
| Chris Sullivan | Partner, PPK | 1995 | $675 |
| Jason Kerr | Partner, PPK | 1998 | $650 |

Fiber Research supports the hourly rates with a declaration from lead counsel Jack Fitzgerald describing the skill and experience of each

3

professional. (ECF No. 102-1 at 6; ECF No. 102-2 (Fitzgerald Decl.) ¶¶ 7-40 and Exh. 1). Fiber Research further provides support in the form of two surveys showing rates charged by other attorneys. (Fitzgerald Decl. ¶¶ 41-42 and Exhs. 4-5). Fiber Research also supports attorney Fitzgerald and Canova's rates with prior findings by the Superior Court of the State of California, San Diego County that their rates are reasonable in this market. (*Id.* at ¶ 10 and Exh. 3).

In its opposition, Obesity Research contends that these rates are unreasonable. (ECF No. 108). In support of that contention, Obesity Research distinguishes each of the cases in which Fiber Research's attorneys' hourly rates have been found reasonable. (*Id.* at 9-16). Obesity Research argues that most of the cases approving Mr. Fitzgerald's (or rates similar to his) hourly fee (at rates ranging from $525/hr. to $625/hr.) were class action settlements in which the defendants agreed not to challenge the reasonableness of the hourly rate as part of the settlement. (*Id.*). Fiber Research responds that class actions, like any other case, can be simple or complex. Fiber Research further replies that, although the class action fee applications were unopposed, they were scrutinized by objectors, class representatives, and courts, which owe fiduciary duties to class members. The Court agrees with Fiber Research that courts do not rubber stamp unopposed class action fee applications, and considers the findings in these cases as evidence of the reasonableness of counsel's fees in this matter.

Obesity Research also challenges the two surveys, noting that the "2010 NLJ Billing Survey" is outdated, only lists one firm in this District, and that firm (Luce, Forward, Hamilton & Scripps) no longer exists. Obesity Research contends that the second "NLJ Billing Survey" lists national firms without

4

reference to San Diego.  Fiber Research responds that courts in this District rely on the very type of survey evidence—and even one of these exact surveys—in finding hourly rates reasonable.  (ECF No. 109 at 10 (citing *Makaeff v. Trump Univ., LLC*, 2015 WL 1579000, at *4-5 (S.D. Cal. Apr. 9, 2015) (Curiel, G.) (approving rates of $250-$440 for associates and $600-$825 for partners after considering the National Law Journal "NLJ" Survey))).

Finally, Obesity Research offers the declaration of its lead counsel, Mr. Sybert, stating that the hourly rates his firm is charging their client in this matter are much lower, specifically: "associate $325, senior counsel $375, partner $425, and senior partner $475."  (ECF No. 108-1 at 3).  In response, Fiber Research argues that Mr. Sybert recites his firm's rates "in this case," but does not identify his firm's customary rates.  Fiber Research suggests that Obesity Research may have obtained a reduced rate with counsel because Obesity Research's new in-house counsel is a former partner of Mr. Sybert.  In support of that suggestion, Fiber Research points out that Obesity Research's "original counsel, Scott Ferrell, for example, charged his 'new defense clients' $750 per hour *six years ago*, in 2010."  (ECF No. 109 at 11 n.5).  The Court considers the evidence presented by Mr. Sybert but declines to accord it substantial weight.

The Court finds that Fiber Research has produced satisfactory evidence that the hourly rates for its associates and partners are reasonable.  The hourly rates are supported by counsel's detailed declaration, are consistent with those previously approved by this Court and in this District, are consistent with the survey data provided, and are consistent with this Court's experience regarding the rates charged in the San Diego community.  Although the Court has considered the lower rates charged by Obesity

15-cv-595-BAS-MDD

1    Research's counsel and its challenges to the evidence presented by Fiber

2    Research, the Court finds Fiber Research has met its burden to produce

3    "satisfactory evidence, in addition to the affidavits of its counsel, that the

4    requested rates are in line with those prevailing in the community for similar

5    services of lawyers of reasonably comparable skill and reputation." *Jordan v.*

6    *Multnomah County,* 815 F.2d 1258, 1263 (9th Cir.1987); *see also United*

7    *Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9ᵗʰ Cir. 1990)

8    (courts should consider affidavits of the movant's attorney and other

9    attorneys regarding prevailing fees in the community, and rate

10   determinations in other cases, particularly those setting a rate for the

11   movant's attorney).

12       II.    Reasonably Expended Hours

13          Fiber Research provides detailed time entries in support of its request.

14   (ECF Nos. 102-4 and 102-10).  Fiber Research contends that the timekeeper

15   records "demonstrates that this work was staffed properly," with "fifth-year

16   associate Melanie Persinger perform[ing] most of the work (36 of 50.2

17   hours)." (ECF No. 102-1 at 7-8).  Fiber Research emphasizes the difficulty of

18   responding to new arguments raised by Obesity Research at each step of the

19   meet and confer and joint motion drafting process.  Fiber Research explained

20   that it already deducted 8.7 hours ($3,617.50) for time spent on researching,

21   conferring about, and briefing related to the 5-factor test courts use when

22   considering Rule 37(c) forms of relief.  Finally, Fiber Research deducted half

23   of the 50.4 hours ($22,245) it spent in preparing the fee motion, and is

24   instead only seeking 25.2 hours ($11,122.50).  Fiber Research did not include

25   or seek any fees for the time it spent preparing its reply.

26

6

Obesity Research opposes on the grounds that Fiber Research's portion of the "simple and straightforward" underlying motion "was only five pages." (ECF No. 108). Obesity Research objects that Fiber Research overstaffed the case by "pil[ing] on multiple attorneys, including one not even admitted in California." (*Id*.). Obesity Research argues that it is unreasonable to bill four separate partners' time for reviewing the drafts prepared by the associate. Obesity Research contends that Fiber Research "seeks to recover for an excessive and duplicative number of hours." Obesity Research only spent 19.6 hours (compared to Fiber Research's 67.6 hours) on the underlying motions. In addition, Obesity Research notes that the documents filed by Mr. Fitzgerald reveal that he routinely files fee motions and argues that as a result of their prior fee motions, they should have been able to draft this motion and fee declaration in less time. In response to this assertion, Fiber Research explains that it did indeed leverage prior work product to achieve efficiencies of scale, but significant effort was still required to tailor the work to this dispute. Obesity Research further contends that Ms. Persinger improperly block-billed her time.

The Court finds that 40.2 hours of the time requested for the work on the underlying motion is reasonable. At the outset, the Court notes that Fiber Research chose not to pursue the time drafting the reply in support of this motion and in addition deducted 37.2 hours of time actually billed for the underlying motion and this moving brief.

The Court further notes that the time was expended not just on writing a five page brief, as Obesity Research contends, but on repeatedly meeting and conferring with Obesity Research prior to and during the drafting of the brief. In addition, it is usually more time-consuming to write a succinct brief

15-cv-595-BAS-MDD

1  than it is to write a lengthy (though unfocused) brief.  And, as Fiber Research

2  contends, designations of non-retained experts in Lanham Act litigation is

3  not a regular occurrence.

4      The Court disagrees with Obesity Research's contention that Ms.

5  Persinger performed clerical work or block-billed her time, and instead finds

6  that her entries are sufficiently specific for the Court to determine the

7  reasonableness of the time she spent on each task.  *See e.g., Sunstone*

8  *Behavioral Health, Inc. v. Alameda County Med. Ctr.*, 646 F.Supp.2d 1206,

9  1217 (E.D. Cal. 2009) (even block-billed entries are permissible so long as

10  entries provide sufficient detail for the court to evaluate what the lawyers

11  were doing and whether the time was reasonably spent).

12      The Court finds that Obesity Research's evidence that it only spent 19.6

13  hours on the underlying dispute is of little weight.  The Court's underlying

14  Order found that Obesity Research did not do enough to comply with its Rule

15  26 obligations and engaged in gamesmanship that caused the unnecessary

16  expenditure of Fiber Research's time.

17      The Court agrees with Obesity Research, however, that Fiber Research

18  overstaffed the case and therefore excludes as unreasonable the 6.7 hours

19  billed by Mr. Thomas Canova for the underlying dispute, in addition to the

20  amounts Fiber Research proactively deducted.  The timekeeper records show

21  that four different supervising attorneys actively participated in internal

22  conferences and multiple reviews of Ms. Persinger's work product.  (ECF No.

23  102-4).  This overstaffing resulted in duplication of efforts and unreasonable

24  time spent on internal conferencing.  Also, Mr. Canova is not licensed to

25  practice in California, is not listed as counsel of record on the docket in this

26

8

case, is not admitted pro hac vice, and the timekeeping records show his efforts to be redundant of the work performed by the other three partners.

Obesity Research specifically conceded that the 0.1 hours spent by Mr. Kerr on 10/20/15 and the 0.2 hours spent by Mr. Sullivan on 10/28/15 were reasonable, so the Court will not deduct those amounts. (ECF No. 108 at 22).

The Court further notes that in its reply Fiber Research took the initiative to deduct 0.5 hours spent by Mr. Kerr on November 6, 2.1 hours spent by Mr. Fitzgerald on November 9, and 0.7 hours spent by Mr. Fitzgerald on November 10 (totaling a deduction of 3.3 hours and $2,075), in response to Obesity Research's argument that the case was overstaffed by partners redundantly reviewing Ms. Persinger's work. The Court accepts those deductions, and finds that deduction of the work performed by Mr. Canova is sufficient to address any remaining concern about duplication of efforts caused by the overstaffing.

Accordingly, the Court finds the following hours billed for the underlying motion that are shown in the chart below to be reasonable, and finds the resulting lodestar figure of $17,137.50 for the underlying motion is reasonable.

**Fees for Underlying Motion**

| Timekeeper | Hours Ultimately Requested | Hours Awarded | Hourly Rate | Total Ultimately Requested | Total Awarded |
|---|---|---|---|---|---|
| Fitzgerald | 1.9 | 1.9 | $625 | $1,187.50 | $1,187.50 |
| Canova | 6.7 | 0.0 | $725 | $4,857.50 | $0.00 |
| Persinger | 36 | 36 | $400 | $14,400.00 | $14,400.00 |
| Sullivan | 2.2 | 2.2 | $675 | $1,485.00 | $1,485.00 |
| Kerr | .1 | .1 | $650 | $65.00 | $65.00 |
| Lodestar | | | | $21,995.00 | **$17,137.50** |

9

The Court further finds that the 25.2 hours and $11,122.50 requested for this fee application are reasonable.  Although the time entries for work performed on this motion include time spent by Mr. Canova, Fiber Research has already deducted half of all of the time spent on the motion, more than sufficient to avoid inclusion of the time spent by Mr. Canova.  (ECF No. 102-10).  Consequently, the Court finds the combined lodestar figure of <u>$28,260</u> is reasonable.

III.   <u>Adjustments</u>

There is no reason to adjust the lodestar figure of $28,260.  *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 n.11 (9th Cir. 2012) ("After computing the 'lodestar,' the district court may then adjust the figure upward or downward taking into consideration twelve 'reasonableness' factors….").  Obesity Research contends the lodestar figure should be adjusted downward by 50% on the grounds that the underlying motion had only limited success and minimal impact on the case.  The Court disagrees and declines to adjust the lodestar figure.

CONCLUSION

The Court **GRANTS** Fiber Research's motion for attorneys' fees and **ORDERS** Obesity Research to pay Fiber Research $28,260.00 within 30 days of this Order, absent further order of the Court or agreement of the parties.

**IT IS SO ORDERED.**

Dated:   April 18, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge

15-cv-595-BAS-MDD