RICHARD P. SYBERT (SBN: 080731)
rsybert@gordonrees.com
SEAN D. FLAHERTY (SBN: 272598)
sflaherty@gordonrees.com
AMANDA R. ABELN (SBN: 290309)
abeln@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff
OBESITY RESEARCH INSTITUTE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company,<br><br>Plaintiff.<br><br>vs.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, a Nevada limited liability company, and DOES 1-10, inclusive,<br><br>Defendants,<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>OBESITY RESEARCH INSTITUTE, LLC,<br><br>Counter-defendant. | CASE NO. 3:15-cv-00595-BAS-MDD<br><br>**OBESITY RESEARCH INSTITUTE, LLC'S ANSWER TO FIBER RESEARCH INTERNATIONAL, LLC'S FIRST AMENDED COUNTERCLAIMS**<br><br>Courtroom: 4B<br>Judge:     Hon. Cynthia Bashant |

Obesity Research Institute, LLC ("ORI"), by and through counsel, answers the First Amended Counterclaims of Fiber Research International, LLC ("FRI") as follows:

-1-

1. Responding to Paragraph 24, ORI admits that glucomannan is a dietary fiber derived from konjac. Except as specifically admitted, ORI denies each and every allegation.

2. Responding to Paragraph 25, ORI admits it introduced a weight loss product called Lipozene. Except as specifically admitted, ORI denies each and every allegation.

3. Responding to Paragraph 26, ORI denies each and every allegation.

4. Responding to Paragraph 27, ORI denies each and every allegation.

5. Responding to Paragraph 28, ORI denies each and every allegation.

6. Responding to Paragraph 29, ORI denies each and every allegation.

7. Responding to Paragraph 30, ORI denies each and every allegation.

## JURISDICTION & VENUE

8. Responding to Paragraph 31, ORI admits this Court has jurisdiction.

9. Responding to Paragraph 32, ORI admits venue is proper.

## PARTIES

10. Responding to Paragraph 33, ORI admits that on information and belief, FRI is a limited liability company organized under the laws of the State of Nevada.

11. Responding to Paragraph 34, ORI admits that it is a limited liability company located in San Diego County, California and that it does business in Nevada. Except as otherwise admitted, ORI denies each and every allegation.

## FACTS

12. Responding to Paragraph 35, ORI lacks sufficient knowledge or information as to the history of the Shimizu family and konjac, and based thereon, denies the allegations.

13. Responding to Paragraph 36, ORI lacks sufficient knowledge or information as to the history of the Shimizu family's business, and based thereon, denies the allegations.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

14. Responding to Paragraph 37, ORI admits that there is a federal trademark for the term "Propol" listing the owner as Shimizu Chemical Corporation. Except as otherwise admitted, ORI denies each and every allegation.

15. Responding to Paragraph 38, ORI denies each and every allegation.

16. Responding to Paragraph 39, ORI denies each and every allegation.

17. Responding to Paragraph 40, ORI denies each and every allegation.

18. Responding to Paragraph 41, ORI denies each and every allegation.

19. Responding to Paragraph 42, ORI denies each and every allegation.

20. Responding to Paragraph 43, ORI denies each and every allegation.

21. Responding to Paragraph 44, ORI admits that FRI's lawsuit specifically cites two clinical trials. Except as specifically admitted, ORI denies each and every allegation.

22. Responding to Paragraph 45, ORI admits that the entirety of the study, Walsh, D.E., et al., "Effect of Glucomannan on Obese Patients: A Clinical Study," *International Journal of Obesity*, Vol. 8, pp. 289-93 (1984) (the "Walsh Study"), will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

23. Responding to Paragraph 46, ORI admits that the entirety of the study, Gilbert R. Kaats, et al., "A Randomized Double-Blinded Placebo-Controlled Study of Overweight Adults Comparing the Safety and Efficacy of Highly Viscous Glucomannan Dietary Supplement (Propol TM)," *Technical Report* (2004) (the "Kaats Study"), will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

24. Responding to Paragraph 47, ORI admits that the entirety of the Kaats Study will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

25. Responding to Paragraph 48, ORI admits it marketed Lipozene. Except as specifically admitted, ORI denies each and every allegation.

26. Responding to Paragraph 49, ORI admits that its packaging will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

27. Responding to Paragraph 50, ORI admits Lipozene advertisements refer to clinical proof of its efficacy. ORI admits that its advertising will speak for itself as to what it states. ORI also admits that the Compliant filed in *Conde v. Obesity Research Institute, LLC*, United States District Court, Central District of California, Case No. 12-cv-0413 RSWL (RZx) will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

28. Responding to Paragraph 51, ORI admits that the commercial will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

29. Responding to Paragraph 52, ORI admits that its commercials will speak for themselves as to what they state. Except as specifically admitted, ORI denies each and every allegation.

30. Responding to Paragraph 53, ORI admits that its commercials and advertisements will speak for themselves as to what they state. Except as specifically admitted, ORI denies each and every allegation.

31. Responding to Paragraph 54, ORI admits that its commercials will speak for themselves as to what they state. Except as specifically admitted, ORI denies each and every allegation.

32. Responding to Paragraph 55, ORI admits that the commercial will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

33. Responding to Paragraph 56, ORI admits that it had no involvement in the Walsh Study. ORI also admits that the commercial will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

34. Responding to Paragraph 57, ORI admits that its packaging will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

35. Responding to Paragraph 58, ORI denies each and every allegation.

36. Responding to Paragraph 59, ORI admits its website will speak for itself as to what it states. Except as specifically admitted, ORI denies each and every allegation.

37. Responding to Paragraph 60, ORI denies each and every allegation.

38. Responding to Paragraph 61, ORI denies each and every allegation.

39. Responding to Paragraph 62, ORI denies each and every allegation.

40. Responding to Paragraph 63, ORI denies each and every allegation.

41. Responding to Paragraph 64, ORI lacks sufficient knowledge or information as to conduct by Japan Food Research Laboratories, and based thereon, denies allegations.

42. Responding to Paragraph 65, ORI denies each and every allegation.

43. Responding to Paragraph 66, ORI denies each and every allegation.

44. Responding to Paragraph 67, ORI denies each and every allegation.

45. Responding to Paragraph 68, ORI denies each and every allegation.

46. Responding to Paragraph 69, ORI denies each and every allegation.

47. Responding to Paragraph 70, ORI denies each and every allegation.

48. Responding to Paragraph 71, ORI denies each and every allegation.

49. Responding to Paragraph 72, ORI denies each and every allegation.

50. Responding to Paragraph 73, ORI denies each and every allegation.

51. Responding to Paragraph 74, ORI denies each and every allegation.

52. Responding to Paragraph 75, ORI denies each and every allegation.

53. Responding to Paragraph 76, ORI denies each and every allegation.

54. Responding to Paragraph 77, ORI denies each and every allegation.

55. Responding to Paragraph 78, ORI denies each and every allegation.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATION OF THE LANHAM ACT, 15 U.S.C. §§ 1125 *ET SEQ.*

56. Responding to Paragraph 79, ORI incorporates by reference its responses to paragraphs 24 to 78 of FRI's First Amended Counterclaims.

57. Responding to Paragraph 80, ORI denies each and every allegation.

58. Responding to Paragraph 81, ORI denies each and every allegation.

59. Responding to Paragraph 82, ORI denies each and every allegation.

60. Responding to Paragraph 83, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

61. Responding to Paragraph 84, denies each and every allegation.

62. Responding to Paragraph 85, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

63. Responding to Paragraph 86, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

64. Responding to Paragraph 87, ORI incorporates by reference its responses to paragraphs 24 to 86 of FRI's First Amended Counterclaims.

65. Responding to Paragraph 88, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

///

///

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

66. Responding to Paragraph 89, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

67. Responding to Paragraph 90, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

68. Responding to Paragraph 91, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

69. Responding to Paragraph 92, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

70. Responding to Paragraph 93, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

71. Responding to Paragraph 94, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

72. Responding to Paragraph 95, denies each and every allegation.

73. Responding to Paragraph 96, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

74. Responding to Paragraph 97, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

75. Responding to Paragraph 98, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions.  ORI denies each and every allegation.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

# THIRD CAUSE OF ACTION
# VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

76. Responding to Paragraph 99, ORI incorporates by reference its responses to paragraphs 24 to 98 of FRI's First Amended Counterclaims.

77. Responding to Paragraph 100, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

78. Responding to Paragraph 101, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

79. Responding to Paragraph 102, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

80. Responding to Paragraph 103, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

81. Responding to Paragraph 104, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

82. Responding to Paragraph 105, ORI states that to the extent that the allegations are legal conclusions, it is not required to either admit or deny the legal conclusions. ORI denies each and every allegation.

# AFFIRMATIVE DEFENSES
# FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. FRI's First Amended Counterclaims fails to state a claim upon which relief can be granted against ORI.

## SECOND AFFIRMATIVE DEFENSE
## (Lack of Standing)

2. FRI lacks standing to assert its claims brought pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1) because FRI has not suffered injury to a commercial interest in sales or business reputation that is proximately caused by any of ORI's alleged misrepresentations.

3. FRI lacks standing to assert its claims brought pursuant to California Business and Professions Code §§ 17200 and 17500 because FRI has not suffered any injury in fact by any of ORI's alleged acts or omissions and therefor does not meet the standing prerequisite of California Business and Professional Code § 17204.

## THIRD AFFIRMATIVE DEFENSE
## (Laches, Waiver, and/or Acquiescence)

4. FRI's claims are barred, in whole or in part by the doctrine of laches, waiver, and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE
## (Unclean Hands and/or Estoppel)

5. FRI's claims are barred, in whole or in part, by the doctrine of unclean hands and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE
## (Preemption)

6. FRI's claims are preempted.

## SIXTH AFFIRMATIVE DEFENSE
## (Good Faith and Reasonable Conduct)

7. ORI alleges that acts done by it were performed fairly, in good faith, and for a lawful purpose, and therefore, ORI is not liable for any of the alleged damages, injuries and/or losses to FRI, if any.

///

## SEVENTH AFFIRMATIVE DEFENSE
### (Bad Faith Assertion of Claims)

8. FRI's claims are frivolous and without substantial justification, and FRI did not engage in adequate diligence prior to asserting its claims which were presented primarily for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. For example, the agreements produced by FRI during discovery in this case show that FRI's claim that it has the exclusive right to sell Propol in the United States is a misrepresentation of the facts.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

9. FRI's claims are barred in whole or in part by the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Justification)

10. FRI cannot obtain relief on its claims based on actions undertaken by ORI for which ORI was justified.

## TENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

11. FRI's claims for injunctive relief are barred because FRI cannot show that it will suffer any irreparable harm from ORI's action.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Affirmative Defenses)

12. ORI presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses. As such, ORI reserves the right to assert additional affirmative defenses in the event discovery or other proceedings indicate that additional affirmative defenses are appropriate.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

WHEREFORE, ORI prays for judgment as follows:

1. That judgment be entered in favor of ORI;
2. That FRI take nothing;
3. For reasonable attorneys' fees; and
4. For such other and further relief as this Court may deem just and proper.

Dated: April 19, 2016  GORDON & REES LLP

By: s/ Richard P. Sybert
Richard P. Sybert
Sean D. Flaherty
Amanda R. Abeln
Attorneys for Plaintiff
OBESITY RESEARCH INSTITUTE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that April 19, 2016, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

s/ Richard P. Sybert

Richard P. Sybert

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1110283/27191444v.1

-11-
ORI'S ANSWER TO FRI'S FIRST AMENDED COUNTERCLAIMS
CASE NO. 3:15-cv-00595-BAS-MDD