UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>　　　　　　　　　Defendant. | Case No.  15-cv-0595-BAS-MDD<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE: DEFENDANT'S MOTION TO DEEM MATTERS ADMITTED (RFA Nos. 4-8, 18-19)**<br><br>**[ECF NO. 210]** |

Before the Court is the Joint Motion to Determine a Discovery Dispute, filed on April 11, 2016, containing Defendant's motion to deem certain matters admitted based upon Plaintiff's responses to certain requests for admission served by Defendant. (ECF No. 210). Defendant claims that Plaintiff's responses are evasive and non-responsive and should be deemed admitted. (ECF 210-1 *4).[1] Plaintiff counters that its responses to the

---

[1] Page pincites will be to the pagination provided in CM/ECF, rather than as provided in the original document.

1

requests for admission were adequate because the requests themselves were vague, ambiguous and overbroad, even as amended following discussions between the parties. (*Id.* *7). Defendant's motion is **GRANTED** as provided below.

## LEGAL STANDARD

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. The rule allows for a party to serve on another party a written request to admit the truth of matters relating to facts, the application of law to fact or opinions about either and genuineness of described documents. Rule 36(a)(1)(A),(B), Fed. R. Civ. P. The answering party must admit the matter, or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* If an answer does not comply with this rule, the court "may order either that the matter is admitted or that an amended answer be served." Rule 36(a)(6).

## ANALYSIS

1. <u>Amended Requests for Admission ("RFA") 4-8</u>

Amended Requests for Admission 4-8 are straightforward and clear. Plaintiff's objections to the contrary are overruled. Each RFA requests Plaintiff to admit that certain specified statements made in Plaintiff's advertising during the relevant time period refer solely to a particular scientific study, the Kaat's (2004) study. For example, RFA 4 asks Plaintiff to "admit that 78% fat loss claims used in Lipozene advertising during the statutory time period refer solely to the Kaat's (2004) Study." (ECF 210 *2).

1  RFA 5 asks the same question regarding Plaintiff's reference to a "holiday
2  weight loss study." (ECF No. 210 *12). RFA 6 relates to Plaintiff's reference
3  to "a study wherein participants lost '4.93 lbs.' of which '3.86 lbs.' was body
4  fat." (ECF No. 210 *19). RFA 7 relates to Plaintiff's reference to a "major
5  university double blind study." (ECF No. 210 *25-26). And RFA 8 relates to
6  Plaintiff's reference to an "8 week university study." (ECF No. 210 *32).

7       In response to RFA 4, Plaintiff admits that the claim of 78% weight loss
8  "is supported by the Kaat's (2004) Study but other statements regarding
9  Lipozene in [the identified advertising], including other statements
10 concerning weight and fat loss, are substantiated by other studies." (ECF No.
11 210 *2-3). Plaintiff did not directly answer the question. To say that the
12 weight loss claim is "supported" by the Kaat's study is not the same as
13 admitting that the reference is solely to the Kaat's study. The qualification
14 that there are other statements substantiated by other studies has no
15 bearing upon the admission and is not relevant. Having not properly
16 qualified its answer, for example, by stating that the specific statement also
17 is supported by other studies, the answer is insufficient under Rule 34(a)(4)
18 and the Court deems the request admitted.

19       In answering RFA 5, Plaintiff "admits that the reference to a "holiday
20 weight loss study" [in the specified material] is a reference to the Kaat's
21 (2004) Study but other statements regarding Lipozene in that video,
22 including other statements concerning weight and fat loss, are substantiated
23 by additional studies. (ECF No. 210 *12). This is an admission to the fact
24 requested and will be so deemed. The qualification provided, that there are
25 other statements with other substantiation has no bearing on the admission
26 itself and is not relevant.

1     Plaintiff's answers to RFAs 6-8 are virtually identical to that of RFA 5,
2 are admissions, and each RFA will be deemed admitted.
3     2. <u>RFA's 18-19</u>
4     RFA 18 requests Plaintiff to admit that its advertising claims of clinical
5 proof of weight/fat loss for Lipozene were displayed on Internet websites
6 under Plaintiff's control during the relevant period. (ECF No. 210 *39).
7 Plaintiff's objections to the RFA are overruled. Plaintiff's answer is that "it
8 made statements on Internet websites under its control regarding Lipozene's
9 ability to reduce weight and fat loss during the statutory period." (ECF No.
10 210*40). Plaintiff did not answer the question posed. The request related to
11 claims of "clinical proof" of weight and fat loss, not general statements of
12 Lipozene's ability to reduce weight and fat. The answer is evasive, is
13 insufficient under Rule 36(a)(4) and the request is deemed admitted.
14     RFA 19 requests Plaintiff to admit that these advertising claims of
15 clinical proof of weight and fat loss "were intended to influence customers to
16 purchase Lipozene." (ECF No. 210 *45). Plaintiff's objections are overruled.
17 Plaintiff's answer is that it "admits that advertising by definition, including
18 its own advertising, is intended to 'inform' customers." (*Id.*). Plaintiff did not
19 answer the question posed. The question was whether the advertising was
20 intended to "influence" customers, not "inform." This answer is evasive, is
21 insufficient under Rule 36(a)(4) and the request is deemed admitted.
22 //
23 //
24 //
25 //
26 //

## CONCLUSION

Accordingly, Defendant's motion to deem certain matters admitted, as presented in the instant joint motion, is **GRANTED.**

**IT IS SO ORDERED.**

Dated: May 12, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge