UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No.: 15-cv-0595-BAS-MDD<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE RE: DEFENDANT'S MOTION TO COMPEL PRODUCTION AND TO EXCLUDE EVIDENCE OF COSTS**<br><br>**[ECF NO. 174]** |

BACKGROUND

Before the Court is the Joint Motion to Determine a Discovery Dispute, filed on March 22, 2016, presenting defendant Fiber Research International, LLC's (FRI) motion to compel production of documents and to exclude evidence of costs. (EC No. 174). The Court held a hearing on this motion on May 18, 2016. (ECF No. 259). Following the hearing, on May 24, 2016, FRI filed a Notice of Election of Damages Remedy and Partial Withdrawal of Motion. (ECF No. 263).

The Notice of Election of Damages Remedy was filed in response to concerns expressed by the Court at the May 18 hearing that although FRI repeatedly has stated, in connection with various discovery disputes, that the only remedy it is seeking is plaintiff Obesity Research Institute, LLC's (ORI) profits, no binding articulation of that election had been filed by FRI. *See Hearing Transcript of May 18, 2016* at 7-8 (ECF No. 260). The Notice of Election appears now to be a binding election that the Court and ORI can rely upon. ORI has objected to the notice. (ECF No. 266). The objection is **DENIED WITHOUT PREJUDICE**. This Court will rely on the election to the extent required to resolve discovery disputes. The impact of the election at trial is a matter for the district judge.

In the Partial Withdrawal of Motion portion of its filing, FRI is withdrawing the motion to compel component of ECF No. 174, leaving only the motion to exclude evidence of costs. ORI opposes on the grounds that the Court has already ruled on that motion and that ORI took certain actions in response to the Court's ruling. The Court will address that matter below and will address the pending motion to exclude evidence of costs.

## ANALYSIS

1. <u>Withdrawal of Motion to Compel</u>

The motion to compel presented in ECF No. 174 sought an order requiring ORI to produce documents supporting its responses to certain interrogatories regarding its sales revenue. (*See* ECF No. 174 *4-5 (referring to ECF pagination)). During the hearing, the Court stated, "I believe that it's axiomatic that FRI does have the right to verify, validate, the statements made by ORI regarding its sales information." *Hearing Transcript* at 3 (ECF No. 260). "[I am] telling you tentatively, that FRI does have the right to

verify that information to at least a certain extent." *Id.* at 5.  Ultimately, the Court suggested, and the parties agreed, to meet and confer and present a plan or competing plans for the Court to consider in resolving the motion to compel. *Id.* at 24.  ORI asserts that the Court granted the motion to compel so that FRI cannot withdraw it.  If the Court allows FRI to withdraw its motion, or withdraws its ruling, ORI seeks compensation for the time spent in preparing its responsive plan.

The Court finds that its ruling was tentative, not final, and that ORI is not entitled to any sanction.  The Court **GRANTS** FRI's motion to withdraw the motion to compel presented in ECF No. 174.

2. <u>Motion to Exclude Evidence of Costs</u>

The motion to exclude evidence of costs presented in ECF No. 174 is based upon ORI's allegedly tardy and incomplete response to a request for production (RFP 11) served in June 2015 for documents that ORI would use "to support any claim you may have to reduce or minimize the damages claimed by [FRI]."  (*See* ECF No. 174 *5).  FRI asserts that ORI did not respond at all to that RFP until February 24, 2016, just 5 days before the close of discovery, and then in a summary form.  (*Id.* *6).  FRI now seeks to exclude that evidence at trial.

On October 5, 2015, FRI brought before the Court a discovery dispute regarding certain requests for production, among other things, served at the same time as RFP 11.  (ECF No. 60).  A hearing was held on that motion on October 27, 2015, and the Court ruled from the bench.  (ECF Nos. 68-70).  FRI did not move to compel regarding RFP 11 in its October 2015 motion.  Instead, FRI now moves to exclude that evidence as untimely and insufficient.

1  Having made the tactical choice not to seek a motion to compel
2  documents in connection with RFP 11, and the time within which to do so
3  having long expired, the Court will neither exclude the evidence produced nor
4  preclude its use at trial.  Whether that evidence is admissible is a matter for
5  the district judge.  Accordingly, FRI's motion to exclude evidence of costs is
6  **DENIED WITHOUT PREJUDICE.**

## CONCLUSION

1. ORI's objection to FRI's Notice of Election of Damages Remedy (ECF No. 266) is **DENIED WITHOUT PREJUDICE.**
2. FRI's Notice of Withdrawal of the Motion to Compel (ECF No. 263) presented in ECF No. 174 is **GRANTED.**  ORI's objection to that withdrawal (ECF No. 266) is **DENIED.**
3. FRI's Motion to Exclude Evidence of Costs presented in ECF No. 174 is **DENIED WITHOUT PREJUDICE.**
4. Each party to bear its own costs.

**IT IS SO ORDERED:**

Dated:   June 7, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge