UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| OBESITY RESEARCH INSTITUTE, LLC, | Case No.: 15-cv-0595-BAS-MDD |
|---|---|
| Plaintiff, | **ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE RE: WHETHER PORTIONS OF THE BEATON SUPPLEMENTAL REPORT SHOULD BE STRICKEN** |
| v. | |
| FIBER RESEARCH INTERNATIONAL, LLC, | |
| Defendant. | |
| | **[ECF NO. 177]** |

BACKGROUND

Before the Court is the Joint Motion to Determine a Discovery Dispute, filed on March 25, 2016, regarding whether portions of the supplemental expert report of Neil J. Beaton, served by Obesity Research Institute, LLC (ORI), should be stricken as improper.  (ECF No. 177).  Like a gift that keeps on giving, actually, more like a stain that defies removal, this dispute stems from an earlier dispute regarding expert reports, and relates to a pending dispute regarding information produced by ORI regarding costs of goods sold.

(*See* ECF Nos. 80-81 and 174). In the earlier dispute regarding expert reports, ORI challenged the rebuttal report of Fiber Research International, LLC's (FRI) expert Rick Hoffman served in response to Mr. Beaton's initial report. (ECF No. 80). That dispute was characterized by this Court as "much ado about nothing." (ECF No. 81 *1). The initial Beaton report expressed no opinion about anything. (*Id.*). In rebuttal, the Hoffman report, of necessity, also expressed no opinion. (*Id.*). In the end, among other things, the Court recognized the parties' right to supplement their expert reports as provided at Fed. R. Civ. P. 26(a)(2)(E) and 26(e)(2) and provided a hard deadline to do so. (*Id.* *4-5). In the pending dispute regarding information produced by ORI regarding costs of goods sold, FRI is seeking to exclude that evidence based upon untimely production. (ECF No. 174).

ORI timely served the supplemental Beaton report and FRI timely served the supplemental Hoffman rebuttal report. Not surprisingly, considering that these parties have made a mockery of Fed. R. Civ. P. 1, these reports resulted in yet another discovery dispute between the parties. FRI objects to certain opinions expressed by Mr. Beaton in his supplemental report on the grounds that these opinions were not disclosed in the initial expert report and, consequently, are not subject to supplementation.

## LEGAL STANDARD

Fed. R. Civ. P. 26(a)(2) governs the disclosure requirements regarding experts a party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Retained experts must provide a written report which "must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

A disclosure under this subsection must be supplemented "if the party

learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(a)(2)(E) and 26(e)(1)(A).  For retained experts, absent a contrary court order, this supplementation must occur prior to the time the party's pretrial disclosures are due.  Fed. R. Civ. P. 26(e)(2).

"The supplementation requirement of Rule 26(e)(1) is not intended, however, to permit parties to add new opinions to an expert report based on evidence that was available to them at the time the initial expert report was due." *Toomey v. Nextel Communications, Inc.,* 2004 WL 5515967 *4, No. C-03-2887 (N.D. Cal. Sept. 23, 2004).  "Rather, '[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Luke v. Family Care & Urgent Med. Clinics,* 323 F. Appx. 496, 500 (9th Cir. 2009) (citing *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998)).

"[S]upplemental disclosures do not permit a party to introduce new opinions after the discovery deadline under the guise of a 'supplement.' Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this 'does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report. . . .'" *Plumley v. Mockett,* 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010)(citing *Beller v. United States,*  221 F.R.D. 696, 701 (D. N.M. 2003)).  "[A] supplemental expert report that states additional opinions . . . is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c).  *Id.*

A party who fails to provide information as required by Rule 26(a) or (e) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The party who fails to make the requisite disclosures bears the burden of showing substantial justification for such failure or that its failure to disclose was harmless." *Toomey,* 2004 WL 5515967 *4.

## ANALYSIS

This Court will not be expressing a point of view regarding the relevance or admissibility of any proffered expert testimony nor the qualifications of the proffered expert. That is a matter for the district court upon proper motion. Here, the only question is whether the opinions expressed by Mr. Beaton and identified at paragraph 6, subparagraphs (a), and (d) through (f), should be stricken as improper supplementation.

FRI's initial argument is that because Mr. Beaton did not express any opinion in his initial report, there is nothing to supplement. A non-opinion, in their view, is not an incomplete or incorrect opinion requiring supplementation. FRI further and more persuasively asserts that to the extent Mr. Beaton now provides an opinion regarding FRI's damages based upon ORI's profits, based upon ORI's financial data, there is no reason that data could not and should not have been provided to Mr. Beaton earlier so that he could present his opinion in his initial report. (ECF No. 177 *2-4 (the Court will refer to ECF pagination throughout)). On the other hand, ORI argues that there was a good faith dispute regarding the discovery of ORI's financials which was not resolved by the Court until November 4, 2016, after the initial Beaton report was required to be served. (*Id.* *7-8). In that

1  regard, FRI argues that ORI has been on notice at least since the filing of its
2  First Amended Counterclaims, that FRI was seeking ORI's profits, among
3  other things, as a remedy for the alleged causes of action.  ORI responds that
4  FRI, at least at the time, was also seeking other remedies.
5      In their expert witness disclosures, dated October 16, 2015, ORI
6  disclosed that Mr. Beaton "is expected to testify regarding monetary damages
7  and non-monetary damages, including but not limited to lost profits and
8  actual damages." (ECF No. 75-2 ¶1).  In his initial report, Mr. Beaton stated
9  that his assignment was to "independently assess the economic damages, if
10 any, that may have been incurred by [FRI] as a result of FRI's claims that
11 ORI violated the Lanham Act . . . and California unfair competition and false
12 advertising laws." (ECF No. 177-3 ¶3).  The initial report was dated October
13 15, 2015.  Some 4.5 months earlier, on May 28, 2015, FRI filed its Answer
14 and First Amended Counterclaims.  (ECF No. 41).  Paragraph 106 provides
15 the prayer for relief.  In subparagraph B, FRI seeks relief for false
16 advertising, unfair competition and deceptive acts and practices "as
17 measured by Shimizu's lost sales to [ORI] and by [ORI's] Lipozene profits."
18 In subparagraph C, FRI specifically seeks "[j]udgment for an award of [ORI's]
19 Lipozene profits attributable to its willful false advertising, unfair
20 competition and deceptive acts or practices."  Accordingly, ORI was on notice
21 as of May 28, 2015, of FRI's intent to seek ORI's profits as a measure of
22 damages.
23     The only opinion provided by Mr. Beaton in his initial report was that
24 he was unable to opine regarding **FRI's** lost profits because **FRI** had not
25 produced any documents that would allow for any analysis.  (ECF No. 177-3
26 ¶5(a)).  Mr. Beaton did not mention ORI's Lipozene profits.

In the supplemental report here at issue, Mr. Beaton now expresses six opinions, located at paragraph 6(a-f). (ECF No. 177-2 ¶6). FRI challenges paragraphs 6(a) and (d-f). Paragraph 6(a) refers to the lack of information provided by FRI but the opinion has nothing to do with determining damages. Instead, it is an opinion regarding materiality of allegedly false statements. Paragraph 6(d) provides an opinion regarding the amount ORI may have been unjustly enriched, if liable, considering that its cost of goods would have been higher if the raw materials had been purchased from Shimizu/FRI. This section appears to be based upon information provided primarily, if not exclusively, by ORI. (*See id.* ¶14-29). Paragraphs 6(e) and (f) provide alternate calculations of damages based upon varying damages periods and are based on the same data.

Propriety of Supplementation

Paragraphs 6(a) and (d-f) of the Beaton supplemental expert report are not proper. Paragraph 6(a) has nothing to do with damages, instead opining regarding materiality. Neither in ORI's initial disclosures nor in Mr. Beaton's initial report was there any indication that Mr. Beaton was expected to testify regarding materiality.

Paragraphs 6(d-f) relate to a determination of ORI's profits potentially subject to recovery by FRI. The information used to determine ORI's profits is financial information provided by ORI. This information certainly was available to ORI prior to Mr. Beaton's initial report. ORI's argument that there was a good faith discovery dispute regarding the discoverability of its finances is unavailing. While there was a dispute regarding the scope of that discovery, FRI has been claiming ORI's profits as a measure of damages since March 2015. There is no question that ORI's profits are on the table,

1 assuming liability is established.  Regardless of the discovery dispute, ORI
2 had to know that if it wanted its damages expert, Mr. Beaton, to opine
3 regarding potential damages recoverable to FRI, it would have to provide
4 information to Mr. Beaton.  ORI, however, decided not to have Mr. Beaton
5 opine regarding the extent to which ORI's profits may be recoverable by FRI
6 in his initial report.  That decision, tactical at best, malevolent at worst in
7 attempting to later sandbag FRI, is at the heart of this dispute.
8  If Mr. Beaton believed he ultimately was to provide an opinion
9 regarding ORI's profits he could have said, as he did regarding FRI, that he
10 lacked the necessary information to provide an opinion.   As that information
11 was available to ORI and could have been provided to Mr. Beaton, the Court
12 must conclude that ORI either had no intention of having Mr. Beaton opine
13 regarding its profits or intended to have him do so beyond the discovery
14 deadline in this case.
15  Accordingly, having found the challenged supplementation improper,
16 the analysis moves to Rule 37 for a consideration of substantial justification
17 or harmlessness.
18  <u>Substantial Justification</u>
19  As provided above, the Court finds that there was no substantial
20 justification for ORI withholding information from its own damages expert to
21 opine regarding a measure of damages, ORI's profits, clearly sought by FRI.
22 There was a discovery dispute regarding the scope of discovery regarding
23 ORI's finances but the dispute did not concern cost of goods.  (ECF No. 60).
24 In its Request for Production No. 11, served in June 2015, FRI called for the
25 production of any documents "that support any claim you may have to reduce
26 or minimize the damages claimed by [FRI]".  (*See* ECF No. 177 *2).  ORI's

assertion that this RFP is vague is unavailing.  There was a discovery dispute regarding certain interrogatories and requests for production from that period but FRI did not move to compel regarding RFP #11 when it moved to enforce a number of RFP's from the same era.  (*See* ECF No. 60).  The learned counsel of ORI had to know that FRI was entitled to certain financial discovery, including cost of goods, from ORI and could have avoided this entire controversy, and others, by providing the information that it knew was subject to disclosure.

### Harmlessness

ORI has the burden of establishing harmlessness.  ORI claims that FRI had ample time to prepare its rebuttal report, pursuant to the Court's earlier Order, and ORI has offered Mr. Beaton for further deposition.  In the earlier discovery dispute regarding expert reports, the Court provided a schedule for proper supplementation requiring a two-week lag between disclosure of a supplemental Beaton report and a supplemental rebuttal report from Mr. Hoffman.  Although ORI is correct that the schedule was met, the schedule was predicated upon the service of a supplemental report complying with Rule 26(e).  The only proper supplementation would have been an opinion regarding FRI's profits based upon information provided by FRI after the initial report was served.  Instead, as discussed above, the Beaton supplemental report went well beyond those parameters.

The analysis of harm in this case is complicated by the history of discovery shenanigans and disputes by the parties in this case.  This is not a clean slate.  Not including motion practice before the district judge, there have been 14 discovery motions presented to this Court.  (ECF Nos. 60, 61, 62, 75, 80, 106, 113, 119, 123, 134, 147, 171, 174 and 177).  Of those, five

relate to expert discovery.  (ECF Nos. 75, 80, 106, 119 and 177).

The Court granted FRI's motion to strike ORI's non-retained witness disclosures and, finding ORI's position frivolous, invited FRI to seek recovery of its fees and costs.  (ECF Nos. 75, 76).  The Court ultimately sanctioned ORI in connection with this motion.  (ECF No. 219).  ORI challenged the rebuttal expert report of Mr. Hoffman in the precursor dispute to the instant dispute.  (ECF No. 80).  The Court did strike the portion of Mr. Hoffman's rebuttal expert report providing a methodology he would use to analyze financial information because the initial report of Mr. Beaton provided no opinion and no methodology.  (ECF No. 81).  As provided herein, however, ORI was in the wrong in not providing to Mr. Beaton information he could use to opine regarding ORI's profits.  FRI later challenged the revised non-retained expert designations by ORI.  (ECF No. 106).  The Court found those disclosures legally adequate leaving to the district judge any issues to be raised regarding relevance, qualifications and admissibility.  (ECF No. 107).  In a related motion, the Court denied ORI's motion to strike the rebuttal expert report of Dr. Fahey to the non-retained expert disclosures.  (ECF No. 119).  The Court noted that the disclosures for the three non-retained experts provided 10 identical summaries of facts and opinions for all three, plus 4 additional identical summary facts and opinions for two of the three.  (ECF No. 133).

FRI chose not to compel information responsive to its RFP #11 as discussed above.  It appears that responsive information was not provided by ORI until February 24, 2016, consisting of information relied upon by Mr. Beaton in forming his new opinions.  (ECF No. 174 *6, 177 *2 n.3, *9).  So, we have ORI choosing not to respond in a timely fashion to an RFP calling for

the production of clearly relevant information regarding costs; FRI choosing not to seek to enforce compliance; ORI failing to provide its own damages expert with information to provide an opinion regarding FRI's damage theory; ORI disclosing information regarding costs just five days prior to the close of discovery; and ORI having its expert improperly supplement his initial report with new opinions regarding costs based upon the information disclosed very late in the game.

This is not a "no harm, no foul" scenario. There has been harm. FRI has been prejudiced by disclosure, just five days prior to the close of discovery, of information exclusively in the possession of ORI. FRI has been prejudiced by the decision of ORI not to have its damages expert timely provide an opinion on FRI's damage theory – recovery of ORI's profits. FRI has been prejudiced by having to have its damages expert provide a rebuttal opinion to new opinions, not previously disclosed, in the short time period ordered by the Court necessitated by ORI's decision to withhold information from its expert.

This Order does not prohibit ORI from presenting evidence in mitigation on the damage theory presented by FRI. The opinions of Mr. Beaton, presented for the first time in his supplemental report at ¶6(a)(d-f), however, are stricken.

## CONCLUSION

The opinions proffered by Neil Beaton, in his supplemental expert report, identified in his summary of opinions in ¶6(a) and (d-f) are improper supplements under Rule 26(e). ORI has failed to sustain its burden that the improper supplements are substantially justified or harmless under Rule 37(c)(1). Accordingly, ORI is precluded from having Mr. Beaton supply

1  evidence regarding those opinions on a motion, at a hearing, or at a trial as
2  provided under Rule 37(c)(1).
3  **IT IS SO ORDERED:**
4
5  Dated:   June 7, 2016
6
7  Hon. Mitchell D. Dembin
   United States Magistrate Judge