UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No.: 15-cv-0595-BAS-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF NO. 249]** |

BACKGROUND

Before the Court is Plaintiff's Motion to Reconsider this Court's Order dated April 8, 2016, in which the Court struck certain supplemental witness disclosures. (*See* ECF No. 205). Specifically, the Court struck the supplemental disclosures of Brian Salerno as a fact witness (the designation of Mr. Salerno as a non-retained expert witness was left intact), Wendi Wang, Ron Ovadia, Steven Snyder, Gayle Bensussen, certain 30(b)(6) witnesses, Patience Hannah, Angela Emmerson, Bradley Sutton and Jamie Stein. Plaintiff urges to the Court to reconsider its ruling striking Brian Salerno as a fact witness, Wendi Wang, Ron Ovadia and Steven Snyder. The motion to

1 reconsider was filed on May 6, 2016.  (ECF No. 249).  Plaintiff asserts that
2 that reconsideration is warranted because "maintaining an erroneous ruling
3 in light of evidence to the contrary is manifestly unjust and warrants relief."
4 (ECF No. 249-1 *5 (the Court will refer throughout to the pagination
5 provided by CM/ECF rather than original page numbers of the filed
6 documents)).
7     Defendant responded on May 24, 2016, that the motion is untimely and,
8 in any event, correct.  (ECF No. 262).  Plaintiff replied on May 31, 2016.
9 (ECF No. 265)

## ANALYSIS

1. Timeliness

Civil Local Rule 7.1(i)(2) of this Court allows for motions to reconsider to be filed within 28 days of the order sought to be reconsidered.  By this measure, Plaintiff's motion to reconsider was timely, although just barely.  There is some tension between this local rule and Fed. R. Civ. P. 72(a) providing that a party has 14 days to object before the district judge to any non-dispositive order of the magistrate judge.  That tension does allow for a measure of unfortunate gamesmanship:  A party fully intending to object to an order of a magistrate judge can effectively extend the time to do so by first moving the magistrate judge to reconsider the ruling.  On the other hand, providing the magistrate judge an opportunity to reconsider a ruling based upon new evidence, a change in the law, or upon demonstration of clear error, provides some efficiency by relieving the district judge of a potentially unnecessary burden.  The Court finds that the benefits of providing a vehicle for reconsideration through the local rule is not inconsistent with Rule 72.  Plaintiff's motion was timely.

2. <u>Merits</u>

The crux of Plaintiff's argument is that the Court applied a more stringent standard, the so-called "functional equivalent" test rather than the "otherwise made known" test provided in Rule 26(e)(1), Fed. R. Civ. P. Plaintiff has misunderstood the Court's ruling. Rule 26(e)(1) provides that a supplement is not required if additional or corrective information to an incomplete or incorrect disclosure has "otherwise been made known to the other parties during the discovery process or in writing." The issue before the Court, regarding some of the challenged disclosures, was the extent of the information that was "made known" to determine whether supplementation was required or excused. In that regard, the Court relied upon and expressly cited *Poitra v. School District No. 1,* 333 F.R.D. 659, 666 (D. Colo. 2015). The Court did not quote a specific passage in *Poitra* which may have led to Plaintiff's confusion. The specific passage relied upon by the Court is set forth here:

> And finally, a reasonable interpretation of Rule 26(e)(1)(A) and its reference to "incomplete or incorrect" disclosures presumes that the "additional or corrective information...otherwise made known...during the discovery process" will provide the functional equivalent of the information required under Rule 26(a)(1)(A). Cf. L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc., No. 10-cv-02868-MSK-KMT, ——F.Supp.3d ——, ——, 2015 WL 5117792, at *8 (D.Colo. Sept. 1, 2015) ("To satisfy the 'made known' requirement, a party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must be in such form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the information was mentioned in passing is not sufficient.").

*Poitra,* 333 F.R.D. at 666.

The Court remains unconvinced that it erred in finding that the

information "made known" was not sufficient to dispense with the requirement of supplementation under Rule 26(e).

Plaintiff offers the fact that Wendi Wang was deposed after the motion to strike was briefed as new evidence justifying reconsideration of the order as it pertains to her. Ms. Wang was deposed on March 29, 2016, approximately one month after the challenged designations were served and one week after the motion challenging the designations was filed. (*See* ECF No. 249-1 *15). Defendant argues that Plaintiff could have brought that information before the Court in the original motion and should not be allowed to do so now.

The deposition of Ms. Wang after Plaintiff served its supplemental designations is a changed circumstance. The functional equivalent of a proper witness disclosure under Rule 26(a) has now "otherwise [been] made known" to Defendant during the discovery process. Accordingly, the Court reconsiders its ruling striking the supplemental witness designation of Wendi Wang. In all other respects, the Court confirms its prior Order.

## CONCLUSION

Upon reconsideration, the supplemental designation of Wendi Wang may stand. In all other respects, the Court's Order dated April 8, 2016, is confirmed.

**IT IS SO ORDERED.**

Dated: June 7, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge