# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No.: 15-cv-0595-BAS-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE SECOND AMENDED SCHEDULING ORDER**<br><br>**[ECF NO. 274]** |

## BACKGROUND

Before the Court is the Joint Motion of the parties presenting Plaintiff's Motion to amend the operative Scheduling Order. The Joint Motion was filed on June 14, 2016. (ECF No. 274). On May 19, 2016, at the conclusion of a hearing regarding other pending motions, Plaintiff orally moved the Court to amend the operative Scheduling Order. *See Transcript of Motion Hearing on May 19, 2016* at 25-30 (ECF No. 260). The motion was opposed at the time by Defendant and the Court denied the motion without prejudice. *Id.* The Court allowed that Plaintiff could use the hearing transcript as a basis to object to the Court's ruling or could file a formal motion. *Id.* at 30-31. Plaintiff opted

to file this motion and the motion was referred to this Court by the district judge.

Plaintiff is requesting that all of the current pretrial dates be vacated until two motions pending before the district judge are resolved. The referenced motions are Defendant's Motion for Partial Summary Judgment (ECF No. 174) and a Motion to Dismiss for Lack of Jurisdiction filed by Shimizu Chemical Corporation (ECF No. 207). Plaintiff asserts that requiring the parties to begin the pretrial disclosure process under these circumstances may be wasted or needlessly duplicative depending upon the outcome of the motions.

Defendant disagrees. Regarding the Shimizu motion to dismiss, Defendant asserts that regardless of the outcome of that motion, Defendant will be in the case and the disclosures pertaining to Defendant and Plaintiff will be neither wasted nor duplicative. In that regard, Defendant's view mirrors the previous oral ruling by the Court. *See Hearing Transcript* at 32-33 (ECF No. 260). Regarding the pending motion for summary judgment, Defendant argues first that the pendency of its summary judgment motion should not interfere with the march to trial. In fact, to the extent that the Court would consider delaying pretrial disclosures because of the pendency of the summary judgment motion, Defendant states "Indeed, FRI would withdraw its summary judgment motion rather than permitting it to hold up trial." *See Joint Brief* at 8 fn.2 (ECF No. 274).

Plaintiff's motion is denied without prejudice. The Court confirms its earlier ruling that the pendency of the Shimizu motion to dismiss does not provide good cause to vacate the current pretrial schedule. If Shimizu becomes a defendant, the pretrial disclosures may ultimately have to be

amended but the Court finds that requiring ORI and FRI to provide their pretrial disclosures in the interim is not wasteful.  The pendency of Defendant's motion for summary judgment does give the Court some pause. There are two reasons why the Court will not vacate the pretrial disclosure obligations because of the pendency of Defendant's summary judgment motion:  1. It is the Defendant's motion and Defendant opposes delaying the pretrial disclosures; and 2. Defendant has stated clearly that it will withdraw the motion if the district judge is inclined to delay pretrial disclosures because of the motion.

## CONCLUSION

Defendant's Motion to Amend the Scheduling Order, as presented in the instant Joint Motion, is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated:   June 17, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge