# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 15-cv-595-BAS(MDD)<br><br>**OMNIBUS ORDER RE: PARTIES' MOTIONS TO FILE DOCUMENTS UNDER SEAL** |

Presently before the Court are a number of motions by the parties to file documents under seal. (*See* ECF No. 190, 193, 208, 216, 221, 223, 231, 234, 236, 242, 247, 250, 276, 280, 303, 312.) The motions were filed with many of the substantive briefs filed by the parties, including, but not limited to, briefs related to Plaintiff Obesity Research Institute, LLC's ("ORI") motion to exclude expert testimony, Defendant Fiber Research International, LLC's ("FRI") motion for summary judgment, and Defendant Shimizu Chemical Corporation's ("Shimizu")

motion to dismiss. To date, none of the motions are opposed.

Due to the volume of the parties' requests, the Court will refer to each motion by its Electronic Case Filing number ("ECF No.") on the docket for the purposes of this order.

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify

1  private spite, promote public scandal, circulate libelous statements, or release trade
2  secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However,
3  "[t]he mere fact that the production of records may lead to a litigant's embarrassment,
4  incrimination, or exposure to further litigation will not, without more, compel the
5  court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal
6  documents is "one best left to the sound discretion of the trial court" upon
7  consideration of "the relevant facts and circumstances of the particular case." *Nixon*,
8  435 U.S. at 599.
9      Federal Rule of Civil Procedure 26(c), generally, provides the "good cause"
10 standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179.
11 The test applied is whether "'good cause' exists to protect th[e] information from
12 being disclosed to the public by balancing the needs for discovery against the need
13 for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)
14 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213
15 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' .
16 . . is sufficient to preserve the secrecy of sealed discovery documents[.]" *In re
17 Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th
18 Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a
19 "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated
20 by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."
21 *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover,
22 a blanket protective order is not itself sufficient to show "good cause" for sealing
23 particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476;
24 *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103
25 (9th Cir. 1999).
26 //
27 //
28 //

## II. ANALYSIS

### A. ECF No. 190

In ECF No. 190, FRI seeks leave to file under seal portions of its memorandum in support of its motion to exclude Dr. Laura Lerner's report and testimony in addition to portions of Exhibit 3 to the Flynn Declaration. The crux of FRI's argument is as follows:

> Fiber Research believes there are probably sufficiently "compelling reasons" to redact some information, namely that identifying the precise viscosity of Lipozene, as in some of Dr. Lerner's headers, and possibly information about its supplier, Nutralliance, which appears on page 6 of Dr. Lerner's Report[.] [¶] In addition, Fiber Research has continued to redact Obesity Research's testing (attached as exhibits to Dr. Lerner's Report), and information derived from the testing in Dr. Lerner's Report. But Fiber Research believes there is not a sufficiently "compelling reason" to redact this information[.]

(FRI's ECF No. 190 at 3:6-17.)

Having reviewed FRI's explanation, the Court finds that FRI fails to carry its burden to demonstrate that sealing the requested information is appropriate under the compelling-reasons standard. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **DENIES** FRI's motion to file documents under seal. (ECF No. 190.)

### B. ECF No. 193

In ECF No. 193, FRI seeks leave to file under seal Exhibit 11, which is a one-page Certificate of Analysis for Shimizu's Propol KW product, to the Persinger Declaration in support of FRI's motion to exclude ORI's non-retained expert witnesses. FRI argues that the information contained in Exhibit 11 is "highly confidential proprietary information about the characteristics of glucomannan that could allow a competitor to attempt to reverse engineer Shimizu's glucomannan," and that the Court has already determined that the certificate is "extremely sensitive"

in a protective order. No further explanation is provided by FRI regarding how the information contained in the certificate could be used in the manner purported.

Having reviewed FRI's incomplete explanation, the Court finds that FRI fails to carry its burden to demonstrate that sealing the requested information is appropriate under the compelling-reasons standard. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **DENIES** FRI's motion to file documents under seal. (ECF No. 193.)

### C. ECF No. 208

In ECF No. 208, Shimizu seeks leave to file under seal certain information contained in Exhibit 1, which is the distribution and assignment agreement between FRI and Shimizu, to the Shimizu Declaration, which Shimizu argues could be used to gain a competitive advantage. Shimizu contends, for example, that the exhibit contains pricing and shipping information for Propol products that could be improperly used.

Having reviewed Shimizu's request, the Court finds that Shimizu fails to carry its burden to demonstrate that sealing the terms of the distribution and assignment agreement is appropriate under the compelling-reasons standard. *See Kamakana*, 447 F.3d at 1179. However, the Court finds that sealing the pricing and shipping information contained on the page identified as "FRO 170" is appropriate. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Shimizu's motion to file documents under seal. (ECF No. 208.)

### D. ECF No. 216

In ECF No. 216, ORI seeks leave to file under seal portions of its memorandum in support of its motion to exclude Dr. Fahey in addition to Exhibits 3-6 and 9-11 to the Flaherty Declaration. Specifically, ORI argues that the "Confidential" or "HIGHLY CONFIDENTIAL" designations, which are all made pursuant to the

protective order, justifies sealing the aforementioned documents. Though ORI invokes the good-cause standard, because admissibility of expert testimony is "more than tangentially related to the merits of the case," the appropriate standard applied to the circumstances is the compelling-reasons standard. *See Ctr. for Auto Safety*, 809 F.3d at 1102.

Having applied the wrong standard, ORI's request is properly denied. *See Ctr. for Auto Safety*, 809 F.3d at 1102. It is also properly denied because ORI fails to make a particularized showing demonstrating that sealing the requested documents is appropriate. *See Kamakana*, 447 F.3d at 1179. However, even if the Court applied the good-cause standard, a blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Accordingly, the Court **DENIES** ORI's motion to file documents under seal. (ECF No. 216.)

E.   ECF No. 221

In ECF No. 221, ORI seeks leave to seal portions of its opposition to FRI's motion to exclude Dr. Lerner's report and testimony because "[t]he redacted portion of the publicly filed Opposition contains information regarding the nature of ORI's product, Lipozene, and the sources of the materials used in Lipozene which has been deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by ORI given the extremely sensitive nature of the information." ORI's conclusory assertion that the aforementioned information is "extremely sensitive" is wholly inadequate.

Having reviewed ORI's request, the Court finds that ORI fails to carry its burden to demonstrate that sealing the requested information is appropriate under the compelling-reasons standard. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **DENIES** ORI's motion to file documents under seal. (ECF No. 221.)

//

### F. ECF No. 223

In ECF No. 223, ORI seeks leave to seal portions of its opposition to FRI's motion to exclude ORI's non-retained witnesses in addition to portions of Exhibits 4, 6, and 7 to the Flaherty Declaration. To justify its request, ORI presents the same conclusory arguments asserted in support of its request to file documents under seal in ECF No. 221, which the Court denied above. The Court **DENIES** this request (ECF No. 223) for the same reasons it denied ECF No. 221. *See Kamakana*, 447 F.3d at 1179.

### G. ECF No. 231

In ECF No. 231, FRI seeks leave to file portions of its reply in support of its motion to exclude Dr. Lerner's report and testimony in addition to Exhibits 2 and 3 to the Flynn Declaration. FRI indicates that it does not believe these materials are appropriate for sealing, but has nonetheless made the request to do so pursuant to the protective order. However, the precise request is for a show-cause order for ORI to demonstrate that sealing the aforementioned documents is appropriate. ORI has not responded FRI's request. Ultimately, neither standard for sealing documents has been met by either party, and as a result, the Court **DENIES** FRI's motion to file documents under seal. (ECF No. 231.)

### H. ECF No. 234

In ECF No. 234, FRI seeks leave to seal Exhibits 1 and 2 to the Persinger Declaration, submitted in support of its motion to exclude non-retained expert witnesses. This request is made under the same circumstances as ECF No. 231, and ORI has not responded to FRI's request. Accordingly, the Court **DENIES** FRI's request to file documents under seal. (ECF No. 234.)

//
//

### I. ECF No. 236

In ECF No. 236, ORI seeks leave to seal portions of its opposition to Shimizu's motion to dismiss, and Exhibit 3 through 5 to the Index of Exhibits. ORI argues that sealing is appropriate pursuant to the protective order. To justify its position, ORI only provides conclusory assertion that aforementioned documents contain "sensitive business information" without any explanation regarding how or why that information is sensitive in nature.

Having reviewed ORI's request, the Court finds that ORI fails to carry its burden to demonstrate that sealing the requested information is appropriate under the compelling-reasons standard. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **DENIES** ORI's motion to file documents under seal. (ECF No. 236.) ORI is reminded that a blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

### J. ECF No. 242

In ECF No. 242, FRI seeks leave to seal Exhibits 2 and 4 to the Fitzgerald Declaration, submitted in support of its opposition to ORI's motion to exclude Dr. Fahey. Though FRI appears to base its request on the protective order, FRI explains that the exhibits contain Shimizu's "proprietary testing methodologies, testing results, certificates of analysis containing testing results for Shimizu's Propol, and Propol product specifications," adding that "the disclosure of which to the general public could irreparably damage Shimizu as the owner of those underlying proprietary testing methodologies, test results, and trade secrets, and thereby its assignee, licensee, and distributor, Fiber Research." FRI's explanation appears to be consistent with the Court's assessment of the relevant exhibits.

//

Having reviewed FRI's request, and the relevant documents, the Court finds that FRI provides compelling reasons to seal the aforementioned documents. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS** FRI's motion to file documents under seal. (ECF No. 242.)

### K. ECF No. 247

In ECF No. 247, ORI seeks leave to seal Exhibits 5 and 8 of the Flaherty Declaration in connection with its motion for reconsideration of an April 8, 2016 order striking portions of the supplemental disclosures. To justify its request, ORI presents similar arguments asserted in support of its request to file documents under seal in ECF Nos. 216 and 221, which the Court denied above. The Court **DENIES** this request (ECF No. 247) for the same reasons it denied ECF Nos. 216 and 223. *See Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476.

### L. ECF No. 250

The Court **DENIES** this request for the same reasons it denied ECF No. 216. (ECF No. 250.) ORI is reminded that a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

### M. ECF No. 276

The Court **DENIES** this request for the same reasons it denied ECF No. 216. (ECF No. 276.) ORI is reminded that a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

### N. ECF No. 280

In ECF No. 280, ORI seeks leave to seal portions of its memorandum in support of its objection to the magistrate judge's October 23, 2015 order regarding whether portions of the Beaton supplemental report should be stricken. Though ORI appears to base its request on the protective order, ORI explains that the memorandum contains sensitive financial information, including revenues and costs information. ORI's explanation appears to be consistent with the Court's assessment of the relevant information.

Having reviewed ORI's request, and the relevant information, the Court finds that ORI provides good cause to seal the aforementioned documents. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS** ORI's motion to file documents under seal. (ECF No. 280.)

### O. ECF No. 303

The Court **DENIES** this request for the same reasons it denied ECF No. 216. (ECF No. 303.) ORI is reminded that a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

### P. ECF No. 312

The Court **DENIES** this request for the same reasons it denied ECF No. 216. (ECF No. 312.) ORI is reminded that a blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

//
//

**Q. ECF No. 318**

The Court **DENIES** this request for the same reasons it denied ECF No. 216. (ECF No. 318.) ORI is reminded that a blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** FRI's motion to file documents under seal in ECF No. 242 and ORI's request to file documents under seal in ECF No. 280; **GRANTS IN PART** and **DENIES IN PART** Shimizu's request to file documents under seal in ECF No. 208; and **DENIES WITHOUT PREJUDICE** the remaining requests in ECF Nos. 190, 193, 216, 221, 223, 231, 234, 236, 247, 250, 276, 303, 312, and 318.

If the parties wish to re-file any denied request, addressing the defects identified in this order, it may do so no later than **March 27, 2017** after the issuance of this order. Otherwise, the parties are instructed to file the unredacted versions of the aforementioned documents on the public docket no later than **March 27, 2017** after the issuance of this order. When filing the documents on the public docket, the parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual. Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1

**IT IS SO ORDERED.**

**DATED: March 17, 2017**

Hon. Cynthia Bashant
United States District Judge