# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>　　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 15-cv-595-BAS(MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE ORI'S NON-RETAINED EXPERT WITNESSES**<br><br>**[ECF No. 192]** |

On March 16, 2015, Plaintiff Obesity Research Institute, LLC ("ORI") filed a Complaint for Declaratory Judgment against Defendant Fiber Research International, LLC ("FRI") asking the Court to declare that it has no liability under either the Lanham Act, the Federal Food, Drug, and Cosmetic Act ("FFDCA"), California's Unfair Competition Law ("UCL"), and California's False Advertising Law ("FAL"). (ECF No. 1.) On April 13, 2015, FRI filed its Answer and Counterclaims. (ECF No. 16.)

Presently before the Court is FRI's Motion to Exclude ORI's Non-Retained Expert Witnesses. (ECF No. 192.) FRI argues that the witnesses are unqualified and their testimony is not based on sufficient facts and data to help the trier of the fact determine relevant issues in the case. ORI opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** FRI's motion.

## I.   BACKGROUND

On March 10, 2015, FRI sent a letter to ORI claiming ORI was in violation of the Lanham Act and the FFDCA. (Ferrell Decl. Ex. 1, ECF No. 24-4.) FRI alleged that the glucomannan used in ORI's trademarked Lipozene is not equivalent to the grade of glucomannan used in Shimizu Chemical Corporation's ("Shimizu") trademarked Propol.[1] (Ferrell Decl. Ex. 1.) ORI allegedly relied on studies of the effectiveness of glucomannan in Propol as a basis for marketing the effectiveness of Lipozene.[2] (*Id.*) FRI contends that the results of Lipozene are not comparable to the results in the studies because the glucomannan in Lipozene has a lower viscosity than the glucomannan in Propol. (*Id.*) Due to the purported differences between the glucomannan in Lipozene and Propol, FRI asserts that ORI has substantially harmed FRI's business. (*Id.*)

In response to FRI's letter, ORI filed a Complaint for Declaratory Judgment, which resulted in FRI responding with Counterclaims on May 28, 2015. (ECF No. 1, 24.) ORI contends that the studies it relied upon never mentioned what grade of glucomannan was used and that Lipozene contains the same active ingredients as the

---

[1] FRI has the right to sell Shimizu glucomannan products in the United States, including Propol. (Ferrell Decl. Ex. 1.)

[2] ORI references scientific studies on its website that supposedly "confirm Lipozene's active ingredient, Glucomannan, is safe and effective for weight loss and fat loss." (Answer & Countercl. Ex. 1.) FRI contends that these studies do not support the effectiveness of Lipozene, rather they only confirm the effectiveness of Propol. (Answer & Countercl. ¶¶ 33-35.)

products used in the aforementioned studies. (Non-Retained Expert Witness Designations ("Witness Designations") 3:25-4:1-2, ECF. No. 220-5, Ex. 1.) Further, ORI takes the position that "Propol is nothing more than a trade mark" under which Shimizu sells glucomannan. (Witness Designations 4:24–25.)

In this case, ORI designated three non-retained expert witnesses—Brian Salerno, Henny den Uijl, and Jim Ayres—to testify on various matters involved in the case. Mr. Salerno is the President of Nutralliance, the raw-material supplier of konjac glucomannan used for Lipozene. (ORI's Opp'n 5:8-16.) Mr. den Uijl is ORI's manager and has had experience in horticulture. (*Id.* at 4:9-23.) And Mr. Ayres was the account manager for ORI when he worked for Natural Alternatives International, Inc. ("NAI"), but after he left NAI, he continued to work with ORI as their global sales manager. (*Id.* at 4:24-5:7.)

Although none of the witnesses has educational qualifications to testify as an expert, ORI contends that each is qualified to testify as an expert witness because of his experience. (ORI's Opp'n 7:15-18.) In response, FRI argues that ORI fails to meet its burden of showing that the non-retained experts' testimony is admissible. (FRI's Reply 2:9-11, ECF No. 233.) While FRI concedes that witnesses do not need to be qualified through education alone, FRI maintains that ORI fails to meet its burden of demonstrating admissibility. (*Id.* at 3:1-8.) Further, FRI argues that ORI fails to demonstrate that the expert witnesses are qualified, their testimony is relevant, or that their methods are reliable. (*Id.* at 4:15-17.)

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert witnesses. Expert witnesses can testify to "scientific, technical, or other specialized knowledge" that will assist the "trier of the fact [in] understand[ing] the evidence or to determine a fact in issue." Fed. R. Evid. 702.

//

Expert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Reliability requires that an expert's testimony "have a reliable basis in the knowledge and experience of his discipline." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999)).

The inquiry into the admissibility of an expert witness' testimony does not "require a court to admit or exclude evidence based on its persuasiveness." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). A trial court will not weigh the correctness of an expert witness, rather the court must determine if the expert's testimony is reliable. Advisory Committee Notes to Rule 702, 2000 Amendments (proponents do not have show by the "preponderance of the evidence that the assessments of their experts are to correct, they only have to demonstrate to the judge by a preponderance of evidence that their opinions are reliable . . . . the requirement of reliability is lower than the merits standard of correctness") (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994)).

A witness is qualified to give expert testimony by her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. If an expert witness is qualified through her experience, the offering party must explain how that experience led to the expert opinion, why the experience is sufficient, and how the experience was reliably applied to the facts. Advisory Committee Notes to Rule 702, 2000 Amendments; *see also Kumho Tire*, 526 U.S. at 151 ("[I]t will at times be useful to ask even of a witness whose expertise is based purely on experience, say, a perfume tester able to distinguish among 140 odors at a sniff, whether his preparation is of a kind that others in the field would recognize as acceptable.").

//

Proponents of the expert witness have the burden of demonstrating the admissibility of the testimony. *See Lust ex rel. Lust v. Merrell Dow Pharms.*, 89 F.3d 594, 598 (9th Cir. 1996). The offering party must prove beyond a preponderance of evidence that its expert witness' testimony is admissible. *See Stambolian v. Novartis Pharm. Corp.*, No. CV 12-0437, 2013 WL 6345566, at *3 (C.D. Cal. Dec. 6, 2013) (citing *Lust ex rel. Lust*, 89 F.3d at 598). Failure to show admissibility of an expert witness will result in the exclusion of the witness. *See Mesfun v. Hagos*, No. CV 03-02182, 2005 WL 5956612, at *2 (C.D. Cal. Feb. 16, 2005) (holding expert witness is excluded because offering party failed to show how opinion was more than "rank speculation").

When considering the admissibility of an expert witness, the court acts as a "gatekeeper" rather than a fact finder. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert*, 509 U.S. at 594, 596). Shaky but admissible evidence can be attacked by "vigorous cross-examination, presentation of contrary evidence, and careful instructions on the burden of proof." *Daubert*, 509 U.S. at 596. Where the expert witness meets the criteria of Rule 702, the trial court has broad discretion whether to admit the evidence. *Id.* (finding juries should be given leave to act as a fact finder on the conclusions of an expert witness).

## III. DISCUSSION

Though ORI argues that each witness is qualified as an expert through his experience, ORI entirely misses its burden of demonstrating "how that [witness'] experience leads to the conclusions reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Advisory Committee Notes to Rule 702 (2000). ORI attaches designations of facts and opinions that the non-retained expert witnesses are expected to testify on, but it fails to demonstrate that the witnesses are adequately qualified to testify on each issue. Thus, ORI fails to meet its burden of demonstrating by the preponderance of the evidence

that the non-retained expert witnesses' testimonies are admissible. *See Lust ex rel. Lust*, 89 F.3d at 598; *see also Stambolian*, 2013 WL 6345566, at *3.

ORI provides general qualifications of its experts but fails to explain how these qualifications will help the "trier of the fact [in] understand[ing] the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702. For example, ORI states:

> Mr. Salerno, Mr. den Ujil, and Mr. Ayres each have at least 15 years of experience in the nutritional or dietary supplement industry and draw on that as the basis for their expertise. Mr. Salerno, for example, testified that he has been in the nutritional ingredient business, sourcing and distributing ingredients, since 1989.

(ORI's Opp'n 7:19–19.) Although this statement discusses the general qualifications of the three witnesses, ORI does not tie these qualifications to the designated facts and opinions to show how their experiences led the witnesses to either understand the evidence or determine a fact in issue. *See* Advisory Committee Notes to Rule 702. It is insufficient for ORI to merely state the general qualifications of an expert witness without any further explanation and expect the Court to draw inferences from those statements about the admissibility of the ultimate conclusions. *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995) ("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough."). ORI's incomplete attempt to justify qualification applies to all three of its non-retained expert witnesses, who all have very different experience but are designated to testify on the same issues. *See Lust ex rel. Lust*, 89 F.3d at 598.

Even if the Court overlooks the inadequacies regarding qualification, ORI also fails to explain why the experts are able to draw their designated conclusions. It designates all three non-retained expert witnesses to testify on ten identical facts, and designates four more identical facts for Mr. den Ujil and Mr. Ayres. But again, ORI fails to explain why each witness is qualified to testify as to the particular facts identified. For example, while Mr. Salerno may have experience in sourcing and

1  distributing "nutritional ingredients," ORI fails to explain to the Court why he is
2  qualified to testify on the differing viscosities between the glucomannon in Lipozene
3  and the glucomannon sourced by Shimizu. (ORI's Opp'n 7:18-23; Witness
4  Designations 8:24-26.) Similarly, Mr. Ayres has worked as ORI's account manager
5  and its global sales manager, but that experience does not demonstrate how Mr. Ayres
6  is qualified to opine on whether "Lipozene contains Konjac Glucomannan which is
7  substantially similar/equivalent to the Konjac Glucomannan tested in . . . . [the] Kaats
8  Study." (ORI's Opp'n 5:1-5; Expert Witness Designations 6:10-14.) Simply put, ORI
9  does not show the connection between each witnesses' experience and his expected
10 testimony.

11     Although this Court finds the expert opinions of ORI's non-retained witnesses
12 should be excluded, these may be facts these witnesses can still testify to as percipient
13 witnesses. For example, ORI designates them to testify that ORI sponsored and paid
14 for the Kaats Study. (Expert Witness Designations 3:16-18, 4:24-25, 5:4, 6:1-3, 7:8-
15 9, 15, 8:10-12, 9:19-20.) This is not an expert opinion but percipient witness
16 testimony. *See United States ex rel. Technica LLC v. Carolina Cas. Ins. Co.*, No. 08-
17 CV-01673-H, 2012 U.S. Dist. LEXIS 51766, at *14-15 (S.D. Cal. Apr. 12, 2012)
18 (witnesses may testify on knowledge gained from experience in his field without
19 being classified as an expert witness).

20

21 **IV.   CONCLUSION & ORDER**

22     For the foregoing reasons, the Court **GRANTS** FRI's Motion to Exclude
23 Obesity Research's Non-Retained Witnesses because ORI fails to meet its burden of
24 demonstrating that its non-retained expert witnesses' opinions are admissible. (ECF
25 No. 192.) With the exclusion of Messrs. Salerno, den Uijl, and Ayres, the basis for
26 FRI's designation for Dr. George Fahey as a rebuttal witness to the non-retained
27 expert witnesses no longer exists; Dr. Fahey no longer has any witnesses to rebut.
28 Accordingly, the Court **DENIES AS MOOT** ORI's motion to exclude the report and

1. testimony of Dr. Fahey. (ECF No. 217.)
2.     **IT IS SO ORDERED.**
3.
4. **DATED:** March 29, 2017

Hon. Cynthia Bashant
United States District Judge