UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| OBESITY RESEARCH INSTITUTE, LLC, | Case No.: 15-cv-0595-BAS-MDD |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE SUPPLEMENTAL DISCLOSURE** |
| v. | |
| FIBER RESEARCH INTERNATIONAL, LLC, | **[ECF NO. 343]** |
| Defendant. | |

On April 13, 2017, Defendant forwarded by electronic mail to Plaintiff a supplement to Defendant's initial disclosures. (*See* ECF No. 343-2). The supplement consisted of a one-page document represented to be the Third Amendment to Distribution and Claims Assignment Agreement Dated February 21, 2015, between Defendant and Shimizu Chemical Corporation. (*Id.*). The Amendment changed Section I, d. of the Agreement eliminating the three-year term of the assignment and, instead, making the assignment permanent. (*Compare* ECF No. 339-99 at 3 (using CM/ECF pagination throughout) *with* ECF No. 343-2 at 3). In a Joint Motion filed on May 3,

1

15-cv-0595-BAS-MDD

2017, Plaintiff moves to strike the supplement as untimely and not justified or harmless. (ECF No. 343 at 3-6). In the alternative, Plaintiff requests that discovery be reopened to allow for Plaintiff to explore the background of this amendment. (*Id.* at 6). Defendant asserts that the supplement is timely, immaterial, not prejudicial and opposes additional discovery. (*Id.* at 7-11). Plaintiff's motion to strike as presented in the instant Joint Motion is **DENIED.**

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs initial disclosures and supplementing the disclosures. Regarding initial disclosures, Rule 26 provides, in pertinent part, that

> "a party must, without awaiting a discovery request, provide to the other parties: (i) the name [and contact information if known] of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . . ; [and] (ii) … a description by category and location . . . of all documents . . . that the disclosing party has in its possession, custody or subject to its control and may use to support its claims and defenses . . . ."

Rule 26(a)(1)(A)(i), (ii). Regarding supplementing these initial disclosures, Rule 26 provides, in pertinent part, that

> "[a] party . . . must supplement or correct its disclosure ... in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 26(e)(1)(A).

The Advisory Committee's note to the 1993 amendment to Rule 26(a)(1) states that the disclosure requirements should "be applied with common

2

15-cv-0595-BAS-MDD

sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with the respect to the disclosure obligations."

## DISCUSSION

The materiality of the change in the Assignment agreement is questionable. The original term of three years would not expire until early 2018 and, in any event, included a provision that renewal would be discussed. (ECF No. 339-99 at 3). The renewal, making the assignment permanent rather than a term of years, seems immaterial in connection with the progress of this litigation. Plaintiff's argument that this change impacts foundational facts is unconvincing.

Even if material, the disclosure was timely. The Amendment was executed on April 13, 2017, the same day that is was served on Plaintiff. *See* Declaration of John Alkire ¶2 (ECF No. 343-5 at 2). Plaintiff asserts, without any evidentiary support, that allowing this supplemental disclosure to stand will permit Defendant to rework the Assignment agreement continuously and backdate the result. (ECF No. 343 at 5). This paranoiac suggestion is unworthy of counsel.

There is no prejudice apparent to Plaintiff. The term of the Assignment was not interrupted at any time in this litigation and, even if there was no Amendment, would continue for nearly another year.

Finally, the Court is not convinced that it any further discovery is warranted.

//
//
//

## CONCLUSION

Plaintiff's motion to strike supplemental disclosures, as presented in the instant Joint Motion, is **DENIED.** No further discovery is authorized.

**IT IS SO ORDERED:**

Dated: May 17, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge