# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 15-cv-595-BAS(MDD)<br><br>**ORDER OVERRULING ORI'S OBJECTION TO MAGISTRATE JUDGE'S AUGUST 11, 2016 ORDER**<br><br>**[ECF No. 314]** |

       Presently before the Court is Plaintiff Obesity Research Institute, LLC's ("ORI") meritless objection to the magistrate judge's August 11, 2016 Order. The objection specifically addresses Defendant Fiber Research International, LLC's ("FRI") production of voluminous emails on December 7, 2015, which ORI contends was produced in a non-compliant format. (*See* ECF No. 308.)

       Rather than complying with United States Magistrate Judge Mitchell D. Dembin's Chambers Rules: Civil Pretrial Procedures § IV(C)(2)—which, applied to

the circumstances of this case, would have made ORI's discovery challenge due 30 days after the emails were produced in December 2015—ORI sought relief over eight months later on August 10, 2016. (ECF No. 308.) The magistrate judge promptly denied ORI's request, observing that "[ORI] is seeking production of certain documents provided to [ORI] in mid-December 2015 based upon the formatting of the documents," and ultimately concluding that "[t]he time to bring that motion before the court expired many months ago and no good cause for the delay [was] presented." (ECF No. 309.)

For the following reasons, the Court **OVERRULES** ORI's objection in its entirety.

I.     **LEGAL STANDARD**

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g., Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio

1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II. ANALYSIS

ORI argues that its objection is timely because: (1) "it does not seek any additional documents," but rather "merely seeks to correct the format of that which has already been disclosed"[1]; and (2) the "magistrate judge's imposition of [the] 30-day limit is contrary to law."[2] Throughout its objection, ORI repeatedly invokes Federal Rule of Civil Procedure 1's policy that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

### A. The Magistrate Judge's 30-Day Rule Is Not Contrary to Law.

Federal Rule of Civil Procedure 83(b) permits judges to "regulate practice in any manner consistent with federal law, rules . . . and the district's local rules." In this district, "[a]ll motion to compel discovery are referred to the magistrate judge assigned to the case[,]" and "[t]he magistrate judge maintains discretion to waive all

---

[1] This argument presented by ORI is wholly contradicted by the fact that ORI filed a discovery motion. Such motions categorically are subject to deadlines regulating discovery, whether imposed by court order or a judge's chambers rules. Thus, the Court rejects this argument from the outset.

[2] ORI also argues that FRI's production is "not compliant and unmanageable," but that is outside the scope of this Court's review because August 11, 2016 Order did not reach the substance of ORI's discovery challenge. For this Court to reach that issue, ORI would first need to demonstrate that its discovery challenge was timely, which if fails to do.

or part of the requirements of Civil Local Rule 7.1.f in deciding discovery motions." Civ. L.R. 26.1(e). With this referral by operation of Civil Local Rule 26.1(e), most magistrate judges maintain clearly defined deadlines to file discovery motions in the event a dispute arises. *See, e.g.*, Hon. Nita L. Stormes' Civil Case Procedures § VI(C) (45-day deadline from the date of the event giving rise to the dispute); Hon. William V. Gallo's Chambers Rules § IV(B) (30-day deadline); Hon. David H. Bartick's Civil Chambers Rules § IV(C) (45-day deadline); Hon. Ruben B. Brooks' Chambers Rules (30-day deadline to file discovery motions). The magistrate judge assigned to this case requires "[a]ny motion related to discovery disputes . . . be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred." Hon. Mitchell D. Dembin's Civil Pretrial Procedures § IV(C)(2).

"[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward to resolution on the merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). The Ninth Circuit has also warned:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

The crux of ORI's argument that "[t]he Magistrate Judge's 30-day rule, in this instance, is not 'generally helpful to the orderly progress of litigation' because it runs contrary to Rules 1, 16, 26, 34, and 37[,]" because "the application of a magistrate judge's chamber rule has no basis in meeting the aims of federal law and, in fact, its

application is inconsistent with the FRCP[.]"³ (ORI's Objection 9:6-19 (artificial emphasis omitted).) This position is blatantly wrong and disingenuous.

There is a strong policy in favor of establishing and enforcing deadlines to facilitate "the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. Rule 16 is consistent with that policy, authorizing courts to issue scheduling orders to "limit the time to join other parties, amend the pleadings, *complete discovery*, and file motions." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added).

The remaining rules of civil procedure that ORI relies upon to argue that the magistrate judge's 30-Day Rule is contrary to law are not relevant to timeliness. These remaining rules—Rules 26, 34, and 37—provide the parties' duties in discovery; they do not provide any grounds to conclude that a time limit to filing discovery motions is somehow contrary to law. Rule 37 does provide a procedure to challenge an opposing party that fails to make disclosures or to cooperate in discovery, but it is the aggrieved party's responsibility to notify the court of any infractions. The deadline to notify the court is typically established by either the scheduling order pursuant to Rule 16, or a district's local rules or judge's chambers rules pursuant to Rule 83. ORI, as the aggrieved party, wholly failed to timely notify the magistrate judge, and rather than recognizing its own negligence in failing to follow the appropriate rules, ORI took the extreme route of challenging the validity of the magistrate judge's 30-Day Rule.

Needless to say, this Court rejects ORI's challenge to the magistrate judge's 30-Day Rule in its entirety as baseless and frivolous, and concludes that the 30-Day

---

³ ORI attempts to limit the scope of its challenge of the 30-Day Rule to "this instance." But ORI fails to recognize that the broad policy arguments presented challenging the assigned magistrate judge's 30-Day Rule effectively asks this Court to invalidate all similar rules of magistrate judges in this district. There is no way that such an extreme result of invalidating all such rules would fulfill the purpose of the Federal Rules of Civil Procedure to, among other things, "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

Rule is not contrary to law. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 16(b)(3)(A); Fed. R. Civ. P. 72(a); Fed. R. Civ. P. 83(b); *In re Phenylpropanolamine*, 460 F.3d at 1228; *Wong*, 410 F.3d at 1060; *Cathcart*, 2009 WL 1764642, at *2.

### B. ORI's Discovery Challenge Was Untimely.

Having concluded that the magistrate judge's 30-Day Rule is not contrary to law, the Court now must determine whether the magistrate judge's determination that ORI's discovery challenge, filed on August 10, 2016, was untimely is clearly erroneous or contrary to law.

Based on the magistrate judge's 30-Day Rule, and following the production of the emails in question on December 7, 2015, the deadline to file any discovery challenge was on January 6, 2016. ORI's discovery challenge, however, was filed on August 10, 2016. There is no doubt that here that ORI was untimely in filing its discovery challenge 6 months late.

Rule 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "Once the time has expired, a noticed motion for relief, based on a showing of excusable neglect, is required." *Gurvey v. Legend Films, Inc.*, No. 09–cv–942, 2012 WL 4061773, at *5 (S.D.Cal. Sept.14, 2012) (Battaglia, J.) (citing Fed. R. Civ. P. 6(b)(1)(B)). Under Rule 6(b), ORI had the opportunity to justify its delay—a delay that even it recognizes—if it established excusable neglect, but ORI completely failed to do so instead arguing that the magistrate judge should reach the merits of the discovery challenge because "ORI's delay in request is harmless." (ECF No. 308.) It is ORI's burden to as the untimely party to demonstrate either good cause or excusable neglect to make a late filing. ORI has yet to explain what caused the unreasonable 6-month delay before it filed its discovery challenge.

Accordingly, the Court concludes that the magistrate judge's determination that ORI's discovery challenge was untimely is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a); *Fid. & Deposit Co. of Md.*, 196 F.R.D. at 378.

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **OVERRULES** ORI's objection to the magistrate judge's August 11, 2016 Order. (ECF No. 314.)

**IT IS SO ORDERED.**

DATED: June 23, 2017

Hon. Cynthia Bashant
United States District Judge