UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>         Plaintiff,<br><br>  v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>         Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 15-cv-595-BAS(MDD)<br><br>**ORDER OVERRULING ORI'S OBJECTION TO MAGISTRATE JUDGE'S MAY 12, 2016 ORDER**<br><br>**[ECF No. 264]** |

Presently before the Court is Plaintiff Obesity Research Institute, LLC's ("ORI") meritless objection to the magistrate judge's May 12, 2016 Order. The objection specifically addresses Defendant Fiber Research International, LLC's ("FRI") First Amended Request for Admission ("RFA") No. 19, which was worded as follows:

> Admit that YOUR ADVERTISING CLAIMS OF CLINICAL PROOF OF WEIGHT/FAT LOSS for Lipozene during the STATUTORY PERIOD were intended to influence consumers to purchase Lipozene.

//

(Persinger Decl. Ex. 1, ECF No. 210-3.) ORI responded to RFA No. 19 with the following:

> ORI is unable to admit or deny the request as phrased because it is misleading to separate out a single statement from a larger or overall advertisement, or indeed from an overall advertising campaign. ORI admits that advertising by definition, including its own advertising, is intended to inform consumers[.]

(Persinger Decl. Ex. 2, ECF No. 210-4.) The magistrate judge determined that ORI failed to answer the question posed, explaining that "[t]he question was whether the advertising was intended to 'influence' customers, not 'inform.'" (May 12, 2016 Order 4:14-21.) He ultimately concluded that the answer is evasive and insufficient under Rule 36(a)(4), and deemed the request admitted. (*Id.*)

For the following reasons, the Court **OVERRULES** ORI's objection in its entirety.

I.  **LEGAL STANDARD**

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

//

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g., Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II. ANALYSIS[1]

ORI presents three general arguments in support of its objection: (1) RFA No. 19 "impermissibly" seeks a legal conclusion under the contrary-to-law standard; (2) ORI's response is "literally compliant"; and (3) ordering a further response was the appropriate remedy and not deeming the request admitted. The latter two arguments are brought under the clearly-erroneous standard. These arguments all lack merit.

### A. RFA No. 19 Does Not Seek a Legal Conclusion.

In arguing RFA No. 19 seeks a legal conclusion, ORI explains that the request "attempt[s] to improperly use RFA No. 19 to establish an element of its [Section 43(a)] claim [under the Lanham Act]—proving materiality by proxy." (ORI's Objection 5:24-7:14.) As ORI points out, one of the elements of a Section 43(a) claim for false advertising is that "the deception is material, in that it is likely to influence

---

[1] FRI presents a compelling argument that by failing to previously argue RFA No. 19 calls for a legal conclusion despite having at least four opportunities to do so, ORI waived its objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

the purchasing decision." *Skydrive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012).

Based on the text of RFA No. 19, the Court concludes that FRI seeks an admission of fact regarding ORI's *intent* in using certain language in its advertising, not a legal conclusion regarding materiality. Intent and materiality are not synonymous here. "Intent" is not even mentioned in the definition of the materiality element of a Section 43(a) claim. *See Skydrive*, 673 F.3d at 1110. In *Skydrive*, a case ORI relies on, the Ninth Circuit noted that "materiality in [Lanham Act] false advertising claims is 'typically' proven through consumer surveys," suggesting that an advertiser's intent is not even the primary means of determining materiality. *See Skydrive*, 672 F.3d at 1110-11 (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)). At best, an advertiser's intent may be *evidence* to support a finding of materiality. ORI appears to recognize as much in its brief where it states that "one court has implicitly held that evidence of intent to influence may be sufficient to support a finding of materiality[.]" (ORI's Objection 5:9-22 (citing *POM Wonderful, LLC v. Purely Juice, Inc.*, 2008 U.S. LEXIS 55426, at *30-31 (C.D. Cal. July 17, 2008)).) To state the obvious, evidence to *support* materiality is not the same as materiality itself.

Accordingly, the Court rejects ORI's argument that RFA No. 19 impermissibly seeks a legal conclusion. Furthermore, the Court cannot identify any legal determination by the magistrate judge that is contrary to law. *See Cathcart*, 2009 WL 1764642, at *2.

### B. ORI's Response Is Evasive.

To determine whether the magistrate judge's determination—that ORI's response is evasive—is clearly erroneous, this Court should review that determination with significant deference, "requiring a definite and firm conviction that a mistake has been committed." *See Concrete Pipe*, 508 U.S. at 623. This Court

does not need to review the May 12, 2016 Order with such deference to reach the same conclusion as the magistrate judge—ORI's response is evasive.

RFA No. 19 simply asks ORI for an admission whether it intended to influence consumers to purchase Lipozene with certain advertising claims, claims which FRI elaborately explained and defined in "Definitions & Instructions" portion its Amended Requests for Admission (*see* Persinger Decl. Ex. 1, ECF No. 210-3). Instead, FRI responded with a general statement about advertising, only specifying that "ORI admits that advertising by definition, including its own advertising, is intended to inform consumers." (Persinger Decl. Ex. 2, ECF No. 210-4.) To reiterate the magistrate judge, "[t]he question was whether the advertising was intended to 'influence' customers, not 'inform.'" (May 12, 2016 Order 4:14-21.) ORI did not respond to the question posed, and was evasive in its response.[2] *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

"Rule 36(a) provides that a matter may be deemed admitted if the answer 'does not comply with the requirements of this rule.'" *Asea*, 669 F.2d at 1245. "[F]ailure to answer or object to a proper request for admission is itself an admission[.]" *Id.* "[A]n *evasive* denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Id.* (emphasis added). "[T]he district court may, *in its discretion*, deem the matter admitted." *Id.* (emphasis added).

The magistrate judge determined that ORI's response was evasive. This Court also reached the same conclusion. Despite its protestation that the appropriate remedy was a further response, ORI provides no authority requiring that such a step be taken by the Court before deeming a request to which there is an evasive response as

---

[2] In arguing that its response was "literally compliant," ORI curiously states that "[d]eeming such a request admitted incorrectly establishes specific intent when no such intent was ever formed." (ORI's Objection 9:7-8.) This statement—particularly, the clause that "when no such intent was ever formed"—suggests that ORI's position is one of denying RFA No. 19.

admitted. Rather, binding legal authority that ORI itself relies on, suggests that deeming admitted a request to which there is an evasive or non-responsive response is within the discretion of the Court. *See Asea*, 669 F.2d at 1245. Rule 36(a)(6) confirms as much—"On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." There is no preference in the rule itself as to which remedial measure should be employed first when a party does not comply with Rule 36(a). *See* Fed. R. Civ. P. 36(a)(6).

The magistrate judge's determination that ORI's response was evasive coupled with the remedial measures authorized by Rule 36(a) permit the Court to deem RFA No. 19 as admitted. In this matter, the magistrate judge acted well within the scope of his discretionary authority. Consequently, the Court cannot reach a "definite and firm conviction that a mistake has been committed" by the magistrate judge, and concludes that the magistrate judge's May 12, 2016 Order is not clearly erroneous. *See Concrete Pipe*, 508 U.S. at 623.

### III.  CONCLUSION & ORDER

In light of the foregoing, the Court **OVERRULES** ORI's objection to the magistrate judge's May 12, 2016 Order. (ECF No. 264.)

**IT IS SO ORDERED.**

**DATED:  June 23, 2017**

Hon. Cynthia Bashant
United States District Judge