# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 15-cv-595-BAS(MDD)<br><br>**ORDER RE: OBESITY RESEARCH INSTITUTE, LLC'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 330]** |

Presently before the Court is Plaintiff Obesity Research Institute, LLC's ("ORI") renewed motion to file certain documents under seal. ORI indicates that its counsel met and conferred with Defendant Fiber Research International, LLC's ("FRI") counsel, and agreed that "each would be responsible for re-filing motions to seal documents or materials that such party desires redacted or filed under seal, **regardless of which party originally filed the documents as redacted or under seal**[.]" (ORI's Mot. 1:10-20.)

The Court will refer to each motion by its Electronic Case Filing number ("ECF No.") on the docket for the purposes of this order as it previously did in the

March 17, 2017 Order, a format which ORI has also adopted in their renewed motion. Both parties also did not re-submit the documents they seek to file under seal in both redacted and unredacted form, a requirement for this district's sealing procedure in civil cases. This failure frequently made it difficult for the Court to determine precisely what the parties sought to be sealed, particularly when the parties sought to adjust redactions to existing documents.

I.      **LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

//

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents[.]" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, a blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II. ANALYSIS

### A. ECF No. 190

In its renewed motion with respect to ECF No. 190, ORI requests leave to file under seal portions of FRI's motion to exclude Dr. Laura Lerner's Report and Testimony in addition to Exhibit 3 to the Flynn Declaration, which includes the Dr. Lerner's Expert Report and numerous supporting exhibits. As ORI describes, the portions targeted for redaction and sealing generally appear to present or discuss proprietary testing methods or other proprietary information warranting sealing.

Because ORI provides compelling reasons to seal portions of FRI's motion in addition to portions of Dr. Lerner's Expert Report and certain supporting exhibits, the Court **GRANTS** ORI's motion for leave to file these documents under seal. (ECF No. 190.) If it is not already available on the public docket, ORI must also file the motion and/or expert report with the appropriate redactions on the public docket.

### B. ECF No. 216

In its renewed motion with respect to ECF No. 216, ORI narrows its request to file portions of its memorandum in support of its motion to exclude Dr. Fahey and Exhibit 5 to the Flaherty Declaration. ORI appears to properly target portions of the memorandum that discusses proprietary information or material appropriate for sealing, but fails to apply the same level of precision with respect to Exhibit 5, which is a deposition transcript of James R. Ayres. For example, it is unclear how questions about the witness' education is appropriate for sealing. Sealing the entire deposition transcript is too broad based on the explanation ORI provides.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** ORI's motion for leave to file these documents under seal. (ECF No. 216.) Specifically, the Court **GRANTS** the request as to ORI's memorandum and **DENIES** as to Exhibit 5. Furthermore, the Court notes that ORI originally sought to also seal Exhibits 3, 4, 6, 9, 10, and 11 to the Flaherty Declaration. ORI appears to no longer seek to seal these

exhibits. Thus, ORI must file these exhibits on the public docket.

### C. ECF No. 221

For the same reasons the Court granted ORI leave to file under seal portions of the brief related to ECF No. 216, the Court also **GRANTS** ORI leave to file portions of its opposition to FRI's motion to exclude the report and testimony of Dr. Laura Lerner. (ECF No. 221.) If it is not already available on the public docket, ORI must also file its opposition brief with the appropriate redactions on the public docket.

### D. ECF No. 223

In its renewed motion with respect to ECF No. 223, ORI seeks leave to file under seal portions of its opposition to FRI's motion to exclude non-retained experts in addition to Exhibits 6 and 7, which are both deposition transcripts. ORI also concedes that Exhibit 4, which it previously sought to file under seal, would not satisfy the compelling-reasons standard.

For the same reasons the Court granted ORI leave to file under seal portions of the brief related to ECF No. 216, the Court also **GRANTS** ORI leave to file under seal portions of its opposition to FRI's motion to exclude non-retained experts. (ECF No. 221.) The Court is giving ORI some latitude regarding the memorandum as all of the content identified for sealing may not meet the compelling-reasons standard. For example, general statements regarding Mr. Ayers' knowledge of the "specific formulation" and communications with manufacturers about "current specifications" lack the specificity warranting sealing. (ORI's Mot. 13:3-7, ECF No. 224.)

Similarly, most of the content targeted for sealing in Exhibits 6 and 7 satisfies the compelling-reasons standard, though at certain points the redactions were over-inclusive. Taking an example from the Ayres Deposition, redacting the attorney's statement that an individual has "left the room" and the request for the reporter to "read the question back" does not meet the compelling-reasons standard warranting

sealing. (Ayres Dep. 47:3-5.) The Court will nonetheless give ORI some latitude here and **GRANT** its request to seal portions of Exhibits 6 and 7.

ORI is reminded that because Exhibit 4 is not subject to a sealing order, it must file the entire exhibit on the public docket. It must also file the exhibits with revised redactions on the public docket.

### E. ECF No. 231

ORI appears to properly target portions of the FRI's reply in support of its motion to exclude Dr. Lerner's report and testimony that discusses material appropriate for sealing. Furthermore, Exhibits 2 and 3 appear to contain information about proprietary testing methods. Therefore, the Court **GRANTS** ORI's request for leave to file under seal portions of FRI's reply and Exhibits 2 and 3. (ECF No. 231.)

### F. ECF No. 234

For the same reasons the Court granted ORI leave to file under Exhibits 2 and 3 related to ECF No. 231, the Court also **GRANTS** ORI leave to file under seal Exhibits 1 and 2 to the Persinger Declaration. (ECF No. 233.)

### G. ECF No. 247

ORI only renews its request for leave to file portions of Exhibit 5 under seal. It concedes Exhibit 8 "likely would not satisfy the compelling reasons standard[.]" For the same reasons the Court granted ORI leave to file exhibits under seal related to ECF No. 234, the Court also **GRANTS** ORI leave to file portions of Exhibit 5 under seal. (ECF No. 247.) ORI is reminded that because Exhibit 8 is not subject to a sealing order, it must file the entire exhibit on the public docket. Furthermore, if it is not already available on the public docket, ORI must also file Exhibit 5 with the appropriate redactions on the public docket.

//

### H. ECF No. 250

In its renewed motion, ORI narrows its request to file portions of its reply in support of its motion to exclude Dr. Fahey. With its revisions, ORI appears to properly target portions of its reply that discusses material appropriate for sealing. Therefore, the Court **GRANTS** ORI leave to file portions of its reply under seal. (ECF No. 250.) ORI is reminded that it must file its reply with the revised redactions on the public docket.

### I. ECF No. 276

In its renewed motion to file portions of its pretrial disclosures under seal, ORI contends that the good-cause standard applies. Even if the lower good-cause standard is the one properly applied, it is unclear how general descriptions of particular documents or exhibits contained in an index satisfies that standard. The first entry in that index ORI seeks leave to file under seal describes a graph regarding viscosity. Not the graph itself or any specific information in the graph, but merely that a graph exists. In another example, a reference is made to a distribution and claim-assignment agreement. Again, there are no specifics regarding the contents of that agreement, but merely that one exists. This is a common occurrence in the portions of the index in the pretrial disclosures that ORI seeks to file under seal. Such general descriptions fail to even meet the good-cause standard.

Accordingly, the Court **DENIES** ORI's request for leave to file portions of its pretrial disclosures under seal. (ECF No. 276.)

### J. ECF Nos. 236, 303, 312, & 318

ORI states that it "does not contend that the material filed under seal previously brought" in ECF Nos. 236, 303, 312, and 318 "merit sealing." If the documents identified in these requests are not subject to a sealing order, the appropriate party must file the documents at issue in ECF Nos. 236, 303, 312, and 318 on the public

docket.

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** ORI's motion for leave to file documents under seal in ECF No. 216, and **GRANTS** the motion in its entirety for ECF Nos. 190, 221, 223, 231, 234, 247, and 250. The Court also **DENIES** the motion it its entirety for ECF No. 276.

Where portions of briefs, exhibits, or other documents have been sealed, and if not already available on the public docket, ORI must also file these documents with the appropriate redactions on the public docket. More broadly, any documents where leave has not been granted to file under seal, such as documents where ORI has conceded sealing is not warranted, must also be filed on the public docket.

For the purposes of this order, the Court acknowledges that ORI does not seek leave to file certain documents under seal insofar as ECF Nos. 236, 303, 312, and 318. As previously stated, if the documents at issue in ECF Nos. 236, 303, 312, and 318 are not subject to a sealing order, the appropriate party must file the documents at issue on the public docket.

**IT IS SO ORDERED.**

DATED: July 25, 2017

Hon. Cynthia Bashant
United States District Judge