UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

OBESITY RESEARCH INSTITUTE, LLC,

    Plaintiff,

v.

FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,

    Defendants.

AND RELATED COUNTERCLAIM.

Case No. 15-cv-595-BAS(MDD)

**ORDER RE: FIBER RESEARCH INTERNATIONAL, LLC AND SHIMIZU CHEMICAL CORP.'S JOINT MOTION TO FILE DOCUMENTS UNDER SEAL**

**[ECF No. 333]**

Presently before the Court is Defendants Fiber Research International, LLC ("FRI") and Shimizu Chemical Corp.'s ("Shimizu") renewed motion to file certain documents under seal.[1] FRI states that they met and conferred with Plaintiff Obesity Research Institute, LLC ("ORI") and devised a plan to renew their requests for leave to file documents under seal, which includes "each party . . . re-apply[ing] to file

---

[1] Now that Shimizu has been dismissed from this action, the Court will refer to Defendants collectively also as "FRI" for the purposes of this order.

under seal documents relating to their own confidentiality designations, regardless of which party initially applied to seal the documents, since each party is in the best position to know why their respective information should be maintained as confidential." (Persinger Decl. ¶ 5.)

The Court will refer to each motion by its Electronic Case Filing number ("ECF No.") on the docket for the purposes of this order as it previously did in the March 17, 2017 Order, a format which FRI has also adopted in its renewed motion. Both parties also did not re-submit the documents they seek to file under seal in both redacted and unredacted form, a requirement for this district's sealing procedure in civil cases. This failure frequently made it difficult for the Court to determine precisely what the parties sought to be sealed, particularly when the parties sought to adjust redactions to existing documents.

I. **LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that

is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents[.]" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, a blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II. ANALYSIS

### A. ECF No. 216

In its renewed motion with respect to ECF No. 216, FRI request leave to file under seal Exhibits 3, 4, 9, 10, and 11 in addition to portions of the memorandum in support of ORI's motion to exclude Dr. Fahey. As FRI describes, these exhibits and portions of the memorandum generally appear to present or discuss proprietary testing methods. Though the entirety of Exhibits 9 and 11 warrant sealing, FRI fails to present compelling reasons that the entirety of both deposition transcripts and portions of the memorandum warrant the same treatment because the scope of the request is too broad. *See Kamakana*, 447 F.3d at 1179.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** FRI's motion for leave to file under seal the documents related to ECF No. 216. Specifically, FRI is only given leave to file Exhibits 9 and 11 under seal. FRI is may file a revised motion for leave to file the remaining exhibits and memorandum under seal, but the revised motion must specify portions that present compelling reasons for sealing.

### B. ECF No. 221

Similar to the reasons justifying sealing Exhibits 9 and 11 in ECF No. 216—namely, that portions sought to be sealed contain proprietary information or other information that warrants sealing—FRI sufficiently provides compelling reasons to file under seal specific portions of ORI's opposition to FRI's motion to exclude the

report and testimony of Dr. Laura Lerner. Thus, the Court **GRANTS** FRI's motion for leave to file under seal portions of ORI's opposition brief. (ECF No. 221.) If it is not already available on the public docket, FRI must also file the opposition brief with the appropriate redactions on the public docket.

C.  ECF No. 223

For the same reasons the Court granted FRI leave to file under seal portions of the opposition brief related to ECF No. 221, the Court also **GRANTS** FRI leave to file portions of ORI's opposition to FRI's motion to exclude ORI's non-retained experts related. (ECF No. 223.) If it is not already available on the public docket, FRI must also file ORI's opposition brief with the appropriate redactions on the public docket.

D.  ECF No. 236

For the same reasons the Court rejected leave to file under seal the entirety of two deposition transcripts with respect to ECF No. 216, the Court finds that FRI fails to present compelling reasons to seal the entirety of Exhibits 4 and 5. That said, FRI presents compelling reasons to seal certain portions of ORI's opposition to Shimizu's motion to dismiss that discusses proprietary information.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** FRI's request. (ECF No. 236.) Specifically, FRI is only given leave to file under seal portions of ORI's opposition brief. If it is not already available on the public docket, FRI must also file the opposition brief with the appropriate redactions on the public docket.

//
//
//
//

### E. ECF No. 250

For the same reasons the Court granted FRI leave to file under seal portions of the opposition brief related to ECF No. 221, the Court also **GRANTS** FRI leave to file portions of ORI's reply to FRI's motion to exclude Dr. Fahey. (ECF No. 250.) If it is not already available on the public docket, FRI must also file the reply brief with the appropriate redactions on the public docket.

### F. ECF No. 303

For the same reasons the Court granted FRI leave to file under seal portions of the opposition brief related to ECF No. 221, the Court also **GRANTS** FRI leave to file portions of ORI's surreply in opposition to Shimizu's motion to dismiss. (ECF No. 303.) If it is not already available on the public docket, FRI must also file ORI's surreply brief with the appropriate redactions on the public docket.

### G. ECF No. 318

For the same reasons the Court granted FRI leave to file under seal portions of the opposition brief related to ECF No. 221, the Court also **GRANTS** FRI leave to file portions of ORI's reply in support of its objection to the magistrate judge's order regarding the motion to compel reproduction of documents (ECF No. 320). If it is not already available on the public docket, FRI must also file ORI's reply brief with the appropriate redactions on the public docket.

## III. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** ORI's motion for leave to file documents under seal in ECF Nos. 216 and 236, and **GRANTS** the motion in its entirety for ECF Nos. 221, 223, 250, 303, and 318.

//

Where portions of briefs, exhibits, or other documents have been sealed, and if not already available on the public docket, FRI must also file these documents with the appropriate redactions on the public docket. More broadly, any documents where leave has not been granted to file under seal, such as documents where FRI has conceded sealing is not warranted, must also be filed on the public docket.

**IT IS SO ORDERED.**

DATED: July 24, 2017

Hon. Cynthia Bashant
United States District Judge