# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 15-cv-595-BAS(MDD)<br><br>**ORDER OVERRULING ORI'S OBJECTION TO MAGISTRATE JUDGE'S JUNE 7, 2016 ORDER**<br><br>**[ECF No. 282]** |
| AND RELATED COUNTERCLAIM. | |

Presently before the Court is Plaintiff Obesity Research Institute, LLC's ("ORI") meritless objection to the magistrate judge's June 7, 2016 Order. (ECF No. 271.) In that order, the magistrate judge considered Defendant Fiber Research International, LLC's ("FRI") request to strike portions of the supplemental expert report of Neil J. Beaton, who is an expert witness ORI called to testify about damages.

Paragraph 5(a) of Mr. Beaton's initial expert report, dated October 15, 2015, presented the following opinion: "FRI has produced no documents at this time that

would allow an analysis or calculation of any lost profits." (Beaton Expert Report ¶ 5(a), ECF No. 177-3.) In the following paragraph, Mr. Beaton added that he "anticipates responding to any expert opinions on damages, should any be submitted." (*Id.* ¶ 6.)

ORI then sought to supplement the initial expert report with Mr. Beaton's supplemental expert report, dated March 7, 2016, where, in Paragraph 6(a), he opined:

> FRI has produced no evidence establishing a material, causal nexus between the alleged false claims made by ORI and any customer sales, *i.e.*, FRI has not shown that the alleged false claims were material to any single customer who purchased Lipozene. Therefore, FRI has not established a basis for any economic damages.

(Beaton Suppl. Expert Report ¶ 6(a), ECF No. 177-2.) The magistrate judge concluded that Paragraph 6(a) of the supplemental expert report "has nothing to do with damages, instead opining regarding materiality." (June 7, 2016 Order 6:14-18.)

With respect to Paragraphs 6(d)-(f), ORI does not dispute the magistrate judge's characterization of the paragraphs as "relat[ing] to a determination of ORI's profits potentially subject to recovery by FRI," or using "financial information provided by ORI" to determine ORI's profits. (June 7, 2016 Order 6:19-7:7.) The magistrate judge explained:

> Regardless of the discovery dispute, ORI had to know that if it wanted its damages expert, Mr. Beaton, to opine regarding potential damages recoverable to FRI, it would have to provide information to Mr. Beaton. ORI, however, decided not to have Mr. Beaton opine regarding the extent to which ORI's profits may be recoverable by FRI in his initial report. That decision, tactical at best, malevolent at worst in attempting to later sandbag FRI, is at the heart of this dispute.
>
> If Mr. Beaton believed he ultimately was to provide an opinion regarding ORI's profits he could have said, as he did regarding FRI, that he lacked the necessary information to provide an opinion. As that information

> was available to ORI and could have been provided to Mr. Beaton, the Court must conclude that ORI either had no intention of having Mr. Beaton opine regarding its profits or intended to have him do so beyond the discovery deadline in this case.

(*Id.* at 7:1-7.) Based on these observations, the magistrate judge ultimately concluded that ORI's supplementation was improper under Rule 26(e)(1). (*Id.* at 7:15-17.)

Having determined these paragraphs of Mr. Beaton's supplemental expert report to be improper under Rule 26(e), the magistrate judge proceeded to determine whether the improper supplementation was substantially justified or harmless under Rule 37(c)(1). He concluded they were not. With respect to substantial justification, the magistrate judge explained that "ORI had to know that FRI was entitled to certain financial discovery, including cost of goods, from ORI and could have avoided this entire controversy, and others, by providing the information that it knew was subject to disclosure." (June 7, 2016 Order 9:4-8.) And with respect to harmlessness, the magistrate judge explained:

> This is not a "no harm, no foul" scenario. There has been harm. FRI has been prejudiced by disclosure, just five days prior to the close of discovery, of information exclusively in the possession of ORI. FRI has been prejudiced by the decision of ORI not to have its damages expert timely provide an opinion on FRI's damage theory—recovery of ORI's profits. FRI has been prejudiced by having to have its damages expert provide a rebuttal opinion to new opinions, not previously disclosed, in the short time period ordered by the Court necessitated by ORI's decision to withhold information from its expert.

(*Id.* at 10:8-16.) The magistrate judge ultimately concluded that the opinions proffered by Mr. Beaton in his supplemental expert report in Paragraphs 6(a) and (d)-(f) were improper supplements under Rule 26(e), and that ORI had failed to carry its burden that the improper supplements were substantially justified or harmless under Rule 37(c)(a).

(June 7, 2016 Order 10:22-11:2.) He, accordingly, precluded the opinions presented in the aforementioned paragraphs from use as evidence in motions, hearings, or at trial. (*Id.*)

For the following reasons, the Court **OVERRULES** ORI's objection.

I.     **LEGAL STANDARD**

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g., Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart,* No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18,

2009).

## II.    ANALYSIS[1]

A party who has made a disclosure under Rule 26(a) "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "The supplementation requirement of Rule 26(e)(1) is not intended . . . to permit parties to add new opinions to an expert report based on evidence that was available to them at the time the initial expert report was due." *Toomey v. Nextel Commc'ns, Inc.*, No. C-03-2887 MMC, 2004 WL 5512967, at *4 (N.D. Cal. Sept. 23, 2004). "Rather, '[s]upplmentation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete reported based on information that was not available at the time of the initial disclosure.'" *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)).

---

[1] "Non-dispositive matters include 'evidentiary rulings, pretrial discovery matters, and the imposition of sanctions for discovery abuses.'" *Estakhrian v. Obenstine*, No. CV 11-03480 GAC(CWx), 2012 WL 12884889, at *3 (C.D. Cal. Nov. 9, 2012) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)); *see also Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) ("Nondispositive issues include discovery sanctions"); *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)); *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation"); *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (Whelan, J.) ("The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters[.]"). There is no doubt that the dispute currently before the Court involves a pretrial-discovery matter because it is based on ORI's noncompliance with pretrial-disclosure and supplementation requirements governed by Rules 26 and 37. *See* Fed. R. Civ. P. 72(a). Thus, the Court rejects ORI's contention that the magistrate judge's June 7, 2016 Order should be reviewed *de novo*.

Rule 26(e)(2) extends the duty to supplement to expert reports and expert deposition testimony. "[A] supplemental expert report that states additional opinions or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (citing *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 433 (N.D. Okla. 2008)).

Rule 37(c)(1) "gives teeth" to Rule 26(a) and (e)'s requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). To avoid sanction, a party must show the failure to disclose information was either "substantially justified" or "harmless." *Id.* A district court has "particularly wide latitude" to determine whether a failure to disclose is "substantially justified" or "harmless." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

In reviewing the magistrate judge's June 7, 2016 Order, the Court addresses whether the following conclusions were either contrary to law or clearly erroneous: (1) Paragraphs 6(a) and (d)-(f) of Mr. Beaton's supplemental expert report were improper supplementations under Rule 26(e); and (2) the supplementations sought were neither substantially justified nor harmless under Rule 37. *See* Fed. R. Civ. P. 72(a).

### A. Supplementation Under Rules 26(e)

#### 1. Paragraph 6(a)

"In general, an expert may only testify as to 'scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or determine a fact in issue[.]'" *United States v. Tamman*, 782 F.3d 543, 553-54 (9th Cir. 2015) (citing Fed. R. Evid. 702(a); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992)). "An opinion is not objectionable just

because it embraces an ultimate issue." Fed. R. Evid. 704(a). "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transpo. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)); *see also Solid 21, Inc. v. Hublot of Am.*, — F. App'x —, 2017 WL 1101102, at *1 (9th Cir. 2017) (applying *Nationwide*'s proposition regarding expert witnesses and legal conclusions following the 2011 Amendment to Federal Rule of Evidence 704); *Tamman*, 782 F.3d at 553-54 ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion.").

Here, Mr. Beaton's initial opinion went from "FRI has produced no documents at this time that would allow an analysis or calculation of any lost profits" and "I anticipate responding to any expert opinions on damages, should any be submitted" (Beaton Expert Report ¶¶ 5-6) to the following opinion:

> FRI has produced no evidence establishing a material, causal nexus between the alleged false claims made by ORI and any customer sales, *i.e.*, FRI has not shown that the alleged false claims were material to any single customer who purchased Lipozene. Therefore, FRI has not established a basis for any economic damages.

(Beaton Suppl. Expert Report ¶ 6(a)). There is no doubt that the crux of the opinion in Paragraph 6(a) of Mr. Beaton's supplemental expert report is about materiality, which, by ORI's own recognition, is an element of the substantive Section 43(a) claim for false advertising. *See Skydrive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (One of the elements of a Section 43(a) claim for false advertising is that "the deception is material, in that it is likely to influence the purchasing decision."). And though the opinion does mention damages in the concluding sentence, that conclusion derives solely from his *legal* opinion about materiality.

As the magistrate judge concluded, Mr. Beaton's opinion in Paragraph 6(a) "has nothing to do with damages, instead opining regarding materiality." (June 7

2016 Order 6:14-18.) Furthermore, just as the magistrate judge reasoned, any opinion about materiality is outside the scope of Mr. Beaton's expert testimony because there was no indication in the initial report that he would testify about materiality. As an added layer impropriety, Mr. Beaton's opinion regarding materiality, at least insofar as the way it is presented, is an opinion regarding a legal conclusion that is wholly inappropriate, especially for an expert witness called to testify about damages.[2] *See Nationwide Transpo. Fin.*, 523 F.3d at 1058.

Needless to say, the Court agrees with the magistrate judge's conclusion that Paragraph 6(a) of Mr. Beaton's supplemental expert report is improper under Rule 26. Mr. Beaton's opinion is not only outside the scope of the initial expert report, but is also an improper legal conclusion provided by an expert witness called to calculate damages.

### 2. Paragraphs 6(d)-(f)

As the Court previously emphasized, ORI does not dispute the magistrate judge's characterization of Paragraphs 6(d)-(f) of Mr. Beaton's supplemental expert report that these paragraphs "relate to a determination of ORI's profits potentially subject to recovery by FRI." (June 7, 2016 Order 6:19-22.) ORI also does not dispute that the information used to determine ORI's profits is financial information provided by ORI and that this information was available to ORI prior to the completion of Mr. Beaton's initial expert report. (*Id.*)

ORI reargues the point that "the parties were still engaged in a discovery dispute as to whether such [financial] information was discoverable[,]" and that "[t]here is nothing improper about refusing to surrender sensitive, private financial information until . . . the Court had trimmed the breadth of Fiber's overbroad

---

[2] Had the Court reviewed the propriety of Mr. Beaton's supplemental expert report *de novo*, as ORI requested, it may have been inclined to strike all statements or opinions regarding materiality from the report. Because review here is not *de novo*, the Court limits its review to the contrary-to-law or clearly-erroneous standards under Rule 72(a).

– 8 –     15cv595

demands[.]" (ORI's Obj. 12:9-23.) The magistrate judge previously rejected ORI's argument that its discovery obligations were somehow halted by a "good faith discovery dispute regarding the discoverability of its finances." (June 7, 2016 Order 6:19-7:7.) He further explained that despite the ongoing discovery dispute, ORI knew since March 2015 that ORI's profits would be a measure for damages, and even setting aside the dispute, "ORI had to know that if it wanted its damages expert, Mr. Beaton, to opine regarding potential damages recoverable to FRI, it would have to provide information to Mr. Beaton." (*Id.*) Ultimately, the magistrate judge concluded that, "[a]s that [financial] information was available to ORI and could have been provided to Mr. Beaton . . . ORI either had no intention of having Mr. Beaton opine regarding its profits or intended to have him do so beyond the discovery deadline in this case." (*Id.* at 7:8-14.)

ORI does not add any new relevant information in attacking the magistrate judge's determination other than to say in a conclusory manner that it disagrees with his conclusion. From the Court's review of the docket, there does not appear to have been a stay imposed on the parties' discovery obligations pending the resolution of the discovery dispute. Nor has ORI identified an order or any applicable rule staying discovery.

Furthermore, returning to Mr. Beaton's initial opinion—"FRI has produced no documents at this time that would allow an analysis or calculation of any lost profits" and "I anticipate responding to any expert opinions on damages, should any be submitted" (Beaton Expert Report ¶¶ 5-6)—it is suggested that Mr. Beaton's expert opinion is conditioned upon FRI presenting its own damages expert or "lost profit" evidence. ORI fails to provide any information that either of these conditions were satisfied to permit Mr. Beaton to give his opinion. Rather, Mr. Beaton's "supplemental" expert report effectively is an affirmative opinion rather than a responsive one. In giving an affirmative expert opinion based on information that has been in ORI's possession from the onset of this litigation, it is disingenuous to later

contend that any delay on ORI's part was the result of a discovery dispute. If ORI planned to put forth affirmative expert testimony all while possessing the information to do so, it should have timely done produced its expert report instead of attempting to surreptitiously present the new opinions as a supplement.

With respect to Paragraphs 6(d)-(f), the Court agrees with the magistrate judge's conclusion that the supplementation is improper.

### B. Substantial Justification and Harmlessness under Rule 37

Even though the magistrate judge concluded that ORI's supplementation is not substantially justified, and ORI attempts to now argue to the contrary, it is clear that ORI failed to meet its burden to demonstrate substantial justification. This is evident from the fact that ORI did not argue in the underlying briefing that it was substantially justified in supplementing Mr. Beaton's initial expert report. (*See* March 25, 2016 Joint Brief 6:1-11:1, ECF No. 177.) Unsurprisingly, this Court finds no defect in the magistrate judge's conclusion that ORI failed to carry its burden to demonstrate that the inclusion of paragraphs at issues in Mr. Beaton's supplemental expert report was substantially justified.

Relying exclusively on *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.*, 769 F. Supp. 2d 269 (S.D.N.Y. 2011), which is non-binding persuasive legal authority, ORI argues that its supplementation was harmless because: (1) "Mr. Beaton's reports have been exchanged in a timely manner on the ordered deadlines"; (2) "Mr. Beaton's opinion analyzing ORI's profits is extremely important"; (3) "neither prejudice nor harm to Fiber exists in refusing to strike Mr. Beaton's opinions regarding ORI's profits"; and (4) "there is no need for a continuance[.]" (ORI's Obj. 13:9-15:2.) None of these arguments presented by ORI directly address the magistrate judge's reasoning in reaching his conclusion that the supplementation was not harmless. Moreover, even if the Court considered *Cedar Petrochemicals* to determine whether the sanction imposed unwarranted, the case is

distinguishable because *Cedar Petrochemicals* addressed whether precluding an *entire* expert report was warranted. *See Cedar Petrochemicals*, 769 F. Supp. 2d at 277-79. This case involves striking only four paragraphs from a supplemental expert report. (*See* June 17, 2016 10:17-20 ("The opinions of Mr. Beaton, presented for the first time in his supplemental report at ¶ 6(a)(d-f), however are stricken.")).

    In sum, ORI fails to persuade this Court that there was any error in the magistrate judge's conclusion that the inclusion of Paragraphs 6(a) and (d)-(f) in Mr. Beaton's supplemental expert report was neither substantially justified nor harmless.

### III. CONCLUSION & ORDER

    ORI presents numerous arguments attempting to justify the propriety of Mr. Beaton's supplemental expert report. Clearly, ORI has chosen quantity over quality. Many of these remaining arguments blatantly lack merit, and as such, the Court need not discuss them any further. On a final note, and in response to ORI's hyperbolic representations about the severe impact of striking the four paragraphs from the supplemental expert report, the Court reminds ORI that it is not prohibited from presenting evidence in mitigation on any damages theory presented by FRI.

    In light of the foregoing, the Court finds that ORI fails to demonstrate the magistrate judge's June 7, 2016 Order was either contrary to law or clearly erroneous. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court **OVERRULES** ORI's objection to the magistrate judge's June 7, 2016 Order in its entirety. (ECF No. 282.)

    **IT IS SO ORDERED.**

DATED: August 4, 2017

Hon. Cynthia Bashant
United States District Judge