# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 15-cv-595-BAS(MDD)<br><br>**ORDER OVERRULING ORI'S OBJECTION TO MAGISTRATE JUDGE'S APRIL 8, 2016 AND JUNE 7, 2016 ORDERS**<br><br>**[ECF No. 287]** |

  Presently before the Court is Plaintiff Obesity Research Institute, LLC's ("ORI") meritless objection to the magistrate judge's April 8, 2016 and June 7, 2016 Orders. (ECF Nos. 205, 272.) The latter is the magistrate judge's ruling on ORI's motion to reconsider portions of the April 8, 2016 Order.

  In the April 8, 2016 Order, the magistrate judge considered FRI's motion to strike ORI's first amended supplemental disclosures, which added 14 witnesses and 18 categories of documents to ORI's initial Rule 26(a)(1)(A) disclosures, on the

grounds that these additions are untimely and unjustified. The magistrate judge determined the amended disclosures to be untimely, and engaged in the arduous task of parsing the parties' briefing because "[n]either party considered that it may be useful to present a list of the supplemental witnesses juxtaposed with whether they previously were disclosed or were deposed." (April 8, 2016 Order 5:8-15, ECF No. 205.) The magistrate judge ultimately granted in part and denied in part FRI's motion to strike, concluding that ORI is "precluded . . . from using Brian Salerno, other than as a non-retained expert witness, Wendy Wang, Ron Ovadia, Steven Snyder, Gayle Bensussen, Certain 30(b)(6) Witnesses, Patience Hannah, Angela Emmerson, Bradley Sutton, or Jamie Stein to supply evidence on a motion, at a hearing, or at a trial in this case." (*Id.* at 10:6-10.)

Unsurprisingly, on June 21, 2016, ORI moved for reconsideration, but only as to Brian Salerno, Wendi Wang, Ron Ovadia, and Steven Snyder. (ECF No. 249.) The magistrate judge reconsidered his determination only as to Wendi Wang in the June 7, 2016 Order, but confirmed the April 8, 2016 Order is all other respects. (June 7, 2016 Order 4:18-20, ECF No. 272.)

Though ORI suspiciously filed its objection as only directed at the magistrate judge's June 7, 2016 Order, there is no doubt that the substance of the objection attacks the magistrate judge's underlying April 8, 2016 Order as well. For the following reasons, the Court **OVERRULES** ORI's objection.

I.  **LEGAL STANDARD**

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375,

378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g., Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II. ANALYSIS

### A. Scope of ORI's Objection

Procedural oddities require the Court to first determine whether the arguments presented in ORI's objection are properly before this Court. Dispositive or not, parties may file objections to a magistrate judge's orders within 14 days after being served. Fed. R. Civ. P. 72(a), (b)(2). Applying the 14-Day Rule, ORI must have filed objections to the April 8, 2016 Order no later than April 22, 2016 to be timely. *See id.* Rather than pursuing a Rule 72 objection, ORI opted to file a motion for reconsideration outside of Rule 72's 14-day window on May 6, 2016 (ECF No. 249). Pursuant to Civil Local Rule 7.1(i)(2), but mindfully recognizing the tension with

Rule 72, the magistrate judge determined that ORI's motion for reconsideration was timely.

Because ORI did not move for reconsideration of the entire April 8, 2016 Order, there is a dispute between the parties as to what issues are currently properly before this Court in ORI's objection. FRI argues: (1) ORI's objection is untimely because it was filed 74 days after the April 8, 2016 Order; (2) ORI's objection is untimely because ORI did not seek reconsideration sufficiently early to toll Rule 72's 14-day requirement; and (3) if the Court reaches the merits of ORI's objection, it should be limited to issues raised in ORI's reconsideration motion. (FRI's Opp'n 8:18-11:6.) ORI responds, arguing the objections are "timely without exception" because "[i]n the Ninth Circuit, no time limit constrains a challenge to a Magistrate Judge's conclusions of law." (ORI's Reply 4:17-24.)

"Non-dispositive matters include 'evidentiary rulings, pretrial discovery matters, and the imposition of sanctions for discovery abuses.'" *Estakhrian v. Obenstine*, No. CV 11-03480 GAC(CWx), 2012 WL 12884889, at *3 (C.D. Cal. Nov. 9, 2012) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)); *see also Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) ("Nondispositive issues include discovery sanctions"); *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)); *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation"); *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (Whelan, J.) ("The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters[.]"). There is no doubt that the dispute currently before the Court involves a pretrial-discovery matter because it is based on ORI's noncompliance with pretrial-disclosure requirements governed by Rule 26. *See* Fed. R. Civ. P. 72(a).

ORI places considerable significance on the distinction between a magistrate judge's legal conclusions and factual determinations. (ORI's Reply 5:7-21.) It suggests that this distinction is important because legal conclusions are not subject to any time limits when seeking review. (*Id.* at 4:25-5:6 ("In the Ninth Circuit, no time limit constrains a challenge to a Magistrate Judge's conclusions of law.").) To support this extreme proposition, ORI relies on three Ninth Circuit decisions: *Jones v. Wood*, 207 F.3d 557 (9th Cir. 2000); *Turner v. Duncan*, 158 F.3d 449 (9th Cir. 1998); and *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452 (9th Cir. 1983).

Without delving too deeply into the nuances of these decisions, which do not appear to support ORI's proposition, *Jones* and *Britt* are distinguishable because they involve objections brought under Rule 72(b)(2), which governs dispositive motions brought before the magistrate judge, rather than Rule 72(a). *See Jones*, 207 F.3d at 559 ("After considering the magistrate judge's report and recommendations, the district court granted a writ of habeas corpus."); *Britt*, 708 F.2d at 453 ("A magistrate recommended that appellees' motion to dismiss be granted."). *Turner* could also be distinguished on similar grounds, but more importantly, nothing in *Turner* suggests that the district court is compelled to consider untimely objections to legal conclusions. *See Turner*, 158 F.3d at 455. "Rather, a failure to object to such a conclusions is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal quotation marks omitted). In *Turner*, the mixed question of law and fact considered was determined to be "usually left to the discretion of the district courts to decide on a case by case basis." *Id.*

Having determined that the April 8, 2016 Order involves non-dispositive matters, the Court applies Rule 72(a), which states that "[a] party may not assign as error a defect in the order *not timely objected to*." Fed. R. Civ. P. 72(a) (emphasis added). At the time ORI filed its objection, it no longer retained the right to "assign as error a defect" in the April 8, 2016 Order because the objection is untimely. *See id.*; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir.

1988), *overruled on other grounds in United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc). That said, ORI's objection to the June 7, 2016 Order, ruling on ORI's reconsideration motion, is timely under Rule 72. Therefore, the Court reviews ORI's objection only in so far as it challenges the magistrate judge's reasoning in the June 7, 2016 Order.

### B. Magistrate Judge's June 7, 2016 Order

ORI only challenges the order striking Brian Salerno, Ron Ovadia, and Steven Snyder in the June 7, 2016 Order. The magistrate judge reconsidered his determination with respect to Wendi Wang, but confirmed the April 8, 2016 Order with respect to the three other aforementioned witnesses. As previously mentioned, he also admonished the parties failing to "present a list of the supplemental witnesses juxtaposed with whether they previously were disclosed or deposed," instead requiring the magistrate judge to "parse the joint motion to create its own list." (April 8, 2016 Order 5:8-15.) Upon reviewing the parties' briefing of the underlying discovery dispute (ECF Nos. 171, 202), the magistrate judge's admonishment is generously stated.

Focusing on ORI's briefing specifically as the objecting party, ORI asserted broad arguments that were meant to cover 14 witnesses and 18 categories of documents. (*See* April 8, 2016 Order 1:24-26.) These arguments, which did not specifically identify the relevance to particular witnesses, include, among others: (1) the supplemental disclosures are presumptively timely; (2) the content of the supplemental disclosures are of no surprise to FRI; and (3) Rule 26(e) "must necessarily" account for the complexities of each case. Interestingly, ORI literally identifies Brian Salerno by name only three times in its briefing, though twice in footnotes, and does not specifically identify Ron Ovadia or Steven Snyder at all. The magistrate judge then laboriously parsed the arguments as applied to the relevant witnesses.

With respect to Brian Salerno, the magistrate judge provided the following analysis:

> Mr. Salerno was disclosed by Plaintiff as a non-retained expert in this case and has been deposed, apparently in that context. Plaintiff unsuccessfully requested that this Court deem Mr. Salerno a functional employee of Plaintiff and his company, Nutralliance, Inc., engaged in common cause with Plaintiff. In its supplemental disclosures, Plaintiff now identifies Mr. Salerno as a fact witness. The Court finds this supplementation untimely and prejudicial. Plaintiff must have known, considering the relationship, that Mr. Salerno had more to offer than his expert opinion. He should have been disclosed timely and, applying the *Lanard Toys* factors, the failure is not substantially justified or harmless. The failure to disclose an individual as a fact witness, even if disclosed for another purpose, is not harmless.

(April 8, 2016 Order 6:11-24 (citations omitted).) And the analysis provided as to Ron Ovadia is as follows:

> Mr. Ovadia apparently is associated with a company called West Coast Laboratories, Inc. He has not previously been the subject of disclosures nor been deposed. According to Plaintiff, he was identified in an interrogatory response by Plaintiff. Plaintiff has not asserted that the interrogatory response provided the functional equivalent of the information required under Rule 26(a)(1)(A). The supplementation was untimely and, considering the *Lanard Toys* factors, is not substantially justified or harmless. Moreover, the disclosure of the subject of his information is too general to provide any value.

(*Id.* at 7:9-18.) The magistrate judge incorporated the analysis for Ron Ovadia in addressing Steven Snyder, finding that "Mr. Snyder is identified as with 21st Century Healthcare, Inc." and "[h]e is similarly situated to Mr. Ovadia and will be considered as such." (*Id.* at 7:19-21.)

//

//

Based on the analysis provided, the magistrate judge ultimately precluded ORI from "using Brian Salerno, other than as a non-retained expert witness, . . . Ron Ovadia, [and] Steven Snyder . . . to supply evidence on a motion, at a hearing, or at a trial in this case. (April 8, 2016 Order 10:3-10.)

### C. Brian Salerno, Ron Ovadia, and Steven Snyder

Rule 26(e)(1)(A) requires a party who has made a disclosure under Rule 26(a) to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" "The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." Fed. R. Civ. P. 26 (Notes of Advisory Committee on Rules—1993 Amendment, Subdivision (e)). "There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report." *Id.*

That said, the mere fact that a person is described during a deposition or in other discovery in a way that suggests that the person may possess relevant information does not take the place of a disclosure that the disclosing party may use that person to support its claims or defenses. *See* Fed. R. Civ. P. (Notes of Advisory Committee Rules—1993 Amendment, Subdivision (a)); *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010) (Lorenz, J.). For example, "the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial." *Ollier*, 267 F.R.D. at 343. "To suggest otherwise flies in the face of the requirements of Rule 26(a) and (e)." *Id.*

Furthermore, "the untimely disclosure of witnesses potentially impacts decisions already made during the course of litigation[,]" which imposes "financial costs to [the opposing party]" and an "unreasonably high" disruption on the Court's and opposing party's schedules. *Id.*

With respect to Mr. Salerno, ORI argues that he was previously "made known" within the definition of Rule 26(e) when he was designated as a non-retained expert through ORI's expert disclosure on October 16, 2015, supplemental expert disclosure on December 21, 2015, and a Mr. Salerno's deposition taken on February 11, 2016. ORI failed to submit the October 16, 2015 expert disclosure with its objection. Without having the opportunity to review the contents of that expert disclosure, the Court cannot conclude that Mr. Salerno was adequately "made known" to FRI through the October 16, 2015 expert disclosure. Also, the deposition testimony that ORI emphasizes—"Q: You're here today to testify in your individual capacity as Mr. Salerno; is that right? A: Yes." (Salerno Dep. 14:7-9)—merely suggests that Mr. Salerno may possess relevant information and does not take the place of a disclosure that the ORI may use that person to support its claims or defenses. *See Ollier*, 267 F.R.D. at 343. Lastly, using the untimely supplemental disclosure to invoke the Rule 26(e)'s "made known" rule is rather dishonest. Not only would that invite parties to abuse the "made known" rule by presenting opposing parties with untimely information regarding potential witnesses and evidence, it also would negate the need for disclosure deadlines imposed either by the Rules of Civil Procedure or court order. *See Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010); *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 743 (7th Cir. 1998) (affirming exclusion of expert witness testimony where, *inter alia*, "information contained in the supplemental report must have been available before the missed deadline"); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (supplemental disclosures "are not intended to provide an extension of the expert designation and report production deadline"); *Akeva LLC v. Mizuno Corp.*, 212

F.R.D. 306, 310 (M.D.N.C. 2002) (rejecting "a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions" and noting that Rule 26(e) "does not cover failures of omission because the expert did an inadequate or incomplete preparation"). Needless to say, the Court rejects ORI's contention that an untimely supplemental expert disclosure can be used to circumvent the deadlines ORI had missed through its own negligence.

With respect to Messrs. Ovadia and Snyder, ORI inaccurately argues that the magistrate judge provided "no analysis or explanation" to exclude these witnesses, and adds that these witnesses were "identified in ORI's interrogatory responses early in this case." (ORI's Objection 9:14-21.) The magistrate judge determined that Messrs. Ovadia and Snyder had not previously been the subject of disclosures nor been deposed. And acknowledging ORI's position that these witnesses had been identified in an interrogatory response, the magistrate judge concluded that no assertion had been made that "the interrogatory response provided the functional equivalent of the information required under Rule 26(a)(1)(A)." That failure remains. ORI fails to demonstrate that it satisfied the defects identified by the magistrate judge at any point before the magistrate judge or this Court. Curiously, ORI also suggests that FRI's issuance of subpoenas to Messrs. Ovadia and Snyder somehow absolves it of its Rule 26(a) obligations. ORI presents no legal authority to support this position. Moreover, this deflects ORI's responsibilities under Rule 26(a) to the opposing party, which is a bit contradictory, when the rule places the responsibility squarely on the disclosing party.

Rule 26(e) "creates a 'duty to supplement,' not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). Supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Id.* It is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's

challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id.* In sum, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report[.]" *Plumley*, 836 F. Supp. 2d at 1062. To allow these types of supplemental reports

> would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.

*Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003); *see also Plumley*, 836 F. Supp. 2d at 1062; *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998) ("To countenance a dramatic, pointed variation of an expert's disclosure under the guise of Rule 26(e)(1) supplementation would be to invite the proverbial fox into the henhouse. The experienced expert could simply 'lie in wait' so as to express his genuine opinions only after [the opposing party] discloses hers.").

Where a supplemental expert report does not comply with Rule 26(e), courts turn to Rule 37(c) to determine whether sanctions are appropriate for the party's non-compliance. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 640-41 (D. Haw. 2008). Rule 37(c) "gives teeth" to Rule 26(e)'s requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

//

ORI has failed to heed the warnings of other courts regarding the potential abuses of Rule 26(e). *See, e.g.*, *Luke*, 323 F. App'x at 500, *Plumley*, 836 F. Supp. 2d at 1062. Its surreptitious tactics appear to be the precise conduct prohibited in cases such as *Luke*, *Plumley*, and *Beller ex rel. Beller*. Moreover, ORI not only fails to present an *arguably* meritorious justification for sustaining its objection, it also fails to adequately address whether its failure to timely disclose the aforementioned witnesses was substantially justified or harmless. *See R & R Sails*, 673 F.3d at 1246. Consequently, the Court cannot reach a "definite and firm conviction that a mistake has been committed" by the magistrate judge, and concludes that the magistrate judge's May 12, 2016 Order is not clearly erroneous. *See Concrete Pipe*, 508 U.S. at 623.

## III. CONCLUSION & ORDER

In light of the foregoing, the Court **OVERRULES** ORI's objection to the magistrate judge's April 8, 2016 and June 7, 2016 Orders in its entirety. (ECF No. 287.)

**IT IS SO ORDERED.**

DATED: August 4, 2017

Hon. Cynthia Bashant
United States District Judge

– 12 –

15cv595