UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Defendant. | Case No. 15-cv-0595-BAS-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REBUTTAL EXPERT REPORT OF RICHARD HOFFMAN**<br><br>**[ECF NO. 385]** |

Before the Court is Plaintiff's Motion to Strike the Expert Report of Richard Hoffman and Preclude his Testimony at Trial filed on August 18, 2017. (ECF No. 385). Defendant responded in opposition on September 8, 2017. (ECF No. 401). Plaintiff filed a reply on September 15, 2017. (ECF No. 409).

There is a long and sordid history of unnecessary discovery litigation in this case. (*See* ECF No. 271 at 8-10). This motion adds another page to the chapter.

It starts with Plaintiff ORI's decision to have its damages expert, Neil J.

1

1  Beaton, express no opinion whatsoever in his initial expert report. (*See* ECF
2  No. 81). Despite the fact that Defendant FRI was seeking disgorgement of
3  ORI's profits as its measure of damages, ORI had Mr. Beaton opine that he
4  could not provide an opinion about damages without financial records of FRI.
5  (*Id.*). FRI served the report of its rebuttal expert, Richard Hoffman, in which
6  he similarly expressed no opinion, as there was nothing to rebut, but added
7  his view of the methodology he would have used to determine damages. (*Id.*).
8  ORI moved to strike the Hoffman rebuttal report as not a proper rebuttal to
9  the non-opinions expressed by their expert. (ECF No. 80). The Court did
10 strike Mr. Hoffman's report to the extent that addressed his hypothetical
11 methodology as it was not in response to anything in the Beaton report.
12 (ECF No. 81).

13　　Then, ORI served the supplemental report of Mr. Beaton, FRI served
14 the supplemental rebuttal report of Mr. Hoffman and FRI moved to strike
15 certain opinions of Mr. Beaton as improper supplementation. (ECF No. 177).
16 The Court granted FRI's motion in its entirety, striking all but two opinions
17 expressed by Mr. Beaton in his supplemental report. (ECF No. 271). This
18 Court's Order was affirmed by the district court on August 4, 2017. (ECF No.
19 381).

20　　ORI now claims that the supplemental expert report of Mr. Hoffman
21 should be stricken and Mr. Hoffman be precluded from testifying. (ECF No.
22 385). ORI asserts that because Mr. Hoffman was responding to opinions
23 expressed by Mr. Beaton in his supplemental expert report, and all but two of
24 Mr. Beaton's opinions have been struck, that Mr. Hoffman's rebuttal to Mr.
25 Beaton's stricken opinions also must be struck. (*Id.*).

26　　The absurdity of ORI's position should be obvious. Mr. Hoffman

properly responded to opinions expressed by Mr. Beaton. *See* Rules 26(a)(2)(B) and (D)(ii), Fed. R. Civ. P. The fact that certain of the opinions expressed by Mr. Beaton later were struck does not make the Hoffman supplemental report improper. It was a proper rebuttal report. Moreover, two of Mr. Beaton's opinions were not struck. ORI's assertion that Mr. Hoffman's report only addressed the stricken opinions of Mr. Beaton is not persuasive. The Court has read both reports and disagrees. And, even if correct, it would not be a basis to strike a report which was proper rebuttal when filed. Plaintiff's motion is **DENIED**.

To the extent that ORI decides to and is permitted to call Mr. Beaton as an expert witness and the district court allows Mr. Beaton to offer his surviving opinions, FRI may seek to call Mr. Hoffman to rebut those opinions, as expressed in Mr. Hoffman's supplemental rebuttal expert report.

## CONCLUSION

Plaintiff's motion to strike the supplemental rebuttal expert report of Richard Hoffman is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 19, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

3

15-cv-0595-BAS-MDD