# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>Defendants. | Case No. 15-cv-00595-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL (ECF Nos. 426, 428);**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 430)** |
| AND RELATED COUNTERCLAIM. | |

Presently before the Court are three motions by the parties to file documents under seal. (*See* ECF Nos. 426, 428, 430.) The motions were filed following this Court's previous Order on the parties' motions to seal. (ECF No. 420.) Plaintiff Obesity Research Institute, LLC's ("ORI") filed a renewed request for leave to file three documents under seal. (ECF No. 426.) Defendant Fiber Research International,

LLC's ("FRI") filed two renewed requests for leave to file various documents under seal. (ECF Nos. 428, 430.)

Consistent with its previous orders, the Court will refer to each motion by its Electronic Case Filing number ("ECF No.") on the docket for the purposes of this order.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might

have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents[.]" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

//

//

## II. ANALYSIS

### A. ECF No. 426

In ECF No. 426, ORI seeks leave to file under seal Exhibit 86, Exhibit 90, and an unredacted version of Exhibit 130 to the Declaration of Henny den Uijl, filed in along with its consolidated motion for summary judgment and opposition to FRI's motion for partial summary judgment. FRI did not file a response to ECF No. 426.

Exhibits 86 and 90 contain propriety business or product information. Exhibit 86 is an email chain between ORI and its suppliers, and ORI argues that it contains proprietary information regarding its product sourcing and pricing. (ECF No. 426 at 4-5.) ORI argues that, if this information became public, it would cause "severe business harm and competitive disadvantage." (*Id.* at 4.) Exhibit 90 is a "formulation and product specification" information sheet that ORI argues contains Lipozene's proprietary composition and product specifications. (*Id.* at 5.) ORI argues that a competitor could use this information to "reverse engineer" Lipozene, causing a "significant business disadvantage" to ORI. (*Id.*) ORI's explanations appear to be consistent with the Court's assessment of these exhibits.

ORI proposes to seal proprietary information, such as "formulations, sourcing information, supply quantities, and marketing strategies," and financial information in Exhibit 130, which is the Expert Report of Neil Beaton and has been partially redacted. (ECF No. 426 at 3-4.) ORI argues that failing to seal the proprietary product information will cause ORI "irreparable harm." (*Id.* at 3.) ORI additionally argues that it is a privately held business, making the redacted financial information ("highly sensitive figures") "extremely closely guarded." (*Id.* at 4.) ORI further states that the disclosure of this specific financial information is "not crucial" to public interest because the unredacted, publically available portions of Exhibit 130 provide the relevant foundation in this case. (*Id.*) ORI's current request is more narrowly tailored than its previous request to seal the entire report, and the Court's assessment of the redactions is consistent with ORI's explanations.

Having reviewed ORI's requests, the Court finds that ORI provides compelling reasons to seal the aforementioned documents. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS** ORI's motion to file documents under seal. (ECF No. 426.)

### B. ECF No. 428

In ECF No. 428, FRI refiled its request to file under seal an unredacted copy of ORI's memorandum of points and authorities in support of its motion to exclude Dr. Fahey and Exhibit D to ECF No. 428, which is the unredacted deposition transcript of Medallion Labs representative Timothy Peters and Exhibit 10 to the Declaration of Sean D. Flaherty in support of ORI's aforementioned memorandum. Originally, on March 17, 2017, the Court considered these documents, denied FRI's request, and granted FRI leave to refile its request. (ECF No. 324.) The Court denied these requests two more times (ECF Nos. 417, 420), ordering FRI to correct certain deficiencies before it would consider its requests. The Court will now review its amended requests. ORI did not file a response to ECF No. 428.

FRI requests to seal portions of Mr. Peters's deposition transcript (Exhibit D) that contain testing methodologies and parameters. (ECF No. 428 at 4-5.) FRI argues that this testing information is propriety and disclosure could cause irreparable harm. (*Id.*) The redactions applied to the deposition transcript are narrowly tailored, and FRI's explanations appear to be consistent with the Court's assessment of this exhibit.

FRI argues that the unredacted version of ORI's aforementioned memorandum should be sealed for the same reasons as above, as well as those reasons stated in the Court's earlier Order (ECF No. 420), because it incorporates the same proprietary information contained in the related documents. (ECF No. 428 at 6-7.) FRI appears to have applied redactions in the memorandum consistent with the Court's assessment of the relevant exhibits as stated in its orders.

Having reviewed FRI's requests, the Court finds that FRI provides compelling reasons to seal the aforementioned documents. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS** FRI's motion to file documents under seal. (ECF No. 428.)

### C. ECF No. 430

In ECF No. 430, FRI seeks leave to file under seal Exhibits 109, 112, 114-115, and 149 to ORI's consolidated cross-motion for summary judgment and opposition to FRI's motion for partial summary judgment. ORI did not file a response to ECF No. 430.

FRI narrowly tailors its request to seal information in Exhibits 114, 115, and 149. FRI only seeks to redact and seal information identifying current or prospective customers of FRI or relating to Propol A pricing information. (ECF No. 430 at 7.) FRI argues that competitors could use this information improperly, damaging FRI's business and sales efforts, by either diverting clients, adjusting pricing, or tailoring marketing strategies. (*Id.*) FRI's explanations appear to be consistent with the Court's assessment of these exhibits.

Exhibit 109 is a supplemental interrogatory response that lists the names of FRI's owners and "sub-owners." (ECF No. 430 at 4.) FRI tailored its renewed request by requesting to seal only the specific names of the "sub-owners"—thirteen of fifteen individuals' or entities' names listed. (*See* ECF No. 430-2.)

First, FRI misinterprets the Court's previous Order regarding a lack of case law to support its reasoning. (ECF No. 420 at 9 ("FRI argues that Nevada State law, which does not require public disclosure of a corporation's ownership, justifies sealing this document. FRI provides no case law to support its reasoning."); ECF No. 430 at 6 ("The Court should thus seal the identities of the holding companies . . . because . . . [FRI] has an interest in maintaining that information as confidential, as permitted under Nevada law . . . .").) FRI cites to a string of cases stating that

propriety business or commercially sensitive information is appropriate for sealing, but this does not cure the deficiency the Court noted. (ECF No. 430 at 6.) What FRI fails to do is to provide legal support explaining why Nevada corporate law allowing companies to keep their ownership structure confidential supports sealing that information in federal court. In other words, FRI has not shown that "removing protections" afforded by state law amounts to a "compelling reason" to seal. (*See* ECF No. 430 at 4-6.) Moreover, FRI has not shown that a corporate ownership structure is the type of propriety business or commercially sensitive information that merits sealing. *See Kite Shipping LLC v. San Juan Nav. Corp.*, No. 11CV02694 BTM WVG, 2012 WL 6591579, at *2 (S.D. Cal. Dec. 17, 2012) (declining to seal information relating to corporate structure); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087 BTM AJB, 2011 WL 1135114, at *2 (S.D. Cal. Mar. 29, 2011) (same).

Second, FRI has failed again to provide any other compelling reason for why this limited information in Exhibit 109 should be sealed. (*See* ECF No. 420 at 9 (finding that FRI failed to provide "any other reasons, injuries, or risks to support sealing this document.").) Instead, FRI continues to assert conclusory statements that it "has an interest" in keeping this information confidential, and focuses on the irrelevancy of the redacted names. (ECF No. 430 at 5-6.) While a court may consider the relevancy of the information sought to be sealed, a party still must articulate some reasoning for why the information should be kept confidential. *See Ctr. for Auto Safety*, 809 F.3d at 1096-97 ("Under this stringent 'compelling reasons' standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" (quoting *Kamakana*, 447 F.3d at 1179)); *see also Apple Inc.*, 727 F.3d at 1225-26 (analyzing both parties' arguments that making their "detailed product-specific information" public would cause competitive harm before considering public interest and relevancy). Thus, the Court finds FRI's reasoning inadequate.

| | |
|---|---|
| 1 | FRI applies many of the same arguments as above to Exhibit 112. (ECF No. 430 at 4-6.) Exhibit 112 is FRI's operating agreement. FRI tailored its renewed request by requesting to seal only the specific names of entities mentioned throughout the agreement. (*See, e.g.*, ECF No. 430-3 at 3.) FRI previously argued that this agreement "contain[ed] confidential business information, 'including, but not limited to, detailed financial information about Defendants' business, such as the allocation of net income and net losses.'" (ECF No. 430 at 4 (quoting its previous motion to seal, ECF No. 364).) As discussed above, FRI fails again to provide any compelling reason for why this limited information should be sealed. *See Berkeley Research Grp., LLC v. United Potato Growers of Am., Inc.*, No. CV C 16-07205 WHA, 2017 WL 1650582, at *5 (N.D. Cal. May 2, 2017) (finding that an operating agreement should not be sealed); *Ne. Series of Lockton Companies, LLC v. Bachrach*, No. 12 CV 1695, 2013 WL 3989295, at *2 (N.D. Ill. Aug. 2, 2013) (same). Instead, FRI continues to assert conclusory statements that it "has an interest" in keeping this information confidential, and focuses on the irrelevancy of the redacted names. (ECF No. 430 at 5-6.) For the reasons stated above, the Court finds FRI's reasoning inadequate. |
| | Having reviewed FRI's requests, the Court finds FRI failed to carry its burden to demonstrate that sealing Exhibits 109 and 112 is appropriate under the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179. Otherwise, having reviewed FRI's requests, the Court finds that FRI provides compelling reasons to seal Exhibits 114, 115, and 149. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** FRI's motion to file documents under seal. (ECF No. 430.) |

//
//
//
//

## III. CONCLUSION & ORDER

In light of the foregoing, the Court:

(1) **GRANTS** ORI's request to file documents under seal in ECF No. 426. The Clerk of the Court is directed to file the following exhibits under seal: ECF Nos. 341-26, 341-28, and 347-21.

(2) **GRANTS** FRI's request to file documents under seal in ECF No. 428. The Clerk of the Court is directed to file the following exhibits under seal: ECF Nos. 429 and 429-1.

(3) **GRANTS IN PART** and **DENIES IN PART** FRI's request to file documents under seal in ECF No. 430. The Clerk of the Court is directed to file the following exhibits under seal: ECF Nos. 431-2, 431-3, and 431-4.

If FRI wishes to re-file any denied request, addressing the defects identified in this order, it may do so no later than **December 22, 2017** after the issuance of this Order. Otherwise, FRI is instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **December 22, 2017** after the issuance of this Order. When filing the documents on the public docket, FRI must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual. Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED.**

DATED: December 8, 2017

Hon. Cynthia Bashant
United States District Judge