# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 15-cv-595-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART ORI'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 453); AND**<br><br>**(1) GRANTING IN PART AND DENYING IN PART FRI'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 461)** |

Presently before the Court are Plaintiff Obesity Research Institute, LLC's ("ORI") and Defendant Fiber Research International, LLC's ("FRI") separate motions to file documents under seal. (*See* ECF Nos. 453, 461.) ORI's motion was filed along with ORI's motions in limine ("MIL") Nos. 1, 4, and 5. (ECF No. 453.) FRI's motion is filed along with FRI's motion for sanctions. (ECF No. 461.) FRI

does not oppose or respond to ORI's motion, while ORI responded to FRI's motion (ECF No. 465).

I.  **LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However,

"[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents[.]" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

II.   ANALYSIS

    A.   ORI's Motion to Seal

In ORI's motion to seal, ORI seeks leave to file under seal portions of its MIL Nos. 1 and 5 in addition to nine exhibits (Exhibits 1, 17, 18, and 22 to MIL No. 1,

Exhibits 4 and 6 to MIL No. 4, and Exhibits 1, 2, and 7 to MIL No. 5). (ECF No. 453.) FRI did not respond to this motion.

Many of the documents ORI seeks to seal are based on FRI's designation of these documents as "Highly Confidential – Attorneys Eyes Only." Specifically, these documents are Exhibits 1, 17, 18, and portions of the brief for MIL No. 1; Exhibit 4 of MIL No. 4; and Exhibits 1, 2, 7, and portions of the brief for MIL No. 5. ORI states that it seeks to seal these documents only because FRI's confidential designations under the parties' protective order. (ECF No. 453 at 3-4.) As ORI recognizes, this explanation alone is insufficient to demonstrate that sealing the requested information is appropriate under the good cause standard. *See Kamakana*, 447 F.3d at 1179. However, the Court recognizes that FRI has the burden to show why ORI's briefs and relevant exhibits should be filed under seal because FRI is the party seeking to prevent the disclosure of this information. Therefore, FRI must meet its burden for sealing Exhibits 1, 17, 18, and portions of the brief for MIL No. 1; Exhibit 4 of MIL No. 4; and Exhibits 1, 2, 7, and portions of the brief for MIL No. 5.

ORI does argue that the Exhibit No. 6 relates to confidential business communications between ORI and its former manufacturer, Natural Alternatives International ("NAI"). Specifically, ORI states that the communication "reflect[s] business methods and practices employed by ORI in conducting negotiations relating to the development of Lipozene as well as the sponsorship of the clinical 'Kaats Study.'" (ECF No. 453 at 4.) With this information, ORI argues that competitors could unfairly compete against ORI. (*Id.*) ORI's explanation appears to be consistent with the Court's assessment of Exhibit 6.[1]

Lastly, ORI requests that the unredacted versions of its MIL Nos. 1 and 5 should be sealed for the same reasons as above because it incorporates the same

---

[1] The Court finds applying the good cause standard is appropriate as Exhibit 6 relates to MIL No. 4—a motion to exclude experts—and specifically to the request to exclude "unsupported expert evidence from Dr. Gilbert Kaats." (*See* ECF No. 457 at 7); *Ctr. for Auto Safety*, 809 F.3d at 1096–98 (applying the good cause standard when motions are only tangentially related to the merits of a case).

proprietary information contained in the related documents. (ECF No. 453.) ORI should assure the redactions in its MIL Nos. 1 and 5 are consistent with the Court's assessment of the relevant exhibits as stated in this order, as well as any subsequent related order.

Having reviewed ORI's requests as they relate to FRI's confidential documents, the Court finds FRI has failed to carry its burden to demonstrate that sealing the aforementioned exhibits is appropriate. *See Kamakana*, 447 F.3d at 1179. Otherwise, having reviewed ORI's remaining request, the Court finds that ORI provides good cause to seal Exhibit 6 to MIL No. 4. *See id.* Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** ORI's motion to file documents under seal. (ECF No. 453.)

### B. FRI's Motion to Seal

In FRI's motion to seal, FRI seeks leave to file under seal portions of its Notice of Motion and Ex Parte Motion for Sanctions for Obesity Research's Untimely Disclosure of Key Evidence in addition to three exhibits to Jack Fitzgerald's Declaration in support of that motion (Exhibits 1, 8, and 9). (ECF No. 461.) FRI states that ORI must meet its burden to seal these documents, and ORI filed a response in support of sealing these documents. (ECF No. 465.)

In its response brief, ORI argues for why the Court should seal the aforementioned documents. (ECF No. 465 at 2-5.) Exhibit 1 to the Fitzgerald Declaration is ORI's IRSI study—a clinical study of Lipozene that FRI contends is at issue in this case. ORI states that this study is private, unpublished, and contains proprietary information that its competitors could use unfairly to cause "substantial competitive harm" to ORI. (*Id.* at 2-3.) ORI's explanation appears to be consistent with the Court's assessment of Exhibit 1, and warrants sealing under either standard. *See Kamakana*, 447 F.3d at 1179.

ORI also contends that Exhibit 8 should be sealed under either standard. Exhibit 8 is an email from ORI's general counsel to a third party credit card processor, which includes information regarding a public judgment. (*See* ECF No. 465 at 4.) ORI argues that this email and its attachment "discloses ORI's business dealings with a key vendor" and provides a "strategic look" at ORI's compliance efforts and "how ORI deals with governmental agencies and prosecutorial bodies." (*Id.*) The Court disagrees. Upon review, Exhibit 8 does not appear to reveal any type of information that ORI describes. Rather, Exhibit 8 is a brief, vague email attaching a letter requesting ORI to comply with a public court order. The email does not include any information about how ORI complied with this request (or if it even did so) or how this affected or related to its relationship with its vendor.

ORI also seeks to seal Exhibit 9 for the same reasons as Exhibit 8, but this argument likewise fails. Exhibit 9 is a brief email stating that ORI's general counsel is attaching several documents, including the IRSI report, to its third party credit card processor. (ECF No. 465 at 5.) Exhibit 9 only includes the email correspondence between the parties and does not include any of the attached documents. The email does not appear to include any information relating to ORI's relationship with its vendor or ORI's compliance effort that warrants sealing. The email correspondence also does not include any propriety information relating to the IRSI study.

Lastly, ORI argues that the unredacted version of FRI's motion should be sealed for the same reasons as above because it incorporates the same proprietary information contained in the related documents. (ECF No. 465 at 5.) FRI should assure the redactions in its motion are consistent with the Court's assessment of the relevant exhibits as stated in this order.

Having reviewed FRI's requests as they relate to ORI's confidential documents and ORI's response, the Court finds ORI has failed to carry its burden to demonstrate that sealing of Exhibits 8 and 9 is appropriate under the good cause or compelling reasons standard. *See Kamakana*, 447 F.3d at 1179. Otherwise, having

reviewed FRI's remaining request and ORI's related response, the Court finds that ORI provides sufficient reasons under either standard to seal Exhibit 1, as well as the related portions to Exhibit 1 of FRI's motion. *See id.* Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** FRI's motion to file documents under seal. (ECF No. 461.)

### III. CONCLUSION & ORDER

In light of the foregoing, the Court:

(1) **GRANTS IN PART** and **DENIES IN PART** ORI's request to file documents under seal in ECF No. 453. The Clerk of the Court is directed to file the following exhibit under seal: ECF No. 454-6; and

(2) **GRANTS IN PART** and **DENIES IN PART** FRI's request to file documents under seal in ECF No. 461. The Clerk of the Court is directed to file the following exhibit under seal: ECF No. 462-1.

If the parties wish to re-file any denied request, addressing the defects identified in this order, it may do so no later than **July 25, 2018** after the issuance of this order. Otherwise, the parties are instructed to file the unredacted or redacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **July 25, 2018** after the issuance of this order. When filing the documents on the public docket, the parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual. Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED.**

**DATED: July 18, 2018**

Hon. Cynthia Bashant
United States District Judge