# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBESITY RESEARCH INSTITUTE, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FIBER RESEARCH INTERNATIONAL, LLC, *et al.*,<br><br>　　　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 15-cv-595-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING FRI'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 479);**<br><br>**(2) GRANTING FRI'S RENEWED MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 481);**<br><br>**(3) GRANTING IN PART AND DENYING IN PART ORI'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 483);**<br><br>**(4) GRANTING ORI'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 487); AND**<br><br>**(5) GRANTING FRI'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 489)** |

Presently before the Court are Plaintiff Obesity Research Institute, LLC's ("ORI") and Defendant Fiber Research International, LLC's ("FRI") separate motions to file documents under seal. (ECF Nos. 479, 483, 487, 489.) FRI also submits a response to ORI's previous motion to seal (ECF No. 453) following the Court's previous Order (ECF No. 467) on that motion. (ECF No. 481.) The Court construes this response as a renewed motion to file documents under seal. (*Id.*) ORI's motions are filed along with ORI's Objections to FRI's designation of deposition testimony and its proposed findings of fact and law. (*See* ECF Nos. 483, 487.) FRI's motions are filed along with FRI's opposition briefs to ORI's motions in limine. ORI's motions in limine, and FRI's proposed findings of fact and law. (*See* ECF Nos. 479, 481, 489.) FRI responded to ORI's motions (ECF Nos. 500, 501), and ORI responded to FRI's motions (ECF Nos. 498, 499). Neither party opposed the motions.

Due to the volume of the parties' requests, the Court will refer to each motion by its Electronic Case Filing number ("ECF No.") on the docket for the purposes of this order.

I.  **LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents[.]" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th

Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II. ANALYSIS

### A. ECF No. 479

In ECF No. 479, FRI seeks leave to file under seal portions of its opposition briefs to ORI's Motion in Limine ("MIL") Nos. 2 and 3, as well as five exhibits to Jack Fitzgerald's Omnibus Declaration in support of those briefs (Exhibits 10, 12, and 14-16). (ECF No. 479.) FRI states that ORI must meet its burden to seal these documents, and ORI filed a response in support of sealing these documents. (ECF No. 499.)

All of these exhibits, as well as the related portions of FRI's opposition briefs to ORI's MIL Nos. 2 and 3, relate to proprietary product testing and formulation information. ORI states that Exhibits 10, 15, and 16 (and the related briefing) include proprietary product information, such as product and formulation specifications. (ECF No. 499 at 3.) ORI argues that the information in these documents "would allow a competitor to reverse engineer" Lipozene and could "cause ORI significant business disadvantages" if made public. (*Id.*) Further, Exhibits 12 and 14 (and the related briefing) contain information relating to the scientific support for Lipozene, including an unpublished study. (*Id.* at 4.) ORI argues these documents contain trade secrets and making these documents public would cause ORI "competitive harm."

(*Id.*) ORI's explanations appear to be consistent with the Court's assessment of the relevant exhibits.

Having reviewed FRI's requests as they relate to ORI's confidential documents and ORI's response, the Court finds ORI has provided good cause for sealing of the aforementioned documents. *See Kamakana*, 447 F.3d at 1179; *Yeoman v. IKEA U.S.A. West, Inc.*, No. 11-cv-00701-BAS-BGS, 2014 WL 4146881, at *1-2 (S.D. Cal. Aug. 18, 2014) (applying the good cause standard for documents related to motions in limine). Therefore, the Court **GRANTS** FRI's motion to file documents under seal. (ECF No. 479.)

**B.     ECF No. 481**

ECF No. 481 is FRI's response to ORI's previous motion to seal documents (ECF No. 453). In ECF No. 453, ORI sought leave to file under seal portions of its MIL Nos. 1 and 5 in addition to nine exhibits (Exhibits 1, 17, 18, and 22 to MIL No. 1, Exhibits 4 and 6 to MIL No. 4, and Exhibits 1, 2, and 7 to MIL No. 5). (ECF No. 453.) FRI did not initially respond to this motion. On July 18, 2018, the Court granted ORI's motion as it related to ORI's document (Exhibit 6 to MIL No. 4), but denied the motion as it related to the remaining documents because FRI did not meet its burden under the good case standard. (ECF No. 467.) The Court permitted FRI to refile a motion to seal these documents, and construes FRI's response as a renewed motion to seal. (ECF No. 481.)

First, FRI does not seek to seal Exhibits 18 and 22 to MIL No. 1 and files unredacted versions of these documents. (*See* Persinger Decl. at Exs. B, C, ECF No. 481-3, 481-4.) Additionally, the Court already ordered FRI to file an unredacted copy of the Operating Agreement (Exhibit 1 to MIL No. 5), and thus FRI does not seek to seal this document. (*See* ECF Nos. 433; 438-2 (unredacted copy of the document).) And based on FRI's limited redactions for the relevant exhibits (including those proposed in this motion), FRI represents that MIL No. 1 does not contain any

information that needs to be sealed and files an unredacted version of the brief. (Persinger Decl. at Ex. F, ECF No. 481-7.)

Next, for Exhibit 1 to MIL No. 1 and Exhibit 2 to MIL No. 5, FRI states that the Court previously determined that FRI demonstrated good cause to seal a redacted version of this document, which is the Distribution and Claim Agreement. (ECF No. 481 at 2-3 (referring to ECF No. 324 at 5).) Here, FRI seeks to seal the same proprietary information relating to prices and shipping information. The Court finds no reason to disturb its earlier ruling, and finds that this information warrants sealing.

FRI also seeks to seal customer names that appear in various documents. The names of Shimizu Chemical Corporation's customers appear on a second amendment to the aforementioned Distribution and Claim Assignment, which is Exhibit 17 to MIL No. 1. (ECF No. 481 at 3.) FRI argues these customer names would enable competitors to "target those entities, funneling business away from, and thus irreparably harming, Shimizu." (*Id.*) FRI also seeks to seal its customer names that appear in Exhibit 4 to MIL 4 and Exhibit 7 to MIL 5 (both are excerpts from John Alkire's deposition transcript). (*Id.* at 4-5.) FRI similarly argues that making these names public will "enable competitors to target those entities, funneling business away from, and thus irreparably harming" FRI. (*Id.* at 4.) Accordingly, FRI files a redacted version of these documents along with its response. (Persinger Decl. at Exs. D-E, ECF Nos. 481-5, 481-6.) As it has done previously in this case, the Court finds that applying redactions to seal customer names is appropriate. (*See, e.g.*, ECF No. 420 at 10.)

Lastly, FRI argues that the unredacted version of MIL No. 5 should be sealed for the same reasons as above because it incorporates the same proprietary information contained in the related documents. (ECF No. 481 at 5.) Given the Court's assessment of the relevant exhibits, FRI proposed redaction is consistent with this Order, and FRI's proposed redacted version of MIL No. 5 accurately reflects the only necessary redaction. (Persinger Decl. at Ex. G, ECF No. 481-8.)

Having reviewed FRI's renewed requests, the Court finds FRI has provided good cause for sealing of the aforementioned documents. *See Kamakana*, 447 F.3d at 1179; *Yeoman v. IKEA U.S.A. West, Inc.*, No. 11-cv-00701-BAS-BGS, 2014 WL 4146881, at *1-2 (S.D. Cal. Aug. 18, 2014) (applying the good cause standard for documents related to motions in limine). Therefore, the Court **GRANTS** FRI's renewed motion to file documents under seal as to the remaining requests. (ECF No. 481.) Because FRI does not seek to seal all of the documents and information ORI requested, ORI must assure that versions of the aforementioned documents consistent with this Order are publically available.

**C.    ECF No. 483**

In ECF No. 483, ORI seeks leave to file three exhibits to its objections to FRI's designation of testimony ("Objections") (Exhibits 2, 3, and 5). (ECF No. 483.) ORI states that FRI must meet its burden to seal Exhibits 2 and 3, and FRI filed a response in support of sealing these documents. (ECF No. 501.)

First, for Exhibit 5, ORI seeks to seal portions of Dr. Wendi Wang's deposition testimony that it states contain proprietary information related to testing its product. (ECF No. 483 at 3.) ORI asserts that the disclosure of this information would lead to a "substantial risk of competitive harm" because the information reflects "business methods and practices employed by ORI that competitors could use to unfairly compete with ORI." (*Id.*) ORI also states that the Court has previously sealed information relating to the same testing and methodologies that Dr. Wang addresses. (*Id.*) Though sealing almost forty pages of a deposition transcript appears overbroad, ORI's explanation appears to be consistent with the Court's assessment of Exhibit 5.

Second, in its response, FRI only argues for why the Court should seal Exhibit 2 to ORI's Objections and states that it does not seek to seal any portion of Exhibit 3. (ECF No. 501 at 3-4.) FRI argues that Exhibit 2, which contains excerpts of Timothy Peter's deposition transcript, contains information relating to testing

methodologies and parameters that would cause irreparable harm to FRI if disclosed. (*Id.* at 3.) FRI previously sought to seal the same or similar propriety information from Mr. Peter's deposition transcript, and the Court found compelling reasons to seal this information. (ECF No. 433 at 5-6.) Additionally, Exhibit 2 contains a document (MEDLABS20-21) that FRI argues contains Shimizu's propriety testing methodologies. (ECF No. 501 at 3.) Similar to above, the Court has already found at least good cause to seal this type of propriety information in this case. (*See, e.g.*, ECF No. 324 at 8.) Though sealing almost thirty pages of a deposition transcript appears overbroad, FRI's explanation appears to be consistent with the Court's assessment of Exhibit 2.

Having reviewed ORI's requests as they relate to both ORI's and FRI's confidential documents and FRI's response, the Court finds that both ORI and FRI have provided good cause for sealing of Exhibits 2 and 5 to ORI's Objections. *See Kamakana*, 447 F.3d at 1179. However, because FRI does not seek to seal Exhibit 3, the Court denies ORI's request to seal Exhibit 3. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** ORI's motion to file documents under seal. (ECF No. 483.) Because FRI does not seek to seal all of the documents and information ORI requested, ORI must assure that versions of the aforementioned documents consistent with this Order are publically available.

**D.     ECF No. 487**

In ECF No. 487, ORI seeks leave to file an unredacted version of its proposed findings of fact and conclusions of law. (ECF No. 487.) ORI states that FRI must meet its burden to seal information in the Proposed Findings of Fact Nos. 44, 45, and 46 and Proposed Conclusions of Law No. 158, and FRI filed a response in support of sealing this information. (ECF No. 501.)

As an initial matter, ORI points out that it attempted to minimize the amount of proposed redactions by avoiding "stating the precise product formulation and

rather aver[ing] that the primary constituent evaluated in the Kaats Study was not Propol—conveying a similar point without making the discrete formula publicly available to competitors." (ECF No. 487 at 4.) For the remaining redactions, ORI argues that the redacted information reflects proprietary product information. (*Id.*) ORI argues that if the composition data became public, it "would allow a competitor to reverse engineer Lipozene and cause ORI significant business disadvantages." (*Id.*) ORI also notes that the Court has already determined that similar information warrants sealing. (*See, e.g.*, 420 at 4-6.) ORI's explanation appears to be consistent with the Court's assessment of its redactions.

For the information that relates to FRI, FRI first addresses that it does not seek to seal the information contained on page 7 because the Court already denied sealing this information. (ECF No. 501 at 4.) FRI also states that it does not seek to seal the remaining information identified by ORI. (*Id.*) Therefore, because FRI does not seek to seal any of the information in ORI's proposed findings of fact and conclusions of law, the Court denies these requests.

Having reviewed ORI's requests as they relate to ORI's confidential information, the Court finds that ORI has provided sufficient reasons under either standard for sealing an unredacted version of its proposed findings of fact and conclusions of law. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS** ORI's motion to file documents under seal. (ECF No. 487.) Because FRI does not seek to seal the information redacted by ORI, ORI must file a redacted version of its proposed findings of fact and conclusions of law is consistent with this Order.

E.  ECF No. 489

In ECF No. 489, FRI seeks leave to file under seal portions of its proposed findings of fact and conclusions of law. (ECF No. 489.) FRI states that ORI must meet its burden to seal the information that relates to ORI's documents, and ORI filed a response in support of sealing this information. (ECF No. 498.)

FRI first seeks to seal propriety information relating to the manufacturing and properties of Shimizu's glucomannan. (ECF No. 489 at 3.) Specifically, this information appears on pages 6:26-7:6 and 16:23. (*Id.*) FRI argues that the disclosure of this information could allow a competitor to reverse engineer Propol, especially given Propol's "characteristics and processing methods." (*Id.*) FRI also states that the Court has previously found that the same or similar information warranted sealing. (*See, e.g.*, ECF No. 420 at 11.) The Court agrees that the same reasoning applies here, and finds that this information warrants sealing.

Next, FRI moves to seal information relating to Propol's pricing, which appears on pages 20:17-18 and 23:8. (ECF No. 489 at 4.) FRI argues that this pricing information is propriety business information, which—if made public—could be used by a competitor to divert business away from FRI, causing FRI "irreparable harm." (*Id.*) FRI also points out that the Court has previously found that similar business information, such as pricing, warrants sealing in this case. (*See, e.g.*, ECF No. 420 at 5.) The Court agrees that the same reasoning applies here, and finds that this information warrants sealing.

Lastly, FRI requests to seal information relating to FRI's business and marketing strategies on pages 23:25-24:1. (ECF No. 498 at 4.) FRI states that the "disclosure of [these strategies] would give [FRI]'s competitors an unfair advantage by giving them free access to the results of research and development conducted" at FRI's expense. (*Id.*) FRI also argues that the Court already sealed the information that is quoted on pages 23:25-24:1. (*Id.* (citing to ECF No. 420 at 11, which sealed the relevant portions of Mr. Alkire's deposition transcript).) The Court agrees that the same reasoning applies here, and finds that this information warrants sealing.

ORI first seeks to seal information that relates to or identifies ORI's suppliers and/or sources of glucomannan. (ECF No. 498 at 4-5.) These requests specifically relate to the information on pages 7:11, 15:3-8, and 21:24-26. (*Id.*) ORI contends the identification of its business relationships reflects proprietary business strategy and

would lead to unfair advantage to competitors. (ECF No. 498 at 5.) ORI's explanation appears to be consistent with the Court's assessment of the redactions.

Next, ORI moves to seal information that pertains to Lipozene's product formulation, as well as other specification data. (ECF No. 498 at 5.) This information appears on pages 7:13-14, 8:20-22, 8:24-27, 15:3-8, 17:7-22, 18:1-2, 18:4, 18:6-7, 18:9, 18:17-18, 18:22, 21:17, and 21:24-26. (*Id.*) ORI argues that this proprietary composition data is commercially sensitive because, if it was made public, a competitor to reverse engineer Lipozene, causing ORI to suffer "significant business disadvantages." (*Id.*) As discussed above, ORI states that the Court has already found that this type of information warrants sealing. (*Id.*) The Court agrees that the same reasoning applies here, and finds that this information warrants sealing.

Third, ORI seeks to seal information relating to "proprietary product research." (ECF No. 498 at 6.) Specifically, this information relates to an unpublished study relating to ORI's product. (*Id.*) Specifically, ORI seeks to seal the information relating to this study on pages 19:26-20:13, 21:2-3, and 30:10-11. (*Id.*) If disclosed, ORI argues this information could cause ORI competitive harm, especially because the study represents a substantial research and development investment. (*Id.*) ORI's explanation appears to be consistent with the Court's assessment of these redactions.

Lastly, ORI requests to seal information relating to propriety business information, such as pricing and the cost of Lipozene's ingredients. ORI states that this information appears on pages 20:16, 22:22-24, and 23:9, and "each disclose[s] ORI's costs as it relates to sourcing ingredients for its products." (ECF No. 498 at 6.) ORI fears that disclosure of this information would result in "significant competitive harm." (*Id.*) The Court recognizes that it has previously found that similar business information, such as pricing, warrants sealing in this case. (*See, e.g.*, ECF No. 420 at 5.) The Court agrees that the same reasoning applies here, and finds that this information warrants sealing.

Having reviewed FRI's requests as they relate to ORI's confidential documents and ORI's response, the Court finds both FRI and ORI has provided sufficient reasoning under either standard for sealing of the aforementioned information. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS** FRI's motion to file an unredacted version of its proposed findings of fact and conclusions of law under seal. (ECF No. 489.)

### III. CONCLUSION & ORDER

In light of the foregoing, the Court:

(1) **GRANTS** FRI's request to file documents under seal in ECF No. 479. The Clerk of the Court is directed to file the following documents under seal: ECF Nos. 480, 480-1, 480-2, 480-3, 480-4, 480-5, and 480-6.

(2) **GRANTS** FRI's request to file documents under seal in ECF No. 481. The Clerk of the Court is directed to file the following documents under seal: ECF No. 454-2, 454-5, 454-7, 454-8, 454-9, and 454-10;

(3) **GRANTS IN PART** and **DENIES IN PART** ORI's request to file documents under seal in ECF No. 483. The Clerk of the Court is directed to file the following documents under seal: ECF No. 484 and 484-2;

(4) **GRANTS** ORI's request to file documents under seal in ECF No. 487. The Clerk of the Court is directed to file the following document under seal: ECF No. 488; and

(5) **GRANTS** FRI's request to file documents under seal in ECF No. 489. The Clerk of the Court is directed to file the following document under seal: ECF No. 490.

If the parties wish to re-file any denied request, addressing the defects identified in this order, it may do so no later than **August 7, 2018** after the issuance of this order. Otherwise, the parties are instructed to file the unredacted or redacted versions of the aforementioned documents as directed by the Court in this Order on

the public docket no later than **August 7, 2018** after the issuance of this order. When filing the documents on the public docket, the parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual. Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED.**

DATED: August 1, 2018

Hon. Cynthia Bashant
United States District Judge